Jack Shaw (Bar No. 309382)
Email: jack.shaw@procopio.com
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
1117 S. California Ave., Suite 200
Palo Alto, CA 94304
Telephone: 650.645.9019
Facsimile:  650.687.8326

Jacob K. Poorman (Bar No. 262261)
E-mail:  jacob.poorman@procopio.com
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE NEXT VIETNAM PROJECTS FOUNDATION, INC.; RADIX CORPORATION A/K/A VIETNAM VETERANS FOR FACTUAL HISTORY; SAIGON BROADCASTING TELEVISION NETWORK, INC.; MY VAN INTERNATIONAL, INC.; NAM PHAM; CARINA OANH HOANG; DIEP PHAN; TRONG PHAN; SON NGUYEN; THANH-MAI NGYUEN and MINH NGUYEN,<br><br>             Plaintiffs,<br><br>v.<br><br>KOSTER FILMS, LLC; FREDERICK KOSTER, BT PRODUCTIONS, LLC and BRIAN TOOKER,<br><br>             Defendants. | Case No. 8:22-cv-02130-JWH-DFM<br><br>***EX PARTE* APPLICATION TO DEEM DEFENDANTS FREDERICK KOSTER AND KOSTER FILMS LLC AS PROPERLY SERVED, OR IN THE ALTERNATIVE, FOR ALTERNATIVE SERVICE AND ADDITIONAL TIME TO EFFECT ALTERNATIVE SERVICE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>District Judge:   Hon. John W. Holcomb<br>Mag. Judge:       Hon. Douglas F. McCormick<br><br>Complaint filed:  Nov. 23, 2022 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................4

II. FACTUAL BACKGROUND ...............................................................................4

III. LEGAL STANDARD ...........................................................................................8

IV. ARGUMENT ........................................................................................................9

    A. Plaintiffs Have Served Mr. Koster And Koster Films LLC Pursuant To Cal. Code of Civil Procedure Section 415.40 and/or Section 417.20(a) Because Plaintiffs Have Served Them Via Mail At The Address Mr. Koster Has Publicly Represented – To The Arizona Corporations Commission, The Arizona Courts, And The State Of Arizona – As Their Address ........................................................................9

    B. Alternatively, Plaintiffs Request Permission To Serve Mr. Koster and Koster Films, LLC Via Email, Or In The Alternative Via Publication, And Additional Time To Effect Such Service ................10

        1. This Court Should Authorize Plaintiffs To Serve Mr. Koster and Koster Films, LLC Via Email Because the Koster Films, LLC Website Lists A Contact Email Address, Plaintiffs Have Regularly Communicated With Mr. Koster Via Email, And Plaintiffs Have Received No Bounce-Back Messages In Response To Their Recent Emails.................................................11

        2. In The Alternative, This Court Should Authorize Plaintiffs To Serve Mr. Koster and Koster Films, LLC Via Publication Because They Have Exercised Reasonable Diligence In Attempting To Serve Them, and Because Plaintiffs Possess Valid, Pending Causes Of Action Against Them ........................12

        3. This Court Should Grant Plaintiffs Additional Time To Effect Service On Mr. Koster And Koster Films, LLC Via Alternative Means...............................................................................13

V. CONCLUSION ...................................................................................................14

2

*EX PARTE* APPLICATION TO DEEM DEFENDANTS AS PROPERLY SERVED OR, IN THE ALTERNATIVE, FOR ALTERNATIVE SERVICE AND ADDITIONAL TIME TO EFFECT ALTERNATIVE SERVICE

132231-00000001/6560678.3

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Gaffigan v. Does 1-10*
   689 F. Supp. 2d 1332 (S.D. Fla. 2010) .............................................................. 11

*Glob. Impex, Inc. v. Specialty Fibres LLC*
   77 F. Supp. 3d 1268 (N.D. Ga. 2015) .................................................... 11, 12, 13

*Rio Properties, Inc. v. Rio Int'l Interlink*
   284 F.3d 1007 (9th Cir. 2002) ......................................................................... 8, 10

**STATE CASES**

*Bein v. Brechtel–Jochim Grp.*
   6 Cal.App.4th 1387, 8 Cal.Rptr.2d 351 (1992) .................................................. 13

*Donel, Inc. v. Badalian*
   87 Cal.App.3d 327, 150 Cal.Rptr. 855 (1978) ................................................... 12

**FEDERAL STATUTES, REGULATIONS, AND RULES**

Federal Rules of Civil Procedure
   Rule 4(e) ......................................................................................................... 8, 11
   Rule 4(m) ............................................................................................................ 14

**STATE STATUTES, REGULATIONS, AND RULES**

California Code of Civil Procedure
   § 415.30 ................................................................................................... 8, 10, 11
   § 415.40 ....................................................................................................... passim
   § 415.50 ............................................................................................. 8, 10, 12, 13
   § 415.50(a) ......................................................................................................... 12
   § 417.20(a) .................................................................................................. passim

**OTHER AUTHORITIES**

https://azcc.gov/corporations/faqs/statutory-agents (last visited Feb. 1, 2023) ........ 9

https://azcc.gov/docs/default-source/corps-files/newspaper-list-for-publishing.pdf
   (last visited Feb. 1, 2023) ................................................................................... 13

3

*EX PARTE* APPLICATION TO DEEM DEFENDANTS AS PROPERLY SERVED OR, IN THE ALTERNATIVE, FOR ALTERNATIVE SERVICE AND ADDITIONAL TIME TO EFFECT ALTERNATIVE SERVICE

132231-00000001/6560678.3

## I. INTRODUCTION

Plaintiffs The Next Vietnam Projects Foundation, Inc., Radix Corporation a/k/a Vietnam Veterans for Factual History, Saigon Broadcasting Television Network, Inc., My Van International, Inc., Nam Phan, Carina Oanh Hoang, Diep Phan, Trong Phan, Son Nguyen, Thanh-Mai Nguyen and Minh Nguyen's (collectively, "Plaintiffs") have made all reasonable efforts to effect service on Defendants Frederick Koster and Koster Films, LLC. Plaintiffs undertook substantial research to identify potential addresses and attempted personal service at the residential addresses they were able to identify for Mr. Koster, including multiple stakeouts. Mr. Koster's official address – the address identified on his driver's license, the address he used in court filings in Arizona, and the address he has listed as statutory agent for Koster Films, LLC – is a post office box, so Plaintiffs served Mr. Koster and Koster Films, LLC at this address on several occasions, one of which was successfully delivered to the post office box and not returned. In addition, Plaintiffs have sent courtesy copies to Mr. Koster's and Koster Films, LLC's known email addresses.

Plaintiffs bring this *Ex Parte* Application respectfully requesting this Court to issue an order finding that Plaintiffs have served Mr. Koster and Koster Films, LLC via mail pursuant to Cal. Code of Civil Procedure Section 415.40 and/or Section 417.20(a). In the alternative, Plaintiffs seek permission to serve Mr. Koster and Koster Films, LLC via email, and, if the Court is disinclined to authorize service via email, Plaintiffs alternatively respectfully request an order authorizing them to serve Mr. Koster and Koster Films, LLC via publication in Maricopa County, Arizona. In order to accomplish this, Plaintiffs further respectfully request a sixty (60)-day extension of the February 21, 2023 deadline to effect service on those Defendants.

## II. FACTUAL BACKGROUND

Certain of the Plaintiffs in this matter hired Defendants Frederick Koster and Koster Films, LLC to help create a film regarding the Vietnam War as told from the South Vietnamese perspective to be distributed for free, for educational purposes. Mr.

4

*EX PARTE* APPLICATION TO DEEM DEFENDANTS AS PROPERLY SERVED OR, IN THE ALTERNATIVE, FOR ALTERNATIVE SERVICE AND ADDITIONAL TIME TO EFFECT ALTERNATIVE SERVICE

132231-00000001/6560678.3

Koster was paid approximately $300,000 for his work on the film. In return, however, Plaintiffs have received nothing – not the film, nor the underlying footage used to create the film, both of which Defendants have wrongfully refused to turn over to Plaintiffs. Plaintiffs, accordingly, filed this suit on November 23, 2022 to seek relief from this Court.

Since the filing of their Complaint, Plaintiffs have undertaken extensive efforts to serve Mr. Koster and his company, Koster Films, LLC. Previous research conducted on behalf of Plaintiffs, and further research by Plaintiffs' counsel, identified four potential addresses for Mr. Koster. (Declaration of Jacob Kevin Poorman ["**Poorman Dec.**"], ¶ 2.) Those addresses were (1) 42227 North Stonemark Drive, Anthem, AZ 85086; (2) 42003 North Moss Springs Road, Anthem, AZ 85086; (3) 3655 West Anthem Way, Anthem, AZ, 85086; and (4) 44047 North 43 Avenue, P.O. Box 75464, Phoenix, Arizona 85087. (*Id.*) Because the 44047 North 43 Avenue address was a post office box, Plaintiffs attempted to serve Mr. Koster and Koster Films, LLC personally at the first three addresses, but, according to Plaintiffs' process server:

- the 3655 West Anthem Way location was a PostNet Mailbox store where, per the clerk, Mr. Koster no longer maintained a mailbox;
- the 42003 North Moss Springs address was a residence, but a woman who answered the door at that location stated that she did not know Mr. Koster and that she had just moved in, and the server observed moving boxes in the residence;
- the 42227 North Stonemark Drive address was also a residence, but a woman who answered the door at that location stated that she did not know Mr. Koster.

(*See* December 12, 2022 Declaration of Diligence of Jerry L. Horacek; December 20, 2022 Declarations of Diligence of Jerry L. Horacek.)

Although the 44047 North 43rd Avenue address was a post office box,

5

*Ex Parte* Application to Deem Defendants as Properly Served or, in the Alternative, for Alternative Service and Additional Time to Effect Alternative Service

132231-00000001/6560678.3

Plaintiffs' research showed that it was Mr. Koster's and Koster Films, LLC's current, official address. The Arizona Corporation Commission website identifies Mr. Koster as the statutory agent for Koster Films, LLC, and states that Mr. Koster's address as statutory agent is 44047 North 43 Avenue, P.O. Box 75464, Phoenix, Arizona 85087. (Poorman Dec., ¶ 3, Ex, A.) Similarly, in a separate litigation Mr. Koster filed in Arizona, wherein Mr. Koster represented himself for a portion of the litigation, Mr. Koster listed the same address as his address on the caption of his pleadings, and also submitted a copy of his driver's license, which identifies the same address. (Poorman Dec., ¶ 4, Exs. B and C.) Plaintiffs therefore also attempted to serve both Mr. Koster and Koster Films, LLC at 44047 North 43 Avenue, P.O. Box 75464, Phoenix, Arizona 85087 separately via first-class mail, postage prepaid, requiring a return receipt, pursuant to California Code of Civil Procedure section 415.40, on December 12, 2022. (Declaration of Tracy Lim ["**Lim Dec**."], ¶¶ 2-3, Exs. A & B.) The mailing to Mr. Koster was returned as undelivered but, although Plaintiffs did not receive an executed return receipt for the mailing to Koster Films, LLC, it was not returned to Plaintiffs. (Lim Dec., ¶¶ 2-3.) Because Plaintiffs had not received return receipts for the first mailing, they again attempted to serve Mr. Koster and Koster Films, LLC pursuant to Section 415.40 via the same procedure at the 44047 North 43 Avenue address on January 9, 2023. (Lim Dec., ¶¶ 4-5, Exs. C & D.) This mail was returned to Plaintiffs as undelivered. (Lim Dec., ¶¶ 4-5.) Plaintiffs also on January 9, 2023 separately mailed copies of the summons and complaint to the 44047 North 43 Avenue address without require a return receipt so that the mailing would be placed directly in Mr. Koster's p.o. box. (Lim Dec., ¶¶ 6-7, Exs. E & F.) These mailings were also returned. (Lim Dec., ¶¶ 6-7.)

During this time, in their continuing efforts to serve Mr. Koster and Koster Films, LLC, Plaintiffs requested a "postal break" from the Post Office at the 44047 North 43 Avenue address to identify any other address that Mr. Koster had provided to the Post Office. (Poorman Dec., ¶ 5.) The postal break identified the 42227 North

6

*EX PARTE* APPLICATION TO DEEM DEFENDANTS AS PROPERLY SERVED OR, IN THE ALTERNATIVE, FOR ALTERNATIVE SERVICE AND ADDITIONAL TIME TO EFFECT ALTERNATIVE SERVICE

132231-00000001/6560678.3

Stonemark, Anthem, AZ 85086 address at which Plaintiffs had previously attempted service of process. (*Id.*) Based on this information, Plaintiffs requested that their process server stake out that location, even though Plaintiffs had previously attempted service at this address, out of abundance of caution as a final attempt to serve Mr. Koster and Koster Films personally. (*Id.* at ¶ 6.) Plaintiffs' process server conducted a stake out of that location at different times and on different days of the week – from 4:45 – 8:00 p.m. on January 12, 2023, and again from 6:30 a.m. – 9:30 a.m. on January 21, 2023. (*See* January 31, 2023 Declaration of Diligence of Jerry L. Horacek.) Plaintiffs' process server, however, was not able to locate Mr. Koster at the location, and was again informed by the apparent resident of 42227 North Stonemark that she did not know Mr. Koster. (*Id.*) Plaintiffs also attempted to serve Mr. Koster and Koster Films, LLC via mail pursuant to Section 415.40 at the 42227 N. Stonemark address, but that mail was returned as undelivered. (Lim Dec., ¶¶ 8- 9, Exs. G & H.)

In addition to these efforts, Plaintiffs also served Mr. Koster via email. Prior to this suit, Plaintiffs had communicated with Mr. Koster at two different email addresses: fred@kosterfilms.com and fknotebook@gmail.com. (Declaration of Nam Pham ["**Pham Dec.**"], ¶ 3.) The website for Koster Films, LLC – http://www.kosterfilms.com/ – also states that Koster Films, LLC can be contacted through the fred@kosterfilms.com email address. (Poorman Dec., ¶ 8, Ex. K.) Plaintiffs' counsel therefore emailed the summons and complaint to Mr. Koster at these email addresses twice – on December 13, 2022 and January 9, 2023 – also emailed these addresses on January 25, 2023 to request that Mr. Koster accept service via email, and emailed these addresses again on February 3, 2023 to give Mr. Koster notice that Plaintiffs would be filing the instant *ex parte* application. (Poorman Dec., ¶ 7 Exs. D-J.) Although Mr. Koster did not respond to these emails, Plaintiffs' counsel did not receive any bounce-back messages, indicating that the email addresses are still active. (Poorman Dec., ¶ 7.)

7

*EX PARTE* APPLICATION TO DEEM DEFENDANTS AS PROPERLY SERVED OR, IN THE ALTERNATIVE, FOR ALTERNATIVE SERVICE AND ADDITIONAL TIME TO EFFECT ALTERNATIVE SERVICE

132231-00000001/6560678.3

## III. LEGAL STANDARD

"Unless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e). "A summons may be served on a person outside this state . . . by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt." Cal. Code of Civil Procedure § 415.40. Proof of service in this manner "shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt *or other evidence*." Cal. Code of Civil Procedure § 417.20(a) (emphasis added).

"A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . [a] cause of action exists against the party upon whom service is to be made . . . ." Cal. Code of Civil Procedure § 415.50. "Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons by served in a manner which is reasonably calculated to give notice to the party to be served and that proof of such service be made as prescribed by the court." Cal. Code of Civil Procedure § 415.30. "[T]he Constitution requires nothing more" than "means [of service] reasonably calculated to apprise" the defendant "of the pendency of the lawsuit." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) (affirming district court order approving service via email).

8
*Ex Parte* Application to Deem Defendants as Properly Served or, in the Alternative, for Alternative Service and Additional Time to Effect Alternative Service

132231-00000001/6560678.3

## IV. ARGUMENT

### A. Plaintiffs Have Served Mr. Koster And Koster Films LLC Pursuant To Cal. Code of Civil Procedure Section 415.40 and/or Section 417.20(a) Because Plaintiffs Have Served Them Via Mail At The Address Mr. Koster Has Publicly Represented – To The Arizona Corporations Commission, The Arizona Courts, And The State Of Arizona – As Their Address

Proof of service via mail on an out-of-state defendant pursuant to Cal. Code of Civil Procedure section 415.40 "shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence." Cal. Code of Civil Procedure § 417.20(a). Here, by delivering the complaint and summons via U.S. mail to 44047 North 43 Avenue, P.O. Box 75464, Phoenix, Arizona 85087, the address Mr. Koster has publicly designated as his, both personally and as statutory agent for his company Koster Films LLC, Plaintiffs have properly effected service via Cal. Code of Civil Procedure section 415.40 and/or Cal. Code of Civil Procedure section 417.20(a).

The Arizona Corporation Commission identifies Mr. Koster as the "Statutory Agent" for Koster Films, LLC, which is an Arizona Limited Liability Company. (Poorman Dec., Ex. A.) "A Statutory Agent's responsibility is to accept Service of Process or legal documents on behalf of a corporation or limited liability company." *See* https://azcc.gov/corporations/faqs/statutory-agents (last visited Feb. 1, 2023). The Arizona Corporation Commission also identifies Mr. Koster's mailing address as Statutory Agent for Koster Films, LLC as "44047 North 43 Avenue, 75464, Phoenix, AZ 85087, USA." (Poorman Dec., Ex. A.) In a separate lawsuit that Mr. Koster filed in Arizona, Mr. Koster, after initially retaining counsel, represented himself. In his filings with that court, as recently as September 24, 2021, Mr. Koster identified his address for service as the same 44047 North 43rd Avenue address. (Poorman Dec., Ex. B.) Similarly, in that litigation, Mr. Koster submitted a copy of his Arizona Driver's License which also reflects that same address. (*Id.*, Ex. C.) Mr. Koster has therefore publicly held out the 44047 North 43 Avenue address as his, and Koster

9

*EX PARTE* APPLICATION TO DEEM DEFENDANTS AS PROPERLY SERVED OR, IN THE ALTERNATIVE, FOR ALTERNATIVE SERVICE AND ADDITIONAL TIME TO EFFECT ALTERNATIVE SERVICE

132231-00000001/6560678.3

Films, LLC's, address, to the Arizona Corporation Commission, the State of Arizona and the Arizona courts.

Plaintiffs effected service on Mr. Koster and Koster Films, LLC at that address by successfully mailing the complaint and summons to that address – Plaintiffs' December 12, 202 certified mailing to Koster Films, LLC was delivered and has not been returned. (Lim Dec., ¶¶ 2 - 7.) Because Mr. Koster has repeatedly represented that the 44047 North 43 Avenue address is his address, personally and as Statutory Agent for Koster Films, LLC, the fact that Plaintiffs mailed process to this address and it has not been returned is sufficient "other evidence" that the summons and complaint have been delivered to Mr. Koster and Koster Films, LLC. Cal. Code of Civil Procedure § 417.20(a). Similarly, this proof shows that the mailing of the complaint and summons to the 44047 North 43 Avenue address was "service in a manner which is reasonably calculated to give notice" to Mr. Koster and Koster Films, LLC. *See* Cal. Code of Civil Procedure § 415.30. This Court should, accordingly, issue an Order deeming Mr. Koster and Koster Films, LLC to have been served properly with the complaint and summons in this matter. *Rio Properties*, 284 F.3d at 1018.

**B.** **Alternatively, Plaintiffs Request Permission To Serve Mr. Koster and Koster Films, LLC Via Email, Or In The Alternative Via Publication, And Additional Time To Effect Such Service**

Should the Court find that Plaintiffs have not adequately served Mr. Koster or Koster Films, LLC, Plaintiffs request, in the alternative, that the Court authorize Plaintiffs to serve those Defendants via email, pursuant to California Code of Civil Procedure section 415.30, or, in the alternative if the Court is disinclined to authorize email service, via publication pursuant to California Code of Civil Procedure section 415.50, and that the Court grant Plaintiffs additional time to effect such service.

10

*EX PARTE* APPLICATION TO DEEM DEFENDANTS AS PROPERLY SERVED OR, IN THE ALTERNATIVE, FOR ALTERNATIVE SERVICE AND ADDITIONAL TIME TO EFFECT ALTERNATIVE SERVICE

132231-00000001/6560678.3

1. <u>This Court Should Authorize Plaintiffs To Serve Mr. Koster and Koster Films, LLC Via Email Because the Koster Films, LLC Website Lists A Contact Email Address, Plaintiffs Have Regularly Communicated With Mr. Koster Via Email, And Plaintiffs Have Received No Bounce-Back Messages In Response To Their Recent Emails</u>

The website for Koster Films, LLC (http://kosterfilms.com/) lists "fred@kosterfilms.com" as a contact email address. (Poorman Dec., Ex. K.) Moreover, Plaintiffs, during their time working with Mr. Koster and Koster Films, LLC, communicated with Mr. Koster via email at fred@kosterfilms.com and fknotebook@gmail.com. (Pham Dec., ¶ 3.) As recently as April 23, 2021, Mr. Koster responded from the fred@kosterfilms.com email address to an email from Plaintiff Minh Nguyen. (*Id.*, ¶ 4.) Further, on four separate dates since Plaintiffs filed their Complaint (December 13, 2022, January 9, 2023, January 25, 2023 and February 3, 2023), Plaintiffs emailed Mr. Koster at the fred@kosterfilms.com and fknotebook@gmail.com email addresses and never received a bounce-back message, indicating that those email accounts are still active. (Poorman Dec., ¶ 7, Exs. D-J.) Plaintiffs therefore respectfully request, in the alternative, that this Court authorize service on Mr. Koster and Koster Films, LLC via email to fred@kosterfilms.com and fknotebook@gmail.com, pursuant to California Code of Civil Procedure section 415.30. *See* Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 5-F, § 5:194.8 ("Electronic service may be upheld where service cannot be made by other means and the email does not bounce back and therefore is presumably received."); *Glob. Impex, Inc. v. Specialty Fibres LLC*, 77 F. Supp. 3d 1268, 1271 (N.D. Ga. 2015) ("Other courts, particularly those interpreting California law as the Court does today, have accepted service via email as substituted service under Rule 4(e).") (collecting cases); *see also Gaffigan v. Does 1-10*, 689 F. Supp. 2d 1332, 1342 (S.D. Fla. 2010) ("The undersigned finds that the emails that did not bounce back were presumptively sent to valid email addresses that reached Defendants.").

2. <u>In The Alternative, This Court Should Authorize Plaintiffs To Serve Mr. Koster and Koster Films, LLC Via Publication Because They Have Exercised Reasonable Diligence In Attempting To Serve Them, and Because Plaintiffs Possess Valid, Pending Causes Of Action Against Them</u>

In the alternative, should the Court be disinclined to authorize service via email, Plaintiffs respectfully request permission to serve Mr. Koster and Koster Films, LLC via publication in Phoenix, Arizona, pursuant to Cal. Code of Civil Procedure section 415.50.  Section 415.50 provides, in pertinent part, that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . [a] cause of action exists against the party upon whom service is to be made . . . ."  "In determining whether a plaintiff has exercised 'reasonable diligence' for purposes of section 415.50(a), a court must examine the affidavit required by the statute to see whether the plaintiff 'took those steps a reasonable person who truly desired to give notice would have taken under the circumstances.'" *Glob. Impex*, 77 F. Supp. 3d at 1270 (quoting *Donel, Inc. v. Badalian*, 87 Cal.App.3d 327, 333, 150 Cal.Rptr. 855 (1978)).

Plaintiffs have exercised reasonable diligence in attempting to serve Mr. Koster and Koster Films, LLC.  Plaintiffs have attempted personal service at both residential addresses they have been able to identify for Mr. Koster, including staking out one address at different times and different dates. (Poorman Dec., ¶ 2; December 12, 2022 Declaration of Diligence of Jerry L. Horacek; December 20, 2022 Declaration of Diligence of Jerry L. Horacek.)  To the best of Plaintiff's knowledge, Mr. Koster no longer resides at either address. (*See* December 12, 2022 Declaration of Diligence of Jerry L. Horacek; December 20, 2022 Declaration of Diligence of Jerry L. Horacek.)  Plaintiffs also attempted to serve Mr. Koster and Koster Films, LLC via U.S. mail pursuant to Cal. Code of Civil Procedure section 415.40 multiple times.  (Lim Dec., ¶¶ 8 and 9.)  In addition, Plaintiffs have served Mr. Koster and Koster Films, LLC via

12

*EX PARTE* APPLICATION TO DEEM DEFENDANTS AS PROPERLY SERVED OR, IN THE ALTERNATIVE, FOR ALTERNATIVE SERVICE AND ADDITIONAL TIME TO EFFECT ALTERNATIVE SERVICE

132231-00000001/6560678.3

email. (Poorman Dec., ¶ 7, Exs. D-G.) While Plaintiffs respectfully submit that they have successfully served Mr. Koster and Koster Films, LLC via U.S. mail, should the Court disagree, Plaintiffs' efforts demonstrate that they have employed every reasonable means at their disposal to effect service. Plaintiffs have therefore exercised reasonable diligence in attempting to serve Mr. Koster and Koster Films, LLC. *See Glob. Impex*, 77 F. Supp. 3d at 1270 (finding reasonable diligence where plaintiff had attempted service via U.S. mail, personal service and email); *Bein v. Brechtel–Jochim Grp.*, 6 Cal.App.4th 1387, 1390, 8 Cal.Rptr.2d 351 (1992) ("[T]wo or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.").

Moreover, "cause[s] of action exists against" Mr. Koster and Koster Films, LLC. (Pham Dec., ¶ 2.) As set forth in their Complaint, Plaintiffs have pending causes of action against Mr. Koster and Koster Films, LLC for copyright infringement, breach of contract, fraud, misappropriation of likeness, conversion, declaration of copyright invalidity and unjust enrichment. (*Id.*; *see* Complaint [ECF No. 1].)

Service via publication is therefore appropriate. *See* Cal. Code of Civ. Proc. § 415.50. Accordingly, Plaintiffs respectfully request an order authorizing them to serve Mr. Koster and Koster Films, LLC via publication through the Arizona Business Gazette, which is a weekly publication in Maricopa County. (Poorman Dec., ¶ 9.) All four addresses Plaintiffs have been able to identify for Mr. Koster are also located in Maricopa County. (*Id.*) Moreover, the Arizona Business Gazette is one of the publications identified by the Arizona Corporation Commission as "hav[ing] attested to the commission that they meet the statutory requirements for publishing documents filed with the Commission." *See* https://azcc.gov/docs/default-source/corps-files/newspaper-list-for-publishing.pdf (last visited Feb. 1, 2023).

   3. <u>This Court Should Grant Plaintiffs Additional Time To Effect Service On Mr. Koster And Koster Films, LLC Via Alternative Means</u>

Should the Court find that Plaintiffs have not already served Mr. Koster and

13

*EX PARTE* APPLICATION TO DEEM DEFENDANTS AS PROPERLY SERVED OR, IN THE ALTERNATIVE, FOR ALTERNATIVE SERVICE AND ADDITIONAL TIME TO EFFECT ALTERNATIVE SERVICE

132231-00000001/6560678.3

Koster Films, LLC, Plaintiffs respectfully request additional time to effect service. Pursuant to Fed R. Civ. P. 4(m), February 21, 2023 is Plaintiffs' last day to serve Mr. Koster and Koster Films, LLC, absent a showing of good cause. Plaintiffs have diligently attempted to serve Mr. Koster and Koster Films, LLC, as set forth above. If the Court finds that these attempts have not been effective, Plaintiffs respectfully request a sixty (60)-day extension of that deadline to accomplish alternative service.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court issue an order finding that Plaintiffs have served Mr. Koster and Koster Films, LLC via mail pursuant to Cal. Code of Civil Procedure Section 415.40 and/or Section 417.20(a). In the alternative, Plaintiffs respectfully request permission to server Mr. Koster and Koster Films, LLC via email, and, if the Court is disinclined to authorize service via email, Plaintiffs respectfully request an order authorizing them to serve Mr. Koster and Koster Films, LLC via publication. In the event that the Court does not find that Plaintiffs have already served Mr. Koster and Koster Films, LLC, Plaintiffs respectfully request a sixty (60)-day extension of the February 21, 2023 deadline to effect service on those Defendants.

DATED: February 17, 2023

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ Jack Shaw
Jack Shaw
Jacob K. Poorman
*Attorneys for Plaintiffs*