**F I L E D**
CLERK, U.S. DISTRICT COURT

6/10/23

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CLA_____ DEPUTY

Frederick Koster

1846 Innovation Park Dr, #100 Oro Valley, AZ  85755

602-451-0999

fredkusa1@gmail.com

Frederick Koster in Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NEXT VIETNAM PROJECTS FOUNDATION, INC., ET AL** | **Case No.: 8:22-cv-2130- JWHDFM** |
| **Plaintiffs** | **RULE 15(A) AMENDED DEFENDANT'S ANSWERS, AFFIRMATIVE DEFENSES COUNTERCLAIM** |
| **v.** | |
| **KOSTER FILMS LLC, FREDERICK KOSTER, ET AL** | |
| **Defendants** | |

Defendant Frederick Koster states as follows:

## **GENERAL DENIAL**

Pursuant to Rule 8(b), Fed. R. Civ. P., Defendant denies generally all claims not specifically admitted herein.

1

**INTRODUCTION**

1. Defendant denies each and every allegation in paragraph 1.  Defendant denies that plaintiffs Radix Corporation (VVFH) and Saigon Broadcasting Television Network, Inc. (SBTN) which plaintiffs label and alleges are producers of the film.  This allegation is repeated throughout the pleading and defendant denies each and every time this allegation is mentioned.

2. Defendant admits that the film and interviews are solely in possession of the defendants. Defendant denies each and every other allegation in paragraph 2.

3. Defendant admits that the individual plaintiffs listed in paragraph 3 agreed to appear in the film.  Defendant denies each and every other allegation in paragraph 3.

4. Defendant admits that My Van International Inc gave permission to use stock footage from a film My Van alleges owns. Defendant denies each and every other allegation in paragraph 4.

5. Defendant denies each and every allegation in paragraph 5.

6. Defendant denies each and every allegation in paragraph 6.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 7.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 8.

9.  Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 9.

10.  Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 10.

11. Defendant is without knowledge or information sufficient to form a

belief as to the truth or the falsity of the allegations contained in paragraph 11.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in this paragraph 12.

13.  Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 13.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 14.

15.  Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 15.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 16.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 17.

18. Defendant admits Koster Films LLC is an Arizona Limited Liability Company. Defendant denies each and every other allegation in paragraph 18.

19. Defendant admits to paragraph 19.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 20.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in this paragraph.

22. Defendant denies each and every allegation in paragraph 22.

## **JURISDICTION AND VENUE**

Defendant is not contesting Jurisdiction and Venue.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 23.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 24.

120
121     25. Defendant is without knowledge or information sufficient to form a
122 belief as to the truth or the falsity of the allegations contained in paragraph 25.
123
124     26. Defendant is without knowledge or information sufficient to form a
125 belief as to the truth or the falsity of the allegations contained in this paragraph.
126
127     27. Defendant is without knowledge or information sufficient to form a
128 belief as to the truth or the falsity of the allegations contained in paragraph 27,
129 lines 5 through 10. Defendant denies lines 11 through 18 of paragraph 27.
130
131     **<u>STATEMENT OF FACTS</u>**
132
133     28. Defendant is without knowledge or information sufficient to form a
134 belief as to the truth or the falsity of the allegations contained in paragraph 28.
135
136     29. Defendant admits to being director of the film. Defendant is without
137 knowledge or information sufficient to form a belief as to the truth or the falsity of
138 the allegations contained in paragraph 29.
139
140     30. Defendant admits VVFH and SBTN were aware of Defendant from the
141 Defendant being the director, writer and producer of the film "Ride the Thunder".
142 Defendant denies all other allegations in paragraph 30.
143
144     31. Defendant denies that any discussions of other possible projects from 5
145 years ago is material to this lawsuit.  Due to these discussions happening 5 years
146 ago, Defendant is without specific knowledge or information sufficient to form a
147 belief as to the truth or the falsity of the allegations contained in paragraph 31.
148
149     32. Defendant denies each and every allegation in paragraph 32.
150
151     33. Defendant denies that VVFH and SBTN are producers. Defendant is
152 without knowledge or information sufficient to form a belief as to the truth or the
153 falsity of the allegations contained in paragraph 33.
154
155     34. Defendant denies that any actions that were done for other possible
156 projects from 5 years ago are immaterial to this lawsuit.  Defendant denies that
157 VVFH and SBTN are producers. Due to these possible actions happening 5 years
158 ago, Defendant is without specific knowledge or information sufficient to form a
159 belief as to the truth or the falsity of the allegations contained in paragraph 34.

160
161      35. Defendant admits My Van Corporation donated the use of historical
162   footage to defendants.  Defendant denies each and every other allegation in
163   paragraph 35.
164
165      36. Defendant admits that he is the director of the film. Due to this allegation
166   being from over 5 years ago, Defendant is without specific knowledge or
167   information sufficient to form a belief as to the truth or the falsity of the other
168   allegations in paragraph 36.
169
170      37. Defendant denies each and every allegation in paragraph 37.
171
172      38. Defendant denies stating he was a Director for hire.  Defendant denies
173   that any discussions of other possible projects from 5 years ago pertain to this
174   lawsuit and is immaterial. Due to the fact that this alleged interview happened over
175   5 years ago, Defendant is without knowledge or information sufficient to form a
176   belief as to the truth or the falsity of the allegations contained in paragraph 38.
177
178      39. Defendant denies stating he was a Director for hire.  Defendant denies
179   that any discussions of other possible projects from 5 years ago pertain to this
180   lawsuit and is immaterial. Due to the fact that this alleged interview happened over
181   5 years ago, Defendant is without knowledge or information sufficient to form a
182   belief as to the truth or the falsity of the allegations contained in paragraph 39.
183
184      40. Defendant denies that any discussions concerning other possible projects
185   from 5 years ago is immaterial. Due to the fact that this alleged correspondence
186   happened over 5 years ago, Defendant is without knowledge or information
187   sufficient to form a belief as to the truth or the falsity of the specific allegations
188   contained in paragraph 40.
189
190      41. Defendant admits that he interviewed and filmed interviews during 2018.
191   Mr Pham acted as an interpreter for some of these interviews.  Due to these
192   interviews happening 5 years ago, Defendant is without knowledge or information
193   sufficient to form a belief as to the truth or the falsity of the other allegations
194   contained in this paragraph therefore denies all other allegations.
195
196      42. Defendant admits to discussions with various individuals about the
197   making of a feature documentary.  Defendant denies each and every other
198   allegation in paragraph 42.
199

43. Defendant admits talking with individuals in reference to the making of the film. Defendant denies stating that the film would be distributed through the Next Vietnam Foundation. Inc., which did not exist at this time.  Due to these alleged events happening over 4 years ago, Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of other the other allegations contained in paragraph 43.

44. Defendant admits correspondence with Nam Pham concerning the script that the defendant was writing. Defendant admits not sending a script to VVFH and SBTN.  Defendant denies each and every other allegation in paragraph 44.

45. Defendant admits that Mr. Pham, Dr. Hoang, Mr. D. Phan, Dr. T. Phan, Mr. S. Nguyen, Ms. T. Nguyen, and Ms. M. Nguyen agreed to participate in the Film.   Defendant denies each and every other allegation in paragraph 45. In reference to the footnote for paragraph 45 (page 12, line 26).  Defendant admits that M. Nguyen signed a Talent Release Form Contract.  Defendant denies each and every other allegation in this footnote.

46.  Defendant admits providing a script to Mr. Pham.  Defendant denies each and every other allegation in paragraph 46.

47. Defendant admits that as a standard practice in the film industry, during the process of researching to make a documentary film that he talked with many people to ensure historical accuracy.  Defendant admits he does not speak Vietnamese.  Defendant denies each and every other such allegation in this paragraph.

48. Defendant denies each and every allegation in paragraph 48.

49. Defendant denies each and every allegation in paragraph 49.

50.  Defendant admits filming parts of the film in California. Due to these events happening over 4 years ago, Defendant is without knowledge or information sufficient to form a belief concerning the details of these interviews. Defendant denies each and every other allegation in paragraph 50.

51. Defendant admits to paragraph 51.

238    52. Defendant admits filming interviews in California.  Due to these
239  interviews happening up 5 years ago, Defendant is without knowledge or
240  information sufficient to form a belief concerning the details of these interviews.
241
242    53.  Defendant admits there were discussions with various individuals about
243  the film.  Due to these discussions happening up 5 years ago, Defendant is without
244  knowledge or information sufficient to form a belief concerning the specific details
245  of these discussions.
246
247    54. Defendant admits on November 21, 2019, he sent a group email to
248  individuals and the referenced Exhibit 7 appears to be the email the Defendant
249  sent.  Defendant denies that defendant's email was sent to VVFH or SBTN,
250  Defendant denies that VVFH and SBTN are producers.
251
252    55. Defendant denies each and every allegation in paragraph 55.
253
254    56. Defendant admits sending email and Exhibit 8 appears to be that email.
255  Defendant admits there were delays in post-production due to the Covid epidemic
256  and scheduling conflicts.  Defendant denies each and every allegation in paragraph
257  56.
258
259    57. Defendant admits a rough-cut version of the film was sent to certain
260  individuals.  Defendant denies the allegations of lines 18 to 24. Defendant is
261  without knowledge or information sufficient to form a belief as to the truth or the
262  falsity of the other allegations contained in paragraph 57.
263
264    58. Defendant denies that VVFH and SBTN are producers. Due to this
265  allegation dating back over 3 years, Defendant is without knowledge or
266  information sufficient to form a belief as to the truth or the falsity of the allegations
267  contained in paragraph 59 therefore denies each and every such allegation.
268
269    59. Due to this allegation dating back over 3 years, Defendant is without
270  knowledge or information sufficient to form a belief as to the truth or the falsity of
271  the allegations contained in paragraph 59 therefore denies each and every such
272  allegation
273
274    60.  Due to these alleged events happening about 3 years and plaintiffs not
275  listing specific dates, Defendant is without specific knowledge or information
276  sufficient to form a belief as to the truth of each and every allegation contained in
277  paragraph 60.

7

278
279          61.  Defendant admits that Defendants' own the copyright of the film.
280   Exhibit J appears to be a screen shot of the US Copyright registration. Defendant
281   admits there was an attempted publication and distribution of the film by the
282   Defendants in April of 2021 through various internet platforms, but all distribution
283   was almost immediately shut down by plaintiff Ms. M. Nguyen when she sent
284   copyright take down notices to the platforms distributing the film.  Defendant
285   denies the allegation that the defendants don't have the full rights to release the
286   film.  Due to this event happening over 2 years ago, Defendant is without specific
287   knowledge or information sufficient to form a belief as to the truth of each and
288   every allegation contained in paragraph.
289
290          62. Defendant denies that VVFH and SBTN are producers. Defendant
291   admits receiving an email from Ms M Nguyen in April 2021 that included a cease-
292   and-desist letter that also included other threats.
293
294          63.  Defendant admits that there was another attempted publication and
295   release of the film by the Defendants in April of 2021, but it was almost
296   immediately stopped by plaintiff M. Nguyen when she fraudulently sent take down
297   notices to the film distributing platforms.  Defendant denies plaintiff's allegation
298   that they do not own the copyright.  Defendant is without knowledge or
299   information sufficient to form a belief as to the truth other allegations contained in
300   paragraph.
301
302          64.  Defendant admits that there was an attempted release of the film by the
303   Defendants in April of 2021, but it was almost immediately stopped by plaintiff M.
304   Nguyen when she fraudulently sent copyright take down notices to the platforms
305   distributing the film.  Defendant is without knowledge or information sufficient to
306   form a belief as to the truth of each and every other allegation contained in
307   paragraph 64.
308
309          65.  Defendant admits Ms. M Nguyen sent a demand letter that included
310   threats to Mr. Tooker to intimidate him into sending the film interviews and any
311   related film footage to the law firm she was employed with. Defendant is without
312   knowledge or information sufficient to form a belief as to the truth of each and
313   every allegation contained in paragraph.
314
315          66. Defendant admits to paragraph 66.
316

67. Based on Plaintiffs' Exhibit K, Defendant admits to the existence of this email from the Victims of Communism Memorial Foundation (VOC) stating that Defendants tried to donate the interviews and film to VOC. Defendant denies line "On information and belief, this was an attempt by Koster to barter away the Film, Interviews and other material that by rights belong to the Next Vietnam Foundation."

68. Defendant denies paragraph 68.

69. Defendant admits that the Interviews have not been sent.  Defendant is without knowledge or information sufficient to form a belief as to the truth of each and ever Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph.

70.  Defendant denies paragraph 70.

71.  Defendant denies committing fraud.  Defendant admits that Richard Botkin contracted with Koster Films LLC to produce, direct and write the screen play for the aforementioned film.  Defendant admits having copies of this film in his possession.

## FIRST CAUSE OF ACTION

72. Defendant repeats all answers of the foregoing paragraphs as if fully set herein.

73.  Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 73

74. Defendant admits My Van allowed defendants to use historical footage that he claims to own for use in the Defendant's film. Defendant admits 12 seconds of this provided historical footage appears in the film. Defendant denies each and every other allegation in paragraph 74.

75. Defendant admits that the film rights have not been assigned. Defendant denies each and other every allegation in paragraph 75.

76. Defendant denies each and every allegation in paragraph 76.

77. Defendant denies each and every allegation in paragraph 77.

## SECOND CAUSE OF ACTION

78. Defendant repeats all answers of the foregoing paragraphs as if fully set herein.

79. Defendant denies each and every allegation in paragraph 79.

80. Defendant denies each and every allegation in paragraph 80.

81. Defendant denies each and every allegation in paragraph 81.

82. Defendant denies each and every allegation in paragraph 82.

83. Defendant denies each and every allegation in paragraph 83.

84. Defendant denies each and every allegation in paragraph 84.

## THIRD CAUSE OF ACTION

85. Defendant repeats all answers of the foregoing paragraphs as if fully set herein.

86. Defendant denies each and every allegation in paragraph 86.

87. Defendant denies each and every allegation in paragraph 87.

88. Defendant denies each and every allegation in paragraph 88.

89. Defendant denies each and every allegation in paragraph 89.

90. Defendant denies each and every allegation in paragraph 90.

91. Defendant denies each and every allegation in paragraph 91.

92. Defendant denies each and every allegation in paragraph 92.

93. Defendant denies each and every allegation in paragraph 93.

## FOURTH CAUSE OF ACTION

94.  Defendant repeats all answers of the foregoing paragraphs as if fully set herein.

95.  Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 95.

96. Defendant agrees that the Individuals agreed to appear in the film. Defendant denies each and every other allegation in paragraph 96.

97. Defendant denies each and every allegation in paragraph 97.

98. Defendant denies each and every allegation in paragraph 98.

99. Defendant denies each and every allegation in paragraph 99.

100. Defendant denies each and every allegation in paragraph 100.

## FIFTH CAUSE OF ACTION

101.  Defendant repeats all answers of the foregoing paragraphs as if fully set herein.

102. Defendant denies each and every allegation in paragraph 102.

103. Defendant denies each and every allegation in paragraph 103

104. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 104.

105. Defendant denies each and every allegation in paragraph 105

106. Defendant denies each and every allegation in paragraph 106.

107. Defendant denies each and every allegation in paragraph 107.

## SIXTH CAUSE OF ACTION

108. Defendant repeats all answers of the foregoing paragraphs as if fully set herein.

109. Defendant denies each and every allegation in paragraph 109.

110. Defendant denies each and every allegation in paragraph 110.

111.  Defendant denies that My Van did not give permission to use the historical footage provided to the Defendants.  Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 111 therefore denies each and every one of them.

112.  Defendant denies each and every allegation in paragraph 112.

113. Defendant admits that the defendants' own the copyright of the film. Defendant denies each and every allegation in paragraph 113.

114.  Defendant denies each and every allegation in paragraph 114.

115.  Defendant denies each and every allegation in paragraph 115.

116.  Defendant denies each and every allegation in paragraph 116.

## SEVENTH CAUSE OF ACTION

117.  Defendant repeats all answers of the foregoing paragraphs as if fully set herein.

118.  Defendant denies each and every allegation in paragraph 118.

119.  Defendant denies each and every allegation in paragraph 119.

120.  Defendant denies each and every allegation in paragraph 120.

## PRAYER FOR RELIEF

A. Defendant denies each and every request in paragraph A.

B. Defendant denies each and every request in paragraph B.

C. Defendant denies each and every request in paragraph C.

477    D. Defendant denies each and every request in paragraph D.
478
479    E. Defendant denies each and every request in paragraph E.
480
481    F. Defendant denies each and every request in paragraph F.
482
483    G. Defendant denies each and every request in paragraph G.
484
485    H. Defendant denies each and every request in paragraph H.
486
487    I. Defendant denies each and every request in paragraph I.
488
489                    <u>**AFFIRMATIVE DEFENSE**</u>
490
491 Defendants do not knowingly or intentionally waive any applicable defense and re-
492 serve the right to assert and rely on such other applicable defenses as may become
493 available or apparent during the course of the proceedings.  Defendant further re-
494 serves the right to amend his Answer and/or defenses accordingly, and/or delete
495 defenses that they determine are not applicable, during the course of the proceed-
496 ings. Without assuming any burdens that they would not otherwise bear, Defendant
497 asserts the following defenses:
498
499                <u>**FIRST AFFIRMATIVE DEFENSE**</u>
500
501                    <u>LACK OF STANDING</u>
502
503        1. All Eleven Plaintiffs fail to pass the Supreme Court's three-part test to
504 determine whether a party has standing to sue.
505
506        2.Plaintiffs TRONG PHAN, SON NGUYEN and THANH-MAI NGUYEN
507 (name later changed to Thanh Phuong Le) are suing for Misappropriation of
508 Likeness (Cause of Action 4)
509
510        3.These 3 plaintiffs do not appear in the film that is the issue of this lawsuit
511 (film), nor were they interviewed for the film.   In their Declarations which are in
512 the Complaint, these plaintiffs did not state that they appeared in the film or were
513 interviewed.
514
515        4.Plaintiff by the name of DIEP PHAN, is suing for Misappropriation of
516 Likeness (Cause of Action 4). This Plaintiff's name is unknown to the Defendant.

Defendant needs further clarification on this person's name and a visual image of this person.  There is no declaration from Diep Phan.

5.Plaintiff NEXT VIETNAM PROJECTS FOUNDATION INC (NVF), (Cause of Actions 2,5,6) states in the complaint that it does not have a contract with Defendants and that this corporation was not in existence during production of the film.  NVF also did not provide a single piece of evidence in their 110 pages of exhibits and declarations that would suggest NVF had a business relationship with Defendants.

6.Plaintiff SAIGON BROADCASTING TELEVISION NETWORK INC (SBTN), (Cause of Actions 2,3,6,7) states "Defendants were parties to a contract established by their conduct and mutual representations" which resulted in SBTN copyright ownership of the film.  SBTN allegation is in direct violation of Copyright Law of the United States (Title 17).  SBTN also did not provide a single piece of evidence in plaintiffs' 110 pages of exhibits and declarations that would suggest SBTN had a business relationship with Defendants.

7.Defendant also asserts that it is not reasonable to believe that with the many complexities of making a feature film, that any reasonable party would ever go into a binding contract strictly through conduct and mutual representations.

8.Plaintiff RADIX CORPORATION (VVFH), (Cause of Actions 2,3,6,7) states "Defendants were parties to a contract established by their conduct and mutual representations" which resulted in VVFH copyright ownership of the film.  VVFH allegation is in direct violation of Copyright Law of the United States (Title 17).  VVFH also did not provide a single piece of evidence in plaintiffs' 110 pages of exhibits and declarations that would suggest VVFH had a business relationship with Defendants.

9.Plaintiffs NAM PHAM and MINH NGUYEN are suing for Misappropriation of Likeness (Cause of Action 4). Both of these plaintiffs signed written Talent Release Form contracts with Defendants that allowed Defendants full rights to use their Likeness in the film and for marketing of film.  As per the Talent Release forms, both of these plaintiffs waived their rights to sue Defendants.

10.Plaintiff MY VAN INTERNATIONAL INC (My Van) is suing for Copyright Infringement (Cause of Action 1).  The issue is Defendants' use of 12 seconds of a historical 1970 video that My Van alleges to own.  My Van provided this 12 second clip to Defendants and confirmed the permission for use in a series

14

557   of written emails to Defendant.  Defendant asserts that this clip is considered stock
558   footage in the film industry and has little to no monetary value.
559
560       11. Plaintiff CARINA OANH HOANG is suing for Misappropriation of
561   Likeness (Cause of Action 4).  Plaintiff states in her declaration that she agreed to
562   be interviewed and appear in the film but later changed her mind.
563
564                       **SECOND AFFIRMATIVE DEFENSE**
565
566
567                   BREACH OF CONTRACT BY PLAINTIFFS
568
569       12. MY VAN in the First Cause of Action alleges Copyright Infringement.
570   My Van states in his pleading that it allowed Defendant to use the video footage.
571
572       13. Defendant asserts that My Van and Defendant established a contract
573   through written email exchanges whereby My Van stated only one condition of
574   use.  This one condition was that the footage could only be used in one film and
575   that for consideration he wanted a listing in the credits of the film.
576
577       14. NAM PHAM and MINH NGUYEN in the Second Cause of Action both
578   state they agreed to be in the film.  Defendant asserts that Nam Pham and Minh
579   Nguyen both signed written Talent Release Form contracts and breached those
580   contracts with Defendants**.** These Talent Release Form contracts signed by these
581   plaintiffs allowed Defendants full rights to use their Likeness in the film and for
582   marketing of film.  As per the Talent Release forms, both of these plaintiffs waived
583   their rights to sue Defendants.
584
585
586                        **THIRD AFFIRMATIVE DEFENSE**
587
588                            Judicial Estoppel
589
590       15. Judicial Estoppel bars plaintiff NAM PHAM, President of plaintiff NVF,
591   from taking positions in a case that is inconsistent with his position in a prior judi-
592   cial proceeding.
593
594       16. Nam Pham states in his declaration (Exhibit A), that he previously stated
595   under oath in another court case, that his corporation NVF hired Defendant.  Now,
596   Nam Pham states that his previous statement under oath was wrong.  In this current

lawsuit, Nam Pham now states that plaintiffs VVFH and SBTN have an unwritten contract with Defendant.:

Exhibit A, pg.2, line 25. Page 3. Line 26 – Nam Pham Declaration

"Mr. Koster sued Ms. Minh Nguyen personally for defamation based on her efforts to stop his, and the other Defendants', wrongdoing. In that lawsuit I submitted a declaration stating, among other things, that the Vietnam Foundation had hired Mr. Koster to work on the Film. Of course, the Vietnam Foundation was not technically formed until December 2019. It would therefore be more precise to say that the producers of the Film – VVFH and SBTN – hired Mr. Koster and raised funds for the benefit of the Vietnam Foundation which, by agreement between the producers, on the one hand, and Mr. Koster, on the other hand, would be the owner of the Film and all related material, and all rights thereto."

17. Minh Nguyen states in her declaration (Exhibit A), that she previously stated under oath in another court case, that Next Vietnam Projects Foundation Inc (NVF) funded the film but now states that her previous statement under oath was false because NVF didn't exist at the time. In this current lawsuit she now states that other entities funded the film.

Exbibit E, pg. 2., lines 24-28 – Minh Nguyen's Declaration:

"I was sued personally for defamation by Mr. Koster in Arizona due to my efforts to stop Mr. Koster's, and the other Defendants', misconduct. In that matter, I sub-mitted a declaration wherein I stated, among other things, that the Film was funded by the Vietnam Foundation, which was my understanding at the time. I now under-stand that the Vietnam Foundation was not technically formed until late 2019, alt-hough the Film, and the rights thereto, belong to the Foundation."

18. Nam Pham's and Minh Nguyen's false testimony under oath in that pre-vious lawsuit, convinced the Judge in his ruling that Jurisdiction was not in Ari-zona. This previous lawsuit included a number of counts against Minh Nguyen in-cluding Interference of Business Expectations. The Defendant filed this lawsuit in the attempt to stop Minh Nguyen's relentless and ruthless personal attacks on De-fendant, his family and friends. Richard Botkin, as stated in the complaint, sent the Defendant an email on behalf of Minh Nguyen. In this email, Richard Botkin stated, if Defendant does not do what he is told to do, he will be both personally and professionally destroyed.

**FOURTH AFFIRMATIVE DEFENSE**

17.22 COPYRIGHT—AFFIRMATIVE DEFENSE—FAIR USE (17 U.S.C. § 107)

19.MY VAN in First Cause of Action alleges Copyright Infringement.  Even if My Van has changed his mind about allowing usage of footage, Defendant has used only 12 seconds of a 1 hour 40-minute film. The use is editorial, contains generic streets scenes and is it not a critical part of the film.  Also, this is a historical film from 1970 that My Van did not create but has registered a copyright in 2016.  Defendant's opinion is that there is high likely hood that this film is in the Public Domain.

**FIFTH AFFIRMATIVE DEFENSE**

COPYRIGHT LAW OF THE UNITED STATES (TITLE 17)

20.Plaintiff Nam Pham, President of NEXT VIETNAM PROJECTS FOUNDATION INC (NVF), (Cause of Actions 2,5,6) states in the complaint that NVF does not have a contract with Defendants and that NVF was not in existence during production of the film.  NVF alleges ownership of the copyright of the film which is in direct violation of Copyright Law of the United States (Title 17).  NVF also did not provide a single piece of evidence in their 110 pages of exhibits and declarations that would suggest NVF had a business relationship with Defendants.

21.Plaintiff SAIGON BROADCASTING TELEVISION NETWORK INC (SBTN), (Cause of Actions 2,3,6,7) states "Defendants were parties to a contract established by their conduct and mutual representations" which resulted in SBTN copyright ownership of the film.  SBTN allegation is in direct violation of Copyright Law of the United States (Title 17).  SBTN also did not provide a single piece of evidence in plaintiffs' 110 pages of exhibits and declarations that would suggest SBTN had a business relationship with Defendants.

22.Plaintiff RADIX CORPORATION (VVFH), (Cause of Actions 2,3,6,7) states "Defendants were parties to a contract established by their conduct and mutual representations" which resulted in VVFH copyright ownership of the film.  VVFH allegation is in direct violation of Copyright Law of the United States (Title 17).  VVFH also did not provide a single piece of evidence in plaintiffs' 110 pages of exhibits and declarations that would suggest VVFH had a business relationship with Defendants.

17

677
678     23.NVF alleges to be a third party beneficiary of the alleged unwritten con-
679     tract between VVFH/SBTN and Defendant.  Since NVF was not in existence in
680     2018, NVF can not be an Intended Beneficiary.  NVF would instead be an Inci-
681     dental Beneficiary that has no contractual rights and can not sue in reference to this
682     alleged contract.
683
684                    **SIXTH AFFIRMATIVE DEFENSE**
685
686                    UNJUST ENRICHMENT
687
688     24.MY VAN in FIRST CAUSE OF ACTION alleges Copyright
689     Infringement.  Defendant asserts that My Van is seeking to recover more than it is
690     entitled to recover in this case, and the award of the judgement sought by My Van
691     would unjustly enrich My Van.  Defendant asserts that there is very little to no
692     monetary value to the historical 1970 video footage provided by My Van to
693     Defendant.
694
695     25.Defendant asserts that all the PLAINTIFFS are seeking to recover more
696     than they are entitled to recover in this case, and the award of the judgement
697     sought all Plaintiffs would unjustly enrich the Plaintiffs.
698
699
700                    **SEVENTH AFFIRMATIVE DEFENSE**
701
702                    PAROL EVIDENCE RULE
703
704     26.MY VAN in FIRST CAUSE OF ACTION alleges Copyright
705     Infringement.  Defendant asserts that the written email that My Van sent to the
706     Defendant was intended to be the full agreement between the parties, and that My
707     Van cannot present any evidence not in writing to establish any terms of the
708     agreement not in the written agreement.
709
710     27.NAM PHAM and MINH NGUYEN in the FOURTH CAUSE OF
711     ACTION (Misappropriation of Likeness) stated that Defendant made
712     representations outside of their written Talent Release Form contracts. Defendant
713     asserts that the written agreement with Nam Pham and Minh Nguyen was intended
714     to be the full agreement between the parties, and that Nam Pham and Minh Nguyen
715     cannot present any evidence not in writing to establish any terms of the agreement
716     not in the written agreement.

717
718
719 ## EIGHTH AFFIRMATIVE DEFENSE
720
721 ### NO DAMAGE TO PLAINTIFFS
722
723 28.Defendant asserts that even if Plaintiffs allegations are true, Plaintiffs did
724 not suffer any damages or economic loss.
725
726 ## NINTH AFFIRMATIVE DEFENSE
727
728 ### UNCLEAN HANDS
729
730 29.Defendant asserts that Plaintiffs have committed wrongdoings, and this
731 lawsuit is attempting to benefit from this wrongdoing.
732
733 ## TENTH AFFIRMATIVE DEFENSE
734
735 ### LACHES
736
737 30.Defendant asserts that Plaintiffs has waited an unreasonably long time to
738 file this lawsuit (1 year 7 months since alleged breach), and the Defendant's ability
739 to defend this lawsuit has been severely prejudiced due to this unreasonable delay
740 by denying Defendant's access to documents, physical evidence, witnesses and a
741 reasonably fresh recollection of the events giving rise to this lawsuit.
742
743
744 ## ELEVENTH AFFIRMATIVE DEFENSE
745
746 ### FAILURE TO MITIGATE DAMAGES
747
748 31.Defendant asserts that Plaintiffs have failed to take reasonable steps to
749 reduce or minimize the damages that allegedly occurred.  Plaintiffs did not contact
750 the Defendant about the Defendant's alleged breaches (with the exception of Minh
751 Nguyen and Next Vietnam Foundation Inc.) until the Defendant learned of it from
752 the lawsuit.  Also, all the Plaintiffs waited 1 year 7 months from the alleged breach
753 to file his lawsuit.
754
755 ## TWELVETH AFFIRMATIVE DEFENSE
756

757

<u>LACK OF PRIVITY</u>

758

759  32.Radix Corporation Inc (VVFH), Saigon Broadcasting Television Network
760  Inc (SBTN) and Next Vietnam Foundation Inc (NVF) state in the SECOND
761  CAUSE OF ACTION "Defendants were parties to a contract established by their
762  conduct and mutual representations. The Vietnam Foundation is a third-party
763  beneficiary of that contract." (pg. 19, para 79, line 19)

764

765  33.Defendant asserts that there is no contractual relationship or agreement
766  between VVFH, SBTN and NVF and the Defendants. The Defendant never entered
767  into a contract or agreement that relates to the Second Cause of Action.  The
768  question arises as to why VVFH, SBTN and NVF did not provide a single item of
769  evidence of this unwritten contractual agreement in plaintiffs' 110 pages of exhibits
770  and declarations.

771

772  **THIRTEENTH AFFIRMATIVE DEFENSE**

773

774  <u>STATUE OF FRAUDS</u>

775

776  34.VVFH, SBTN and NVF state in the SECOND CAUSE OF ACTION
777  "Defendants were parties to a contract established by their conduct and mutual
778  representations. The Vietnam Foundation is a third-party beneficiary of that
779  contract." (pg. 19, para 79, line 19)

780

781  35.The Defendant asserts that VVFH, SBTN and NVF are suing under a
782  theory of unwritten contract, but such an unwritten contract would be
783  unenforceable because it is required to be in writing pursuit to California Civil
784  Code 1624(a)(1-7).

785

786  36.Defendant asserts that it is not reasonable to believe that with the many
787  complexities of making a feature film, that any reasonable party would ever go into
788  a binding contract strictly through conduct and mutual representations.

789

790  **FOURTEENTH AFFIRMATIVE DEFENSE**

791

792  <u>LACK OF ACCEPTANCE</u>

793

794  37.VVFH, SBTN and NVF state in the SECOND CAUSE OF ACTION
795  "Defendants were parties to a contract established by their conduct and mutual

796 representations. The Vietnam Foundation is a third-party beneficiary of that
797 contract." (pg. 19, para 79, line 19)
798
799      38.Defendant asserts that no contract was formed because Defendant never
800 explicitly or through his actions accepted the contract or certain terms of the
801 contract.
802
803
804 **FIFTEEN AFFIRMATIVE DEFENSE**
805
806 RUNNING OF THE STATUE OF LIMITATIONS
807
808      39.VVFH, SBTN and NVF state in the SECOND CAUSE OF ACTION
809 "Defendants were parties to a contract established by their conduct and mutual rep-
810 resentations. The Vietnam Foundation is a third-party beneficiary of that contract."
811 (pg. 19, para 79, line 19).
812
813      40.Defendant asserts that there is no contract but even if there was one, re-
814 covery in this case is barred by the statute of limitations as VVFH, SBTH and NVF
815 have waited more than 2 years from the date of the alleged breach by the Defend-
816 ant before filing this lawsuit, and recovery is therefore barred under Code of Civil
817 Procedure 339.  The alleged breach of contract by Defendant conveyed in the com-
818 plaint is November 22, 2019.
819
820
821 **SIXTEEN AFFIRMATIVE DEFENSE**
822
823 LACHES
824
825      41.Defendant asserts that Plaintiffs, by citing allegations from over 5 to 10
826 years ago, have waited an unreasonably long time to file this lawsuit, and the
827 Defendant's ability to defend this lawsuit has been severely prejudiced due to this
828 unreasonable delay by denying the Defendant access documents, physical
829 evidence, witnesses and a reasonably fresh recollection of the events giving rise to
830 this lawsuit.
831
832
833 **SEVENTEENTH AFFIRMATIVE DEFENSE**
834
835 NO BREACH OF CONTRACT BY PLAINTIFF

836
837    42.In Defendant's contracts and agreements with plaintiffs My Van, Nam
838  Pham, Minh Nguyen and Carina Oanh Hoang, the Defendant asserts that Defend-
839  ant performed all duties owed under the contracts and agreements, and therefore
840  never breached the agreements.
841
842
843                **EIGTHTEENTH AFFIRMATIVE DEFENSE**
844
845               <u>FAILURE TO STATE A CAUSE OF ACTION</u>
846
847    43.The defendant asserts that the plaintiffs have failed to state essential ele-
848  ments for their causes of action.
849
850                **NINETEENTH AFFIRMATIVE DEFENSE**
851
852                          <u>ESTOPPEL</u>
853
854    44.The Defendant relied upon the original representations of the Plaintiffs to
855  his detriment and asks the court to decide this case as if the original Plaintiffs' rep-
856  resentations are true.
857
858                **TWENTIETH AFFIRMATIVE DEFENSE**
859
860                           <u>FRAUD</u>
861
862    45.Plaintiff Minh Nguyen states in her pleading that on behalf of plaintiff
863  NVF, she sent copyright take notices to distribution platforms Vimeo, Ebay and
864  IMDB to stop Defendants' US Registered Copyrighted film from being released.
865  Minh Nguyen misrepresentation to these companies that Defendants are not the
866  copyright owners.  Minh Nguyen had signed a Talent Release Form Contract with
867  Koster prohibiting her from taking any legal activities against Koster and his affili-
868  ates in reference to the film. This is copyright infringement and greatly harmed De-
869  fendants.
870
871
872                   **ADDITIONAL DEFENSES**
873
874    Defendants reserve the right to assert additional defenses based on infor-
875  mation learned or obtained during discovery.

WHEREFORE, in the Defendant's belief, this complaint was a manufactured law-suit specifically designed to be too costly and time consuming for Defendants to le-gally answer to, so Defendant respectfully request to the Court that it:

A. Dismiss the Complaint in its entirety with prejudice.

B. Deny each and every demand and prayer for relief contained in the Com-plaint.

C. Award Defendants their costs and reasonable attorneys' fees; and

D. Award Defendants such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated June 9, 2023

*Frederick Koster*

Frederick Koster   Defendant in Pro

## COUNTER CLAIM

Defendant Frederick Koster asserts this counterclaim against Plaintiffs; The Next Vietnam Projects Foundation, Inc (NVF), Radix Corporation (VVFH), Saigon Broadcasting Network, Inc. (SGTN), My Van International, Inc. (My Van), Nam Pham (Pham), Carina Oanh Hoang, Diep Phan, Trong Phan, Son Nguyen, Thanh-Mai Nguyen and Minh Nguyen.

## THE PARTIES

1. Frederick Koster (Koster), a resident of Arizona
2. Next Vietnam Projects Foundation, Inc (NVF) claims to be a Massachusetts corporation.
3. Radix Corporation (VVFH) claims to be a Texas corporation.

916      4.  Saigon Broadcasting Network, Inc. (SGTN) claims to be a California
917        corporation.
918      5.  My Van International, Inc. (My Van) claims to be a California corporation.
919      6.  Nam Pham (Pham) claims to be a Massachusetts resident.
920      7.  Carina Oanh Hoang claims to be an Australian citizen.
921      8.  Diep Phan claims to be a California resident.
922      9.  Trong Phan claims to be a Texas resident.
923      10. Son Nguyen claims to be a California resident.
924      11. Thanh-Mai Nguyen claims to be a California resident.
925      12. Minh Nguyen (Nguyen) claims to be a California resident and practicing
926        attorney.
927
928
929
930  **JURISDICTION AND VENUE**
931
932      13. United States District Court for the Central District of California
933
934  **BACKGROUND**
935
936
937      14. In December 2017, Defendant/Plaintiff, Frederick Koster (Koster) was
938        contacted by Plaintiff/Defendant Nam Pham (Pham).  Pham told Koster that
939        Pham knew of Koster from a previous film that Koster had directed,
940        produced, and wrote the screenplay for, called Ride the Thunder – A
941        Vietnam War Story of Victory & Betrayal.
942
943      15. Pham told Koster that Koster had become very well known in the
944        Vietnamese Community due to the popularity of Ride the Thunder.
945
946      16. Ride the Thunder was a theatrical film released in 2015 that was number one
947        at the box office in its opening week (per theater basis, Rentrak).  The film
948        had a successful independent limited theatrical run and made the Academy
949        Awards Qualifying List.  The film also has been watched by approximately
950        2.5 million people on Amazon Prime.
951
952      17. In January of 2018, Pham asked Koster if he was interested in creating a new
953        film project on the Vietnam War.  Koster agreed that he was interested.
954
955      18. Pham stated he needed to raise money for the making of this new

956  film.  Pham asked Koster if he could help promote this new film project by
957  way of being interviewed on numerous TV and radio shows and making per-
958  sonal appearances at events among other ways to help.  Koster, believing
959  that this was an altruistic community non-profit venture by Pham, agreed to
960  help.
961
962  19. Pham asked Koster if Pham could be an actor in the film.  Koster agreed.
963  Nam later asked if future plaintiff, Minh Nguyen (Nguyen), could also be an
964  actor in the film.  Koster agreed.
965
966  20. Both Pham and Nguyen signed industry standard written Talent Release
967  form contracts allowing Koster to use their likeness and names in the film
968  and marketing thereof.  In these Talent Release forms both, Pham and Ngu-
969  yen expressively waived their rights to sue Koster or any of his affiliates.
970
971  21. As time went along during 2018 and 2019, Koster saw money being raised
972  through many different parties using Koster's name to promote and raise
973  money for this new film.
974
975  22. This fund raising was not by a single non-profit organization but by many
976  different organizations in numerous states and on the Internet.  Some were
977  non-profit and others were for-profit businesses.  Koster saw no single legal
978  entity operating this fund raising.  Nor did he see the legal protocols of a
979  non-profit being administered to this fund raising.
980
981  23. During this time, Pham on many occasions introduced Koster to many dif-
982  ferent individuals to talk about the creation of this new film project.
983
984  24. In 2019, an ongoing dispute started between Koster and Pham in reference to
985  how much money was being raised and how much money was being allo-
986  cated for the making of the film.
987
988  25. Steve Sherman of plaintiff, Radix Inc, on behalf of Pham, sent Koster a writ-
989  ten email stating that if Koster asks for any more money or asks any more
990  questions about it, that Sherman will use his influence and business connec-
991  tions to make sure that Koster never works again.  Sherman also stated that
992  he will use the money that was raised for the film to sue Koster.
993
994  26. By September 2019, due to lack of funding Koster had already stopped film

995  production twice.  Koster contacted the person that Pham stated was his as-
996  sistant and Koster requested more funding to continue film production.
997  Koster was told by the assistant that there was very little money left.
998

999  27. Koster stated in a group email to interested people that he will not continue
1000  production of the film until Koster knows how much money was raised and
1001  proof there was still money left for film production.  Exhibit plaintiff
1002

1003  28. Pham then emailed a simple one-page document of monies raised and also
1004  provided two separate bank statements. Each bank statement contained equal
1005  amounts of about $45,000 each.  The bank statements were from an organi-
1006  zation called You Help Foundation Inc which is not a plaintiff in this case.
1007  Pham was president of this foundation.  Labeled at the top of one bank state-
1008  ment was plaintiff's Radix name, "VVFH" and the other bank statement was
1009  labeled "TOE" (an unknown entity to Koster).  This TOE entity appeared in
1010  Plaintiffs' exhibit --- whereby plaintiff SBTN informs their television audi-
1011  ence in order to donate to this new film project, write their checks out to
1012  TOE and mail it to them.
1013

1014  29. On November 22 2019, Nam sent a group email to interested parties stating
1015  to people that he wanted to sue Koster for not finishing the film.
1016

1017  30. All totaled, from May 22, 2019 to November 25, 2019, Koster received 9
1018  sums of money from multiple sources that used numerous delivery methods
1019  to Koster, totaling $265,000.
1020

1021  31. Koster never received any IRS reporting 1099 forms for this money re-
1022  ceived.  When Koster asked about this, Koster was told that no IRS docu-
1023  ments needed to be filed.
1024

1025  32. Also due to the many people and organizations that were involved in this
1026  fund raising, Koster did not know who the single legal entity was, that was
1027  operating this fund raising.  Koster was never offered a contract nor were
1028  there any discussions about a contract or agreement about making the film.
1029

1030  33. Although confronted with many difficulties in getting funding to make this
1031  film, Koster realized that his name was advertised to the public in reference
1032  to the making of this new film.  Due to this and the importance of this film,
1033  Koster felt compelled to finish making this film anyway and put his own
1034  money into it.

26

1035
1036    34. In making this film Koster performed the following:
1037
1038    35. During a approximately two-year period, Koster and subcontractor(s) of
1039        Koster, went on about 26 separate travel trips in the making and promotion
1040        of the film.
1041
1042    36. Koster and subcontractor(s) of Koster, traveled to and performed film pro-
1043        duction in Paris France, New York City, Washington DC, Los Angeles CA,
1044        Phoenix AZ, Houston TX and Dallas TX among other cities.
1045
1046    37. Koster conducted approximately 90 videotaped interviews which were pro-
1047        fessionally shot in theatrical 4K format.
1048
1049    38. Koster paid all related expenses and personally produced all film production
1050        both domestically and internationally. Filming days included multiple days
1051        of cast and crew numbering about 80 people per day on set and using multi-
1052        ple cameras to shoot. (See pics)
1053
1054    39. Koster directed, produced and wrote the screenplay for the film.
1055
1056    40. Koster paid for all related expenses of film pre-production, production and
1057        post-production including salaries of actors, editors, sub-contractors, cater-
1058        ing, travel expenses, lodging, locations fees, rentals of camera, lighting, etc.,
1059        crew, travel expenses (including trip to Paris France) along with other typi-
1060        cal production and postproduction costs like licensing music, b-roll footage,
1061        etc..
1062
1063    41. The $265,000 that was received by Koster during 2018 and 2019 was put to-
1064        wards the production of the film.  The rest of the cost of making the film was
1065        paid by Koster.
1066
1067    42. In 2021, Koster completed the film and sent private screeners to prominent
1068        historians and military figures.  The film was highly praised as one of the
1069        best documentaries on the Vietnam War.
1070
1071    43. In 2021, Koster started receiving calls and text messages from the Vietnam-
1072        ese community stating that there was a lot more money collected during
1073        fund raising that was being reported. Included in these text messages were
1074        claims of evidence that much more money was collected.  In conversations

1075       with other members of the Vietnamese community, Koster was told that
1076       Pham has been asking many people to write negative letters about Koster.
1077       Koster was told everyone that they knew refused to write these letters.
1078

1079  44.At the beginning of 2021, through emails and discussions, Koster was made
1080       aware that Pham although not the copyright holder of the film, had been try-
1081       ing to sell the film to Neflix and Hulu.
1082

1083  45.On or about April 21, 2021, Koster released his copyrighted film and mar-
1084       keted this film through Vimeo, Ebay and Imdb.
1085

1086  46.On April 22, 2021, plaintiff Nguyen without first directly contacting Koster,
1087       emails Koster and cc copies to numerous prominent people claiming that
1088       Koster has no right to use her likeness in the film.  Nguyen further states
1089       among many other false and defamatory statements about Koster, that
1090       Koster was committing willful copyright infringement, malicious fraudulent
1091       misconduct and disseminating false copyright claims.  Nguyen also states
1092       that an organization (which is fictitious) is the one who owns the film.   See
1093       Exhibit ---
1094

1095  47.Koster, due to never before receiving a Cease and Desist Letter from an at-
1096       torney, temporarily stops the distribution of the film to the public until he
1097       talks with his attorney.
1098

1099  48.Koster's attorney, advised him that what Nguyen sent to him was not a court
1100       ordered document and that Nguyen has no legal right to take down Koster's
1101       copyrighted film.
1102

1103  49.Koster then released the film again.
1104

1105  50.On April 26 2021, Nguyen, under her title as an attorney for her law firm,
1106       Kasowitz Benson Torres LLP, emailed one of Koster's subcontractors, Brian
1107       Tooker (Tooker) that stated Koster will soon be criminally charged and will
1108       be under criminal proceedings. She is also suing Koster on behalf of an en-
1109       tity that she represents (this entity that she cites is fictitious).  Nguyen fur-
1110       ther states a number of false and inflammatory statements about Koster and
1111       then states that unless Tooker sends property owned by Koster to her law
1112       firm, Tooker will also be faced with criminal charges and will be sued by
1113       her.  Exhibit --
1114

51. On April 27, 2023, Nguyen sent DMCA copyright take down notices to Vimeo, Ebay and IMDb.  In the documents that Koster received from these companies, Nguyen claimed that she was the copyright holder.  In Nguyen declaration, she states that she did this take down at the request of plaintiff Pham and plaintiff Next Vietnam Foundation.

52. On May 7 2021, Nguyen, under her title as an attorney for her law firm, Kasowitz Benson Torres LLP, sent another email directed at Koster and Tooker with cc copies to numerous prominent people.  This email reiterated that Koster was committing willful copyright infringement, malicious fraudulent misconduct and disseminating false copyright claims.  Nguyen states multiple false and inflammatory statements defaming Koster, including that Koster does not have a written Talent Release contract with her.  Nguyen continues to state that she is in discussions with the District Attorney Office in commencing a formal criminal complaint that will commence immediately against Koster and his subcontractor.

53. On May 19, 2021, Richard Botkin on behalf of Nguyen, sends an email to Koster stating the following "I am not sure you grasp fully the seriousness of these issues nor what failure to comply will mean for you personally, professionally and financially. …spare yourself tragic consequences if you fail to accede to their demands."

54. In reference to Botkin's email to Koster. Koster telephones Botkin and leaves a message to call him.  Instead of a call back from Botkin, Koster gets an email from Nguyen that Botkin is being represented by her law firm.

55. On May 11. 2023, Pham send emails to Koster and cc copies to numerous prominent people making false claims and defaming Koster.  Pham demands Koster to send his interviews to Nguyen's law firm, Kasowitz Benson Torres LLP,

56. In May of 2021, based on Nguyen 's threatening letters to sue Koster, Koster on the advice from Koster's attorney, was told it was urgent to file a lawsuit now before Nguyen files one against Koster in California.   Koster files a lawsuit against Nguyen in Arizona State Civil Court for several causes including breach of contract and interference of business.

57. As stated in the plaintiffs' current lawsuit in CA Federal Court against Koster, both Nguyen and Pham admit in their declarations that they provided

false testimony under oath to the Arizona Judge.  Their now admitted false testimony directly affected the Judge's decision that Jurisdiction was not in Arizona.  Koster did not further pursue this lawsuit.

58. On February 5, 2022, Pham privately emailed Tooker (Koster's subcontractor for film) stating that Pham wants to avoid a lawsuit against Tooker and will pay Tooker to send Pham the Interviews which are the property of Koster.  Tooker does not send the Interviews.

59. In March of 2022, Koster contacted a large and well-respected US government sanctioned non-profit called Victims of Communism (VOC) to donate the Koster interviews to VOC.

60. In email correspondence with the VOC, the VOC was extremely impressed by the interviews and was excited to receive this donation.  The VOC told Koster that they were going to put the interviews on their website and then create contests for Vietnamese Film makers to see who could make the best films using these interviews.  VOC also talked about premiering the film at their facility which would have gotten a lot of national attention for the Vietnamese community.

61. The VOC suddenly stopped communicating with Koster.  Koster didn't understand want happened until plaintiff Pham presented in Exhibit K in his complaint that Pham stopped this donation.

62. On March 8, 2022, Pham and Nguyen sent through email to Koster, a written contract to buy the film and the interviews from Koster for $30,000.  Among the many one-sided conditions in the contract was that there would be a transfer of copyright ownership of both the film and interviews to Next Vietnam Foundation, they would have total control of the film including keeping revenue sources and also re-editing of the film including changing the credits of the film and that Koster's credit would be downgraded from Director to co-director.

63. Koster's attorney reviewed the contract and replied in an email to Koster that the contract was completely one sided in favor of NVF and was dangerous because it allowed NVF to sue in the future while Koster had no rights in the contract.

64. On November 23, 2022, plaintiffs Pham, Nguyen and 9 others filed a lawsuit

against defendant Koster and one of Koster's subcontractors, Brian Tooker and his LLC.

65. In 2023, Pham, Nguyen and other Plaintiffs made a settlement with code-fendant Tooker.  The settlement agreement included Tooker (who at the time had possession of Koster Interviews, film, etc.) giving plaintiffs this Koster copyrighted property to the plaintiffs and then Plaintiffs forbade Tooker from releasing Koster's own property back to Koster.

66. On April 13, 2023, Pham is interviewed live on radio station 900AM Houston in reference to the film.  Pham, in a recorded interview, tells the radio audience about the lawsuit and states that he will win in court by default. Pham makes false statements and continues to defame Koster on the radio.

67. On April 14, Koster is interviewed live on radio station 900AM Houston to counter Pham's previous day's statements.

## COUNTERCLAIMS

### Count 1
### (KOSTER AGAINST MINH NGUYEN, NAM PHAM, MY VAN INTERNATIONAL INC)
### (BREACH OF CONTRACT)

1. Koster repeats and reallege all of the foregoing paragraphs as if fully set forth herein.

2. Koster owns the copyrighted film and has written signed Talent Release Form Contracts with Minh Nguyen (Nguyen) and Nam Pham (Pham) whereby Nguyen and Pham expressly agreed to allow Koster full use of their likeness and performance in the film and to utilize their appearance in connection to the film. This Talent Release Form also states that Nguyen and Nam expressly release Koster, his employees and licensees from and against any and all claims to the invasion of privacy, defamation or any cause of action arising out of production, distribution, broadcast or exhibition of the video.

3. Nguyen and Pham have repeatedly breached this Talent Release Form through filing a malicious lawsuit against Koster and a Koster licensee, defamation, interference of Koster business, illegal DMCA copyright take downs of the film's distribution among other actions.

1235
1236     4.Koster has suffered tremendously because of this defamation including
1237 financially, his reputation and health related issues.
1238
1239     5.My Van and Koster established a contract through written email exchanges
1240 whereby My Van stated only one condition of use of using his historical video
1241 footage.  This one condition was that the footage could only be used in one film
1242 and that for consideration he wanted a listing in the credits of the film.  My Van
1243 breached this agreement by changing his mind about this video usage of 12
1244 seconds without informing Koster and filing a malicious lawsuit against Koster and
1245 a Koster licensee.
1246
1247     6.The actions of Nguyen, Pham and My Van have severely and irreparably
1248 damaged Koster's reputation, income and financial stability, from which Koster,
1249 aged 67 years old will never recover from. Their actions have also caused severe
1250 and prolonged emotional distress and health issues for Koster who is a senior
1251 citizen.
1252
1253                    **COUNT 2**
1254     **(KOSTER AGAINST MINH NGUYEN, NAM PHAM, RADIX**
1255                    **CORPORATION)**
1256                    **(DEFAMATION)**
1257
1258     7.Koster repeats and reallege all of the foregoing paragraphs as if fully set
1259 forth herein.
1260
1261     8.Nguyen, Pham and Steve Sherman of the Radix Corporation (VVFH) have
1262 willfully and repeatedly (both publicly and privately) severely defamed Koster
1263 through public written emails, word of mouth, through the media and the filing of a
1264 malicious lawsuit which is now publicly known through Pham's radio interview
1265 that he did and also through the many group emails of Nguyen to prominent people
1266 that states that Koster is under criminal proceedings.
1267
1268     9.Nguyen also states that she sent DMCA copyright take down notices to
1269 multiple distribution companies including an organization called IMDb.  IMDb is
1270 one of the most prominent film industry organizations in the world. This severe
1271 defamation of Koster to his industry peers is irreparable.
1272
1273     10.This defamation has caused irreparable and severe damage to Koster's
1274 current and future earnings.

1275
1276    11.This defamation of Koster is openly stated in written emails that Koster
1277  has received stating that he will be personally, financially and professionally
1278  destroyed.
1279
1280    12.The actions of Nguyen, Pham and VVFH have severely and irreparably
1281  damaged Koster's reputation, income and financial stability, from which Koster,
1282  aged 67 years old will never recover from. Their actions have also caused severe
1283  and prolonged emotional distress and health issues for Koster who is a senior
1284  citizen.
1285
1286                              **COUNT 3**
1287                            **(CONVERSION)**
1288      **(KOSTER AGAINST ALL OF THE PLAINTIFFS/DEFENDANTS)**
1289
1290    13.Koster repeats and reallege all of the foregoing paragraphs as if fully set
1291  forth herein.
1292
1293    14.The Plaintiffs/Defendants are guilty of conversion in reference to Koster
1294  copyrighted property along with other solely own property that Koster owns.
1295  The Plaintiffs/Defendants have secretly negotiated a settlement with Koster's co-
1296  defendant, Brian Tooker.  Under duress codefendant Brian Tooker sent property
1297  owned by Koster which includes the film, interviews and other related Koster
1298  property to the Plaintiffs/Defendants.  The Plaintiffs/Defendants then instructed
1299  Brain Tooker not to give Koster his own property.
1300
1301    15.Nguyen's and Pham's willful conduct is more severe since Koster has
1302  Talent Release Form Contracts with both Nguyen and Pham that made absolutely
1303  clear the terms of their involvement in the film and their rights.
1304
1305    16.Earlier Nguyen and Pham have sent illegal DMCA takedown copyright
1306  notices which deprived Koster of his constitutional right of releasing his
1307  copyrighted film.
1308
1309    17.The actions of the Plaintiffs/Defendants have severely and irreparably
1310  damaged Koster's reputation, income and financial stability, from which Koster,
1311  aged 67 years old will never recover from. Their actions have also caused severe
1312  and prolonged emotional distress and health issues for Koster who is a senior
1313  citizen.
1314

<u>**COUNT 4**</u>
**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**
**(KOSTER AGAINST MINH NGUYEN, NAM PHAM, RADIX**
**CORPORATION (VVFH))**

18.Koster repeats and reallege all of the foregoing paragraphs as if fully set forth herein.

19.Nguyen, Pham and Steve Sherman of VVFH with extreme and malicious willful intent have committed multiple vicious attacks designed to traumatize Koster and in their written words, to destroy Koster personally, professionally and financially.

20.Nguyen's  and Pham's conduct is that more outrageous since Koster has Talent Release Form Contracts with both Nguyen and Pham that made absolutely clear the terms of their involvement in the film and their rights.

21.Threats and severe defamation have not only been executed against Koster but also Koster's family.  The threats against Koster's family was especially egregious.

22.Nguyen, Pham and Steve Sherman of VVFH strategy for the destruction of Koster is that of taking no prisoners.  Koster's longtime friend and subcontractor, Brian Tooker, was mercilessly threaten, then defamed and finally maliciously sued by Nguyen, Pham, Steve Sherman of VVFH and the other plaintiffs.  Brian facing a lawsuit that he didn't have the money to fight and facing the possibility of bankruptcy if he lost, was extorted in giving up Koster's property to Nguyen, Pham and Steve Sherman of VVFH and the rest of the plaintiffs.

23.The openly overt and outrageous actions by Nguyen, Pham and Steve Sherman of VVFH are made all that more damaging by their wealth and prominent positions in the community.  They attacked vulnerable people who they knew have limited resources and also with Koster being 67 years old would find it difficult to defend himself from this onslaught of vicious attacks himself and his family. The actions of Nguyen, Pham and Steve Sherman of VVFH have severely and irreparably damaged Koster's reputation, income and financial stability, from which Koster, aged 67 years old will never recover from. Their actions have also caused severe and prolonged emotional distress and health issues for Koster who is a senior citizen

## COUNT 5

### TORTIOUS INTERFERENCE

### (KOSTER AGAINST MINH NGUYEN, NAM PHAM, RADIX CORPORATION (VVFH))

24. Koster repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

25. Minh Nguyen, Nam Pham and VVFH have wrongfully interfered with Koster's contractual and business relationships.

26. Minh Nguyen and Nam Pham have sent numerous bad faiths cease and desist letters to Frederick Koster while cc'd copying about 18 prominent people on it.  In addition, they sent fraudulent DMCA takedown notices to three separate large corporations that Koster does business with, to stop the release of Koster's copyrighted owned film.  Their false DMCA statements are perjury and greatly damaged Frederick Koster reputations and business relationships and earnings.

27. Frederick Koster had written Talent Release Form contracts with Minh Nguyen and Nam Pham expressly stating that they could not engage in any legal activities against Koster or his affiliates in reference to the copyrighted film that Koster owns.

28. Minh Nguyen, Nam Pham and VVFH have had numerous communications both oral and written to influential people severely interfering forever affecting Koster current and future business relationships.

29. Minh Nguyen, Nam Pham and VVFH conduct was highly willful, reckless, and malicious especially considering their extensive business experience. Minh Nguyen is an Intellectual Property Attorney and knows full well copyright law and the repercussions of violating it by making false claims.  Koster has suffered tremendously because of their actions both financially and emotionally.

## COUNT 6

### (KOSTER AGAINST MINH NGUYEN, NAM PHAM)

1395
1396                                    **FRAUD**
1397
1398        30.Minh Nguyen states in her pleading that on behalf of Nam Pham, she sent
1399   copyright take notices to distribution platforms Vimeo, Ebay and IMDB to stop
1400   Defendants' US Registered Copyrighted film from being released.  Minh Nguyen
1401   misrepresented to these companies that Defendants are not the copyright owners.
1402   Both Minh Nguyen and Nam Pham had signed Talent Release Form Contracts
1403   with Koster prohibiting them from taking any legal activities against Koster and
1404   his affiliates in reference to the film. This is copyright infringement and greatly
1405   harmed and damaged Koster financially.
1406
1407        31.Minh Nguyen and Nam Pham fully understood that they were under con-
1408   tract to Koster and that it prohibited them from taking these actions.  Koster had
1409   depended on Nguyen and Pham to honor those contracts they signed and because
1410   they breached their contracts Koster has greatly suffered both financially and emo-
1411   tionally.
1412
1413                              PRAYER FOR RELIEF
1414
1415        Wherefore, Plaintiff Koster pray that this Court enter a judgement in his
1416   favor on each and every claim of relief set forth above and award him relief
1417   including but not limited to:
1418
1419      a.  Dismissal of all of Plaintiff's claims with prejudice.
1420
1421      b.  Preliminary and permanent injunctive relief requiring Plaintiffs to return all
1422          the Koster property they received from Brian Tooker in their settlement
1423          agreement of this lawsuit.  And that Plaintiffs submit to the Court and
1424          Frederick Koster, the settlement agreement with Brian Tooker to assure that
1425          all property is returned.
1426
1427      c.  Declarations from Plaintiffs stating that they did not keep copies of the said
1428          properties and they will not use or release these properties in any manner.
1429
1430      d.  Declarations from the Plaintiffs stating that their allegations about all of the
1431          Defendants are untrue, and that Plaintiffs will stop all negative publicity and
1432          activities against Defendants.
1433
1434      e.  Damages according to Proof

                                          36

1435
1436        f.  Punitive damages.
1437
1438        g.  Attorney Fees
1439
1440        h.  Costs of suit incurred herein; and
1441
1442        i.  Such other relief as the Court may deem just and proper.
1443
1444    **DEMAND FOR A JURY TRIAL**
1445
1446    Plaintiffs hereby demand a trial by jury of all issues by a jury.
1447
1448
1449
1450    Dated:   June 9, 2023
1451
1452
1453
1454                                    *Frederick Koster*
1455                            Frederick Koster Defendant in Pro Per
1456
1457
1458