Jack Shaw (Bar No. 309382)
Email:  jack.shaw@procopio.com
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
1117 S. California Ave., Suite 200
Palo Alto, CA 94304
Telephone: 650.645.9019
Facsimile:  650.687.8326

Jacob K. Poorman (Bar No. 262261)
E-mail:  jacob.poorman@procopio.com
PROCOPIO, CORY, HARGREAVES &
    SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NEXT VIETNAM PROJECTS FOUNDATION, INC.; RADIX FOUNDATION A/K/A VIETNAM VETERANS FOR FACTUAL HISTORY; SAIGON BROADCASTING TELEVISION NETWORK, INC.; MY VAN INTERNATIONAL, INC.; NAM PHAM; CARINA OANH HOANG; DIEP PHAN; TRONG PHAN; SON NGUYEN; THANH-PHUONG LE and MINH NGUYEN, | Case No. 8:22-cv-02130-JWH-DFM |
| | **PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANT AND COUNTERCLAIMANT FREDERICK KOSTER'S COUNTERCLAIMS PURSUANT TO CCP 425.16; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Plaintiffs, | |
| v. | Date:           August 4, 2023 |
| | Time:           9:00 a.m. |
| KOSTER FILMS, LLC; FREDERICK KOSTER, BT PRODUCTIONS, LLC and BRIAN TOOKER, | Courtroom:    9D |
| | District Judge:  Hon. John W. Holcomb |
| | Mag. Judge:   Hon. Douglas F. McCormick |
| Defendants. | |
| | Complaint filed:  Nov. 23, 2022 |

TO: ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

TO: ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 4, 2023, at 9:00 a.m., or as soon thereafter as the matter may be heard by Honorable John W. Holcomb, in Courtroom 9D, 9th Floor, of the United States District Court for the Central District of California, located at the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, CA 92701. Plaintiffs and Counter-Defendants The Next Vietnam Projects Foundation, Inc., Radix Foundation a/k/a Vietnam Veterans for Factual History, Saigon Broadcasting Television Network, Inc., My Van International, Inc., Nam Phan, Carina Oanh Hoang, Diep Phan, Trong Phan, Son Nguyen, Thanh Phuong Le and Minh Nguyen's (collectively, "Plaintiffs") will, and hereby do, move to strike each Counterclaim asserted by Defendant and Counterclaimant Frederick Koster ("Defendant") pursuant to California Code of Civil Procedure section 425.16 (the "anti-SLAPP statute").  Should Plaintiffs prevail on this Motion, they respectfully request leave to file a motion for attorneys' fees for the fees to which they would be entitled as the prevailing party under the anti-SLAPP statute.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support of the Motion, the Declarations of Minh Nguyen, Nam Pham and Jacob Kevin Poorman, the pleadings and papers on file in the above entitled action, and upon such other points and authorities, arguments, and written and/or oral evidence as the Court may deem fit to consider at the hearing.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on June 26 and June 30, 2023.  *See* Declaration of Jacob Kevin Poorman in support of Plaintiffs' Motion to Strike.

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION..................................................................................1

II.  BACKGROUND.................................................................................3

III. KOSTER'S COUNTER CLAIMS SHOULD BE STRICKEN UNDER
     THE ANTI-SLAPP STATUTE.............................................................6

     A.   Legal Standard Governing Anti-SLAPP Motions ...................................6

     B.   Defendant's Counterclaims Are Subject to California's Anti-SLAPP
          Statute and Should be Stricken ...................................................7

          i.    Defendant's Counterclaims Arises Out Of Acts In
                Furtherance Of Plaintiffs' Rights of Free Speech .........................7

          ii.   Koster Will Not Be Able to Show A Probability of Prevailing
                On His Claims......................................................................11

                a.   Defendant's Counterclaim for Defamation against
                     Plaintiffs Minh Nguyen, Nam Pham, and Vietnam
                     Veterans for Factual History is Barred by the Litigation
                     Privilege, is based Largely on Conduct Outside the
                     Statute of Limitations, and is Inadequately Pled...............12

                b.   The Counterclaim Against Ms. Minh Nguyen, Mr.
                     Pham, and My Van for Breach of Contract Is Barred
                     By The Litigation Privilege And Is Inadequately Pled. ....14

                c.   The Counterclaim For Fraud Against Ms. Minh
                     Nguyen And Mr. Pham Fails Because It Is Barred By
                     The Litigation Privilege, Defendant Does Not Allege
                     That He Relied On Any Misstatements, And He Does
                     Not Identify The Alleged Fraudulent Statements With
                     Adequate Specificity. .........................................................16

                d.   The Counterclaim Against Ms. Minh Nguyen, Mr.
                     Pham, and Vietnam Veterans for Factual History for
                     Tortious Interference Is Barred By The Litigation
                     Privilege, Is Stale, And Does Not State A Claim Upon
                     Which Relief Can Be Granted..............................................16

                e.   Defendant's Counterclaim for Conversion Fails
                     Because It Is Barred By The Litigation Privilege And
                     Because Plaintiff Fails To Allege That He Demanded
                     That Plaintiffs Return His Alleged Property.....................19

                f.   The Counterclaim Against Plaintiffs Minh Nguyen,
                     Nam Pham, and Vietnam Veterans for Factual History
                     for Intentional Infliction of Emotional Distress Is
                     Subject To The Litigation Privilege, Time Barred, And
                     Inadequately Pled. .............................................................20

IV.    KOSTER SHOULD BE DENIED LEAVE TO AMEND ...............................21

V.    CONCLUSION ................................................21

ii

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*
    No. C 11-2243 CW, 2012 WL 3877783 (N.D. Cal. Sept. 6, 2012) ....... 11, 12, 19

*B-K Lighting, Inc. v. Vision3 Lighting*
    2008 WL 11286080, *6 (2008)
    (quoting *Brown v. Kennard*, 94 Cal.App.4th 40, 45 (2001 ........................ 8, 9, 13

*Beyond Blond Productions, LLC v. Heldman*
    2021 WL 4859972 (C.D. Cal. 2021) ............................................................ passim

*Boys Town, U.S.A., Inc. v. World Church*
    349 F.2d 576 (9th Cir. 1965) ................................................................................ 17

*Gallagher v. Philipps*
    563 F. Supp. 3d 1048 (S.D. Cal. 2021) ............................................................... 13

*hiQ Labs, Inc. v. LinkedIn Corporation*
    2022 WL 18399982 (N.D. Cal. 2022) ............................................................ 12, 17

*Miller v. Rykoff– Sexton, Inc.*
    845 F.2d 209 (9th Cir. 1988) ................................................................................ 21

*Missouri ex rel. Koster v. Harris*
    847 F.3d 646 (9th Cir. 2017) ................................................................................ 21

*Moonbug Entertainment Limited v. Babybus*
    *(Fujian) Network Technology Co. Ltd.*
    2022 WL 580788 (N.D. Cal. 2022) .................................................................. 9, 11

*Oei v. N Star Capital Acquisitions LLC*
    486 F. Supp 2d 1089 (2006) ................................................................................ 10

*Sparrow LLC v. Lora*
    2014 WL 12573525 (C.D. Cal. 2014) ................................................. 7, 8, 11, 12

*TP Link USA Corp. v. Careful Shopper LLC*
    No. 8:19-cv-00082-JLS-KES, 2020 WL 3063956 (C.D. Cal. 2020) .......... passim

iii

*Verizon Delaware, Inc. v. Covad Commc'ns. Co.*
   377 F.3d 1081 (9th Cir. 2007) .............................................................. 7

*Vess v. Ciba-Geigy Corp.*
   317 F.3d 1097 (9th Cir. 2003) .............................................................. 6

*Xue Lu v. Powell*
   621 F.3d 944 (9th Cir. 2010) ............................................................... 14

**STATE CASES**

*Action Apartment Ass'n, Inc. v. City of Santa Monica*
   163 P.3d 89 (Cal. 2007) ................................................................... 9, 12

*Action Apartments Ass'n v. City of Santa Monica*
   41 Cal. 4th 1232 (2007) ....................................................................... 9

*Anderson v. Geist* (2015)
   236 Cal.App.4th 79 ............................................................................ 12

*Birkner v. Lam*
   156 Cal.App.4th 275 (2007) .......................................................... 11, 19

*Damon v. Ocean Hills Journalism Club*
   85 Cal. App. 4th 468 (2000) ................................................................ 6

*Digerati Holdings, LLC v. Young Money Ent., LLC*
   194 Cal. App. 4th 873 (2011) .............................................................. 9

*Edwards v. Centex Real Estate Corp.*
   53 Cal. App. 4th 15 ............................................................................ 17

*Flennaugh v. Heinrich*
   89 Cal.App.2d 214 (1948) .................................................................. 20

*Hughes v. Pair*
   46 Cal.4th 1035 (2009) .................................................................. 20, 21

*Industrial Waste & Debris Box Serv., Inc. v. Murphy*
   4 Cal.App.5th 1135 (2016) ................................................................. 12

*McGarry v. University of San Diego*
   154 Cal. App. 4th 97 (2007) ............................................................... 14

*Mission Beverage Co. v. Pabst Brewing Co., LLC*
  15 Cal. App. 5th 686 (2017) .................................................................................. 15

*Navellier v. Sletten*
  29 Cal. 4th 82, 52 P.3d 703 (2002) ................................................................ 13, 19

*Neville v. Chudacoff*
  160 Cal.App.4th 1255 (2008) ................................................................................ 8

*Overstock.com, Inc. v. Gradient Analytics, Inc.*
  151 Cal.App.4th 688 (2007) ................................................................................ 11

*Pacific Gas & Electric Co. v. Bear Stearns & Co.*
  50 Cal.3d 1118 (1990) ........................................................................................ 18

*Roth v. Rhodes*
  25 Cal.App.4th 530 (1994) .................................................................................. 18

*Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.*
  2 Cal.5th 505 (2017) ........................................................................................... 18

*Rubin v, Green*
  4 Cal.4th 1187 (1993) ......................................................................................... 10

*Rusheen v. Cohen*
  37 Cal.4th 1048 (2006) .................................................................................... 9, 12

*Salma v. Capon*
  161 Cal.App.4th 1275 (2008) .............................................................................. 11

*Service by Medallion, Inc. v. Clorox Co.*
  44 Cal.App.4th 1807 (1996) ................................................................................ 16

*Silberg v. Anderson*
  50 Cal.3d 205 (1990) .................................................................................. 8, 9, 19

*Sipple v. Found. for Nat'l Progress*
  71 Cal. App. 4th 226 (1999) ................................................................................. 6

*Taus v. Loftus*
  40 Cal.4th 683 (2007) ......................................................................................... 14

*Walsh v. West Valley Mission Community College Dist.*
  66 Cal.App.4th1532 (1998) ................................................................................. 15

*Wassmann v. South Orange County Community College District*
   24 Cal.App.5th 825 (2018) .................................................................. 20

**FEDERAL STATUTES, REGULATIONS, AND RULES**

Fed. R. Civ. Proc.
   § 9(b) .......................................................................................... 16
   §12(b)(6) ........................................................................................ 3

**STATE STATUTES, REGULATIONS, AND RULES**

Cal. Civ. Code
   § 45 ............................................................................................ 14
   § 46 ............................................................................................ 14
   § 47(b) ............................................................................. 1, 8, 9, 10

Cal. Code Civ. Proc.
   § 335.1 ....................................................................................... 20
   § 339(1) ...................................................................................... 17
   § 340(c) ...................................................................................... 13
   § 425.16(b)(1) ............................................................................. 3, 6
   § 425.16(c)(1) ............................................................................. 21
   § 425.16(e)(2)-(4) .......................................................................... 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant and Counterclaimant Frederick Koster ("Defendant" or "Koster") alleges counterclaims for breach of contract, defamation, conversion, intentional inflection of emotional distress, "tortious interference" and fraud.  (Dkt. No. 60.) These counterclaims are based on allegedly false cease and desist letters and DMCA copyright takedown notices that certain Plaintiffs sent, other alleged defamatory statements about this litigation, and Plaintiffs' pursuit of this action.  Each of these alleged acts are protected by California's anti-SLAPP statute because they are statements that were made (or communicative conduct that was taken) "in connection with an issue under consideration or review by a . . . judicial body," before a judicial proceeding, and/or publicly in connection with a matter of public interest.  Cal. Code of Civ. Proc. 425.16(e)(2)-(4).  It is therefore Defendant's burden to show that he has a likelihood of prevailing on his counterclaims.  He will be unable to do this for at least three reasons.

First, because each of Defendant's counterclaims are based on statements made in connection with this proceeding, by interested parties to achieve the objects of this litigation, they are all barred by California's robust litigation privilege.  Cal. Civil Code § 47(b).  Second, much of the alleged misconduct took place outside of the applicable statutes of limitation and therefore cannot support a claim for relief.  Third, Defendant fails even to allege sufficient facts to support his claims.  More specifically:

- As to defamation – Defendant fails to allege any alleged defamatory statements with requisite specificity, and also fails to allege any actionably false statements of fact, as opposed to mere expressions of opinion;
- As to breach of contract – Defendant alleges that Plaintiffs and Counter-Defendants Nam Pham, Minh Nguyen and My Van International, Inc. ("My Van") breached agreements with Defendant by filing this suit, but he does not allege that any of them ever agreed not to sue him (Mr. Pham and Ms.

1

Minh Nguyen allegedly signed a "Release," but a release is not a covenant not to sue.  Defendant also does not attach the alleged agreements to his Counterclaims or adequately allege their terms;

- As to fraud – Defendant alleges that the DMCA notices contained false statements, but Defendant does not allege that *he* relied on those alleged misstatements, which is required to support his claim for fraud;

- As to tortious interference – to the extent Defendant alleges tortious interference with contract, he fails allege the existence of any contract, that Plaintiffs were aware of any contract, or that Plaintiffs intended to disrupt any contract, all of which are requisite elements of a tortious interference with contract claim.  To the extent Defendant alleges interference with prospective economic relationships, his claim fails because he does not allege that Plaintiffs knew of any such relationships or intended to disrupt them.  Moreover, his claim appears to be that Plaintiffs disrupted his economic relationships with potential customers for the film at issue in this dispute by sending DMCA takedown notices to third-party video platforms, but his relationship with prospective customers is not enough to support a tortious interference claim;

- As to intentional infliction of emotional distress ("IIED") – Defendant fails to identify any sufficiently outrageous conduct to support such a claim.  Moreover, Defendant alleges that Plaintiff and Counter-Defendant Radix Foundation a/k/a Vietnam Veterans for Factual History ("Vietnam Veterans for Factual History") is liable for IIED based on the alleged conduct of Steve Sherman, the Director of Vietnam Veterans for Factual History, but does not allege facts to show that Vietnam Veterans is liable for the alleged intentional tort of its employee.

- As to conversion – Defendant fails to allege that he demanded that Plaintiffs return his property and that Plaintiffs refused to do so;

This Court should therefore strike the counterclaims pursuant to California Code of Civil Procedure § 425.16(b)(1).  In the event the Court does not find that Defendant's counterclaims are subject to the anti-SLAPP statute, Plaintiffs respectfully request, in the alternative, that the Court dismiss the counterclaims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted.

## II.    **BACKGROUND**

Defendant Koster represented and agreed that, in exchange for $250,000, he would help create a film (the "Film"; which was entitled "Through Our Eyes:  The Vietnam War") that was intended to tell the story of the Vietnam war from the South Vietnamese perspective.  As part of this agreement, Defendant Koster promised, among other things that:

- The Film would be distributed for free, for educational purposes;
- All rights to the Film and related materials would belong to Plaintiff and Counter-Defendant The Next Vietnam Projects Foundation, Inc., which was to be created in part for the purpose of holding the Film, related footage (including a number of interviews) and the rights thereto; and
- The producers would have final approval over the Film.

My Van agreed to provide footage from two copyrighted films for use in the Film, certain Plaintiffs agreed to lend their likeness to the Film, and other Plaintiffs solicited donations and contributed scripts, music, equipment and other assistance, based on the understanding that Defendant Koster would adhere to the terms of the agreement, and honor his representations, as set forth above.  Koster eventually received approximately $300,000 for his work on the Film, most of which was raised from donors.  Instead of honoring his agreement and living up to his promises, however, Defendant Koster, after extended delay, ultimately provided a slapdash Film riddled with historical inaccuracies.  After several revisions based on Plaintiffs' input, without notice to Plaintiffs, and in breach of his agreement and contrary to his

representations, Defendant Koster attempted to sell the Film to consumers by making it available for download on several websites, including IMDB.com, eBay.com and Vimeo.com.  He also registered the Film with the copyright office, claiming that his company (Defendant Koster Films LLC) and Defendant BT Productions, LLC (which has since settled) own the copyrights in the Film, and refused to give copies of the Film or the underlying footage (including a number of interviews) to Plaintiffs. Plaintiffs, accordingly, brought this action.

On June 9, 2023 Defendant filed an amended answer and counterclaims.  (Dkt. No. 60.)  Each of Koster's Counterclaims against Plaintiffs rest on the same central allegations – namely that Plaintiffs sent DMCA takedown notices and related cease and desist letters and filed this allegedly "malicious" lawsuit.  More specifically, Defendant alleges that:

- Ms. Minh Nguyen sent "DMCA copyright takedown notices" to Vimeo, Ebay and Imdb regarding the Film and "cease and desist" letters to Koster and Defendant Tooker (*see, e.g.,* Counterclaims at ¶¶ 46 [alleging that Ms. Minh Nguyen emailed Koster accusing him of misusing her likeness, "willful copyright infringement, malicious fraudulent misconduct and disseminating false copyright claims" and claiming that another organization "owns the [F]ilm."), 50 [alleging that Ms. Minh Nguyen emailed Defendant, stating that he "will soon be criminally charged," that she is "suing Koster" and demanding return of the "property" that is the subject of this lawsuit], 51 [Ms. Minh Nguyen "sent DMCA take down notices to Vimeo, Ebay and IMDb"], 52 [Ms. Minh Nguyen emailed Koster and Tooker "reiterate[ing] that Koster was committing willful copyright infringement, malicious fraudulent misconduct and disseminating false copyright claims,"], p. 32 at ¶¶ 8-9 [Ms. Minh Nguyen "defamed Koster through public written emails" and "DMCA copyright take down notices"], p. 33 at ¶ 16 [Ms. Minh Nguyen "sent

4

illegal DMCA takedown copyright notices"]; p. 35 at ¶ 26 [Ms. Minh Nguyen "sent numerous bad faith[] cease and desist letters" to Koster]; p. 36 at ¶ 30 [Ms. Minh Nguyen "sent copyright take [down] notices to distribution platforms"]; *see also* Declaration of Minh Nguyen at Exhibits A-C.

- Plaintiff and Counter-Defendant Nam Pham sent a cease and desist letter and made "defamatory" statements about this suit (*see, e.g.,* Counterclaims at ¶¶ 55 [Mr. Pham "sen[t] emails to Koster . . . making false claims and defaming Koster [and] . . . demand[ing] that Koster send" interviews he conducted in connection with making the Film to Ms. Minh Nguyen's law firm], 66 [Mr. Pham, in a radio interview "tells the radio audience about the lawsuit and states that he will in court by default."], p. 32 at ¶ 8 [Mr. Pham "defamed Koster through public written emails, word of mouth, through the media and the filing of a malicious lawsuit"], p. 33 at ¶ 16 [Mr. Pham has "sent illegal DMCA takedown copyright notices"], p. 35 at ¶ 26 [Mr. Pham has "sent numerous bad faith[] cease and desist letters to [] Koster");

- Plaintiffs have pursued this "malicious" lawsuit against him and co-Defendant Brian Tooker (*see, e.g.*, Counterclaims at ¶ 64 ["plaintiffs . . . filed a lawsuit against defendant Koster . . . ."]; p. 31 at ¶ 3 ["Nguyen and Pham have repeatedly breached this Talent Release Form through filing a malicious lawsuit"]; p. 32 at ¶ 5 (accusing My Van of "filing a malicious lawsuit"); p. 32 at ¶ 8 ("Nguyen, Pham and Steve Sherman . . . have . . . severely defamed Koster . . . through . . . the filing of a malicious lawsuit"); p. 33 at ¶ 14 [Plaintiffs "have secretly negotiated a settlement with Koster's co-defendant, Brian Tooker"]; p. 34 at ¶ 22 ["Brian Tooker . . . was maliciously sued . . . ."]; p. 35 at ¶ 27 [the Talent Release Form prohibited Ms. Minh Nguyen and Mr. Pham from "engag[ing] in any

legal activities against Koster or his affiliates"]).

III.  **KOSTER'S COUNTER CLAIMS SHOULD BE STRICKEN UNDER THE ANTI-SLAPP STATUTE**

A.  **Legal Standard Governing Anti-SLAPP Motions**

California's anti-SLAPP statute was enacted to provide a mechanism for courts "'to dismiss at an early stage non-meritorious litigation meant to chill the valid exercise of the constitutional rights of freedom of speech and petition in connection with a public issue.'" *Damon v. Ocean Hills Journalism Club*, 85 Cal. App. 4th 468, 473 (2000) (quoting *Sipple v. Found. for Nat'l Progress*, 71 Cal. App. 4th 226, 235 (1999)). The anti-SLAPP statute provides that:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Civ. Proc. Code § 425.16(b)(1).

Evaluation of an anti-SLAPP motion proceeds in two steps. First, the court decides whether the respondent has made a *prima facie* showing that the claimant's suit arises from an act in furtherance of respondent's right of petition or free speech. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1110 (9th Cir. 2003). The respondent can make such a showing by establishing that claimant's suit "aris[es] from" an act "in furtherance" of respondent's right to free speech "in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1). The anti-SLAPP statute defines protected activities to include statements claimant alleges were made before a "judicial proceeding" or "any other official proceeding authorized by law," any statements "made in connection with an issue under consideration . . . by a . . . judicial body," statements (1) made in a "public forum" and (2) in connection with an issue of "public interest" as well as "any other conduct in furtherance of the exercise of the

constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." *Id.* at §§ 425.16(e). The anti-SLAPP statute expressly provides that it should be construed broadly to ensure the full protection of free speech. *Id.* at § 425.16(a) ("[C]ontinued participation in the matters of public significance . . . should not be chilled through the abuse of the judicial process. To this end, this section shall be construed broadly.").

Once the respondent makes a showing that the claimant's suit arises from an act in furtherance of respondent's right of petition or free speech, the burden shifts to the claimant to demonstrate a probability of prevailing on the challenged claim. *Id.* at § 425.16(b).

### B.   Defendant's Counterclaims Are Subject to California's Anti-SLAPP Statute and Should be Stricken

Plaintiffs bring this anti-SLAPP motion to strike Koster's state law claims. *Verizon Delaware, Inc. v. Covad Commc'ns. Co.*, 377 F.3d 1081, 1091 (9th Cir. 2007) (defendants sued in federal court can bring anti-SLAPP motions to strike state law claims). The Counterclaims arise out of alleged acts in furtherance of Plaintiffs' right of freedom of speech  and petition, and because Defendant will be unable to prevail on these claims, each should be stricken.

#### i.   Defendant's Counterclaims Arises Out Of Acts In Furtherance Of Plaintiffs' Rights of Free Speech

As detailed below, the counterclaims arise from protected activity.  It is well-established law that "letters to and communications with companies doing business or contemplating business with [claimant] and relating to the alleged infringement of [respondent's] intellectual property that form the basis of the present litigation, [are] protected activities covered by the Anti-SLAPP statute" and therefore meet the first prong of this test. *Sparrow LLC v. Lora*, 2014 WL 12573525, *5 (C.D. Cal. 2014).

More specifically, California courts have held that cease and desist letters are protected speech under the Anti-SLAPP statute as well as communications that are

preparatory or in anticipation of litigation. *Sparrow LLC v. Lora*, 2014 WL 12573525, *3-4 (C.D. Cal. 2014) (finding communications intended to protect respondent's intellectual property rights including cease and desist letters and other communication to third-parties who used or had access to the intellectual property at issue constituted protected communications under the Anti-SLAPP statute). In addition, takedown notices and emails to third-parties who had access to the intellectual property at issue are protective activities subject to the Anti-SLAPP statute. *Beyond Blond Productions, LLC v. Heldman*, 2021 WL 4859972, **4-7 (C.D. Cal. 2021) (where the gravamen of the claims is the protected communications, regardless of other alleged communications, the court may focus on the on the protected communications and grant the motion to strike finding claims premised on protected activity impossible to remedy).

Moreover, "[i]n determining whether speech is protected, courts look to the litigation privilege as an aid in determining" whether a statement was made "in connection with an issue under consideration or review by a . . . judicial body" under section 425.16(e)(2) "because 'the two statute serve similar policy interests.'" *Id.* at *4 (quoting *Neville v. Chudacoff*, 160 Cal.App.4th 1255, 1263 (2008)); CCP § 425.16(e)(2).

California's litigation privilege, codified in Civil Code § 47(b), shields any "communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action." *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 163 P.3d 89, 95 (Cal. 2007) (quoting *Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990)). This is an absolute privilege that "applies without regard to malice or evil motives [and is thus] characterized as 'absolute.'" *B-K Lighting, Inc. v. Vision3 Lighting*, 2008 WL 11286080, *6 (2008) (quoting *Brown v. Kennard*, 94 Cal.App.4th 40, 45 (2001)). The privilege "is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto,

or afterwards." *Rusheen v. Cohen*, 37 Cal.4th 1048, 1057 (2006); *Digerati Holdings, LLC v. Young Money Ent., LLC*, 194 Cal. App. 4th 873, 889 (2011) (a prelitigation communication is protected by the litigation privilege if it "relates to litigation that is contemplated in good faith and under serious consideration") (citation and internal quotation marks omitted).

The privilege extends to the communicative act of filing of a lawsuit. *B-K Lighting, Inc. v. Vision3 Lighting*, 2008 WL 11286080, *6 (C.D. Cal. 2008) (citing *Action Apartments Ass'n v. City of Santa Monica*, 41 Cal. 4th 1232, 1249 (2007)) (finding "the filing of a legal action by its very nature [] a communicative act")). It also applies to sending a third-parties cease and desist letters and DMCA takedown notices. Such notices "constitute prelitigation complaints made in anticipating or during the litigation" and "enables litigation by requiring as a predicate an alleged infringer to submit to the jurisdiction of U.S. courts when submitting a DMCA counter notification and requiring a copyright owner provide notice that it filed a lawsuit within ten business days of a counter-notification to keep taken-down materials from being reinstated." *Moonbug Entertainment Limited v. Babybus (Fujian) Network Technology Co. Ltd.*, 2022 WL 580788 at *12 (N.D. Cal. 2022); *see also TP Link USA Corp. v. Careful Shopper LLC,* No. 8:19-cv-00082-JLS-KES, 2020 WL 3063956, *8-10 (C.D. Cal. 2020). Thus, such communication is privileged and cannot support a cause of action.

The litigation privilege is broad.  The privilege has "been held to immunize defendants from tort liability based on theories of abuse of process [citations], intentional infliction of emotional distress [citations], intentional inducement of breach of contract [citations], intentional interference with prospective economic advantage [citation], negligent misrepresentation [citation], invasion of privacy [citation], negligence [citation] and fraud [citations]." *Silberg v. Anderson,* 50 Cal.3d 205, 215, (1990). Indeed, "'[i]f the policies underlying section 47(b) are sufficiently strong to support an absolute privilege . . .,' the resulting immunity should not

evaporate merely because the plaintiff discovers a conveniently different . . . label for pleading what is in substance an identical grievance arising from identical conduct as that protected by section 47(b)." *Oei v. N Star Capital Acquisitions LLC*, 486 F. Supp 2d 1089, 1099-1100 (2006) (citing *Rubin v, Green*, 4 Cal.4th 1187, 1202-03, (1993)).

Here, each of the six counterclaims are based on DMCA take down notices, cease and desist letters, and the pursuit of this lawsuit. *See* Counterclaims at p. 31-32, ¶¶ 3, 5 (alleging, in support of breach of contract claim, that Mr. Pham and Ms. Minh Nguyen breached a Talent Release Form "through filing a malicious lawsuit . . . defamation . . . and illegal DMCA copyright take downs" and that My Van breached the agreement by "filing a malicious lawsuit"); pp. 32-33, ¶¶ 8-9 (alleging, in support of defamation claim, that Koster was defamed "through public written emails . . . through the media and the filing of a malicious lawsuit," and that Ms. Minh Nguyen "sent DMCA copyright take down notices"); p. 33, ¶¶ 14, 16 (alleging, in support of conversion claim, that Ms. Minh Nguyen and Mr. Pham "have sent illegal DMCA take down notices" and that Plaintiffs "negotiated a settlement with Koster's co-defendant, Brian Tooker"); p. 34 ¶¶ 21-22 (alleging, in support of IIED claim, that Koster was subject to "severe defamation" and that Plaintiffs "maliciously sued" co-Defendant Brian Tooker); p. 35 at ¶ 26 (alleging, in support of tortious interference claim, that Ms. Minh Nguyen and Mr. Pham "have sent numerous bad faith cease and desist letters to" Koster and sent "fraudulent DMCA takedown notices"), p. 36 at ¶ 30 (alleging, in support of fraud claim, that Ms. Minh Nguyen "sent copyright take [down] notices").

Accordingly, the gravamen of the counterclaims is that Defendant was allegedly harmed by cease and desist letters concerning the subject matter of this litigation, DMCA take down notices concerning the rights to the property at issue in this litigation, other public statements concerning this suit, and the filing and pursuit of this lawsuit.   All of this alleged misconduct constitutes statements or communicative acts that were made "before . . . a judicial proceeding," in "connection with an issue under consideration or review by . . . a judicial body," and/or in a "public forum in

10

connection with an issue of public interest" and are therefore protected by the Anti-SLAPP statute. *See e.g., Sparrow LLC v. Lora*, 2014 WL 12573525, at **3-4 (C.D. Cal. 2014) (finding that "cease and desist letters and other statements to third parties" are protected under the anti-SLAPP statute because they "relate to the substantive issues in the litigation" and "are directed to persons having an interest in the litigation, as they could well serve as witnesses to Defendant's wrongdoing"); *Beyond Blond Productions, LLC v. Heldman*, 2021 WL 4859972, at **5-7 (C.D. Cal. 2021) (takedown notice and letter concerning issues "connected with this litigation" protected by anti-SLAPP statute); *TP Link USA*, 2020 WL 3063956, *7 (communications to Amazon identifying listings that offered counterfeit products protected by anti-SLAPP statute); *Moonbug Entertainment*, 2022 WL 580788 at **12-13 (DMCA notices to YouTube protected by anti-SLAPP statue); *see also Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*, No. C 11-2243 CW, 2012 WL 3877783, at *17 (N.D. Cal. Sept. 6, 2012) (noting that "Communications 'preparatory to or in anticipation of commencing official proceedings' fall within the scope of § 425.16(e)(1) and (2)" and finding that claims based on filing of a patent lawsuit were subject to the anti-SLAPP statue and protected by the litigation privilege); *Birkner v. Lam* 156 Cal.App.4th 275, 281 (2007) ("The prosecution of an unlawful detainer action indisputably is protected activity").  The anti-SLAPP statute therefore applies to the counterclaims.

## ii.   <u>Koster Will Not Be Able to Show A Probability of Prevailing On His Claims.</u>

Once a respondent carries its burden under Section 425.16 of showing that the claimant's claims are based on acts in furtherance of respondent's free speech rights, "the burden shifts to the opposing party to demonstrate the probability that it will prevail on the merits of the claim." *Salma v. Capon* 161 Cal.App.4th 1275, 1283 (2008). To meet this requirement, a claimant cannot rely on allegations in the complaint, but must set forth evidence that would be admissible at trial. *Overstock.com, Inc. v. Gradient Analytics, Inc.* 151 Cal.App.4th 688, 699 (2007);

*Industrial Waste & Debris Box Serv., Inc. v. Murphy* 4 Cal.App.5th 1135, 1155 (2016) (plaintiff must present "competent and admissible evidence" that "substantiate[s] the legal sufficiency of their claim") (citations omitted). That evidence must be sufficient to support a judgment in claimant's favor if proved at trial. *Anderson v. Geist* (2015) 236 Cal.App.4th 79, 85; *see Murphy*, 4 Cal.App.5th at 1155 ("[I]t is not sufficient that plaintiff's complaint survive a demurrer."). Defendant will be unable to meet that burden.

First, as set forth above, Defendant's claims all arise from privileged communications protected by California's ligation privilege. Second, the alleged misconduct largely falls outside the relevant statutes of limitation and is therefore not actionable.  Third, Koster has failed to allege his claims adequately.

> **a.      Defendant's Counterclaim for Defamation against Plaintiffs Minh Nguyen, Nam Pham, and Vietnam Veterans for Factual History is Barred by the Litigation Privilege, is based Largely on Conduct Outside the Statute of Limitations, and is Inadequately Pled**

Defendant's counterclaim for defamation is barred by the litigation privilege. The litigation privilege attaches to communications made in judicial proceedings, or in advance of judicial proceedings, by litigants or other participates authorized by law, to achieve the objects of the litigation, and that has some connection or logical relation to the action.  *See Action Apartment*, 163 P.3d at 95; *Rusheen*, 37 Cal.4th at 1057. Here, Defendant's defamation counterclaim is explicitly based on cease and desist letters, DMCA takedown notices, statements concerning this litigation, and the filing of the complaint in this action.  *See, e.g.,* Counterclaims, p. 32 at ¶¶ 8-9.  All such conduct is protected by the litigation privilege and absolutely immune.  *See e.g., Sparrow LLC*, 2014 WL 12573525, at *6; *Beyond Blond Productions*, 2021 WL 4859972, at **4-7; *TP Link USA*, 2020 WL 3063956, at **8-10; *hiQ Labs, Inc. v. LinkedIn Corporation*, 2022 WL 18399982, *12-13 (N.D. Cal. 2022); *Adobe Sys. Inc.*,

12

2012 WL 3877783, at *17; *B-K Lighting, Inc. v. Vision3 Lighting*, 2008 WL 11286080, *6 (C.D. Cal. 2008); *see also Navellier v. Sletten*, 29 Cal. 4th 82, 90, 52 P.3d 703 (2002) ("A claim for relief filed in federal district court indisputably is a "statement or writing made before a ... judicial proceeding" [§ 425.16, subd. (e)(1)].").  Defendant will therefore be unable to prevail on his claim for defamation.

The alleged defamatory conduct is also, almost entirely, outside the statute of limitations. A claim for defamation must be brought within one year of the alleged defamatory statement. Cal. Code Civ. Proc. § 340(c). The only alleged defamatory statements that were made within one year of the filing of the Counterclaims, however, are (1) the Complaint, and (2) statements Mr. Pham allegedly made on the radio about this litigation after it was filed.  All of the alleged defamatory statements of Vietnam Veterans for Factual History and Ms. Minh Nguyen fall outside the statute of limitations, and the claims against them fail for that independent reason.  *See* Counterclaims at ¶¶ 46, 50-52 (alleging that Ms. Minh Nguyen made defamatory statements in 2021); 24-26 (alleging that Steve Sherman "of" Vietnam Veterans for Factual History threatened to sue Defendant in 2019).[1]

Finally, even if the alleged defamatory statements were not privileged and outside the statute of limitations (and they are), Defendant has still not adequately pled his claim for defamation.  "Under California law, the defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement. Even under the liberal federal pleading standards, general allegations of the defamatory statements that do not identify the substance of what was said are insufficient." *Gallagher v. Philipps*, 563 F. Supp. 3d 1048, 1079 (S.D. Cal. 2021).

---

[1] Defendant alleges that Ms. Minh Nguyen sent DMCA notices on "April 27, 2023" but that is a typo, and Defendant intended to refer to 2021 DMCA notices. Defendant does not specifically allege when Mr. Sherman made his threat to sue, but it is clear that the threat was made in 2019.  Immediately preceding the allegation regarding Mr. Sherman, Defendant alleges that there was "[i]n 2019" an "ongoing dispute" and immediately after the allegation regarding Mr. Sherman the Counterclaims, which describe events in chronological order, refer to events of September 2019. *See* Counterclaims at ¶¶ 24 – 26.

Moreover, a claim for defamation requires, among other things, a false, injurious statement of fact, and mere opinion is not actionable.  *See, e.g., McGarry v. University of San Diego*, 154 Cal. App. 4th 97, 112 (2007); CACI Nos. 1700 – 1705; *Taus v. Loftus*, 40 Cal.4th 683, 720 (2007) (citing Civil Code §§ 45-46).   Here, Defendant alleges that Mr. Pham and Ms. Minh Nguyen sent cease and desist notices and DMCA take down notices, but only vaguely describes the content of those communications, and is similarly vague about the alleged defamatory statements Mr. Pham made after the initiation of the litigation.   To the extent he does identify them with the requisite specificity, they are merely statements of opinion and/or are not defamatory.  *See, e.g.,* Counterclaims at ¶¶ 50 (Koster "will soon be criminally charged and will be under criminal proceedings"); 52 ("Koster was committing willful copyright infringement"); 66 (Plaintiffs "will win in court by default").   Similarly, Defendant alleges that Steve Sherman "of" Vietnam Veterans for Factual History defamed him, but does not identify any defamatory statements that Mr. Sherman allegedly made about him, only alleged threats Mr. Sherman made to him.  *Id.* at ¶ 25.  Moreover, Defendant attempts to hold Vietnam Veterans for Factual History liable for the conduct of Mr. Sherman, but does not allege that his purported threats were "generally foreseeable" or engendered by Vietnam Veterans for Factual History, or that his allege threats arose from his association with Vietnam Veterans for Factual History, which is necessary to hold an employer liable for the intentional torts of its employee.  *See Xue Lu v. Powell*, 621 F.3d 944, 948 (9th Cir. 2010).

Koster therefore has no probability of prevailing on his counterclaim for defamation, and the Court should strike it.

**b. The Counterclaim Against Ms. Minh Nguyen, Mr. Pham, and My Van for Breach of Contract Is Barred By The Litigation Privilege And Is Inadequately Pled.**

To state a proper claim for breach of contract, Defendant must allege (1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's

breach, and (4) damage to plaintiff. *Walsh v. West Valley Mission Community College Dist.*, 66 Cal.App.4th1532, 1545 (1998). Statements or communications subject to the California litigation privilege are privileged and cannot be used to support a claim for breach of contract. *Mission Beverage Co. v. Pabst Brewing Co., LLC*, 15 Cal. App. 5th 686, 709, (2017).

With regard to Ms. Minh Nguyen and Mr. Pham, Defendant alleges that they signed a "Talent Release Form," which Defendant claims releases him from any and all claims. Counter Claims at p. ¶ 2. Defendant further alleges that they breached the Talent Release Form "through filing a malicious lawsuit against Koster and a Koster licensee, defamation, interference of Koster business, illegal DMCA copyright take downs of the film's distribution among other actions." Dkt. Counterclaims at p. 31, ¶ 3. As set forth above, all of this alleged misconduct is protected by the litigation privilege. *See supra* at Section III.B.ii.a. Moreover, Defendant fails to identify any contractual provision that Ms. Minh Nguyen or Mr. Pham actually breached – a release is not a covenant not to sue. Similarly, Defendant alleges that My Van breached an agreement by filing suit against him, but the filing of a lawsuit is protected by the litigation privilege, and Defendant does not allege that My Van ever agreed not to sue him. Moreover, if Defendant wishes to assert a claim based on the allegation that Plaintiffs have pursued this "malicious" lawsuit against him, his claim is in fact one for malicious prosecution. Such a claim would require him to first prevail in this lawsuit. CACI No. 1501. Defendant's breach of contract claim is therefore, in addition to its other infirmities, at best premature.

Defendant therefore has no likelihood of prevailing of on his claim for breach of contract, and this Court should strike it.

**c.**   **The Counterclaim For Fraud Against Ms. Minh Nguyen And Mr. Pham Fails Because It Is Barred By The Litigation Privilege, Defendant Does Not Allege That He Relied On Any Misstatements, And He Does Not Identify The Alleged Fraudulent Statements With Adequate Specificity.**

Defendant bases his fraud claim on the allegation that Ms. Minh Nguyen "sent copyright take [down] notices to distribution platforms . . . ."  Counter Claims ¶ 30. As explained above, this counterclaim is therefore barred by the litigation privilege. *See, e.g.*, *Beyond Blond Productions*, 2021 WL 4859972, *4-7; *TP Link USA,* 2020 WL 3063956, *8-10.  Moreover, a claim for fraud requires that the plaintiff rely on a false statement to his detriment.  *See Service by Medallion, Inc. v. Clorox Co.*, 44 Cal.App.4th 1807, 1816 (1996). Here, Defendant alleges that *third-party distribution platforms*, and not himself, relied on the allegedly fraudulent statements, and therefore fails to state a claim.  Further, Defendant was required to allege his fraud claim with particularity but he does not adequately allege the content of the allegedly fraudulent DMCA notices.  *See* FRCP 9(b).  For these reasons, Defendant does not have a likelihood of prevailing on his counterclaim for fraud, and this Court should strike it.

**d.**   **The Counterclaim Against Ms. Minh Nguyen, Mr. Pham, and Vietnam Veterans for Factual History for Tortious Interference Is Barred By The Litigation Privilege, Is Stale, And Does Not State A Claim Upon Which Relief Can Be Granted.**

In support of his claim for tortious interference, Defendant alleges that Ms. Mingh Nguyen and Mr. Pham sent "bad faith[] cease and desist letters to Frederick Koster . . . [and] fraudulent DMCA takedown notices."'  Counterclaims at p. 35, ¶ 26. As set forth above, this alleged misconduct is protected by the litigation privilege and cannot support a claim for relief.  *See Beyond Blond Productions,* 2021 WL 4859972,

16

*4-7; *TP Link USA*, 2020 WL 3063956 at *8-10; *hiQ Labs*, 2022 WL 18399982, at **12-13; *see also Edwards v. Centex Real Estate Corp.*, 53 Cal. App. 4th 15, 35 n. 10 ("The classic example of an instance in which the privilege would attach to prelitigation communications is the attorney demand letter threatening to file a lawsuit if a claim is not settled."). Moreover, the alleged cease and desist letters and takedown notices were sent more than two years before the filing of the Counterclaims, and are therefore outside of the two-year statute of limitations. *See Boys Town, U.S.A., Inc. v. World Church*, 349 F.2d 576, 579 (9th Cir. 1965) (citing Cal. Code Civ. Proc. § 339(1)). Similarly, while Defendant alleges that Vietnam Veterans for Factual History had "numerous communications both oral and written" with third parties that affected Defendant's "current and future business relationships," the only conduct alleged that is even arguably attributable to Vietnam Veterans for Factual History is that Mr. Sherman allegedly threatened to sue Defendant in 2019. This is outside the statute of limitations and Defendant does not identify any statements Vietnam Veterans for Factual History allegedly made to any third party to interfere with Defendant's relationship with the third party.

Further, Defendant fails to allege sufficient facts to support a claim for either tortious interference with contracts or tortious interference with prospective economic relations. Tortious interference with contracts requires proof that (1) there was a contract between the plaintiff and a third party, (2) that defendant knew of the contract, (3) that defendant's conduct prevented the performance of the contract or made performance more expensive or difficult, (4) that defendant intended to disrupt the contract or knew that disruption was substantially certain to occur, (5) that plaintiff was harmed, and (6) that defendant's conduct was a substantial factor in causing plaintiff harm. *See* CACI No. 2201. To state a claim for tortious interference with a business relationship, claimant must allege "(1) the existence, between the claimant and some third party, of an economic relationship that contains the probability of future economic benefit to the plaintiff; (2) the respondent's knowledge of the

17

relationship; (3) intentionally wrongful acts designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by the respondent's action." *Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.*, 2 Cal.5th 505, 512 (2017).[2]

Here, Defendant does not allege the existence of any contract with a third party, that Plaintiffs were aware of any such contract, or that Plaintiffs intended to disrupt the performance of any such contract.  He therefore fails to state a claim for tortious interference with contract.  Similarly, he fails to identify any economic relationship that contains the probability of future economic benefit, that Plaintiffs were aware of such relationships, or that they intended to disrupt them.  Moreover, Defendant's theory of tortious interference appears to be that Plaintiffs interfered with his prospective relationship with customers who may have downloaded the Film from third-party platforms, by sending DMCA notices to these platforms.  But Defendant's relationship with prospective customers is not sufficient to support a tortious interference claim because he must identify specific third parties with whom he had an *existing* economic relationship.  *See Roth v. Rhodes*, 25 Cal.App.4th 530, 546 (1994).

Defendant therefore has no likelihood of prevailing on his claim for tortious interference, and this Court should strike it.

---

[2] "The tort of interference with prospective economic advantage protects the same interest in stable economic relationships as does the tort of interference with contract, though interference with prospective advantage does not require proof of a legally binding contract. The chief practical distinction between interference with contract and interference with prospective economic advantage is that a broader range of privilege to interfere is recognized when the relationship or economic advantage interfered with is only prospective." *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990) (citations omitted).

**e.** **Defendant's Counterclaim for Conversion Fails Because It Is Barred By The Litigation Privilege And Because Plaintiff Fails To Allege That He Demanded That Plaintiffs Return His Alleged Property.**

Defendant's counterclaim for conversion is based on the allegations that Ms. Minh Nguyen and Mr. Pham "have sent illegal DMCA takedown notices" and that Plaintiffs "negotiated a settlement with Koster's co-defendant, Brian Tooker" under which Mr. Tooker "sent property owned by Koster which includes the film, interviews and other related Koster property" to Plaintiffs and that Plaintiffs "instructed Brian Tooker not to give Koster his own property." Counterclaims at p. 33, ¶¶ 14, 16. This alleged misconduct is protected by the litigation privilege. As set forth above, a number of courts have held that the litigation privilege applies to DMCA takedown notices. *See, e.g. Beyond Blond Productions*, 2021 WL 4859972, *4-7; *TP Link USA*, 2020 WL 3063956, *8-10. The privilege also applies to the latter alleged misconduct. The filing and pursuit of litigation is a protected activity. *See, e.g., Adobe Sys.*, 2012 WL 3877783, at *17 (N.D. Cal. Sept. 6, 2012); *Birkner v. Lam* 156 Cal.App.4th at 281; *see also Navellier*, 29 Cal. 4th at 90. Defendant alleges that Plaintiffs interfered with his property by "instruct[ing]" Defendant Tooker, as part of a settlement agreement, not to release the property that is the subject of this litigation to Defendant. This "instruct[ion]" was a statement made in connection with this proceeding, by litigants (Plaintiffs) to achieve the objects of the litigation (the return of the Film and related footage to Plaintiffs [among other things]), and is connected to this action because it occurred within the context of a settlement of claims raised in this action. Plaintiffs' alleged "instruct[ion]" to Defendant Tooker is therefore also protected by the litigation privilege. *See Silberg,* 50 Cal.3d at 212; *see also Navellier*, 29 Cal. 4th at 90 (finding that anti-SLAPP statute applies to claim based on "alleged negotiation, execution, and repudiation" of a Release agreement). Defendant therefore has no likelihood of prevailing on his claim for conversion.

Moreover, Defendant has failed adequately to allege his claim for conversion because he does not allege that he demanded that Plaintiffs return his alleged property, which is a necessary element of his claim. *See n v. Heinrich*, 89 Cal.App.2d 214, 221 (1948) (because a "demand for [the property's] possession is necessary to create a liability for conversion or unlawful withholding of the property," the plaintiff must also allege that he demanded the return of the property.).  Defendant therefore has no likelihood of prevailing on his conversion claim for this independent reason, and this Court should strike it.

> **f.      The Counterclaim Against Plaintiffs Minh Nguyen, Nam Pham, and Vietnam Veterans for Factual History for Intentional Infliction of Emotional Distress Is Subject To The Litigation Privilege, Time Barred, And Inadequately Pled.**

Defendant's IIED counterclaim is based on alleged "threats and severe defamation" and the filing of this suit. *See* Counterclaims at p. 34 at ¶¶ 19, 21-22.  As set forth above, this alleged misconduct is immune under the litigation privilege. *See supra* at Section III.B.ii.a.  Moreover, with the exception of the filing of this lawsuit and Mr. Pham's alleged post-litigation statements about the lawsuit (which in any event are immune under the litigation privilege), all of the other alleged misconduct took place more than two years before the filing of the Counterclaims and are therefore outside the statute of limitations.  *See* Counterclaims at ¶¶ 25, 46, 50-52, 55; *Wassmann v. South Orange County Community College District*, 24 Cal.App.5th 825, 852-53 (2018) (citing Cal. Code Civ. Proc. § 335.1) (A claim for intentional infliction of emotional distress must be brought within two years of claimant suffering severe emotional distress as the result of outrageous conduct by respondent.)

Moreover, in order to state a claim for IIED, Defendant was required to allege "extreme and outrageous conduct."  *Hughes v. Pair*, 46 Cal.4th 1035, 1050–1051 (2009) (citations omitted).  But the alleged defamatory statements, threats to sue, and

the filing of this suit do not constitute sufficiently "outrageous" conduct that can support a claim for IIED.  *Id.* ("A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community."). Further, Defendant seeks to hold Vietnam Veterans for Factual History liable for Mr. Sherman's alleged threat to sue, but does not allege any facts to show why Vietnam Veterans should be liable for Mr. Sherman's alleged misconduct.

Defendant therefore has no likelihood of prevailing on his IIED claim and this Court should strike it.

## IV.    KOSTER SHOULD BE DENIED LEAVE TO AMEND

"An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff– Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).  Here, no amount of detail that Defendant might add to his Counterclaims can change their fundamentally defective nature because they are based on conduct that is both absolutely immune under the litigation privilege and largely outside the relevant statutes of limitation.  Leave to amend, therefore, would be futile and should be denied.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Strike and strike the counterclaims against them, with prejudice. Should the Court grant Plaintiffs' Motion, Plaintiffs' respectfully request leave to file a motion for the attorneys' fees to which they would be entitled as the prevailing party under California Code of Civil Procedure 425.16(c)(1).

DATED: July 6, 2023                          PROCOPIO, CORY, HARGREAVES & SAVITCH LLP


By:  /s/ Jacob K. Poorman
    Jack Shaw
    Jacob K. Poorman
    *Attorneys for Plaintiffs*