F I L E D
CLERK, U.S. DISTRICT COURT

7/26/23

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ cla _____ DEPUTY

1  Frederick Koster
   1846 Innovation Park Dr, #100 Oro Valley, AZ  85755
2  602-451-0999
   fredkusa1@gmail.com
3  Frederick Koster in Pro Per

4

5

6

7                    **UNITED STATES DISTRICT COURT**
                     **CENTRAL DISTRICT OF CALIFORNIA**

8  **NEXT VIETNAM PROJECTS**          **Case No. 8:22-cv-02130 JWH DFM**
   **FOUNDATION, INC., et al,**
9  **Plaintiffs,**                     **RULE 15 AMENDED**
                                       **MEMORANDUM IN OPPOSITION TO**
10                  **v.**              **PLAINTIFF'S MOTION TO STRIKE**
                                       **DEFENDANT'S COUNTERCLAIMS**
11                                      **PURSUANT TO CCP 425.16**

12 **KOSTER FILMS LLC, and**           **Date:        August 18, 2023**
   **FREDERICK KOSTER, et al,**        **Time:        9:00 AM**
13 **Defendants.**                     **Courtroom:   9D**
                                       **District Judge:  Hon John W Holcomb**
14                                      **Mag. Judge:  Hon Douglas F McCormick**

15

16

17

18

19

20

21    1      **MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS COUNTERCLAIMS**
                                  **PURSUANT TO 425.16**

# **TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................ Pg 3

II.     THE FIRST STEP OF THE anti-SLAPP ANALYSIS .................... Pg 5

III.    THE SECOND STEP OF THE anti-SLAPP ANALYSIS ............. Pg 11

IV.     BACKGROUND ............................................................................. Pg 23

V.      CONCLUSION ............................................................................... Pg 25

VI.     EXHIBT A………. CEASE AND DESIST LETTER          0\4-22-2021

VII.    EXHIBT B………. CEASE AND DESIST LETTER          0\5-07-2021

VIII.   EXHIBT C………. DEMAND LETTER                      0\4-26-2021

IX.     EXHIBIT D………DMCA TAKEDOWN VIMEO #1

X.      EXHIBIT E………DMCA TAKEDOWN EBAY #1

XI.     EXHIBIT F………MINH NGUYEN - TALENT RELEASE FORM

XII.    EXHIBIT G………. DMCA TAKEDOWN VIMEO #2

XIII.   EXHIBIT H………. NAM PHAM – TALENT RELEASE FORM

XIV.    EXHIBIT I………. DMCA TAKEDOWN VIMEO #3

XV.     EXHIBIT J………. DMCA TAKEDOWN EBAY # 2

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS COUNTERCLAIMS PURSUANT TO 425.16**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiffs and Counter-Defendants The Next Vietnam Projects Foundation, Inc.(NVF), Radix Foundation Corp (Radix), Saigon Broadcasting Television Network, Inc. (SBTN), My Van International, Inc.(My Van), Nam Phan, Carina Oanh Hoang, Diep Phan, Trong Phan, Son Nguyen, Thanh Phuong Le and Minh Nguyen's (collectively, "Plaintiffs") have filed a Motion to Strike pursuant to CCP 425.16 (anti-SLAPP) against Defendant and Counterclaimant Frederick Koster (Koster).

It appears the eleven Plaintiffs based their entire anti-SLAPP premise solely on the actions of only one Plaintiff, Minh Nguyen.  The Plaintiffs are stating that her actions of DMCA takedowns of Koster's copyrighted film along with her Cease/Desist and Demand letters (Exhibits A, B, C) are protected under the Right of Free Speech.

- Plaintiffs do not state in their motion what the "Public Interest" was for in their anti-SLAPP motion which is required by § 425.16.

- Plaintiffs do not specify which exact clause in § 425.16 they are justifying for their motion.

- The case law for Freedom of Speech that the Plaintiffs used in their motion to justify the DMCA Takedowns, Cease/Desist letters and Demand letters is misleading and flawed because their referenced case law concerns Registered US Copyright owners' asserting their rights. Minh Nguyen is not a copyright holder of the film. She was sending her notices in reference to the Defendants who are the actual Registered US Copyright owners of the film.

- "The US Supreme Court has held that defamation, perjury, fraudulent attempts to get money, speech actionable under the false light tort, and lies that inflict severe emotional distress are all constitutionally unprotected." *Garrison*, 379 U.S. at 75 (defamation); Konigsberg v. State Bar of Cal., 366 U.S. 36, 49 n.10 (1961) (perjury); Illinois *ex rel.* Madigan v. Telemarketing Assocs., Inc., 538 U.S. 600 (2003) (fraud, even in the context of otherwise fully protected charitable solicitations); Cantrell v. Forest City Publ'g Co., 419 U.S. 245 (1974) (false light); Time, Inc. v. Hill, 385 U.S. 374 (1967) (false light) ; Hustler Mag., Inc. v. Falwell, 485 U.S. 46, 56 (1988) (intentional infliction of severe emotional distress)

- "Lower courts have generally allowed liability or punishment for lies about others' products or property" Unelko Corp. v. Rooney, 912 F.2d 1049,

4

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS COUNTERCLAIMS PURSUANT TO 425.16**

1057-58 (9th Cir. 1990) (trade libel); SCO Grp., Inc. v. Novell, Inc., 692 F. Supp. 2d 1287, 1296 (D. Utah 2010) (slander of title). This is so even though these torts do not injure the individual dignitary interests that have long justified defamation law. *See* Milkovich v. Lorain J. Co., 497 U.S. 1, 22 (1990) (quoting with approval Rosenblatt v. Baer, 383 U.S. 75, 92-93 (1966) (Stewart, J., concurring)).

- The above are two quotes are from Eugene Volokh, *When Are Lies Constitutionally Protected?*, 22-10 KNIGHT FIRST AMEND. INST. (Oct. 19, 2022)

- Koster has contracts with Plaintiffs Minh Nguyen and Nam Pham and asserts that litigation privilege does not apply to the defendants' breach of duties owed to the plaintiff. *Shafer*, *supra*, 107 Cal.App.4th 54,

- Plaintiffs' sole claim for the anti-SLAPP motion is based on the actions of a single plaintiff, Minh Nguyen, therefore this anti-SLAPP motion should only concern her.

## II. THE FIRST STEP OF THE anti-SLAPP ANALYSIS

(A) Defendants must prove that they are being sued for "any act . . . in furtherance of the person's right of petition or free speech under the United States

Constitution or the California Constitution in connection with a Public Issue."
Cal. Civ. Proc. Code § 425.16 (2019).

(B) Their rights of free speech or petition must be in connection with a Public Issue that includes four categories:

   1. statements made before a legislative, executive, or judicial proceeding.

   2. statements made in connection with an issue under consideration by a governmental body.

   3. statements made in a place open to the public or a public forum in connection with an issue of public interest.

   4. Conduct in furtherance of the exercise of free speech or petition rights in connection with "a public issue or an issue of public interest." § 425.16(e).

   o In addition, "the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech." (*City of Cotati,* at p. 78; accord, *Equilon Enterprises,* at p. 66.) "

(C) Exhibits A, B and C clearly show that the Plaintiffs' DMCA takedowns of Koster's copyrighted film along with their Cease/Desist and Demand Letters are solely a business matter concerning money and the alleged contractual obligations of Koster.  There is no mention of Public Interest in these exhibits.

Also, these exhibits did not occur under the referenced numbers above, 1, 2, 3.

(D) But even if Plaintiffs' business communication could somehow be construed for Public Interest, Plaintiffs' anti-SLAPP motion would still be barred by way of California's Supreme Court Ruling on lawsuit, (*FilmOn.com Inc. v. DoubleVerify Inc*., 439 P. 3d 1156 - Cal: Supreme Court 2019.)

- In this case, the California Supreme Court ruled the required inquiry under the catchall provision of Rule 425.16 (e)(4) involves a two-step analysis.
  - The first step is for the Court to look at the content of the statement and determine what public issue is implicated.
  - For the second step, the California Supreme Court ruled that a statement is made in connection with a public interest when it participates or furthers public conversation on the issue. Context is extremely important, and determination is not possible without considering the audience, the speaker, and the purpose of the statement.

(E) Other Conditions for anti-SLAPP Law.

1. "Recognizing the potential chilling effects posed by an overbroad reading of the anti-SLAPP statute itself, the Supreme Court has articulated a test to guide courts in determining whether a claim arises from protected activity. "[I]n ruling on an anti-SLAPP motion, courts should consider the

elements of the challenged claim and what actions by defendant supply those elements and consequently form the basis for liability." (*Park*, *supra*, 2 Cal.5th 1057 at p. 1063.)  - *Laker v. Board of Trustees of the California State University et al*. H044836 pg. 19.

2. In *Flatley v. Mauro* (2006) 39 Cal.4th 299, the California Supreme Court held that an attorney's letter constituted criminal extortion as a matter of law and thus was unprotected by the anti-SLAPP statute.

> Exhibits B and C , contain threats of a criminals charges by Minh Nguyen against defendants unless they send their copyrighted property to Minh Nguyen.

3. Regarding prelitigation communication being protected by the anti-SLAPP statute, this is only true "when it relates to litigation that is contemplated in good faith and under serious consideration." *(Id.* at pp. 36, 38, quoting *Action Apartment Association, Inc. v. City of Santa Monica* (2007).

> Exhibits A-I represent bad faith and are not serious consideration due to the threats of criminal charges against defendants that never arose, false accusations and the long delay in filing the lawsuit (1 year 7 months) and changing the law firm.  Also, plaintiff Minh Nguyen sent these exhibits while under contract

with Koster. Her contract stated she waived her rights for legal action against Koster and affiliates. (Exhibit F).

4. According to the Supreme Court: "An exception to the use of section 425.16 applies only if [1] a 'defendant concedes, or [2] the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter of law.'" (*Birkner v. Lain*, supra, 156 Cal.App.4th at p. 285, emphasis and brackets added, quoting *Flatley supra*, 39 Ca1.4th at p. 320.)

Minh Nguyen acted in bad faith and admittingly made false statements of copyright ownership when submitting DMCA Takedown Notices of Koster's copyrighted film with Koster's Distributors Vimeo and Ebay (Exhibits D, E, G, I, J) and in her Demand and Cease/Desist letters. (Exhibits A, B, C)

5. Minh Nguyen has committed "perjury and misrepresentations" according to **"DMCA 17 U.S. Code § 512 - Limitations on liability relating to material online."**

**(3)(A) Elements of notification**

**(v)** A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

**(vi)** A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed

**(f)MISREPRESENTATIONS.—**Any person who knowingly materially misrepresents under this section—

**(1)** that material or activity is infringing, or

**(2)** that material or activity was removed or disabled by mistake or misidentification, shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer, by any copyright owner or copyright owner's authorized licensee, or by a service provider, who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing, or in replacing the removed material or ceasing to disable access to it.

**(3)CONTENTS OF COUNTER NOTIFICATION.**.

**(C)** A statement under penalty of perjury that the subscriber has a good faith belief that the material was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled.

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS
COUNTERCLAIMS PURSUANT TO 425.16**

6.  Also in Minh's Cease and Desist and Demand Letters, she knowingly and willfully made false and defamatory statements (Exhibits A, B, C), consistently repeating that she had no contract to appear in the film, Koster was not the film copyright holder and that Koster committed criminal activity.

- Exceptions to Litigation Privilege (1) The statute at issue must be "more specific than the litigation privilege," and (2) application of the privilege would render the statute "significantly or wholly inoperable." *See People v. Persolve*, 218 Cal.App.4th 1267, 1274 (2013) (holding that the litigation privilege does not apply to alleged violations of certain state and federal unfair debt collection statutes); *see Action Apartment*, *supra*, at 1246 (the litigation privilege does not apply to criminal prosecution of perjury, false reporting, and attorney deceit because the statutes at issue are "more specific than the litigation privilege and would be significantly or wholly inoperable if its enforcement were barred when in conflict with the privilege.") *People v. Persolve, LLC*, 218 Cal.App.4th 1267, 160 Cal. Rptr. 3d 841 (Cal. Ct. App. 2013) - CASETEXT

## III.   THE SECOND STEP OF THE anti-SLAPP ANALYSIS

- If the defendant prevails in this (first) step of the analysis, the trial court must then assess the merits of the plaintiff's claim.   The Supreme Court has

described this second step of the SLAPP analysis as a "summary-judgment-like procedure." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384 (*Baral*).)

- The plaintiff just needs to establish that its claim has "at least 'minimal merit.'" (*Park*, *supra*, 2 Cal.5th at p. 1061

- "Under federal law, 'summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' . . . '. . . [A]t the summary judgment stage the judge's function is *not . . . to weigh the evidence* and determine the truth of the matter but to determine whether there is a genuine issue for trial. . . .'" ( *Hung v. Wang*, *supra*, <u>8 Cal.App.4th at pp. 931-933</u>, italics added.) Thus, to the extent the parties' evidence is in conflict, the facts and inferences supported by the plaintiff's evidence must be accepted as true. (See *Ortiz v. Los Angeles Police Relief Assn.* (2002) <u>98 Cal.App.4th 1288, 1298-1299</u>.)

- "For the second step of the anti-SLAPP analysis, it must always be remembered that the court is not permitted to weigh the evidence; indeed, the evidence offered by the plaintiff is taken as true, even if defendant offers contrary evidence.

   A plaintiff has the right to have his case decided on the facts by a judge or jury. That right can only be circumvented if the matter at hand can be decided

as a matter of law. The moment the court must weigh evidence, a trial is necessary. So, a demurrer, motion for judgment on the pleadings, anti-SLAPP motion, and motion for summary judgment are all decided by taking the evidence offered by plaintiff as true. Only when the evidence is taken as true, but still fails to support an action, can the court then dismiss the case." Aaron Morris – *Morris & Stone LLP*

- The Federal Code of Civic Procedure Rule 56 (a): "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Summary Judgement aspect of Plaintiffs' anti-SLAPP motion should be dismissed because Plaintiffs have stated in their motion that there are genuine disputes that are critical between the parties in reference to "material facts". The Plaintiffs' Motion to Strike, Complaint and Koster's Answer and Counterclaim contain a long list of disputes to material fact. Examples:

  - Plaintiffs Minh Nguyen and Nam Pham signed written Talent Release Form Contracts with Koster. (Exhibits F and H).

  - Based on the Talent Release Forms, Koster asserts that Nguyen and Pham have waived their rights to sue Koster and his affiliates.

  - Plaintiffs disagree and state "a release is not a covenant not to sue." (pg. 15, lines 14-15 of Plaintiffs' motion)

- In the Plaintiffs defense of the counterclaim of Conversion by Koster,

- Plaintiffs allege that Koster never asked for the return of his property.

- Koster asserts that he did request return of his property.

## IV.   COUNTERCLAIMS OF KOSTER

### A. CONVERSION – ALL ELEVEN PLAINTIFFS

1. "Conversion is an <u>intentional tort</u> which occurs when a party takes the <u>chattel</u> property of another with the <u>intent</u> to deprive them of it…… For the purposes of conversion, "intent" merely means the objective to possess the property or exert property rights over it." Cornell Legal Information Institute.

2. The Plaintiffs have committed Conversion by:

- The Plaintiffs, as admitted by them, have in their unauthorized possession Koster's Copyrighted Property (Film, Interviews, related materials) that they demanded and received in a settlement with previous codefendant in this case, Brian Tooker. Plaintiffs also instructed Tooker not to return Koster's property back to Koster which he hasn't.

- Plaintiffs, as admitted by them, submitted DMCA copyright Takedown notices of Koster's copyrighted film. to Koster's film Distributors,

claiming that they were the copyright holders of the film, not Koster, thus denying Koster his rights of film distribution.

- Plaintiffs, as admitted by them, made multiple statements stating that Koster does not own the film to numerous parties.

- Plaintiffs' Defense:

- Plaintiffs claim a defense of Litigation Privilege and Koster did not ask for return of his preoperrty.

- **Plaintiffs' unauthorized possession of Koster's film property is physical recording evidence to be used in this case and is not Litigation Privilege according to Cal. Civ. Code § 47(2).**

- **47(2)** "This subdivision does not make privileged any communication made in furtherance of an act of intentional destruction or alteration of physical evidence undertaken for the purpose of depriving a party to litigation of the use of that evidence, whether or not the content of the communication is the subject of a subsequent publication or broadcast which is privileged pursuant to this section. As used in this paragraph, "physical evidence" means evidence specified in Section 250 of the Evidence Code or evidence that is property of any type specified in Chapter 14 (commencing with Section 2031.010) of Title 4 of Part 4 of the Code of Civil Procedure.".

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS COUNTERCLAIMS PURSUANT TO 425.16**

- Koster has met the requirements of California law for the elements required to prove a Conversion claim according to Judicial Council of California's Civil Jury Instructions, No. 2100 and (Burlesci v. Petersen (1998) 68 Cal.App.4th 1062, 1066; Regent Alliance Ltd. v. Rabizadeh (2014) 231 Cal.App.4th 1177, 1181.

- Conversion Elements:

(1) the plaintiff's ownership or right to possession of the property.

- Koster owns the copyright of his film and related film materials.

(2) the defendant's conversion by a wrongful act or in a manner that is inconsistent with the plaintiff's property rights.

- Plaintiffs admitted possession of Koster's property and DMCA Takedown Notices and multiple statements against Koster's copyright.

(3) resulting damages

Koster has lost substantial financial damages due to the stoppage of film's distribution by the DMCA Takedowns and current actions of Plaintiffs.

As stated in Koster's counterclaim (pg.33) which includes repeating and realleging all the foregoing paragraphs in the counterclaim. Koster, according to Federal Rules of Civic Procedures 8 has met the minimum requirements for the elements of Conversion.

1

**B. DEFAMATION – MINH NGUYEN, NAM PHAM, RADIX CORP**

2  The California Court of Appeals defined defamation as a statement "which

3  exposes any person to hatred, contempt, ridicule or obloquy, or which causes

4  him to be shunned or avoided, or which has a tendency to injure him in his

5  occupation." *Mattel, Inc. v. Luce, No. B143260, 2001 WL 1589175,* at *8

6  (Cal. Ct. App. Dec. 13, 2001), as modified (Jan. 8, 2002) *(quoting Cal. Civ.*

7  *Code § 45).*

8

9  • By Plaintiffs Minh Nguyen, Nam Pham and Steve Sherman of Radix

10    Corp have defamed Koster in Koster's chosen profession in the same

11    manner as in *Del Junco v. Hufnagel.* whereby the defendant falsely

12    alleged that the plaintiff lacked the requisite medical training to

13    perform surgery. In the court's eyes, this was enough to constitute not

14    only defamation but defamation per se. ***Del Junco v. Hufnagel, 150***

15    ***Cal. App. 4th 789, 798-99 (2007).***

16  • Plaintiffs Minh Nguyen, Nam Pham and Steve Sherman of Radix

17    Corp have not denied their actions but rely on the defense of Legal

18    Privilege and Statute of Limitations

19  • Koster met the Statute of Limitations by previously filing a civil lawsuit

20    against Minh Nguyen for Defamation, on May 20, 2021 case # CV2021-

21

008299 in the State of Arizona.  The Judge's ruling in this case was that Jurisdiction was not in Arizona.

- In reference to Defamation, Plaintiffs only address Libel and do not mention Slander in Koster's Defamation counterclaim.  The primary method to prove Slander is through witness testimony and it would be an injustice to Koster if the court did not have an opportunity to hear witness testimony on slander.

- One recent example of Plaintiffs' Slander is evidenced in Exhibit G of the Plaintiffs Complaint in Richard Botkin's Declaration (Exhibit G, pg. 13, Line 7-15) signed by him on November 21, 2022, whereby Botkins states that Plaintiffs Steve Sherman of Radix, Minh Nguyen and Nam Pham all contacted him about Koster;

- 35." I knew very little of FK's involvement with TOE. He shared none of his journey on this endeavor with me. I learned of things when contacted by Steve Sherman of Vietnam Veterans for Factual History ("VVFH") and Minh Nguyen……… After listening to Steve, Minh and Nam Pham (another main figure in the TOE effort.), I saw recurrence and worse in the challenges and grievances I have with FK."

- For the Plaintiffs' allegation that their conduct of defamation outside the Statute of Limitations, Koster asserts that he acted timely and was well within the statute of limitations of Cal. Code Civ. Proc. § 340(c), which requires

commencement of action within one year.

- Koster filed a civil lawsuit against Minh Nguyen for Defamation, on May 20, 2021 case # CV2021-008299 in the State of Arizona.  The Judge's ruling in this case was that Jurisdiction was not in Arizona.

- As stated in Koster's counterclaim (pg.32) which includes repeating and realleging all of the foregoing paragraphs in the counterclaim. Koster, according to Federal Rules of Civic Procedures 8 has met the minimum requirements for the elements of defamation.

## C. BREACH OF CONTRACT – MINH NGUYEN, NAM PHAM, MY VAN

1. There are four standard elements required to establish a claim for breach of contract in California: (i) the existence of a valid contract, (ii) the plaintiff's performance (iii) the defendant's breach of contract, and (iv) resulting damages.

2. As stated in Koster's Counterclaim, Plaintiffs Minh Nguyen and Nam Pham have both signed written Talent Release Form contracts (Exhibit F, H) with Koster.  Both stated in the Plaintiffs Complaint that they agreed to be in the film.

3. As stated in Koster's Counterclaim, Plaintiff My Van and Koster formed a written agreement through email exchanges for use of 12 seconds of historical footage for Koster's film.

4. As stated in Koster's Counterclaim, Koster has perfumed his obligations under the contracts.

5. As stated in Koster's Counterclaim, My Van breached this agreement by changing his mind about this video usage of 12 seconds without informing Koster and filing a malicious lawsuit against Koster.

6. As stated in Koster's counterclaim (pg.31) which includes repeating and realleging all of the foregoing paragraphs in the counterclaim. Koster, according to Federal Rules of Civic Procedures 8, has met the minimum requirements for the elements of Breach of Contract.

## D.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST MINH NGUYEN, NAM PHAM, RADIX   CORPORATION

CACI No. 1600. Intentional Infliction of Emotional Distress—Essential Factual Elements
.

- To establish this claim, plaintiff must prove all the following:

  - o  That defendant's conduct was outrageous.

  - o  That defendant intended to cause the plaintiff emotional distress "or" that defendant acted with reckless disregard of the probability that plaintiff would suffer emotional distress, knowing that the plaintiff was present when the conduct occurred

o That the plaintiff suffered severe emotional distress; and 4. That

defendant's conduct was a substantial factor in causing plaintiff's

severe emotional distress.

As stated in Koster's counterclaim (pg.34) which includes repeating and

realleging all of the foregoing paragraphs in the counterclaim. Koster,

according to Federal Rules of Civic Procedures 8 has met the minimum

requirements for the elements.

**E. TORTIOUS INTERFERENCE MINH NGUYEN, NAM PHAM, RADIX**

"Intentional IWPEA occurs when a defendant interferes in an

economic relationship between the plaintiff and a third party.

California law identifies seven elements.

1. An economic relationship that was likely to benefit the

plaintiff.

2. The defendant's knowledge of this relationship.

3. Independent wrongful conduct by the defendant.

4. Intent on the defendant's part to disrupt the economic

relationship, or knowledge that disruption was likely because

of their conduct;

5. Disruption of the relationship.

6. Harm to the plaintiff; and

7. A causal connection between the wrongful act and the harm 5 The interference must have been wrongful "by some measure beyond the fact of the interference itself." *Della Penna v. Toyota Motor Sales, USA, Inc.*, 11 Cal.4th 376, 393 (1995). An IWPEA claim does not require proof of a written contract and can be asserted in situations where the statute of frauds would otherwise require one. *Buckaloo v. Johnson*, 14 Cal.3d 815, 824 (1975)". – BONA LAW

- As stated in Koster's counterclaim (pg.35) which includes repeating and realleging all the foregoing paragraphs in the counterclaim. Koster, according to Federal Rules of Civic Procedures 8 has met the minimum requirements for the elements of Tortious Interference.

## F. FRAUD AGAINST PLAINTIFFS MINH NGUYEN AND NAM PHAM

1900. Intentional Misrepresentation – Plaintiff claims that defendant made a false representation that harmed the plaintiff. To establish this claim, plaintiff must prove the following:

1. That defendant represented to plaintiff that a fact was true.

2. That defendant's representation was false

3. That defendant knew that the representation was false when defendant made it, or that defendant made the representation recklessly and without regard for its truth.

4. That defendant intended that plaintiff rely on the representation.

5. That plaintiff reasonably relied on defendant's representation.

6. That plaintiff was harmed.

7. That plaintiff's reliance on defendant's representation was a substantial factor in causing plaintiff's harm.

Koster relied on the written contracts signed by Minh Nugyen and Nam Pham to be honored by them. As a result of their actions, it is obvious they had no intention of fulfilling their obligations. As stated in Koster's counterclaim (pg.36) which includes repeating and realleging all the foregoing paragraphs in the counterclaim. Koster, according to the Federal Rules of Civic Procedures 8, has met the minimum requirements for the elements of Fraud.

## V. __BACKGROUND__

Koster directed, produced, and wrote the screenplay for a film called "Through Our Eyes - The Vietnam War".

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS COUNTERCLAIMS PURSUANT TO 425.16**

Plaintiffs Radix Corp. and SBTN Corp. allege that through "their conduct and mutual representations" with Defendant Koster, they established an unwritten contract with Koster. They also claim to be Producers of the film. Radix and SBTN also allege Koster received $300,000 from them.

Plaintiff Next Vietnam Foundation Corp claims to be a third-party beneficiary of this unwritten contract.

- Koster asserts there was no communication with Radix and SBTN that would establish a contract between the parties, and they are not Producers of the film.

- Koster asserts that he and the co-defendants did not receive $300,000 from Radix/ SBTN.

- Koster asserts that Next Vietnam Foundation was not in existence when the alleged unwritten contract was formed.

Plaintiffs Nam Pham and Minh Nguyen signed written Talent Release Form Contracts with Koster.

Plaintiff My Van Corp. (My Van) and Koster established a contract through written emails that states My Van gave permission to Koster for use of its historical video footage for a film made by Koster. Koster used 12 seconds of this footage. My Van alleges Koster made an unwritten representation that the Film's ownership would belong to the NVF.

- Koster denies he made any representations that NVF would own the film.

The seven Plaintiffs listed as individuals in the lawsuit against Koster, state that they gave their permission to be in the film based on Koster's representation that NVF would own the rights to the film.

- Koster asserts that some of these individuals did not appear in the film.

- Koster denies representing that NVF would own the film.

- Koster asserts that NVF was not in existence during Plaintiffs' allegations.

## **Conclusion**

The Plaintiffs are currently in default for not answering Koster's Answer and Counterclaim. It appears the Plaintiffs have used the anti-SLAPP motion to avoid having to answer the statements in Koster's counterclaim and to burden Koster with the restrictions and short timelines in answering an anti-SLAPP motion.

Koster followed Rule 8 of Federal Rules of Civic Procedure in his Counterclaim whereby Rule 8 states the pleading should be a short and plain statement with each allegation being simple, concise, and direct.  Koster fulfilled the obligations of Federal Rule 8, but due to the restrictions of Rule 8, it does not allow for a full defense against a California state law of an anti-SLAPP motion.

Koster respectfully asks the Court, if need be, that Koster be allowed to amend his Counterclaim to add more specific information.

**MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS COUNTERCLAIMS PURSUANT TO 425.16**

In the "Interest of Justice", Koster respectfully asks the Court to allow this counterclaim to go to trial by dismissing the plaintiffs' motion to strike. The plaintiffs are erroneously using the anti-SLAPP law combined with Litigation Privilege in an obvious attempt to avoid a judgement at trial.

Koster proposes recovery of damages according to the anti-SLAPP statute that states, "If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5." (§ 425.16, subd. (c)(1).)

DATED this 26 day of July, 2023

*Frederick Koster*

_____
Frederick Koster Defendant Pro Per

# EXHIBIT A

From: ThucMinh Nguyen
Sent: Thursday, April 22, 2021 10:16 PM
To: 'fred@kosterfilms.com' <fred@kosterfilms.com<mailto:fred@kosterfilms.com>>
Cc: 'namphu8@gmail.com' <namphu8@gmail.com<mailto:namphu8@gmail.com>>;
'trucho@sbtn.tv' <trucho@sbtn.tv<mailto:trucho@sbtn.tv>>; 'phi@myvanfilms.com'
<phi@myvanfilms.com<mailto:phi@myvanfilms.com>>; 'thucnhi4@gmail.com'
<thucnhi4@gmail.com<mailto:thucnhi4@gmail.com>>;
'vuthanhthuy@radiosaigonhouston.com'
<vuthanhthuy@radiosaigonhouston.com<mailto:vuthanhthuy@radiosaigonhouston.com>>;
'trong.phan@gmail.com' <trong.phan@gmail.com<mailto:trong.phan@gmail.com>>;
'jane.nguyen@alpharealtors.net'
<jane.nguyen@alpharealtors.net<mailto:jane.nguyen@alpharealtors.net>>;
'tomhoang@hoangla.com' <tomhoang@hoangla.com<mailto:tomhoang@hoangla.com>>;
'ngoan98@yahoo.com' <ngoan98@yahoo.com<mailto:ngoan98@yahoo.com>>;
'duongphuc@radiosaigonhouston.com'
<duongphuc@radiosaigonhouston.com<mailto:duongphuc@radiosaigonhouston.com>>;
'lienhoahouston13@gmail.com'
<lienhoahouston13@gmail.com<mailto:lienhoahouston13@gmail.com>>;
'apham2001@yahoo.com' <apham2001@yahoo.com<mailto:apham2001@yahoo.com>>;
'dofamily@aol.com' <dofamily@aol.com<mailto:dofamily@aol.com>>;
'nptruong6025@gmail.com' <nptruong6025@gmail.com<mailto:nptruong6025@gmail.com>>;
'ttaitrinh@gmail.com' <ttaitrinh@gmail.com<mailto:ttaitrinh@gmail.com>>;
'Duong@pragmatics.com' <Duong@pragmatics.com<mailto:Duong@pragmatics.com>>;
'jimmcleroy@aol.com' <jimmcleroy@aol.com<mailto:jimmcleroy@aol.com>>
Subject: ATTN: Fred Koster - TOE CEASE AND DESIST

Fred,

I write regarding the unauthorized use of my image in the film: "Through Our Eyes – The
Vietnam War" (the "TOE" film) and respectfully request that you cease and desist all use of my
image, name, voice, photograph, and likeness in any commercial medium. This email serves as a
last effort to resolve this dispute amicably before I am forced to file suit to protect my
intellectual property rights and those of the Vietnamese Community.

To be clear, I have never authorized or consented to the use of my image, verbal or otherwise,
for public release of the TOE film. In fact, I was assured repeatedly by you that no version will
be released without my express consent. However, without my knowledge and consent, my
image and likeness are published on IMBD (available at:
https://www.imdb.com/title/tt10957908/) and a version of the TOE film is sold on eBay for
$22.94 with shipping (available at: https://www.ebay.com/itm/124683016989). Your
unauthorized unilateral misconduct flies in the face of the good-will intended by the numerous
donors who financially contributed to the TOE film for your own personal unjust gain – and
evidences your intentional and willful deceit to defraud donors, despite repeated notice of your
infringement. To date, no response has been provided and review of the respective eBay and
IMBD webpages for TOE show that your intentional and willful infringement of my copyright
and the Vietnamese Community's copyright has continued.

EXHIBIT A
1

In fact, as a contractor-for-hire by VVFH – the representative non-profit agent for the Vietnamese Community's interest in the TOE film – neither you, Fred Koster nor Koster Films LLC, own any copyright or intellectual property to any versions, regardless of medium, of the TOE film and at least ninety-three (93) interview footages. Thereby, you, Fred Koster and Koster Films LLC, do not have the right to list the TOE film on IMBD or sell any versions of the film on eBay or any other commercial medium. Your continued fraudulent misrepresentation as the copyright holder of the TOE film, continued refusal to immediately relinquish at least the ninety-three (93) interview footages, and continued unauthorized use of my image are gross violations of the law. Unless Fred Koster or Koster Films LLC immediately cease and desist all actions relating to the TOE film and immediately send us the footages of at least ninety-three (93) interviews, I and the Vietnamese Community are prepared to pursue at least the following claims against you, Fred Koster and Koster Films LLC:

• copyright infringement;
• fraud;
• constructive fraud;
• fraudulent concealment;
• fraudulent misrepresentation;
• negligent misrepresentation;
• unjust enrichment;
• breach of fiduciary duty;
• breach of contract;
• breach of implied contract;
• breach of covenant of good faith and fair dealing;
• breach of oral agreement;
• professional negligence;
• defamation per se.

In light of the foregoing, we request that you immediately cease and desist from all unauthorized use of copyright infringement, remove the IMBD page, remove the eBay page, and send us the ninety-three (93) interview footages. If you, Fred Koster or Koster Films LLC, fail to comply, we will pursue all remedies available to us including, but not limited to, commencing an action for injunctive relief and monetary damages. We intend to hold you, Fred Koster and Koster Films LLC, fully responsible for all costs, damages and/or consequences of its actions if you fail to comply with this letter, and immediately refrain from all unauthorized activities.

To the extent that you believe that by remaining silent you can continue your infringement without negative repercussions, we refer you to 15 U.S.C. § 1116, which gives us the right to an injunction against infringement, and 15 U.S.C. § 1117, which gives us the right to, among other remedies, "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."

Nothing contained in this cease and desist request shall be construed as a waiver of our rights and/or remedies, all of which are expressly reserved. This is the final notice that you will receive before hearing from our law firm. We demand that all infringement cease or we will bring an

infringement action to protect our rights.


Sincerely,

Minh

# EXHIBIT B

From: ThucMinh Nguyen <TNguyen@kasowitz.com<mailto:TNguyen@kasowitz.com>>
Date: 5/7/21, 5:56:21 PM PDT
To: fred@kosterfilms.com<mailto:fred@kosterfilms.com>
<fred@kosterfilms.com<mailto:fred@kosterfilms.com>> BT Productions
<btproductionsaz@gmail.com<mailto:btproductionsaz@gmail.com>> BT Productions
<create@btproductionsmedia.com<mailto:create@btproductionsmedia.com>> Brian Tooker
<briantooker91@gmail.com<mailto:briantooker91@gmail.com>>
Cc: namphu8@gmail.com<mailto:namphu8@gmail.com>
<namphu8@gmail.com<mailto:namphu8@gmail.com>>
trucho@sbtn.tv<mailto:trucho@sbtn.tv> <trucho@sbtn.tv<mailto:trucho@sbtn.tv>>
phi@myvanfilms.com<mailto:phi@myvanfilms.com>
<phi@myvanfilms.com<mailto:phi@myvanfilms.com>>
thucnhi4@gmail.com<mailto:thucnhi4@gmail.com>
<thucnhi4@gmail.com<mailto:thucnhi4@gmail.com>>
vuthanhthuy@radiosaigonhouston.com<mailto:vuthanhthuy@radiosaigonhouston.com>
<vuthanhthuy@radiosaigonhouston.com<mailto:vuthanhthuy@radiosaigonhouston.com>>
trong.phan@gmail.com<mailto:trong.phan@gmail.com>
<trong.phan@gmail.com<mailto:trong.phan@gmail.com>>
jane.nguyen@alpharealtors.net<mailto:jane.nguyen@alpharealtors.net>
<jane.nguyen@alpharealtors.net<mailto:jane.nguyen@alpharealtors.net>>
tomhoang@hoangla.com<mailto:tomhoang@hoangla.com>
<tomhoang@hoangla.com<mailto:tomhoang@hoangla.com>>
ngoan98@yahoo.com<mailto:ngoan98@yahoo.com>
<ngoan98@yahoo.com<mailto:ngoan98@yahoo.com>>
duongphuc@radiosaigonhouston.com<mailto:duongphuc@radiosaigonhouston.com>
<duongphuc@radiosaigonhouston.com<mailto:duongphuc@radiosaigonhouston.com>>
lienhoahouston13@gmail.com<mailto:lienhoahouston13@gmail.com>
<lienhoahouston13@gmail.com<mailto:lienhoahouston13@gmail.com>>
apham2001@yahoo.com<mailto:apham2001@yahoo.com>
<apham2001@yahoo.com<mailto:apham2001@yahoo.com>>
dofamily@aol.com<mailto:dofamily@aol.com>
<dofamily@aol.com<mailto:dofamily@aol.com>>
nptruong6025@gmail.com<mailto:nptruong6025@gmail.com>
<nptruong6025@gmail.com<mailto:nptruong6025@gmail.com>>
ttaitrinh@gmail.com<mailto:ttaitrinh@gmail.com>
<ttaitrinh@gmail.com<mailto:ttaitrinh@gmail.com>>
Duong@pragmatics.com<mailto:Duong@pragmatics.com>
<Duong@pragmatics.com<mailto:Duong@pragmatics.com>>
jimmcleroy@aol.com<mailto:jimmcleroy@aol.com>
<jimmcleroy@aol.com<mailto:jimmcleroy@aol.com>>
richbotkin@icloud.com<mailto:richbotkin@icloud.com>
<richbotkin@icloud.com<mailto:richbotkin@icloud.com>>
sherman1@flash.net<mailto:sherman1@flash.net>
<sherman1@flash.net<mailto:sherman1@flash.net>>
Subject: RE: ATTN: Fred Koster - TOE CEASE AND DESIST

EXHIBIT C
1

Fred Koster, Koster Films LLC, and affiliates:

I write regarding your failure to comply with our cease and desist demands set forth on April 22, 2021 (ThucMinh Nguyen April 22, 2021 Email, Attachment 1) ("[W]e request that you immediately cease and desist from all unauthorized use of copyright infringement, remove the IMDb page, remove the eBay page, and send us the ninety-three (93) interview footages.").

From April 22, 2021, we have sent at least four cease and desist demand emails, which provide notice of your copyright infringement, demand that you cease and desist, and request a response. To date, you have failed to respond to any of our cease and desist demands. A review of eBay, IMDb, Vimeo, and Through Our Eyes websites shows that your willful infringement of our copyright has continued. Despite repeated requests and confirmation from you and Koster Films LLC for the return of at least ninety-three (93) interviews, we received no footage. Your fraudulent misconduct is malicious and an intentional effort to hold hostage our property by (1) refusing to return all films and related materials, and (2) disseminating false copyright ownership claim to the TOE project.

In fact, despite your admission and acknowledgement on April 23, 2021 that you will be "shutting down the film website and marketing" you maliciously relisted the TOE film on eBay with all proceeds to go directly to you, Fred Koster and Koster Films LLC. (Fred Koster April 23, 2021 Email, Attachment 5). Subsequently on April 25, 2021, eBay notified us that your eBay listing was pending removal. (eBay Listing Removal Pending April 25, 2021 Email, Attachment 2). Immediately on April 26, 2021, you removed such listing (Screenshot of eBay listing removal, Attachment 3) and relisted the TOE film for sale at $15.99 plus shipment of $6.95 on a new eBay link, with presale shipment to be sent out by May 14, 2021 (Screenshot of eBay relisting, Attachment 4). In addition, you, Fred Koster, and Koster Films LLC fraudulently claim, without our consent and without authority that you are the copyright owner of the TOE project and falsely listed on eBay, that you, Fred Koster, and Koster Films LLC are the copyright owners. (Screenshot of eBay relisting, Attachment 4).

Compounding your fraudulent misconduct, on the same day that you relisted the TOE film for sale on eBay, on April 26, 2021 – despite your representation on April 23, 2021 that you will be "shutting down the film website and marketing" – you maliciously and intentionally listed the TOE film for not only DVD pre-order, but also, for the first time, permitted streaming for $9.99 per view through Vimeo on the Through Our Eyes website. (See Screenshot of pre-order and Vimeo streaming available at throughoureyesmovie.com, Attachment 6). Your unauthorized and fraudulent conduct highlights the hypocrisy of your statement when you claimed "[you] made a great film that really tells the South Vietnamese story like it has been never told before." (Fred Koster April 23, 2021 Email, Attachment 5). Indeed, it is a South Vietnamese story of which you, Fred Koster and Koster Films LLC, Brian Tooker and BT Productions fraudulently claim sole copyright ownership. (See Screenshot of Vimeo Streaming Copyright, Attachment 7; Screenshot of Koster Films LLC Claim Copyright to TOE Website, Attachment 17).

In fact, in an attempt to ensure that we have diligently notified all relevant parties of the current status of your and Koster Films LLC fraudulent conduct, we sent a courtesy email on April 27, 2021 to Brian Tooker and BT Production, who upon information and belief possess all relevant

EXHIBIT C
2

TOE materials. (April 27, 2021 Email to Brian Tooker and BT Production, Attachment 8). To date, we received no response from either Brian Tooker or BT Productions LLC. On that same day, April 27, 2021, we also filed a copyright infringement notice to Vimeo, upon which Vimeo immediately removed the infringing material. (See Vimeo Removal Notification, Attachment 9). However, on April 28, 2021, upon your and Koster Films LLC instructions, Brian Tooker and BT Production filed a counter copyright claim to the TOE film on Vimeo. (See Vimeo Notification of Counter Copyright Claim, Attachment 10). You, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC intentionally and willfully deceive others in the belief that you are the copyright owner of the TOE project and have continued to use our Community's good-will to defraud and hold hostage our rightful property in direct violation of well-established Federal and California law. This email serves as a notice that you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC are liable for your fraudulent conducts in criminal and civil proceedings in the court of law.

To be clear, as a contractor-for-hire by VVFH and NVPF – the representative non-profit agents for the Vietnamese Community's interest in the TOE film – neither you, Fred Koster, Koster Films LLC, Brian Tooker, nor BT Productions LLC own any copyright or intellectual property to any versions, regardless of medium, of the TOE project. We have complete written documentation and correspondence between VVFH and NVPF, the rightful owners, and you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC, requesting your services as contractor-for-hire.

Furthermore, you falsely claim that you have used your "own money, working for free and now owning money to those who worked for me." (Fred Koster April 23, 2021 Email, Attachment 5). This is completely untrue. As a contractor-for-hire, you have allocated portions of the budget provided for the TOE project for yourself - Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC - in excess of $245,987.50 with a ten (10) percent contingency fee. (See Budget submitted by Fred Koster and Koster Films LLC, Attachment 11). In fact, you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC received over $268,515 from VVFH and NVPF for the TOE project. Despite repeated request for an itemized expense of the finances wired directly to you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC, to date, there has been no accounting provided. (See Accounting of Bank Wired to Koster Films LLC, Attachment 12). You now conveniently claim that you used your own money, worked for free, and now owe money for services rendered during filming the TOE project. Again, these claims are all false. To date, you have refused and still refuse to provide any itemized receipts from the TOE project.

To the extent you are not well versed in the law of copyright infringement, and it appears you are not, the absence of a written contract does not permit you to falsely claim copyright ownership of the TOE project. Indeed, California law is clear that a contract "may be written, oral or inferred from the parties' conduct (the last being called an "implied-in-fact" contract)." Westside Estate Agency, Inc. v. Randall, 6 Cal. App. 5th 317, 328 (2016); see also Retired Employees Assn. of Orange County, Inc. v. County of Orange, 52 Cal. 4th 1171, 1178 (2011) ("The existence and terms of an implied contract are manifested by conduct. (Civ. Code, § 1621.)

As you are well aware, you have been wired over $268,515 over the course of approximately

EXHIBIT C
3

three (3) years from the date of the TOE project conception by VVFH and NVPF. (See Accounting of Bank Wired to Koster Films LLC, Attachment 12). You, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC were brought onto the project by VVFH and NVPF, and you were provided detailed pitch materials such as concepts, storylines, and other materials wherein you agreed to work as a contractor-for-hire and were properly compensated. (See Bank wire statements and budget). This is more than sufficient to create an implied-in-fact contract under California law. The existence of an implied-in-fact contract here is further evidenced by your course of dealing in connection with the ninety-three (93) interviews and filming, which you were properly compensated. Your, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC conduct constitutes a clear and blatant violation of California law, including the well-established body of law regarding implied-in-fact contracts.

In addition, your April 23, 2021 email is filled with false statements. First, you do not have a "signed film contract" with me as you have falsely stated. (Fred Koster April 23, 2021 Email, Attachment 5). I volunteered my time and paid for my own expenses for the successful completion of the TOE project and therefore never had a contract for my appearance with VVFH and NVPF, the rightful copyright owner of the TOE film. I never signed, consented, or authorized the public release of my image in the TOE film. I was assured repeatedly by you that no version will be publicly released without my express consent. However, without my knowledge and consent, my image and likeness are published on IMDb, eBay, and streamed on Vimeo.

Second, you claimed that you "made a great film that really tells the South Vietnamese story like it has been never told before." (Fred Koster April 23, 2021 Email, Attachment 5). Yet the TOE documentary is filled with inaccurate historical footages that do not belong to the Vietnam War or the Vietnam War re-education camps. Despite our repeated requests to remove the inaccurate clips, you have refused. Your conduct exhibited a pattern of behavior that showcases your complete disregard for the accuracy of the documentary. Additionally, your conduct from your time on set for "Ride the Thunder", under the direction of Richard Botkin, the rightful copyright owner of Ride the Thunder, illustrated an utter and complete lack of knowledge regarding the Vietnam War subject matter. Despite this, in an April 1, 2021 interview with Steven Synder, you proclaimed yourself as an "expert in the Vietnam War" and fraudulently represented that your films are funded by "special interests groups" and "investors." (Steven Snyder Interview of Fred Koster, available at: https://anchor.fm/stevendsnyder/episodes/Episode-11--Fred-Koster-eu1v32). These were not and are not films funded by special interest groups or investors. VVFH and NVPF are your employers, and you were the contractor-for-hire who took advantage of our trust and goodwill. Your statements are false and fraudulently misrepresent your role as a contactor-for-hire in both the TOE project and Ride the Thunder films. We demand acknowledgement that you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC do not have any copyright and/or intellectual property to any versions of the TOE and Ride the Thunder productions. Be advised that Mr. Richard Botkin has agreed to join our criminal and civil actions against you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC.

This email serves to put you on notice that we are acquiring legal representation and will be pursuing both criminal and civil proceedings against you, Fred Koster and Koster Films LLC for

EXHIBIT C
4

at least the following claim of actions: copyright infringement; fraud; constructive fraud; fraudulent concealment; fraudulent misrepresentation; negligent misrepresentation; unjust enrichment; breach of fiduciary duty; breach of contract; breach of implied contract; breach of covenant of good faith and fair dealing; breach of oral agreement; professional negligence; defamation per se; and tortious interference.

We therefore demand (i) that you cease and desist further dissemination of false copyright ownership claim to TOE production; (ii) immediately return at least ninety-three (93) interview footages, all related footages, and materials related to the TOE project; (iii) cease all sales on eBay, Vimeo, and any other commercial medium; (iv) cease and desist further dissemination of false copyright ownership claim to Ride the Thunder production; (v) return all footages, related footages, and materials related to the Ride the Thunder production; and (vi) promptly publish appropriate retractions and corrections to false statements made as to your illicit copyright ownership of the abovementioned productions. To be clear, we are proceeding with all criminal and civil proceedings against you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions. We will take all and every precaution to ensure that television and radio networks who have conducted an interview of our TOE project are notified of the criminal and civil proceedings against you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions – it is our duty and responsibility to notify the thousands of donors who contributed to the TOE project.

Be advised that our claims herein are serious and should not be taken lightly. On "Through Our Eyes" website, you, Fred Koster, claims that "Koster Films is excited to announce the completion and release of the historic film, Through our Eyes - The Vietnam War. Unfortunately, Koster Films has received threats if we continue to release this film. Currently, there are investigations of these threats." (See Screenshot of Through Our Eyes website, Attachment 13).

Our counsel will send you a formal demand letter stating our claim of actions against you and prayers for relief, including but not limited to: (1) the entire sum of the contract at least in the amount of $268,515; (2) statutory damages in at least $150,000 as set forth in §504(c)(2) therein; (3) injunctive relief pursuant to 15 USC §1116, (4) attorney costs and fees pursuant to 15 USC §1117; and (5) treble punitive damages pursuant to Cal Civ §1770(a)(4) – total liable economic damages in excess of $2,000,000 against you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC. In addition, we are in discussion with the District Attorney Office and will set forth a meeting to commence a formal criminal complaint wherein an audit of you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC will commence immediately.

In addition, be advised that it is upon information and belief that Heidi Koster is the key principal of Koster Films LLC and will be a party to our actions against you, Fred Koster and Koster Films LLC. (See Heidi Koster – Koster Films LLC, Attachment 14) ("Key Principal: Heidi Koster"). Upon information and belief your, Fred Koster and Koster Films LLC address for legal service is 3655 W Anthem Way, Anthem Arizona, 85086, Maricopa County. (Koster Films LLC Arizona Corporation Commission, Attachment 15). Upon information and belief, Brian Tooker and BT Productions LLC address for legal service is 1952 E Ebony Pl, Chandler, Arizona 85286. (BT Productions LLC Arizona Corporation Commission, Attachment 16).

EXHIBIT C
5

In the meantime, you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions are directed to maintain and preserve any and all communications and documents concerning the TOE and Ride the Thunder productions in your possession, custody, and/or control, including but not limited to, emails, instant-message communications, notes, telephone records, text messages and computer files. Nothing contained in or omitted from this letter is, or should be construed as, a limitation, restriction or waiver, express or implied, of any of our rights and remedies in connection with the matters raised herein, all of which are expressly reserved.

Regards,
Minh



ThucMinh Nguyen
Kasowitz Benson Torres LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
Tel. (650) 453-5420
Fax. (650) 362-9302
TNguyen@kasowitz.com<mailto:TNguyen@kasowitz.com>

EXHIBIT C
6

# EXHIBIT C

**From:** ThucMinh Nguyen <TNguyen@kasowitz.com>
**Date:** 4/26/21, 1:49:20 PM PDT
**To:** BT Productions <btproductionsaz@gmail.com> BT Productions <create@btproductionsmedia.com> briantooker91@gmail.com <briantooker91@gmail.com>
**Cc:** thucnhi4@gmail.com <thucnhi4@gmail.com> namphu8@gmail.com <namphu8@gmail.com> trucho@sbtn.tv <trucho@sbtn.tv> phi@myvanfilms.com <phi@myvanfilms.com>
**Subject:** Through Our Eyes: The Vietnam War

Brian,

Hope you've been well. I have enjoyed our past interactions and wanted to provide you with an opportunity to be informed of the current status of the TOE project as it relates to Fred Koster. I am not sure if you are aware of the extent of Fred's actions concerning the TOE project. However, I'm writing this email for your awareness as a courtesy.

It is with a heavy heart that I write to you regarding the Vietnamese Community's pending lawsuit against Fred Koster and Koster Films LLC as it relates to the Through Our Eyes: The Vietnam War project (the "TOE" project). It is our understanding that you have in your possession at least 93 interviews in their native form and all related materials (including all film) of the TOE project. These interviews and related materials are the intellectual property of the Vietnamese Community. Fred was a contractor-for-hire for the TOE project, and has no ownership rights to any assets from or created by the TOE project. We therefore respectfully request that you immediately return all of the footage of the 93 interviews in their native format as well as all related materials of the TOE project to the following address:

**Kasowitz Benson Torres LLP**
**ATTN: Through Our Eyes: The Vietnam War**
333 Twin Dolphin Dr Suite 200
Redwood City, CA 94065

For your awareness, Fred has sold DVD copies of the TOE project as well as copies in other commercial mediums through eBay and a website he has created, with no consent or authorization from the Vietnamese Community. Despite our repeated requests, Fred has refused to return our property, including all footage filmed during the TOE project, as well as has refused to take down his listings for the illicit sale of the film. Thus, the Vietnamese Community is pursuing at least the following civil and criminal claims against Fred Koster and Koster Films LLC:

- copyright infringement;
- fraud;
- constructive fraud;
- fraudulent concealment;
- fraudulent misrepresentation;
- negligent misrepresentation;
- unjust enrichment;
- breach of fiduciary duty;

- breach of contract;
- breach of implied contract;
- breach of covenant of good faith and fair dealing;
- breach of oral agreement;
- professional negligence;
- defamation *per se*.

We would like to resolve this matter amicably with you prior to naming you as a joint defendant with Fred Koster and Koster Films LLC. We understand that you may be the party who facilitated the technical implementation of the website, filming and editing, and that you are in possession of the 93 interviews. We would like to avoid any unnecessary legal actions against you and your company, BT Productions, in the pending litigation against Fred Koster and Koster Films LLC. Therefore, we request that you immediately return our property.

Should we not receive a response from you by end of business day Tuesday, April 27th, we will unfortunately be forced to include you in the present litigation against Fred Koster and Koster Films LLC as a joint defendant with at least the above civil and criminal claims. This means that you and BT Productions will be jointly and severally liable with Fred Koster and Koster Films LLC in the pending civil and criminal lawsuit for at least the above claims. Nothing contained in this request shall be construed as a waiver of our rights and/or remedies, all of which are expressly reserved.

We are available to discuss the above via a conference call and welcome any questions you may have.

Regards,
Minh

ThucMinh Nguyen
Kasowitz Benson Torres LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
Tel. (650) 453-5420
Fax. (650) 362-9302
TNguyen@kasowitz.com

Th s e-ma  and any f  es transm tted w th  t are conf dent a  and may be subject to the attorney-c  ent pr v  ege. Use or d sc osure of th s e-ma   or any such f  es by anyone other than a des gnated addressee  s unauthor zed. If you are not an  ntended rec p ent, p ease not fy the sender by e-ma  and de ete th s e-ma   w thout mak ng a copy.

# EXHIBIT D

 Gmail

**Fred K <fknotebook@gmail.com>**

---

### Fwd: Your Vimeo video has been removed for copyright infringement
1 me   age

---

Brian Tooker <briantooker91@gmail.com>                    Tue, Apr 27, 2021 at 9:22 PM
To: "fred kosterfilms.com" <fred@kosterfilms.com>

---------- Forwarded message ---------
From: **Vimeo** <no-reply@vimeo.com>
Date  Tue, Apr 27, 2021 at 9 20 PM
Subject: Your Vimeo video has been removed for copyright infringement
To: <briantooker91@gmail.com>

*vimeo*

## Dear BT Productions:

Your video titled "Through Our Eyes" (https://vimeo.com/536022661)
was removed on Apr 28, 2021 in response to a takedown notice
submitted by ThucMinh Nguyen based on "throughoureyesmovie"
pursuant to the Digital Millennium Copyright Act ("DMCA")

### Why did this happen?

We removed your video because a third party claims that your video infringes its
copyright  The DMCA require   Vimeo to remove allegedly infringing content upon receipt
of a valid takedown notice.

### Who submitted this takedown?

The takedown notice was sent by:
Copyright Holder  ThucMinh Nguyen
Address: 10216 Park Cir E City, State, and Zip: Cupertino, CA 95014
Phone number: (408) 890-0354
Email address: Thucminh.n@gmail.com

### Can I challenge this removal?

If you believe that the third party claim was mistaken, you may challenge it by filing a
counter-notification form, available here: https://vimeo.com/dmca#counter_notification.
Please read our full DMCA policy for more information on the counter-notification process.

Alternately, you may contact the copyright holder (or representative) directly and ask them to withdraw their claim.

**Will anything happen to my Vimeo account status?**

This takedown will count as a copyright "strike" against your account. If you receive three unresolved copyright strikes, we will disable your account under our repeat infringer policy: https://vimeo.com/dmca#repeat_infringer.

You can review any copyright strikes your account receives here: https://vimeo.com/settings/videos/dmca.

You can also learn more about dealing with DMCA strikes in our Help Center here: https://help.vimeo.com/hc/en-us/sections/203914978-DMCA

We strongly suggest that you carefully review the remaining videos in your account to make sure there are no videos that may infringe upon the rights of others. If you are in doubt as to whether a particular video infringes upon another's rights, you should remove it. Finally, you should ensure that all future videos you upload do not infringe any other person's rights.

Sincerely,<br />Vimeo, Inc.



If you wish to unsubscribe, or change your notification settings: **click here**.

™ + © Vimeo, Inc. 555 West 18th Street, New York, NY 10011. All rights reserved.

**Terms** | **Privacy Policy**

--
-Brian Tooker- www.briantooker.com

# EXHIBIT E

## ThucMinh Nguyen

| | |
|---|---|
| **From:** | ThucMinh Nguyen <thucminh.n@gmail.com> |
| **Sent:** | Thursday, May 6, 2021 6:19 PM |
| **To:** | ThucMinh Nguyen |
| **Subject:** | Fwd: VeRO Program -- eBay Listing Removal Pending |

**\*\*EXTERNAL EMAIL\*\***

Begin forwarded message:

> **From:** vero@ebay.com
> **Date:** April 25, 2021 at 8:45:12 PM PDT
> **To:** thucminh.n@gmail.com
> **Subject: VeRO Program -- eBay Listing Removal Pending**
>
> Thank you for contacting us.
>
> We are pleased to inform you that the following listing(s) you reported are in the process of being removed from eBay in response to the Notice of Claimed Infringement you recently sent:
>
> kosterfilms-llc
> 124683016989
>
> Once removed (typically within 48 hours) we will notify the seller and all participating bidders that the listing(s) has been removed due to your request.
>
> If the Notice of Claimed Infringement contained items that are not listed above you will receive a separate email communication about those items. These notices may arrive at different times (over a period of up to several hours) as items for different sellers are processed separately.
>
> If you should have any questions or concerns regarding this matter, please do not hesitate to contact us again.
>
> VeRO Program
> eBay Trust & Safety

# EXHIBIT F

# <u>Talent Release Form</u>

## Through Our Eyes (working title)

I hereby agreed to participate as indicated in the above video (film) production. In consideration of my appearance in the video, and without any further consideration, I hereby grant permission to the film production of Through Our Eyes to utilize my appearance in connection with the film and to use my performance, name, and/or voice. I hereby authorize the film production to photograph and record, the performance; to edit the same at its discretion and to include it with the performance of others and with sound effects, special effects, and music. I agree that my participation in the film may be edited or excluded completely. I expressly release to KosterFilms LLC, their employees, and their licensees from and against any and all claims to the invasion of privacy, defamation, film ownership or any other cause of action arising out of production, distribution, broadcast or exhibition of the video.
By signing below I hereby agree to these terms.

ThucMinh Nguyen
10216 Park Circle East apt 1 Cupertino CA 95014

_____          1 / 10 / 20

# EXHIBIT G

Gmail - Your Vimeo video has been removed for copyright infringement

 **Gmail**

**Fred K <fknotebook@gmail.com>**

---

## Fwd: Your Vimeo video has been removed for copyright infringement

1 me   age

---

**Brian Tooker** <briantooker91@gmail.com>
To: "fred kosterfilms.com" <fred@kosterfilms.com>

Tue, Apr 27, 2021 at 9:22 PM

---

---------- Forwarded message ---------
From: **Vimeo** <no-reply@vimeo.com>
Date  Tue, Apr 27, 2021 at 9 20 PM
Subject: Your Vimeo video has been removed for copyright infringement
To: <briantooker91@gmail.com>

# vimeo

## Dear BT Productions:

Your video titled "Through Our Eyes" (https://vimeo.com/536022661)
was removed on Apr 28, 2021 in response to a takedown notice
submitted by ThucMinh Nguyen based on "throughoureyesmovie"
pursuant to the Digital Millennium Copyright Act ("DMCA")

### Why did this happen?

We removed your video because a third party claims that your video infringes its
copyright  The DMCA require   Vimeo to remove allegedly infringing content upon receipt
of a valid takedown notice.

### Who submitted this takedown?

The takedown notice was sent by:
Copyright Holder  ThucMinh Nguyen
Address: 10216 Park Cir E City, State, and Zip: Cupertino, CA 95014
Phone number: (408) 890-0354
Email address: Thucminh.n@gmail.com

### Can I challenge this removal?

If you believe that the third party claim was mistaken, you may challenge it by filing a
counter-notification form, available here: https://vimeo.com/dmca#counter_notification.
Please read our full DMCA policy for more information on the counter-notification process.

Alternately, you may contact the copyright holder (or representative) directly and ask them to withdraw their claim.

**Will anything happen to my Vimeo account status?**

This takedown will count as a copyright "strike" against your account. If you receive three unresolved copyright strikes, we will disable your account under our repeat infringer policy: https://vimeo.com/dmca#repeat_infringer.

You can review any copyright strikes your account receives here: https://vimeo.com/settings/videos/dmca.

You can also learn more about dealing with DMCA strikes in our Help Center here: https://help.vimeo.com/hc/en-us/sections/203914978-DMCA

We strongly suggest that you carefully review the remaining videos in your account to make sure there are no videos that may infringe upon the rights of others. If you are in doubt as to whether a particular video infringes upon another's rights, you should remove it. Finally, you should ensure that all future videos you upload do not infringe any other person's rights.

Sincerely,<br />Vimeo, Inc.



If you wish to unsubscribe, or change your notification settings: **click here**.

™ + © Vimeo, Inc. 555 West 18th Street, New York, NY 10011. All rights reserved.

**Terms** | **Privacy Policy**

--
-Brian Tooker- www.briantooker.com

EXHIBIT H

# <u>Talent Release Form</u>

## Through Our Eyes (working title)

I hereby agreed to participate as indicated in the above video (film) production. In consideration of my appearance in the video, and without any further consideration, I hereby grant permission to the film production of Through Our Eyes to utilize my appearance in connection with the film and to use my performance, name, and/or voice. I hereby authorize the film production to photograph and record, the performance; to edit the same at its discretion and to include it with the performance of others and with sound effects, special effects, and music. I agree that my participation in the film may be edited or excluded completely. I expressly release to KosterFilms LLC, their employees, and their licensees from and against any and all claims to the invasion of privacy, defamation or any other cause of action arising out of production, distribution, broadcast or exhibition of the video.
By signing below I hereby agree to these terms.

Nam Pham
namphu8@gmail.com
nam.pham@post.harvard.edu
5 Bayside Road, Quincy MA 02172

# EXHIBIT I

 Gmail

**ThucMinh Nguyen <thucminh.n@gmail.com>**

---

## Response to your Vimeo DMCA claim

---

**Vimeo** <no-reply@vimeo.com>                                    Tue, Apr 27, 2021 at 9:20 PM
Reply-To: Vimeo <dmca@vimeo.com>
To: Thucminh.n@gmail.com

*vimeo*

## Dear THUCMINH NGUYEN:

We are writing in response to the Digital Millennium Copyright Act ("DMCA") takedown notice that you provided to us (the "Notice").

**Please note that, as of the date hereof, Vimeo, Inc. has:**

- Removed or disabled access to the material on Vimeo that you identified in the Notice;
- Where such material formerly appeared on Vimeo, posted a statement that Vimeo has removed  uch material a  a re ult of a third party notification claiming that  uch material i infringing; and
- Notified the persons that posted the material in question that Vimeo has removed or disabled access to such material as a result of a third-party notification claiming that such material i  infringing

Thi  letter, and the action  taken a  de cribed herein, do not and  hall not con titute or be construed as an admission of liability or wrongdoing whatsoever on our part, including any infringement (direct, contributory or vicarious) by us of any intellectual property or other rights, and do not constitute and shall not be deemed to constitute any waiver, release or impairment of any kind of any of our right  available to u  at law or in equity, all of which are hereby expressly reserved.

Furthermore, this letter, and the actions taken as described herein do not constitute, and shall not be construed as, an agreement or course of dealing by us to in the future take any action or refrain from taking any action.

We trust that this concludes this matter.

Very truly yours,
Vimeo, Inc

   

If you wish to unsubscribe, or change your notification settings: **click here**.

™ + © Vimeo, Inc. 555 West 18th Street, New York, NY 10011. All rights reserved.

**Terms** | **Privacy Policy**

# EXHIBIT J



**Fred K <fknotebook@gmail.com>**

## Your listing isn't following policy: VeRO Unauthorized Item Policy

1 me age

no.reply@ebay.com <no.reply@ebay.com>                          Wed, Apr 28, 2021 at 12:49 AM
To: fred@kosterfilms.com



Your li ting i n't following policy  VeRO Unauthorized Item Policy

Hello kosterfilms-llc,

**Your listing didn't follow our VeRO Unauthorized Item Policy.. Unauthorized copies or counterfeits are illegal and not allowed on eBay**

What activity didn't follow the policy

 More specific details are provided below.

What you need to do ne t

Items removed for this policy cannot be relisted. Please ensure that your future listings are for authentic items only. For these items, they should be described accurately and completely, so buyers know that it is an authentic item

What is the policy

- Your listing was reported by ThucMinh Nguyen for violating their copyright.. eBay's Verified Rights Owner (VeRO) program offers intellectual property rights owner(s) a way to report listings that they believe infringe on their right
- Unauthorized copies of copyrighted material are illegal, and not allowed on eBay
- If you believe a mistake has been made, you will need to contact the rights owner directly  If the right  owner approve  your appeal, plea e have them contact us directly to reinstate your listing(s)
You can send an email to:
thucminh.n@gmail.com

How this affects your account

- Listings that don't follow this policy have been ended.
- We have credited all associated fees except for payments processing fees and the final value fee for your listing(s).
- Other than actions previously communicated to you in prior emails, no further actions are being placed on your account..

Why we have this policy

This policy helps to ensure that eBay users trust our marketplace, and comply with the law.

More information and help

https://www.ebay.com/help/policies/listing-policies/selling-policies/intellectual-property-vero-program?id=4349

Listings that don't follow policy

124697125524 - Through Our Eyes - The Vietnam War (Premiere DVD) Presale-shipment date May 14

We appreciate your understanding.

Thanks,
eBay

Please don't reply to this message. It was sent from an address that doesn't accept incoming email.

eBay Document ID: 99933713004

eBay is committed to your privacy. Read our user agreement and privacy notice. Learn how to recognize fake (spoof) emails.

Copyright © 2021 eBay Inc. All Rights Reserved. Designated trademarks and brands are the property of their respective owners. eBay and the eBay logo are trademarks of eBay Inc., 2025 Hamilton Avenue, San Jose, CA 95125.