Jack Shaw (Bar No. 309382)
Email: jack.shaw@procopio.com
PROCOPIO, CORY, HARGREAVES &
  SAVITCH LLP
1117 S. California Ave., Suite 200
Palo Alto, CA 94304
Telephone: 650.645.9019
Facsimile: 650.687.8326

Jacob K. Poorman (Bar No. 262261)
E-mail: jacob.poorman@procopio.com
PROCOPIO, CORY, HARGREAVES &
  SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE NEXT VIETNAM PROJECTS FOUNDATION, INC.; RADIX FOUNDATION A/K/A VIETNAM VETERANS FOR FACTUAL HISTORY; SAIGON BROADCASTING TELEVISION NETWORK, INC.; MY VAN INTERNATIONAL, INC.; NAM PHAM; CARINA OANH HOANG; DIEP PHAN; TRONG PHAN; SON NGUYEN; THANH PHUONG LE and MINH NGUYEN,<br><br>Plaintiffs,<br><br>v.<br><br>KOSTER FILMS, LLC; FREDERICK KOSTER, BT PRODUCTIONS, LLC and BRIAN TOOKER,<br><br>Defendants.<br><br>FREDERICK KOSTER, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>NEXT VIETNAM PROJECTS FOUNDATION, INC., ET AL,<br><br>Counter-Defendants. | Case No. 8:22-cv-02130-JWH-DFM<br><br>**PLAINTIFFS AND COUNTER-DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE DEFENDANT AND COUNTERCLAIMANT FREDERICK KOSTER'S COUNTERCLAIMS PURSUANT TO CCP 425.16**<br><br>Date: August 18, 2023<br>Time: 9:00 a.m.<br>Crtrm: 9D<br><br>District Judge: Hon. John W. Holcomb<br>Mag. Judge: Hon. Douglas F. McCormick<br><br>Complaint filed: Nov. 23, 2022 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................... 1

II. ARGUMENT ............................................................................................................ 3

    A. The Anti-SLAPP Statute Applies to Koster's Counterclaims ................ 3

        1. Plaintiffs' Alleged Conduct Is "Protected Activity" Under the Anti-SLAPP Statute Because It Constitutes Statements Made In Connection With Issues Under Consideration By A Judicial Body, Statements To A Judicial Body, And Statements Concerning A Matter Of Public Interest. .................... 3

        2. The Evidence Does Not "Conclusively Establish" that the Conduct Giving Rise to the Counterclaims is "Illegal". ................ 6

    B. Defendant Has Failed To Carry His Burden Of Demonstrating A Probability Of Prevailing On His Claims ................................................ 8

        1. The Oppositions do not contest the applicability of the litigation privilege to the defamation claim or identify any alleged statements made within the limitations period ................. 8

        2. Defendant's breach of contract claim is infirm because, as confirmed by the Oppositions, Plaintiffs did not agree to refrain from filing suit and the litigation privilege applies ........... 9

        3. Defendant Abandons His Alleged Fraud Claim And Alleges a New One, Which Is Still Defective .............................................. 10

        4. The Oppositions Do Not Dispute, Or Offer To Cure, Any Of the Deficiencies in Defendant's Intentional Interference Claim ................................................................................................ 10

        5. he counterclaim for conversion because it is barred by the litigation privilege and is inadequately pled. ............................... 10

        6. The Oppositions Do Not Dispute, Or Offer To Cure, Any Of the Deficiencies in Defendant's Intentional Infliction of Emotional Distress Claim ............................................................ 11

III. KOSTER SHOULD BE DENIED LEAVE TO AMEND .......................... 12

IV. CONCLUSION ................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Beyond Blond Productions, LLC v. Heldman*
  2021 WL 4859972 (C.D. Cal. 2021) .................................................................. 3, 4, 7

*Marques v. Villa Holdings Inc.*
  SACV 07-0993-AG, 2008 WL 11343008, *1 (C.D. Cal. 2008) ........................... 9

*Moonbug Entertainment Limited v. Babybus (Fujian)*
  *Network Technology Co. Ltd.*
  2022 WL 580788 (N.D. Cal. 2022) ....................................................................... 4

*Skilstaf, Inc. v. CVS Caremark Corp.*
  669 F.3d 1005 (9th Cir. 2012) ............................................................................... 9

*Sparrow LLC v. Lora*
  2014 WL 12573525 (C.D. Cal 2014) ............................................................ 3, 4, 5

*Thomas v. Los Angeles Times Communications, LLC*
  189 F.Supp.2d 1005 (2002) .................................................................................. 6

*Visto Corp. v. Sproqit Techs., Inc.*
  360 F. Supp. 2d 1064 (N.D. Cal. 2005) ................................................................ 5

**STATE CASES**

*Barker v. Fox & Associates*
  240 Cal. App. 4th 333 (2015) .............................................................................. 12

*Birkner v. Lam*
  156 Cal. App. 4th 275 (2007) ................................................................................ 6

*Church of Scientology v. Wollersheim*
  42 Cal. App. 4th 628 (1996) .................................................................................. 6

*Cochran v. Cochran*
  65 Cal. App. 4th 488 (1998) ................................................................................ 11

*Dixon v. Superior Court*
  30 Cal. App. 4th 733 (1994) .................................................................................. 6

*Equilon Enterprises, LLC v. Consumer Cause, Inc.*
    29 Cal. 4th 53(2002) ................................................................................................ 6

*Filmon.com Inc. v. Doubleverify Inc.*
    7 Cal. 5th 133 (2019) ............................................................................................... 3

*Flatley v. Mauro*
    39 Cal.4th 299 (2006) ......................................................................................... 6, 7

*Flickinger v. Finwall*
    85 Cal.App. 5th 822 (2022) ..................................................................................... 7

*Gilbert v. Sykes*
    147 Cal. App. 4th 13 (2007) .................................................................................... 3

*Grenier v. Taylor*
    234 Cal.App.4th 471 (2015) .................................................................................... 6

*Industrial Waste & Debris Box Serv., Inc. v. Murphy*
    4 Cal. App. 5th 1135 (2016) .................................................................................... 8

*Mansell v. Otto*
    108 Cal. App. 4th 265 (2003) .................................................................................. 6

*Neville v. Chudacoff*
    160 Cal. App. 4th 1255 (2008) ................................................................................ 4

*Salma v. Capon*
    161 Cal. App. 4th 1275 (2008) ................................................................................ 8

*Shafer v. Berger, Hahn, Shafton, Moss, Figler, Simon & Gladstone*
    107 Cal. App. 4th 54 (2003) .................................................................................... 9

*Yurick v. Superior Court*
    209 Cal.App.3d 1116 (1989) ................................................................................. 12

**STATE STATUTES, REGULATIONS, AND RULES**

Cal. Civ. Code
    § 47(2) .................................................................................................................. 11

Cal. Code Civ. Proc.
§ 425.16 .................................................................................................................. 1, 6
§ 425.16(b)(1) ........................................................................................................... 2
§ 425.16(c)(1) ......................................................................................................... 12
§ 425.16(e)(1) ........................................................................................................... 5
§ 425.16(e)(2) ....................................................................................................... 3, 5
§ 425.16(e)(3) and (4) .............................................................................................. 6

Plaintiffs and Counter-Defendants ("Plaintiffs") respectfully submit this Reply to Defendant and Counterclaimant Frederick Koster's ("Defendant" or "Koster") Opposition to Plaintiffs' Motion to Strike Koster's Counterclaims[1] pursuant to California Code of Civil Procedure Section 425.16 (the "anti-SLAPP Statute" or "Section 425.16") (the "Motion").

## I. INTRODUCTION

As demonstrated in the Motion, Defendant's counterclaims all arise from protected activity (Plaintiffs' alleged DMCA notices, cease and desist letters, statements about this suit, and the suit itself), and California's anti-SLAPP Statute therefore applies here. It was accordingly Defendant's obligation in opposition to come forward with evidence to demonstrate a likelihood of prevailing on his claims. He failed to do so. Rather, the Oppositions largely do not dispute what was shown in the Motion – (1) that the counterclaims, as statements and communicative acts made regarding this litigation by interested parties to achieve the objects of this litigation (the release of Plaintiffs' film, interviews and related footage, vindication of Plaintiffs' rights thereto and rights to their likenesses, and compensation for Defendant's wrongdoing) are subject to the litigation privilege and absolutely immune, and (2) that most of the alleged conduct giving rise to the counterclaims took place outside the statute of limitations. Nor do the Oppositions dispute, or explain how Defendant would amend to cure, other deficiencies in his counterclaims outlined in the Motion.

Defendant instead argues that the anti-SLAPP statute does not apply here because Plaintiffs have allegedly not shown that their DMCA notices and cease and desist letters contained statements concerning matters of public interest. But, under the anti-SLAPP statute, statements regarding issues under consideration by a judicial body concern matters of public interest, including statements made before litigation as long

---

[1] Defendant filed an initial opposition and, approximately one week later, and without agreement of counsel or leave of court, a "Rule 15 Amended Opposition." This Amended Opposition is improper and Plaintiffs respectfully request that this Court strike it.

1  as they were made in serious, good faith anticipation of litigation. There can be little
2  doubt that the DMCA notices and cease and desist letters concerned litigation seriously
3  contemplated in good faith because Plaintiffs have in fact filed the lawsuit explicitly
4  presaged in their cease and desist letters (the instant lawsuit), to vindicate the same
5  rights described therein and in the DMCA letters. Similarly, Plaintiffs' alleged
6  statements about this litigation after it began, and the act of filing this suit itself, fall
7  squarely under this provision of the anti-SLAPP statute. Moreover, the alleged
8  statements and communicative acts also constitute statements regarding matters of
9  public interest under the anti-SLAPP statute for the independent reason that they
10 concern issues of public interest, and of particular interest to the South Vietnamese
11 and Vietnam Veteran communities – ownership of the rights to a documentary
12 regarding the Vietnam War and a valuable trove of historical interviews, and
13 vindication for Plaintiffs and the many small donors who were duped into contributing
14 to the film based on Defendant's misrepresentations.

15     Defendant also contends that the anti-SLAPP statute does not apply to
16 Plaintiffs' alleged DMCA notices and cease and desist letters because the evidence
17 conclusively shows that they are illegal, allegedly because they contain false
18 statements. But statements that are merely unlawful are still protected by the litigation
19 privilege, which is an absolute privilege that applies even to knowing falsehoods, and
20 the record does not show, conclusively or otherwise, that Plaintiffs' statements
21 constituted illegal activity.

22     Defendant also insists that his claims are timely because he filed a lawsuit
23 against certain Plaintiffs in Arizona before this suit. But the prior Arizona suit was
24 dismissed, for lack of jurisdiction, and his counterclaims here therefore cannot relate
25 back to it.

26     This Court should, accordingly, strike the counterclaims pursuant to California
27 Code of Civil Procedure § 425.16(b)(1).

28

## II. ARGUMENT

### A. The Anti-SLAPP Statute Applies to Koster's Counterclaims

Koster, in opposition, contends that the anti-SLAPP statute does not apply to the counterclaims because (1) the conduct on which they are based was not in the "public interest," and (2) the evidence "conclusively establishes" that the conduct giving rise to the counterclaims was "illegal." Both of these contentions lack merit.

#### 1. Plaintiffs' Alleged Conduct Is "Protected Activity" Under the Anti-SLAPP Statute Because It Constitutes Statements Made In Connection With Issues Under Consideration By A Judicial Body, Statements To A Judicial Body, And Statements Concerning A Matter Of Public Interest.

Cal. Code of Civil Procedure section 425.16(e)(2) defines protected "act[s] in furtherance of a person's right to petition or free speech . . . in connection with a public issue" to include, "any . . . statement or writing made in connection with an issue under consideration or review by a . . . judicial body." Section 425.16(e)(2) covers prelitigation statements made in anticipation of litigation, in good faith, and under serious consideration. *Sparrow LLC v. Lora*, 2014 WL 12573525, *3 (C.D. Cal 2014). The anti-SLAPP Statute was amended in 1997 to state explicitly that the public interest requirement shall be "construed broadly" out of concern that "judicial decisions were construing that element too narrowly." *Gilbert v. Sykes*, 147 Cal. App. 4th 13, 23-24 (2007) (citation omitted); *see also Filmon.com Inc. v. Doubleverify Inc.*, 7 Cal. 5th 133, 154 (2019) (courts "liberally extend the protection of the anti-SLAPP statute where doing so would 'encourage continued participation in matters of public significance[]' . . . .").

As stated in Plaintiffs' Motion, the case law is consistent that under Section 425.16(e)(2), prelitigation statements like the cease and desist letters and DMCA takedown notices on which the counterclaims are based are acts "in furtherance of a person's right to petition or free speech . . . ." *Beyond Blond Productions, LLC v.*

1  *Heldman*, 2021 WL 4859972, *4-7 (C.D. Cal. 2021) (takedown notices issued to Amazon and emails sent to Warner Brothers protected by anti-SLAPP statute); *Sparrow*, 2014 WL 12573525, at *3-4 (communications intended to protect respondent's intellectual property rights including cease and desist letters and other communication to third-parties constituted protected communications under the Anti-SLAPP statute); *Moonbug Entertainment Limited v. Babybus (Fujian) Network Technology Co. Ltd.*, 2022 WL 580788, *12-13 (N.D. Cal. 2022) (DMCA notices to YouTube protected by anti-SLAPP statute).

The evidence Defendant submitted with his Opposition – the cease and desist letters and DMCA notices themselves – confirm that they were sent in anticipation of litigation seriously contemplated in good faith. These communications (1) address the subject matter of this lawsuit (the rights to the Film, interviews and related footage and Plaintiffs' dispute with Defendant) and (2) explicitly refer to the filing of a lawsuit – *this* lawsuit – which Plaintiffs did in fact file. *See e.g.*, Exhibits A and B to the Opposition to Motion to Strike. These communications were therefore made in anticipation of litigation seriously contemplated in good faith. *See Beyond Blond Prods.*, 2021 WL 4859972, at *4 ("The litigation privilege attaches to prelitigation statements when 'imminent access to the courts is seriously proposed by a party in good faith for the purpose of resolving a dispute, and not when a threat of litigation is made merely as a means of obtaining a settlement.'"); *see also Sparrow*, 2014 WL 12573525, at *3–4 ("the letters unequivocally relate to the substantive issues in the litigation against Defendants. . . . Moreover, while the letter . . . was written in November 2013, well before the present litigation began, it directly mentions that it was sent in contemplation of "legal proceedings," involving the same causes of action in the present case. . . ."); *Neville v. Chudacoff*, 160 Cal. App. 4th 1255, 1269 (2008) (letter from attorney threatening to "aggressively pursue all available remedies" established that communication was made in anticipation of litigation).

132231-00000001/7070790.5

4

CASE NO. 8:22-cv-02130-JWH-DFM

Koster suggests that the change in legal counsel[2] and elapse of time from the sending of the letters to the filing of the complaint demonstrate a lack of sincerity in pursing litigation. Amended Opposition at pp. 8-9. This lacks merit and is contrary to case law. It is common sense that any party, including Plaintiffs, may select and change their legal counsel as they deem necessary or appropriate. And letters written "*well before the present litigation began*, [that] directly mention[] that [they were] sent in contemplation of 'legal proceedings,' involving the same causes of action in the present case" demonstrate clear intent to pursue litigation. *Sparrow*, 2014 WL 12573525, at *4 (emphasis added).

Koster further argues the letters were sent in bad faith because they allegedly contain false statements. Amended Opposition at pp. 8-9. But "[i]t is the *contemplation* of litigation that must be in good faith, not the merits of the actual litigation itself that animates the litigation privilege." *Visto Corp. v. Sproqit Techs., Inc.*, 360 F. Supp. 2d 1064, 1068-69 (N.D. Cal. 2005). Litigation was clearly contemplated and initiated.

The facts and circumstances here fall well within the established precedent, and this Court should therefore find the alleged cease and desist letters and DMCA notices to be protected under Section 425.16(e)(2).

Similarly, this Court should find that the filing of this action, and Plaintiff Pham's alleged post-litigation statements regarding this lawsuit, which conduct is also alleged in support of the Counterclaims, is also protected activity under Section 425.16(e)(2). There can be little doubt that filing a complaint constitutes making statements in connection with an issue under judicial review (as well as a statement to a judicial body under Section 425.16(e)(1), for that matter); the same is true for the post-litigation statements of Mr. Pham that allegedly concern this suit. Moreover, even when applying the catchall test, the Plaintiffs have and can demonstrate that their

---

[2] In addition, contrary to Koster's assertions in his amended opposition at page 5, Plaintiff and Counter-Defendant M. Nguyen's actions (i.e., cease and desist letters and DMCA takedown notices) were on behalf of Plaintiffs as a whole. See e.g., Exhibit B to the Opposition.

1  alleged speech concerns a matter of public interest under Sections 425.16(e)(3) and
2  (4).
3       There is public interest in protecting intellectual property, and there is a public
4  interest in the historical significance of the interviews and films at issue in this action,
5  all of which is furthermore of particular interest to the South Vietnamese and Vietnam
6  veteran communities. *See Thomas v. Los Angeles Times Communications, LLC*, 189
7  F.Supp.2d 1005 (2002) (finding an article related to historical events protected); *see*
8  *also Dixon v. Superior Court*, 30 Cal. App. 4th 733, 739-44 (1994) (statements
9  regarding the cultural, historical and archaeological significance of the Puvunga site
10 matters of public interest); *Church of Scientology v. Wollersheim,* 42 Cal.App.4th 628,
11 650 (1996) (matters of public interest include "investment scams" involving private
12 persons and entities) (disapproved of on other grounds by *Equilon Enterprises, LLC*
13 *v. Consumer Cause, Inc.,* 29 Cal. 4th 53(2002)); *Grenier v. Taylor,* 234 Cal.App.4th
14 471, 483 (2015) (issue of interest to church community of 550 to 1,000 was of public
15 interest).

### 2. The Evidence Does Not "Conclusively Establish" that the Conduct Giving Rise to the Counterclaims is "Illegal"

18  Koster contends that Section 425.16 does not apply to alleged protected activity
19 if the evidence conclusively establishes that the activity was illegal as a matter of law,
20 relying on *Flatley v. Mauro*, 39 Cal.4th 299 (2006). Opposition at pp. 4-5; Koster
21 argues that the cease and desist letters and DMCA notices were "illegal" because they
22 allegedly contain false statements.
23      "[C]onduct that would otherwise come within the scope of the anti-SLAPP
24 statute does not lose its coverage ... simply because it is *alleged* to have been unlawful
25 or unethical." *Birkner v. Lam*, 156 Cal. App. 4th 275, 285 (2007) (emphasis in original;
26 citation omitted); *see also Mansell v. Otto*, 108 Cal. App. 4th 265, n.47 (2003) ("[T]he
27 presence or absence of malice or good or bad faith is irrelevant to the inquiry whether
28 the litigation privilege is applicable."). Indeed, "California's litigation privilege is an

'absolute' privilege and is not subject to qualification based on the subjective motives of a party." *Beyond Blond Prods.*, 2021 WL 4859972, at *6.

*Flatley*, which involved an egregious fact pattern, sets a high bar of proof and is not applicable here. *see Flately*, 39 Cal.4th 299 (in the "narrow circumstance" "where . . . **the evidence conclusively establishes**[] that the assertedly protected speech . . . was illegal as a matter of law, the defendant is precluded from using the anti-SLAPP statute . . . .") (emphasis added); *see also Flickinger v. Finwall*, 85 Cal.App. 5th 822, 827 (2022) ("We interpret *Flatley* as holding an attorney's prelitigation communication is extortion as a matter of law only where the attorney's conduct falls entirely outside the bounds of ordinary professional conduct."). In *Flately*, Defendant Mauro, an attorney, had threatened to accuse Flately, a public figure, of raping Mauro's client unless he "paid for her silence" by agreeing to a "settlement," of at least one million dollars, of which Mauro would keep 40%, even though his client's initial police report was devoid of content. *Flately*, 39 Cal.4th at 329-31. Mauro also threatened to "ruin," Flatley, stated that this was "just the beginning," and set unreasonable deadlines for Flatley's response (at one point threatening to "go public" if Flatley's representative did not return his voicemail within 30 minutes). *Id.* at 330-32. Notably, Mauro did not discuss the particulars of the potential claims, or even identify which causes of action he intended to bring. *Id.* at 329-31. Based on these facts, the court found that the evidence conclusively established that Mauro's communications constituted extortion. *Id.* at 330.

The communications here, in stark contrast to those in *Flatley*, articulate the intellectual property rights at issue, and outline the applicable legal claims and theories Plaintiffs have sought, and make reasonable demands that are neither excessive nor outrageous. *See e.g.*, Exhibits A, B, C, D, E, G, I, and J. to the Opposition to Motion to Strike. There are no threats to accuse Koster of egregious conduct like rape. Simply stated, the evidence does not show, let alone conclusively establish, that the conduct giving rise to the counterclaims was illegal.

7

### B. Defendant Has Failed To Carry His Burden Of Demonstrating A Probability Of Prevailing On His Claims

Because the anti-SLAPP statute applies, Koster had the burden "to demonstrate the probability that [he] will prevail on the merits of the claim[s]" by setting forth evidence that "substantiate[s] the legal sufficiency of" those claims *Salma v. Capon* 161 Cal. App. 4th 1275, 1283 (2008); *Industrial Waste & Debris Box Serv., Inc. v. Murphy* 4 Cal. App. 5th 1135, 1155 (2016). Koster has failed to meet this burden

The Counterclaims, as set forth in the Motion, are defective for at least three reasons – first all arise from communications that are protected by the ligation privilege, second, the alleged misconduct largely falls outside the relevant statutes of limitation, and third, Koster has failed to allege his claims adequately.

#### 1. The Oppositions do not contest the applicability of the litigation privilege to the defamation claim or identify any alleged statements made within the limitations period

With regard to the Counterclaim for defamation, Koster (1) offers no reason why the litigation privilege should not apply; (2) does not dispute that a one-year statute of limitation applies or identify any other alleged defamatory statements that were made within one year of the filing of counterclaims; and (3) does not explain why Vietnam Veterans for Factual History should be responsible for statements made by Steve Sherman. These concessions are fatal to the defamation claim.

Koster nonetheless contends that his claim is timely because (1) certain Plaintiffs made unspecified statements to Richard Botkin, a percipient witness whose declaration was submitted with the Complaint, and (2) Koster previously brought suit against Ms. Minh Nguyen and Mr. Pham in Arizona, which suit was dismissed for lack of personal jurisdiction. In support of the former contention, Koster refers to Mr. Botkin's declaration, but his declaration does not identify any alleged misstatements (it refers vaguely to "conversations"), and does not cure the untimeliness of the defamation claim because it does not specify when any alleged defamatory statements

1 were made. *See* Complaint, Ex. G at ¶ 35. As to the latter contention, Koster's
2 Counterclaims do not "relate back" to the suit he filed in Arizona because that case
3 was dismissed (for lack of jurisdiction) as Koster admits. Amended Opposition at pp.
4 17-18; *see Marques v. Villa Holdings Inc.*, SACV 07-0993-AG, 2008 WL 11343008,
5 *1 (C.D. Cal. 2008) (noting that neither California nor federal law allow "'relation
6 back' to the filing date of a case that has been dismissed," and collecting authorities).

Koster therefore has not shown a probability of prevailing on his Counterclaim for defamation and this Court should strike it.

> **2.  Defendant's breach of contract claim is infirm because, as confirmed by the Oppositions, Plaintiffs did not agree to refrain from filing suit and the litigation privilege applies**

Koster contends that Ms. Minh Nguyen and Mr. Pham breached "Talent Release Forms" by filing this lawsuit, but the alleged Forms only purport to "release" claims. Amended Opp., Exs. F, H. A valid release may be a defense but it is not a covenant not to sue that Plaintiffs could have breached by filing this suit, as Koster alleges. *See Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1017 n. 10 (9th Cir. 2012) ("A release . . . 'may be pleaded as a defense . . .' By contrast, a covenant not to sue 'is . . . merely an agreement not to enforce an existing cause of action.'") (citations omitted). Similarly, Koster argues that Plaintiff My Van formed an agreement with him through the exchange of emails that it breached by filing this suit, but does not adduce the alleged emails or even allege that My Van ever agreed not to sue him.  Koster also argues that the litigation privilege does not apply to breach of duties citing *Shafer v. Berger, Hahn, Shafton, Moss, Figler, Simon & Gladstone*, 107 Cal. App. 4th 54 (2003). *Schafer*, however, merely stands for the proposition that "Counsel retained by an insurer has an obligation to be truthful in describing insurance coverage to a third party beneficiary," and is inapplicable here. *Id.* at 81. Koster also argues that there is a "material dispute of fact" that precludes striking this claim, evidently because he reads the Releases differently than Plaintiffs. But contract interpretation is a question

of law, not fact.

### 3. Defendant Abandons His Alleged Fraud Claim And Alleges a New One, Which Is Still Defective

Defendant has abandoned the theory of fraud plead in his counterclaims – that he was defrauded when video platforms relied on allegedly false statements in Plaintiffs' DMCA notices – and presents the new theory that he "relied on" the purported Releases by Mr. Pham and Ms. Minh Nguyen. Amended Opp. at pp. 22-23. Defendant, however, fails to identify a false statement upon which he allegedly relied. Moreover, to the extent his claim is that Mr. Pham and Ms. Minh Nguyen misrepresented that they would not sue him, as he has alleged in support of his contract claim, there is no such representation in the Releases and, moreover, that claim is barred by the litigation privilege.

Defendant therefore has not shown a probability of prevailing on his claim for fraud, and this Court should strike it.

### 4. The Oppositions Do Not Dispute, Or Offer To Cure, Any Of the Deficiencies in Defendant's Intentional Interference Claim

The Opposition clarifies that Defendant's "tortious interference" counterclaim is for tortious interference with prospective economic relations, but does not dispute that, as stated in the Motion, the counterclaim is barred by the litigation privilege and is untimely, or that Defendant has failed to plead the elements of an IIWPER claim. *See* Amended Opposition at pp. 21-22. Defendant therefore has not shown a likelihood of prevailing on his claim for tortious interference, and this Court should strike it.

### 5. The conversion counterclaim it is barred by the litigation privilege and is inadequately pled.

Defendant's counterclaim for conversion is barred by the litigation privilege because it is based on Plaintiffs' DMCA notices and alleged communication to Koster's co-defendant, through a settlement agreement in this litigation, not to release

the film and interviews to Defendant. The Opposition argues that the litigation privilege does not apply to the conversion counterclaim, citing Cal. Civ. Code section 47(2), which pertains to communications made in the "furtherance of an act of intentional destruction or alteration of physical evidence undertaken for the purpose of depriving a party to litigation of the use of that evidence." But there is no allegation here that Plaintiffs have destroyed or altered evidence. Defendant also contends that he has requested the return of the film and interviews from Plaintiffs directly and therefore there is a material dispute of fact. Plaintiffs do not dispute that Defendant did make such a request, but merely observe that his counterclaims do not contain such an allegation. Indeed, Defendant does not allege in his counterclaims, nor directly state in his briefs, that he does not otherwise have access to the disputed property because he himself has copies of the video files. Plaintiffs are informed and believe that Defendant does possess copies because he offered to provide copies of the interviews to another entity in March 2022. *See* Complaint, Ex. K. If Defendant does not possess copies of the disputed video files, it would be a simple matter for him to so allege.

Defendant has therefore not shown a likelihood of prevailing on his claim for conversion, and this Court should strike it.

### 6. The Oppositions Do Not Dispute, Or Offer To Cure, Any Of the Deficiencies in Defendant's Intentional Infliction of Emotional Distress Claim

Koster did not dispute or oppose Plaintiffs' argument that the Counterclaim for intentional infliction of emotional distress is protected by the litigation privilege, barred by the statute of limitations, and inadequately pled. His Opposition merely refers back to the allegations in the counterclaims. Moreover, those counterclaims only allege that he was subject to defamation, litigation and threats of litigation. Such conduct, however, is not so outrageous as to be deemed outside of the bounds of civilized conduct and cannot support and IIED claim. *See e.g.*, *Cochran v. Cochran*, 65 Cal. App. 4th 488, 495, 499 (1998) (threats of litigation and other threatening

language is not sufficiently outrageous); *Yurick v. Superior Court*, 209 Cal.App.3d 1116, 1119, 1124- 1129 (1989) (referring to plaintiff as a senile liar is not sufficiently outrageous); *Barker v. Fox & Associates*, 240 Cal. App. 4th 333, 342, 356 (2015) (allegedly defamatory emails claiming a caregiver injured a patient and implying the caregiver could not provide quality care is not sufficiently outrageous.).

Koster therefore has no likelihood of prevailing on his Counterclaim for intentional infliction of emotional distress and this Court should strike it.

### III.  KOSTER SHOULD BE DENIED LEAVE TO AMEND

Defendant requests leave to amend his counterclaims to allege more specific information, but no amount of detail that Defendant might add to his Counterclaims can change their fundamentally defective nature because they are based on conduct that is both absolutely immune under the litigation privilege and largely outside the relevant statutes of limitation. Leave to amend, therefore, would be futile and should be denied.

### IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Strike and strike the counterclaims against them, with prejudice. Should the Court grant Plaintiffs' Motion, Plaintiffs respectfully request leave to file a motion for the attorneys' fees to which they would be entitled as the prevailing party under California Code of Civil Procedure 425.16(c)(1).

DATED: August 4, 2023

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ Jacob K. Poorman
Jack Shaw
Jacob K. Poorman

*Attorneys for Plaintiffs*