**F I L E D**
CLERK, U.S. DISTRICT COURT

09/10/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

Frederick Koster

1846 Innovation Park Dr, #100 Oro Valley, AZ  85755

602-451-0999

fredkusa1@gmail.com

Frederick Koster in Pro Per

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NEXT VIETNAM PROJECTS FOUNDATION, INC., ET AL**<br>**Plaintiffs**<br><br><br>**v.**<br><br><br><br>**KOSTER FILMS LLC,**<br>**FREDERICK KOSTER, ET AL**<br>**Defendants** | **Case No.: 8:22-cv-2130- JWHDFM**<br><br>~~**RULE 15(A**~~**) AMENDED DEFENDANT'S ANSWERS, AFFIRMATIVE DEFENSES COUNTERCLAIM** |

Defendant Frederick Koster states as follows:

## <u>GENERAL DENIAL</u>

Pursuant to Rule 8(b), Fed. R. Civ. P., Defendant denies generally all claims not specifically admitted herein.

40
41                              **<u>INTRODUCTION</u>**
42
43        1. Defendant denies each and every allegation in paragraph 1.  Defendant
44   denies that plaintiffs Radix Corporation (VVFH) and Saigon Broadcasting
45   Television Network, Inc. (SBTN) which plaintiffs label and alleges are producers
46   of the film.  This allegation is repeated throughout the pleading and defendant
47   denies each and every time this allegation is mentioned.
48
49        2. Defendant admits that the film and interviews are solely in possession of
50   the defendants. Defendant denies each and every other allegation in paragraph 2.
51
52        3. Defendant admits that the individual plaintiffs listed in paragraph 3 agreed
53   to appear in the film.  Defendant denies each and every other allegation in
54   paragraph 3.
55
56        4. Defendant admits that My Van International Inc gave permission to use
57   stock footage from a film My Van alleges owns. Defendant denies each and every
58   other allegation in paragraph 4.
59
60        5. Defendant denies each and every allegation in paragraph 5.
61
62        6. Defendant denies each and every allegation in paragraph 6.
63
64        7. Defendant is without knowledge or information sufficient to form a
65    belief as to the truth or the falsity of the allegations contained in paragraph 7.
66
67        8. Defendant is without knowledge or information sufficient to form a
68   belief as to the truth or the falsity of the allegations contained in paragraph 8.
69
70        9.  Defendant is without knowledge or information sufficient to form a
71   belief as to the truth or the falsity of the allegations contained in paragraph 9.
72
73        10.  Defendant is without knowledge or information sufficient to form a
74   belief as to the truth or the falsity of the allegations contained in paragraph 10.
75
76        11. Defendant is without knowledge or information sufficient to form a
77
78   belief as to the truth or the falsity of the allegations contained in paragraph 11.
79

12. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in this paragraph 12.

13.  Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 13.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 14.

15.  Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 15.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 16.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 17.

18. Defendant admits Koster Films LLC is an Arizona Limited Liability Company. Defendant denies each and every other allegation in paragraph 18.

19. Defendant admits to paragraph 19.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 20.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in this paragraph.

22. Defendant denies each and every allegation in paragraph 22.

## **JURISDICTION AND VENUE**

Defendant is not contesting Jurisdiction and Venue.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 23.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 24.

120
121     25. Defendant is without knowledge or information sufficient to form a
122 belief as to the truth or the falsity of the allegations contained in paragraph 25.
123
124     26. Defendant is without knowledge or information sufficient to form a
125 belief as to the truth or the falsity of the allegations contained in this paragraph.
126
127     27. Defendant is without knowledge or information sufficient to form a
128 belief as to the truth or the falsity of the allegations contained in paragraph 27,
129 lines 5 through 10. Defendant denies lines 11 through 18 of paragraph 27.
130
131           **STATEMENT OF FACTS**
132
133     28. Defendant is without knowledge or information sufficient to form a
134 belief as to the truth or the falsity of the allegations contained in paragraph 28.
135
136     29. Defendant admits to being director of the film. Defendant is without
137 knowledge or information sufficient to form a belief as to the truth or the falsity of
138 the allegations contained in paragraph 29.
139
140     30. Defendant admits VVFH and SBTN were aware of Defendant from the
141 Defendant being the director, writer and producer of the film "Ride the Thunder".
142 Defendant denies all other allegations in paragraph 30.
143
144     31. Defendant denies that any discussions of other possible projects from 5
145 years ago is material to this lawsuit.  Due to these discussions happening 5 years
146 ago, Defendant is without specific knowledge or information sufficient to form a
147 belief as to the truth or the falsity of the allegations contained in paragraph 31.
148
149     32. Defendant denies each and every allegation in paragraph 32.
150
151     33. Defendant denies that VVFH and SBTN are producers. Defendant is
152 without knowledge or information sufficient to form a belief as to the truth or the
153 falsity of the allegations contained in paragraph 33.
154
155     34. Defendant denies that any actions that were done for other possible
156 projects from 5 years ago are immaterial to this lawsuit.  Defendant denies that
157 VVFH and SBTN are producers. Due to these possible actions happening 5 years
158 ago, Defendant is without specific knowledge or information sufficient to form a
159 belief as to the truth or the falsity of the allegations contained in paragraph 34.

4

160
161        35. Defendant admits My Van Corporation donated the use of historical
162   footage to defendants.  Defendant denies each and every other allegation in
163   paragraph 35.
164
165        36. Defendant admits that he is the director of the film. Due to this allegation
166   being from over 5 years ago, Defendant is without specific knowledge or
167   information sufficient to form a belief as to the truth or the falsity of the other
168   allegations in paragraph 36.
169
170        37. Defendant denies each and every allegation in paragraph 37.
171
172        38. Defendant denies stating he was a Director for hire.  Defendant denies
173   that any discussions of other possible projects from 5 years ago pertain to this
174   lawsuit and is immaterial. Due to the fact that this alleged interview happened over
175   5 years ago, Defendant is without knowledge or information sufficient to form a
176   belief as to the truth or the falsity of the allegations contained in paragraph 38.
177
178        39. Defendant denies stating he was a Director for hire.  Defendant denies
179   that any discussions of other possible projects from 5 years ago pertain to this
180   lawsuit and is immaterial. Due to the fact that this alleged interview happened over
181   5 years ago, Defendant is without knowledge or information sufficient to form a
182   belief as to the truth or the falsity of the allegations contained in paragraph 39.
183
184        40. Defendant denies that any discussions concerning other possible projects
185   from 5 years ago is immaterial. Due to the fact that this alleged correspondence
186   happened over 5 years ago, Defendant is without knowledge or information
187   sufficient to form a belief as to the truth or the falsity of the specific allegations
188   contained in paragraph 40.
189
190        41. Defendant admits that he interviewed and filmed interviews during 2018.
191   Mr Pham acted as an interpreter for some of these interviews.  Due to these
192   interviews happening 5 years ago, Defendant is without knowledge or information
193   sufficient to form a belief as to the truth or the falsity of the other allegations
194   contained in this paragraph therefore denies all other allegations.
195
196        42. Defendant admits to discussions with various individuals about the
197   making of a feature documentary.  Defendant denies each and every other
198   allegation in paragraph 42.
199

43. Defendant admits talking with individuals in reference to the making of the film. Defendant denies stating that the film would be distributed through the Next Vietnam Foundation. Inc., which did not exist at this time.  Due to these alleged events happening over 4 years ago, Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of other the other allegations contained in paragraph 43.

44. Defendant admits correspondence with Nam Pham concerning the script that the defendant was writing. Defendant admits not sending a script to VVFH and SBTN.  Defendant denies each and every other allegation in paragraph 44.

45. Defendant admits that Mr. Pham, Dr. Hoang, Mr. D. Phan, Dr. T. Phan, Mr. S. Nguyen, Ms. T. Nguyen, and Ms. M. Nguyen agreed to participate in the Film.   Defendant denies each and every other allegation in paragraph 45. In reference to the footnote for paragraph 45 (page 12, line 26).  Defendant admits that M. Nguyen signed a Talent Release Form Contract.  Defendant denies each and every other allegation in this footnote.

46.  Defendant admits providing a script to Mr. Pham.  Defendant denies each and every other allegation in paragraph 46.

47. Defendant admits that as a standard practice in the film industry, during the process of researching to make a documentary film that he talked with many people to ensure historical accuracy.  Defendant admits he does not speak Vietnamese.  Defendant denies each and every other such allegation in this paragraph.

48. Defendant denies each and every allegation in paragraph 48.

49. Defendant denies each and every allegation in paragraph 49.

50.  Defendant admits filming parts of the film in California. Due to these events happening over 4 years ago, Defendant is without knowledge or information sufficient to form a belief concerning the details of these interviews. Defendant denies each and every other allegation in paragraph 50.

51. Defendant admits to paragraph 51.

238    52. Defendant admits filming interviews in California.  Due to these
239  interviews happening up 5 years ago, Defendant is without knowledge or
240  information sufficient to form a belief concerning the details of these interviews.
241
242    53.  Defendant admits there were discussions with various individuals about
243  the film.  Due to these discussions happening up 5 years ago, Defendant is without
244  knowledge or information sufficient to form a belief concerning the specific details
245  of these discussions.
246
247    54. Defendant admits on November 21, 2019, he sent a group email to
248  individuals and the referenced Exhibit 7 appears to be the email the Defendant
249  sent.  Defendant denies that defendant's email was sent to VVFH or SBTN,
250  Defendant denies that VVFH and SBTN are producers.
251
252    55. Defendant denies each and every allegation in paragraph 55.
253
254    56. Defendant admits sending email and Exhibit 8 appears to be that email.
255  Defendant admits there were delays in post-production due to the Covid epidemic
256  and scheduling conflicts.  Defendant denies each and every allegation in paragraph
257  56.
258
259    57. Defendant admits a rough-cut version of the film was sent to certain
260  individuals.  Defendant denies the allegations of lines 18 to 24. Defendant is
261  without knowledge or information sufficient to form a belief as to the truth or the
262  falsity of the other allegations contained in paragraph 57.
263
264    58. Defendant denies that VVFH and SBTN are producers. Due to this
265  allegation dating back over 3 years, Defendant is without knowledge or
266  information sufficient to form a belief as to the truth or the falsity of the allegations
267  contained in paragraph 59 therefore denies each and every such allegation.
268
269    59. Due to this allegation dating back over 3 years, Defendant is without
270  knowledge or information sufficient to form a belief as to the truth or the falsity of
271  the allegations contained in paragraph 59 therefore denies each and every such
272  allegation
273
274    60.  Due to these alleged events happening about 3 years and plaintiffs not
275  listing specific dates, Defendant is without specific knowledge or information
276  sufficient to form a belief as to the truth of each and every allegation contained in
277  paragraph 60.

278
279        61.   Defendant admits that Defendants' own the copyright of the film.
280   Exhibit J appears to be a screen shot of the US Copyright registration. Defendant
281   admits there was an attempted publication and distribution of the film by the
282   Defendants in April of 2021 through various internet platforms, but all distribution
283   was almost immediately shut down by plaintiff Ms. M. Nguyen when she sent
284   copyright take down notices to the platforms distributing the film.  Defendant
285   denies the allegation that the defendants don't have the full rights to release the
286   film.  Due to this event happening over 2 years ago, Defendant is without specific
287   knowledge or information sufficient to form a belief as to the truth of each and
288   every allegation contained in paragraph.
289
290        62. Defendant denies that VVFH and SBTN are producers. Defendant
291   admits receiving an email from Ms M Nguyen in April 2021 that included a cease-
292   and-desist letter that also included other threats.
293
294        63.   Defendant admits that there was another attempted publication and
295   release of the film by the Defendants in April of 2021, but it was almost
296   immediately stopped by plaintiff M. Nguyen when she fraudulently sent take down
297   notices to the film distributing platforms.  Defendant denies plaintiff's allegation
298   that they do not own the copyright.  Defendant is without knowledge or
299   information sufficient to form a belief as to the truth other allegations contained in
300   paragraph.
301
302        64.   Defendant admits that there was an attempted release of the film by the
303   Defendants in April of 2021, but it was almost immediately stopped by plaintiff M.
304   Nguyen when she fraudulently sent copyright take down notices to the platforms
305   distributing the film.  Defendant is without knowledge or information sufficient to
306   form a belief as to the truth of each and every other allegation contained in
307   paragraph 64.
308
309        65.   Defendant admits Ms. M Nguyen sent a demand letter that included
310   threats to Mr. Tooker to intimidate him into sending the film interviews and any
311   related film footage to the law firm she was employed with. Defendant is without
312   knowledge or information sufficient to form a belief as to the truth of each and
313   every allegation contained in paragraph.
314
315        66. Defendant admits to paragraph 66.
316

67. Based on Plaintiffs' Exhibit K, Defendant admits to the existence of this email from the Victims of Communism Memorial Foundation (VOC) stating that Defendants tried to donate the interviews and film to VOC. Defendant denies line "On information and belief, this was an attempt by Koster to barter away the Film, Interviews and other material that by rights belong to the Next Vietnam Foundation."

68. Defendant denies paragraph 68.

69. Defendant admits that the Interviews have not been sent.  Defendant is without knowledge or information sufficient to form a belief as to the truth of each and ever Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph.

70.  Defendant denies paragraph 70.

71.  Defendant denies committing fraud.  Defendant admits that Richard Botkin contracted with Koster Films LLC to produce, direct and write the screen play for the aforementioned film.  Defendant admits having copies of this film in his possession.

## FIRST CAUSE OF ACTION

72. Defendant repeats all answers of the foregoing paragraphs as if fully set herein.

73.  Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 73

74. Defendant admits My Van allowed defendants to use historical footage that he claims to own for use in the Defendant's film. Defendant admits 12 seconds of this provided historical footage appears in the film. Defendant denies each and every other allegation in paragraph 74.

75. Defendant admits that the film rights have not been assigned. Defendant denies each and other every allegation in paragraph 75.

76. Defendant denies each and every allegation in paragraph 76.

77. Defendant denies each and every allegation in paragraph 77.

357
358                         **<u>SECOND CAUSE OF ACTION</u>**
359
360        78. Defendant repeats all answers of the foregoing paragraphs as if fully set
361 herein.
362
363        79. Defendant denies each and every allegation in paragraph 79.
364
365        80. Defendant denies each and every allegation in paragraph 80.
366
367        81. Defendant denies each and every allegation in paragraph 81.
368
369        82. Defendant denies each and every allegation in paragraph 82.
370
371        83. Defendant denies each and every allegation in paragraph 83.
372
373        84. Defendant denies each and every allegation in paragraph 84.
374
375                         **<u>THIRD CAUSE OF ACTION</u>**
376
377        85. Defendant repeats all answers of the foregoing paragraphs as if fully set
378 herein.
379
380        86. Defendant denies each and every allegation in paragraph 86.
381
382        87. Defendant denies each and every allegation in paragraph 87.
383
384        88. Defendant denies each and every allegation in paragraph 88.
385
386        89. Defendant denies each and every allegation in paragraph 89.
387
388        90. Defendant denies each and every allegation in paragraph 90.
389
390        91. Defendant denies each and every allegation in paragraph 91.
391
392        92. Defendant denies each and every allegation in paragraph 92.
393
394        93. Defendant denies each and every allegation in paragraph 93.
395
396                       **<u>FOURTH CAUSE OF ACTION</u>**

94.  Defendant repeats all answers of the foregoing paragraphs as if fully set herein.

95.  Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 95.

96. Defendant agrees that the Individuals agreed to appear in the film. Defendant denies each and every other allegation in paragraph 96.

97. Defendant denies each and every allegation in paragraph 97.

98. Defendant denies each and every allegation in paragraph 98.

99. Defendant denies each and every allegation in paragraph 99.

100. Defendant denies each and every allegation in paragraph 100.

## FIFTH CAUSE OF ACTION

101.  Defendant repeats all answers of the foregoing paragraphs as if fully set herein.

102. Defendant denies each and every allegation in paragraph 102.

103. Defendant denies each and every allegation in paragraph 103

104. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations contained in paragraph 104.

105. Defendant denies each and every allegation in paragraph 105

106. Defendant denies each and every allegation in paragraph 106.

107. Defendant denies each and every allegation in paragraph 107.

## SIXTH CAUSE OF ACTION

108. Defendant repeats all answers of the foregoing paragraphs as if fully set herein.

109. Defendant denies each and every allegation in paragraph 109.

110. Defendant denies each and every allegation in paragraph 110.

111.  Defendant denies that My Van did not give permission to use the historical footage provided to the Defendants.  Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 111 therefore denies each and every one of them.

112.  Defendant denies each and every allegation in paragraph 112.

113. Defendant admits that the defendants' own the copyright of the film. Defendant denies each and every allegation in paragraph 113.

114.  Defendant denies each and every allegation in paragraph 114.

115.  Defendant denies each and every allegation in paragraph 115.

116.  Defendant denies each and every allegation in paragraph 116.

## SEVENTH CAUSE OF ACTION

117.  Defendant repeats all answers of the foregoing paragraphs as if fully set herein.

118.  Defendant denies each and every allegation in paragraph 118.

119.  Defendant denies each and every allegation in paragraph 119.

120.  Defendant denies each and every allegation in paragraph 120.

## PRAYER FOR RELIEF

A. Defendant denies each and every request in paragraph A.

B. Defendant denies each and every request in paragraph B.

C. Defendant denies each and every request in paragraph C.

D. Defendant denies each and every request in paragraph D.

E. Defendant denies each and every request in paragraph E.

F. Defendant denies each and every request in paragraph F.

G. Defendant denies each and every request in paragraph G.

H. Defendant denies each and every request in paragraph H.

I. Defendant denies each and every request in paragraph I.

## AFFIRMATIVE DEFENSE

Defendants do not knowingly or intentionally waive any applicable defense and reserve the right to assert and rely on such other applicable defenses as may become available or apparent during the course of the proceedings.  Defendant further reserves the right to amend his Answer and/or defenses accordingly, and/or delete defenses that they determine are not applicable, during the course of the proceedings. Without assuming any burdens that they would not otherwise bear, Defendant asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

## LACK OF STANDING

1. All Eleven Plaintiffs fail to pass the Supreme Court's three-part test to determine whether a party has standing to sue.

2. Plaintiffs TRONG PHAN, SON NGUYEN and THANH-MAI NGUYEN (name later changed to Thanh Phuong Le) are suing for Misappropriation of Likeness (Cause of Action 4)

3. These 3 plaintiffs do not appear in the film that is the issue of this lawsuit (film), nor were they interviewed for the film.   In their Declarations which are in the Complaint, these plaintiffs did not state that they appeared in the film or were interviewed.

4. Plaintiff by the name of DIEP PHAN, is suing for Misappropriation of Likeness (Cause of Action 4). This Plaintiff's name is unknown to the Defendant.

517   Defendant needs further clarification on this person's name and a visual image of
518   this person.  There is no declaration from Diep Phan.
519
520       5.Plaintiff NEXT VIETNAM PROJECTS FOUNDATION INC (NVF),
521   (Cause of Actions 2,5,6) states in the complaint that it does not have a contract
522   with Defendants and that this corporation was not in existence during production
523   of the film.  NVF also did not provide a single piece of evidence in their 110 pages
524   of exhibits and declarations that would suggest NVF had a business relationship
525   with Defendants.
526
527       6.Plaintiff SAIGON BROADCASTING TELEVISION NETWORK INC
528   (SBTN), (Cause of Actions 2,3,6,7) states "Defendants were parties to a contract
529   established by their conduct and mutual representations" which resulted in SBTN
530   copyright ownership of the film.  SBTN allegation is in direct violation of
531   Copyright Law of the United States (Title 17).  SBTN also did not provide a single
532   piece of evidence in plaintiffs' 110 pages of exhibits and declarations that would
533   suggest SBTN had a business relationship with Defendants.
534
535       7.Defendant also asserts that it is not reasonable to believe that with the
536   many complexities of making a feature film, that any reasonable party would ever
537   go into a binding contract strictly through conduct and mutual representations.
538
539       8.Plaintiff RADIX CORPORATION (VVFH), (Cause of Actions 2,3,6,7)
540   states "Defendants were parties to a contract established by their conduct and
541   mutual representations" which resulted in VVFH copyright ownership of the film.
542   VVFH allegation is in direct violation of Copyright Law of the United States (Title
543   17).  VVFH also did not provide a single piece of evidence in plaintiffs' 110 pages
544   of exhibits and declarations that would suggest VVFH had a business relationship
545   with Defendants.
546
547       9.Plaintiffs NAM PHAM and MINH NGUYEN are suing for
548   Misappropriation of Likeness (Cause of Action 4). Both of these plaintiffs signed
549   written Talent Release Form contracts with Defendants that allowed Defendants
550   full rights to use their Likeness in the film and for marketing of film.  As per the
551   Talent Release forms, both of these plaintiffs waived their rights to sue Defendants.
552
553       10.Plaintiff MY VAN INTERNATIONAL INC (My Van) is suing for
554   Copyright Infringement (Cause of Action 1).  The issue is Defendants' use of 12
555   seconds of a historical 1970 video that My Van alleges to own.  My Van provided
556   this 12 second clip to Defendants and confirmed the permission for use in a series

14

557 of written emails to Defendant.  Defendant asserts that this clip is considered stock
558 footage in the film industry and has little to no monetary value.
559
560      11.Plaintiff CARINA OANH HOANG is suing for Misappropriation of
561 Likeness (Cause of Action 4).  Plaintiff states in her declaration that she agreed to
562 be interviewed and appear in the film but later changed her mind.
563
564 **SECOND AFFIRMATIVE DEFENSE**
565
566
567 BREACH OF CONTRACT BY PLAINTIFFS
568
569      12.MY VAN in the First Cause of Action alleges Copyright Infringement.
570 My Van states in his pleading that it allowed Defendant to use the video footage.
571
572      13.Defendant asserts that My Van and Defendant established a contract
573 through written email exchanges whereby My Van stated only one condition of
574 use.  This one condition was that the footage could only be used in one film and
575 that for consideration he wanted a listing in the credits of the film.
576
577      14.NAM PHAM and MINH NGUYEN in the Second Cause of Action both
578 state they agreed to be in the film.  Defendant asserts that Nam Pham and Minh
579 Nguyen both signed written Talent Release Form contracts and breached those
580 contracts with Defendants. These Talent Release Form contracts signed by these
581 plaintiffs allowed Defendants full rights to use their Likeness in the film and for
582 marketing of film.  As per the Talent Release forms, both of these plaintiffs waived
583 their rights to sue Defendants.
584
585
586 **THIRD AFFIRMATIVE DEFENSE**
587
588 Judicial Estoppel
589
590      15.Judicial Estoppel bars plaintiff NAM PHAM, President of plaintiff NVF,
591 from taking positions in a case that is inconsistent with his position in a prior judi-
592 cial proceeding.
593
594      16.Nam Pham states in his declaration (Exhibit A), that he previously stated
595 under oath in another court case, that his corporation NVF hired Defendant.  Now,
596 Nam Pham states that his previous statement under oath was wrong.  In this current

lawsuit, Nam Pham now states that plaintiffs VVFH and SBTN have an unwritten contract with Defendant.:

Exhibit A, pg.2, line 25. Page 3. Line 26 – Nam Pham Declaration

"Mr. Koster sued Ms. Minh Nguyen personally for defamation based on her efforts to stop his, and the other Defendants', wrongdoing. In that lawsuit I submitted a declaration stating, among other things, that the Vietnam Foundation had hired Mr. Koster to work on the Film. Of course, the Vietnam Foundation was not technically formed until December 2019. It would therefore be more precise to say that the producers of the Film – VVFH and SBTN – hired Mr. Koster and raised funds for the benefit of the Vietnam Foundation which, by agreement between the producers, on the one hand, and Mr. Koster, on the other hand, would be the owner of the Film and all related material, and all rights thereto."

17. Minh Nguyen states in her declaration (Exhibit A), that she previously stated under oath in another court case, that Next Vietnam Projects Foundation Inc (NVF) funded the film but now states that her previous statement under oath was false because NVF didn't exist at the time.  In this current lawsuit she now states that other entities funded the film.

Exbibit E, pg. 2., lines 24-28 – Minh Nguyen's Declaration:

"I was sued personally for defamation by Mr. Koster in Arizona due to my efforts to stop Mr. Koster's, and the other Defendants', misconduct. In that matter, I submitted a declaration wherein I stated, among other things, that the Film was funded by the Vietnam Foundation, which was my understanding at the time. I now understand that the Vietnam Foundation was not technically formed until late 2019, although the Film, and the rights thereto, belong to the Foundation."

18. Nam Pham's and Minh Nguyen's false testimony under oath in that previous lawsuit, convinced the Judge in his ruling that Jurisdiction was not in Arizona.  This previous lawsuit included a number of counts against Minh Nguyen including Interference of Business Expectations.  The Defendant filed this lawsuit in the attempt to stop Minh Nguyen's relentless and ruthless personal attacks on Defendant, his family and friends.  Richard Botkin, as stated in the complaint, sent the Defendant an email on behalf of Minh Nguyen.  In this email, Richard Botkin stated, if Defendant does not do what he is told to do, he will be both personally and professionally destroyed.

# FOURTH AFFIRMATIVE DEFENSE

## 17.22 COPYRIGHT—AFFIRMATIVE DEFENSE—FAIR USE (17 U.S.C. § 107)

19.MY VAN in First Cause of Action alleges Copyright Infringement.  Even if My Van has changed his mind about allowing usage of footage, Defendant has used only 12 seconds of a 1 hour 40-minute film. The use is editorial, contains generic streets scenes and is it not a critical part of the film.  Also, this is a historical film from 1970 that My Van did not create but has registered a copyright in 2016.  Defendant's opinion is that there is high likely hood that this film is in the Public Domain.

# FIFTH AFFIRMATIVE DEFENSE

## COPYRIGHT LAW OF THE UNITED STATES (TITLE 17)

20.Plaintiff Nam Pham, President of NEXT VIETNAM PROJECTS FOUNDATION INC (NVF), (Cause of Actions 2,5,6) states in the complaint that NVF does not have a contract with Defendants and that NVF was not in existence during production of the film.  NVF alleges ownership of the copyright of the film which is in direct violation of Copyright Law of the United States (Title 17).  NVF also did not provide a single piece of evidence in their 110 pages of exhibits and declarations that would suggest NVF had a business relationship with Defendants.

21.Plaintiff SAIGON BROADCASTING TELEVISION NETWORK INC (SBTN), (Cause of Actions 2,3,6,7) states "Defendants were parties to a contract established by their conduct and mutual representations" which resulted in SBTN copyright ownership of the film.  SBTN allegation is in direct violation of Copyright Law of the United States (Title 17).  SBTN also did not provide a single piece of evidence in plaintiffs' 110 pages of exhibits and declarations that would suggest SBTN had a business relationship with Defendants.

22.Plaintiff RADIX CORPORATION (VVFH), (Cause of Actions 2,3,6,7) states "Defendants were parties to a contract established by their conduct and mutual representations" which resulted in VVFH copyright ownership of the film.  VVFH allegation is in direct violation of Copyright Law of the United States (Title 17).  VVFH also did not provide a single piece of evidence in plaintiffs' 110 pages of exhibits and declarations that would suggest VVFH had a business relationship with Defendants.

677
678     23.NVF alleges to be a third party beneficiary of the alleged unwritten con-
679     tract between VVFH/SBTN and Defendant.  Since NVF was not in existence in
680     2018, NVF can not be an Intended Beneficiary.  NVF would instead be an Inci-
681     dental Beneficiary that has no contractual rights and can not sue in reference to this
682     alleged contract.
683
684                    **SIXTH AFFIRMATIVE DEFENSE**
685
686                    UNJUST ENRICHMENT
687
688     24.MY VAN in FIRST CAUSE OF ACTION alleges Copyright
689     Infringement.  Defendant asserts that My Van is seeking to recover more than it is
690     entitled to recover in this case, and the award of the judgement sought by My Van
691     would unjustly enrich My Van.  Defendant asserts that there is very little to no
692     monetary value to the historical 1970 video footage provided by My Van to
693     Defendant.
694
695     25.Defendant asserts that all the PLAINTIFFS are seeking to recover more
696     than they are entitled to recover in this case, and the award of the judgement
697     sought all Plaintiffs would unjustly enrich the Plaintiffs.
698
699
700                    **SEVENTH AFFIRMATIVE DEFENSE**
701
702                    PAROL EVIDENCE RULE
703
704     26.MY VAN in FIRST CAUSE OF ACTION alleges Copyright
705     Infringement.  Defendant asserts that the written email that My Van sent to the
706     Defendant was intended to be the full agreement between the parties, and that My
707     Van cannot present any evidence not in writing to establish any terms of the
708     agreement not in the written agreement.
709
710     27.NAM PHAM and MINH NGUYEN in the FOURTH CAUSE OF
711     ACTION (Misappropriation of Likeness) stated that Defendant made
712     representations outside of their written Talent Release Form contracts. Defendant
713     asserts that the written agreement with Nam Pham and Minh Nguyen was intended
714     to be the full agreement between the parties, and that Nam Pham and Minh Nguyen
715     cannot present any evidence not in writing to establish any terms of the agreement
716     not in the written agreement.

717
718
719
## EIGHTH AFFIRMATIVE DEFENSE
720
721
### NO DAMAGE TO PLAINTIFFS
722
723     28.Defendant asserts that even if Plaintiffs allegations are true, Plaintiffs did
724 not suffer any damages or economic loss.
725
726
## NINTH AFFIRMATIVE DEFENSE
727
728
### UNCLEAN HANDS
729
730     29.Defendant asserts that Plaintiffs have committed wrongdoings, and this
731 lawsuit is attempting to benefit from this wrongdoing.
732
733
## TENTH AFFIRMATIVE DEFENSE
734
735
### LACHES
736
737     30.Defendant asserts that Plaintiffs has waited an unreasonably long time to
738 file this lawsuit (1 year 7 months since alleged breach), and the Defendant's ability
739 to defend this lawsuit has been severely prejudiced due to this unreasonable delay
740 by denying Defendant's access to documents, physical evidence, witnesses and a
741 reasonably fresh recollection of the events giving rise to this lawsuit.
742
743
744
## ELEVENTH AFFIRMATIVE DEFENSE
745
746
### FAILURE TO MITIGATE DAMAGES
747
748     31.Defendant asserts that Plaintiffs have failed to take reasonable steps to
749 reduce or minimize the damages that allegedly occurred.  Plaintiffs did not contact
750 the Defendant about the Defendant's alleged breaches (with the exception of Minh
751 Nguyen and Next Vietnam Foundation Inc.) until the Defendant learned of it from
752 the lawsuit.  Also, all the Plaintiffs waited 1 year 7 months from the alleged breach
753 to file his lawsuit.
754
755
## TWELVETH AFFIRMATIVE DEFENSE
756

LACK OF PRIVITY

32. Radix Corporation Inc (VVFH), Saigon Broadcasting Television Network Inc (SBTN) and Next Vietnam Foundation Inc (NVF) state in the SECOND CAUSE OF ACTION "Defendants were parties to a contract established by their conduct and mutual representations. The Vietnam Foundation is a third-party beneficiary of that contract." (pg. 19, para 79, line 19)

33. Defendant asserts that there is no contractual relationship or agreement between VVFH, SBTN and NVF and the Defendants. The Defendant never entered into a contract or agreement that relates to the Second Cause of Action.  The question arises as to why VVFH, SBTN and NVF did not provide a single item of evidence of this unwritten contractual agreement in plaintiffs' 110 pages of exhibits and declarations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

STATUE OF FRAUDS

34. VVFH, SBTN and NVF state in the SECOND CAUSE OF ACTION "Defendants were parties to a contract established by their conduct and mutual representations. The Vietnam Foundation is a third-party beneficiary of that contract." (pg. 19, para 79, line 19)

35. The Defendant asserts that VVFH, SBTN and NVF are suing under a theory of unwritten contract, but such an unwritten contract would be unenforceable because it is required to be in writing pursuit to California Civil Code 1624(a)(1-7).

36. Defendant asserts that it is not reasonable to believe that with the many complexities of making a feature film, that any reasonable party would ever go into a binding contract strictly through conduct and mutual representations.

**FOURTEENTH AFFIRMATIVE DEFENSE**

LACK OF ACCEPTANCE

37. VVFH, SBTN and NVF state in the SECOND CAUSE OF ACTION "Defendants were parties to a contract established by their conduct and mutual

20

796 representations. The Vietnam Foundation is a third-party beneficiary of that
797 contract." (pg. 19, para 79, line 19)
798
799     38.Defendant asserts that no contract was formed because Defendant never
800 explicitly or through his actions accepted the contract or certain terms of the
801 contract.
802
803
804             **FIFTEEN AFFIRMATIVE DEFENSE**
805
806         RUNNING OF THE STATUE OF LIMITATIONS
807
808     39.VVFH, SBTN and NVF state in the SECOND CAUSE OF ACTION
809 "Defendants were parties to a contract established by their conduct and mutual rep-
810 resentations. The Vietnam Foundation is a third-party beneficiary of that contract."
811 (pg. 19, para 79, line 19).
812
813     40.Defendant asserts that there is no contract but even if there was one, re-
814 covery in this case is barred by the statute of limitations as VVFH, SBTH and NVF
815 have waited more than 2 years from the date of the alleged breach by the Defend-
816 ant before filing this lawsuit, and recovery is therefore barred under Code of Civil
817 Procedure 339.  The alleged breach of contract by Defendant conveyed in the com-
818 plaint is November 22, 2019.
819
820
821             **SIXTEEN AFFIRMATIVE DEFENSE**
822
823                 LACHES
824
825     41.Defendant asserts that Plaintiffs, by citing allegations from over 5 to 10
826 years ago, have waited an unreasonably long time to file this lawsuit, and the
827 Defendant's ability to defend this lawsuit has been severely prejudiced due to this
828 unreasonable delay by denying the Defendant access documents, physical
829 evidence, witnesses and a reasonably fresh recollection of the events giving rise to
830 this lawsuit.
831
832
833         **SEVENTEENTH AFFIRMATIVE DEFENSE**
834
835         NO BREACH OF CONTRACT BY PLAINTIFF

42.In Defendant's contracts and agreements with plaintiffs My Van, Nam Pham, Minh Nguyen and Carina Oanh Hoang, the Defendant asserts that Defendant performed all duties owed under the contracts and agreements, and therefore never breached the agreements.

## EIGTHTEENTH AFFIRMATIVE DEFENSE

### FAILURE TO STATE A CAUSE OF ACTION

43.The defendant asserts that the plaintiffs have failed to state essential elements for their causes of action.

## NINETEENTH AFFIRMATIVE DEFENSE

### ESTOPPEL

44.The Defendant relied upon the original representations of the Plaintiffs to his detriment and asks the court to decide this case as if the original Plaintiffs' representations are true.

## TWENTIETH AFFIRMATIVE DEFENSE

### FRAUD

45.Plaintiff Minh Nguyen states in her pleading that on behalf of plaintiff NVF, she sent copyright take notices to distribution platforms Vimeo, Ebay and IMDB to stop Defendants' US Registered Copyrighted film from being released. Minh Nguyen misrepresentation to these companies that Defendants are not the copyright owners. Minh Nguyen had signed a Talent Release Form Contract with Koster prohibiting her from taking any legal activities against Koster and his affiliates in reference to the film. This is copyright infringement and greatly harmed Defendants.

## ADDITIONAL DEFENSES

Defendants reserve the right to assert additional defenses based on information learned or obtained during discovery.

WHEREFORE, in the Defendant's belief, this complaint was a manufactured law-suit specifically designed to be too costly and time consuming for Defendants to legally answer to, so Defendant respectfully request to the Court that it:

A. Dismiss the Complaint in its entirety with prejudice.

B. Deny each and every demand and prayer for relief contained in the Complaint.

C. Award Defendants their costs and reasonable attorneys' fees; and

D. Award Defendants such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated June 9, 2023

*Frederick Koster*
_____

Frederick Koster   Defendant in Pro

## COUNTER CLAIM

Defendant Frederick Koster asserts this counterclaim against Plaintiffs; The Next Vietnam Projects Foundation, Inc (NVF), Radix Corporation (VVFH), Saigon Broadcasting Network, Inc. (SGTN), My Van International, Inc. (My Van), Nam Pham (Pham), Carina Oanh Hoang, Diep Phan, Trong Phan, Son Nguyen, Thanh-Mai Nguyen and Minh Nguyen.

## THE PARTIES

1. Frederick Koster (Koster), a resident of Arizona
2. Next Vietnam Projects Foundation, Inc (NVF) claims to be a Massachusetts corporation.
3. Radix Corporation (VVFH) claims to be a Texas corporation.

4. Saigon Broadcasting Network, Inc. (SGTN) claims to be a California corporation.
5. My Van International, Inc. (My Van) claims to be a California corporation.
6. Nam Pham (Pham) claims to be a Massachusetts resident.
7. Carina Oanh Hoang claims to be an Australian citizen.
8. Diep Phan claims to be a California resident.
9. Trong Phan claims to be a Texas resident.
10. Son Nguyen claims to be a California resident.
11. Thanh-Mai Nguyen claims to be a California resident.
12. Minh Nguyen (Nguyen) claims to be a California resident and practicing attorney.

## JURISDICTION AND VENUE

13. United States District Court for the Central District of California

## BACKGROUND

14. In December 2017, Defendant/Plaintiff, Frederick Koster (Koster) was contacted by Plaintiff/Defendant Nam Pham (Pham). Pham told Koster that Pham knew of Koster from a previous film that Koster had directed, produced, and wrote the screenplay for, called Ride the Thunder – A Vietnam War Story of Victory & Betrayal.

15. Pham told Koster that Koster had become very well known in the Vietnamese Community due to the popularity of Ride the Thunder.

16. Ride the Thunder was a theatrical film released in 2015 that was number one at the box office in its opening week (per theater basis, Rentrak). The film had a successful independent limited theatrical run and made the Academy Awards Qualifying List. The film also has been watched by approximately 2.5 million people on Amazon Prime.

17. In January of 2018, Pham asked Koster if he was interested in creating a new film project on the Vietnam War. Koster agreed that he was interested.

18. Pham stated he needed to raise money for the making of this new

film.  Pham asked Koster if he could help promote this new film project by way of being interviewed on numerous TV and radio shows and making personal appearances at events among other ways to help.  Koster, believing that this was an altruistic community non-profit venture by Pham, agreed to help.

19. Pham asked Koster if Pham could be an actor in the film.  Koster agreed. Nam later asked if future plaintiff, Minh Nguyen (Nguyen), could also be an actor in the film.  Koster agreed.

20. Both Pham and Nguyen signed industry standard written Talent Release form contracts allowing Koster to use their likeness and names in the film and marketing thereof.  In these Talent Release forms both, Pham and Nguyen expressively waived their rights to sue Koster or any of his affiliates. (Exhibits F and H)

21. As time went along during 2018 and 2019, Koster saw money being raised through many different parties using Koster's name to promote and raise money for this new film.

22. This fund raising was not by a single non-profit organization but by many different organizations in numerous states and on the Internet.  Some were non-profit and others were for-profit businesses.  Koster saw no single legal entity operating this fund raising.  Nor did he see the legal protocols of a non-profit being administered to this fund raising.

23. During this time, Pham on many occasions introduced Koster to many different individuals to talk about the creation of this new film project.

24. In 2019, an ongoing dispute started between Koster and Pham in reference to how much money was being raised and how much money was being allocated for the making of the film.

25. Steve Sherman of plaintiff, Radix Inc, on behalf of Pham, sent Koster a written email stating that if Koster asks for any more money or asks any more questions about it, that Sherman will use his influence and business connections to make sure that Koster never works again.  Sherman also stated that he will use the money that was raised for the film to sue Koster.

26. By September 2019, due to lack of funding Koster had already stopped film

996    production twice.  Koster contacted the person that Pham stated was his as-
997    sistant and Koster requested more funding to continue film production.
998    Koster was told by the assistant that there was very little money left.
999

1000   27. Koster stated in a group email to interested people that he will not continue
1001       production of the film until Koster knows how much money was raised and
1002       proof there was still money left for film production.  ~~Exhibit plaintiff~~
1003

1004   28. Pham then emailed a simple one-page document of monies raised and also
1005       provided two separate bank statements. Each bank statement contained equal
1006       amounts of about $45,000 each.  The bank statements were from an organi-
1007       zation called You Help Foundation Inc which is not a plaintiff in this case.
1008       Pham was president of this foundation.  Labeled at the top of one bank state-
1009       ment was plaintiff's Radix name, "VVFH" and the other bank statement was
1010       labeled "TOE" (an unknown entity to Koster).  This TOE entity appeared in
1011       Plaintiffs' complaint exhibit whereby plaintiff SBTN informs their television
1012       audience in order to donate to this new film project, write their checks out to
1013       TOE and mail it to them.
1014

1015   29. On November 22 2019, Nam sent a group email to interested parties stating
1016       to people that he wanted to sue Koster for not finishing the film.
1017

1018   30. All totaled, from May 22, 2019 to November 25, 2019, Koster received 9
1019       sums of money from multiple sources that used numerous delivery methods
1020       to Koster, totaling $265,000.
1021

1022   31. Koster never received any IRS reporting 1099 forms for this money re-
1023       ceived.  When Koster asked about this, Koster was told that no IRS docu-
1024       ments needed to be filed.
1025

1026   32. Also due to the many people and organizations that were involved in this
1027       fund raising, Koster did not know who the single legal entity was, that was
1028       operating this fund raising.  Koster was never offered a contract nor were
1029       there any discussions about a contract or agreement about making the film.
1030

1031   33. Although confronted with many difficulties in getting funding to make this
1032       film, Koster realized that his name was advertised to the public in reference
1033       to the making of this new film.  Due to this and the importance of this film,
1034       Koster felt compelled to finish making this film anyway and put his own
1035       money into it.

34. In making this film Koster performed the following:

35. During a approximately two-year period, Koster and subcontractor(s) of Koster, went on about 26 separate travel trips in the making and promotion of the film.

36. Koster and subcontractor(s) of Koster, traveled to and performed film production in Paris France, New York City, Washington DC, Los Angeles CA, Phoenix AZ, Houston TX and Dallas TX among other cities.

37. Koster conducted approximately 90 videotaped interviews which were professionally shot in theatrical 4K format.

38. Koster paid all related expenses and personally produced all film production both domestically and internationally. Filming days included multiple days of cast and crew numbering about 80 people per day on set and using multiple cameras to shoot. ~~(See pics)~~

39. Koster directed, produced, and wrote the screenplay for the film.

40. Koster paid for all related expenses of film pre-production, production and post-production including salaries of actors, editors, sub-contractors, catering, travel expenses, lodging, locations fees, rentals of camera, lighting, etc., crew, travel expenses (including trip to Paris France) along with other typical production and postproduction costs like licensing music, b-roll footage, etc..

41. The $265,000 that was received by Koster during 2018 and 2019 was put towards the production of the film.  The rest of the cost of making the film was paid by Koster.

42. In 2021, Koster completed the film and sent private screeners to prominent historians and military figures.  The film was highly praised as one of the best documentaries on the Vietnam War.

43. ~~In 2021, Koster started receiving calls and text messages from the Vietnamese community stating that there was a lot more money collected during fund raising that was being reported. Included in these text messages were claims of evidence that much more money was collected.  In conversations with other~~

1076    ~~members of the Vietnamese community, Koster was told that Pham has been~~
1077    ~~asking many people to write negative letters about Koster.  Koster was told eve-~~
1078    ~~ryone that they knew refused to write these letters.~~
1079
1080    43. At the beginning of 2021, through emails and discussions, Koster was made
1081        aware that Pham although not the copyright holder of the film, had been try-
1082        ing to sell the film to Neflix and Hulu.
1083
1084    44. On or about April 21, 2021, Koster released his copyrighted film and mar-
1085        keted this film through Vimeo, Ebay and Imdb.
1086
1087    45. On April 22, 2021, plaintiff Nguyen without first directly contacting Koster,
1088        emails Koster and cc copies to numerous prominent people claiming that
1089        Koster has no right to use her likeness in the film.  Nguyen further states
1090        among many other false and defamatory statements about Koster, that
1091        Koster was committing willful copyright infringement, malicious fraudulent
1092        misconduct and disseminating false copyright claims.  Nguyen also states
1093        that an organization (which is fictitious) is the one who owns the film.  (Ex-
1094        hibits A, B, C)
1095
1096    46. Koster, due to never before receiving a Cease and Desist Letter from an at-
1097        torney, temporarily stops the distribution of the film to the public until he
1098        talks with his attorney.
1099
1100    47. Koster's attorney, advised him that what Nguyen sent to him was not a court
1101        ordered document and that Nguyen has no legal right to take down Koster's
1102        copyrighted film.
1103
1104    48. Koster then released the film again.
1105
1106    49. On April 26 2021, Nguyen, under her title as an attorney for her law firm,
1107        Kasowitz Benson Torres LLP, emailed one of Koster's subcontractors, Brian
1108        Tooker (Tooker) that stated Koster will soon be criminally charged and will
1109        be under criminal proceedings. She is also suing Koster on behalf of an en-
1110        tity that she represents (this entity that she cites is fictitious).  Nguyen fur-
1111        ther states a number of false and inflammatory statements about Koster and
1112        then states that unless Tooker sends property owned by Koster to her law
1113        firm, Tooker will also be faced with criminal charges and will be sued by
1114        her.  (Exhibit C)
1115

28

50. On April 27, 2023, Nguyen sent DMCA copyright take down notices to Vimeo, Ebay and IMDb.  In the documents that Koster received from these companies, Nguyen claimed that she was the copyright holder.  In Nguyen declaration, she states that she did this take down at the request of plaintiff Pham and plaintiff Next Vietnam Foundation. (Exhibits D, E, G, I, J)

51. On May 7 2021, Nguyen, under her title as an attorney for her law firm, Kasowitz Benson Torres LLP, sent another email directed at Koster and Tooker with cc copies to numerous prominent people.  This email reiterated that Koster was committing willful copyright infringement, malicious fraud-ulent misconduct and disseminating false copyright claims.  Nguyen states multiple false and inflammatory statements defaming Koster, including that Koster does not have a written Talent Release contract with her.  Nguyen continues to state that she is in discussions with the District Attorney Office in commencing a formal criminal complaint that will commence immedi-ately against Koster and his subcontractor. (Exhibit B)

52. On May 19, 2021, Richard Botkin on behalf of Nguyen, sends an email to Koster stating the following "I am not sure you grasp fully the seriousness of these issues nor what failure to comply will mean for you personally, profes-sionally and financially. …spare yourself tragic consequences if you fail to accede to their demands."

53. In reference to Botkin's email to Koster. Koster telephones Botkin and leaves a message to call him.  Instead of a call back from Botkin, Koster gets an email from Nguyen that Botkin is being represented by her law firm.

54. On May 11. 2023, Pham send emails to Koster and cc copies to numerous prominent people making false claims and defaming Koster.  Pham demands Koster to send his interviews to Nguyen's law firm, Kasowitz Benson Torres LLP,

55. In May of 2021, based on Nguyen 's threatening letters to sue Koster, Koster on the advice from Koster's attorney, was told it was urgent to file a lawsuit now before Nguyen files one against Koster in California.   Koster files a lawsuit against Nguyen in Arizona State Civil Court for several causes in-cluding breach of contract and interference of business.

56. As stated in the plaintiffs' current lawsuit in CA Federal Court against Koster, both Nguyen and Pham admit in their declarations that they provided

1156   false testimony under oath to the Arizona Judge.  Their now admitted false
1157   testimony directly affected the Judge's decision that Jurisdiction was not in
1158   Arizona.  Koster did not further pursue this lawsuit.
1159
1160   57. On February 5, 2022, Pham privately emailed Tooker (Koster's subcontrac-
1161   tor for film) stating that Pham wants to avoid a lawsuit against Tooker and
1162   will pay Tooker to send Pham the Interviews which are the property of
1163   Koster.  Tooker does not send the Interviews.
1164
1165   58. In March of 2022, Koster contacted a large and well-respected US govern-
1166   ment sanctioned non-profit called Victims of Communism (VOC) to donate
1167   the Koster interviews to VOC.
1168
1169   59. In email correspondence with the VOC, the VOC was extremely impressed
1170   by the interviews and was excited to receive this donation.  The VOC told
1171   Koster that they were going to put the interviews on their website and then
1172   create contests for Vietnamese Film makers to see who could make the best
1173   films using these interviews.  VOC also talked about premiering the film at
1174   their facility which would have gotten a lot of national attention for the Viet-
1175   namese community.
1176
1177   60. The VOC suddenly stopped communicating with Koster.  Koster didn't un-
1178   derstand want happened until plaintiff Pham presented in Exhibit K in his
1179   complaint that Pham stopped this donation.
1180
1181   61. On March 8, 2022, Pham and Nguyen sent through email to Koster, a writ-
1182   ten contract to buy the film and the interviews from Koster for $30,000.
1183   Among the many one-sided conditions in the contract was that there would
1184   be a transfer of copyright ownership of both the film and interviews to Next
1185   Vietnam Foundation, they would have total control of the film including
1186   keeping revenue sources and also re-editing of the film including changing
1187   the credits of the film and that Koster's credit would be downgraded from
1188   Director to co-director.
1189
1190   62. Koster's attorney reviewed the contract and replied in an email to Koster
1191   that the contract was completely one sided in favor of NVF and was danger-
1192   ous because it allowed NVF to sue in the future while Koster had no rights
1193   in the contract.
1194
1195   63. On November 23, 2022, plaintiffs Pham, Nguyen and 9 others filed a lawsuit

1196   against defendant Koster and one of Koster's subcontractors, Brian Tooker
1197   and his LLC.
1198
1199   ~~65. In 2023, Pham, Nguyen and other Plaintiffs made a settlement with code-~~
1200   ~~fendant Tooker.  The settlement agreement included Tooker (who at the time~~
1201   ~~had possession of Koster Interviews, film, etc.) giving plaintiffs this Koster~~
1202   ~~copyrighted property to the plaintiffs and then Plaintiffs forbade Tooker from~~
1203   ~~releasing Koster's own property back to Koster.~~
1204
1205
1206   64. May 3, 2023, Plaintiffs submitted to Court a Voluntary Dismissal of code-
1207   fendant Brian Tooker and BT Productions, LLC pursuant to Federal Rules of
1208   Civil Procedure 41(a) (c).
1209
1210   65. Tooker's attorney, Andrew Pappas, tells Koster that Plaintiffs demanded that
1211   Tooker (who at the time had possession of Koster Interviews, film, and other
1212   related property) send Koster's property to them.  If Tooker did this, in re-
1213   turn, the Plaintiffs would withdraw their lawsuit against Tooker.   The Plain-
1214   tiffs then required Tooker not to return any of Koster's property to Koster
1215   thus depriving Koster of his own property. (Exhibit K)
1216
1217   66. Andrew Pappas asks Koster not to sue Tooker's for his actions of sending
1218   Koster's property to Plaintiffs.  Pappas then sent Koster a proposed agree-
1219   ment not to sue Tooker. (Exhibit K) The proposed agreement confirms
1220   Koster's ownership of property and confirms that the property was sent to
1221   Plaintiffs as was explained to Koster by Pappas.
1222
1223   67. On April 13, 2023, Pham is interviewed live on radio station 900AM Hou-
1224   ston in reference to the film.  Pham, in a recorded interview, tells the radio
1225   audience about the lawsuit and states that he will win in court by default.
1226   Pham makes false statements and continues to defame Koster on the radio.
1227
1228   On April 14, Koster is interviewed live on radio station 900AM Houston to
1229   counter Pham's previous day's statements.
1230
1231
1232
1233   **COUNTERCLAIMS**
1234
1235   **COUNT 1**

**(CONVERSION)**
**(KOSTER AGAINST ALL OF THE PLAINTIFFS/DEFENDANTS)**

1. Koster repeats and realleges all the foregoing paragraphs as if fully set forth herein.

2. Koster claims that Plaintiffs wrongfully exercised control over his property.

3. Plaintiffs substantially interfered with Koster's property by knowingly and intentionally taking possession of Koster's property and preventing Koster from having access to his property.

4. Koster did not consent to Plaintiffs wrongful control over his property.

5. Plaintiffs refused to return Koster's property after he demanded it back.

6. Koster was harmed and Plaintiffs' conduct was a substantial factor in causing Koster's harm.

7. Plaintiffs have acknowledged that they are in possession of Koster's property and stated they will not return it to him.

8. Koster, as director, producer, and screenwriter of the Film, has copyright ownership of all Film property that includes but is not restricted to all the interviews, screenplay, soundtrack, rough cuts of the film, historical footage, and all other related film material along with the hard drives that this property is contained within.

9. Plaintiffs wrongfully, unlawfully and without permission from Koster, has taken Koster's property from Koster's subcontractor, Brian Tooker, who while under duress put forth by the Plaintiffs, sent Koster's property to the Plaintiffs. Tooker's attorney sent Koster an agreement not to sue Tooker because of this. (Exhibit K) Koster did not sign.

10. In addition, the Plaintiffs have also wrongfully, unlawfully, and without permission from Koster, have taken and has in their possession other Koster's property unrelated to the Film that includes previous interviews that Koster has produced throughout his career.

11. Tooker's attorney, Andrew Pappas, has informed Koster that the by demands

1276 of the Plaintiffs, Tooker cannot return Koster's property to him because of
1277 the agreement with the Plaintiffs instructing Tooker that he cannot return
1278 Koster's property to him.
1279

1280 12. Koster has repeatedly asked for his property to be returned from both the
1281 plaintiffs and from Tooker's attorney, Andrew Pappas.  Koster's every
1282 request for return of his property has been rejected.
1283

1284 13. Plaintiffs intentionally took assumption of control and ownership when
1285 Plaintiff Minh Nguyen, knowingly interfered on behalf of Plaintiffs and
1286 made false copyright ownership statements in DMCA takedown notices of
1287 Koster's film which resulted in stoppage of not only Koster's film property
1288 from being released but also all Koster's related copyright material
1289 contained within the film such as interviews, script, soundtrack from being
1290 released.
1291

1292 14. By Plaintiffs knowingly filing false DMCA Takedown notices to Koster film
1293 distributors fundamentally interfered with Koster's ability to use the Koster's
1294 film property.
1295

1296 15. Plaintiffs' actions of wrongfully taking and then depriving Koster of his film
1297 property has resulted in interference of Discovery and evidence and violated
1298 Litigation Privilege according to Cal. Civ. Code § 47(B)(2)**.**
1299

1300 16. Koster did not consent to any of these actions by the Plaintiffs.
1301

1302 17. Koster was harmed in many aspects that include both economic and
1303 noneconomic.
1304

1305 18. Plaintiffs misconduct was substantial factor in causing harm to Koster
1306

1307 19. Based on Plaintiffs' actions and on information, Plaintiffs engaged in their
1308 actions willfully, with malice, oppression, and fraud.
1309

1310 20. The actions of the Plaintiffs/Defendants have severely and irreparably
1311 damaged Koster's reputation, income and financial stability, from which
1312 Koster, aged 67 years, will never recover from. Their actions have also
1313 caused severe and prolonged emotional distress and health issues for Koster
1314 who is a senior citizen.
1315

1316 <u>**COUNT 2**</u>

1317 **17 U.S. Code § 512 (f) – Misrepresentations**

1318 • (f)MISREPRESENTATIONS. —Any person who knowingly materially misrepre-
1319 sents under this section—
1320 • that material or activity is infringing, or
1321 • that material or activity was removed or disabled by mistake or
1322 misidentification, shall be liable for any damages, including costs and
1323 attorneys' fees, incurred by the alleged infringer, by any copyright owner or
1324 copyright owner's authorized licensee, or by a service provider, who is
1325 injured by such misrepresentation, as the result of the service
1326 provider relying upon such misrepresentation in removing or disabling
1327 access to the material or activity claimed to be infringing, or in replacing the
1328 removed material or ceasing to disable access to it.
1329

1330 24. Plaintiff Minh Nguyen knowingly and materially misrepresented
1331 copyright ownership information in submitting DMCA Takedown Notices of
1332 infringement under 17 USC §512(c)(3) of Koster's Film to Koster's film
1333 distributors Vimeo and Ebay.  Under 17 U.S.C. Section 512(f), any person who
1334 knowingly materially misrepresents that material or activity is infringing is subject
1335 to liability.  Title 17 USC §512(f) provides civil damage penalties, including costs
1336 and attorney fees, against any person who knowingly and materially misrepresents
1337 certain information in a notification of infringement under 17 USC §512(c)(3).
1338

1339 25. Minh Nguyen in her DMCA Takedown notices to Koster's film
1340 distributors stated in bad faith and under oath with a penalty of perjury that she was
1341 the copyright holder of the film "Through Our Eyes – The Vietnam War".
1342

1343 26. Minh Nguyen willful actions resulted in the stoppage and takedown of
1344 Koster's Film distribution to the public by Vimeo and Ebay.
1345

1346 27. Minh Nguyen is liable under Section 512(f) because she acted in bad
1347 faith and actually knew that she was not the copyright holder, and the challenged
1348 material was not infringing on any copyright.
1349

1350 28. Minh Nguyen actions were that much willful and malice because she had
1351 signed a Talent Release Form that specifically stated that she waived her right to
1352 challenge any ownership of the Film of Koster and affiliates.
1353

29. In not being the copyright holder, Minh Nguyen in making her DMCA takedown notices, committed perjury and failed the following elements of 17 U.S. Code § 512 (3)(A)

**(3)ELEMENTS OF NOTIFICATION.—**

**(A)**To be effective under this subsection, a notification of claimed   infringement must be a written communication provided to the designated         agent of a <u>service provider</u> that includes substantially the following:

**(i)**
A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

**(ii)**
Identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.

**(iii)**
Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material.

**(v)**
A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright  owner, its agent, or the law.

**(vi)**
A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

30. Koster due to being the director, producer and screenwriter of the Film, has copyright ownership of all Film property that includes but is not restricted to all the interviews, screenplay and soundtrack.  Koster suffered damages as a result of Minh Nguyen perjury and willful false statements in her DMCA Takedowns of Koster Film.

31. Koster did not consent to any of these actions by Minh Nguyen.

32. Minh Nguyen actions caused Koster harm in many aspects that include both economic and noneconomic.

33. Minh Nguyen substantially interfered with Koster's property by know-ingly and intentionally making false statements under oath in her DMCA Takedowns of Koster's Film.

34. Minh Nguyen's misconduct was a substantial factor in causing this harm to Koster.

35. Based on Minh Nguyen actions and on information, Minh Nguyen en-gaged in her actions willfully, with malice and fraud.

36. 512 (f) deters false claims of infringement by imposing liability on any-one who makes such claims, for the damages suffered by other parties as a result of the Online Service Provider's reliance on the false claim, and for associated legal fees.

37. The actions of Minh Nguyen have severely and irreparably damaged Koster's reputation, income and financial stability, from which Koster, aged 67 years old will never recover from. Their actions have also caused severe and pro-longed emotional distress and health issues for Koster, who is a senior citizen.

## ~~Count 1~~
### ~~(KOSTER AGAINST MINH NGUYEN, NAM PHAM, MY VAN INTERNATIONAL INC)~~
### ~~(BREACH OF CONTRACT)~~

~~Koster repeats and reallege all of the foregoing paragraphs as if fully set forth herein.~~

~~Koster owns the copyrighted film and has written signed Talent Release Form Contracts with Minh Nguyen (Nguyen) and Nam Pham (Pham) whereby Nguyen and Pham expressly agreed to allow Koster full use of their likeness and performance in the film and to utilize their appearance in connection to the film. This Talent Release Form also states that Nguyen and Nam expressly release Koster, his employees and licensees from and against any and all claims to the invasion of privacy, defamation or any cause of action arising out of production, distribution, broadcast or exhibition of the video.~~

~~Nguyen and Pham have repeatedly breached this Talent Release Form through filing a malicious lawsuit against Koster and a Koster licensee,~~

36

1433   defamation, interference of Koster business, illegal DMCA copyright take downs
1434   of the film's distribution among other actions.
1435
1436       Koster has suffered tremendously because of this defamation including
1437   financially, his reputation and health related issues.
1438
1439       My Van and Koster established a contract through written email exchanges
1440   whereby My Van stated only one condition of use of using his historical video
1441   footage.  This one condition was that the footage could only be used in one film
1442   and that for consideration he wanted a listing in the credits of the film.  My Van
1443   breached this agreement by changing his mind about this video usage of 12
1444   seconds without informing Koster and filing a malicious lawsuit against Koster and
1445   a Koster licensee.
1446
1447       The actions of Nguyen, Pham and My Van have severely and irreparably
1448   damaged Koster's reputation, income and financial stability, from which Koster,
1449   aged 67 years old will never recover from. Their actions have also caused severe
1450   and prolonged emotional distress and health issues for Koster who is a senior
1451   citizen.
1452
1453                          COUNT 2
1454       (KOSTER AGAINST MINH NGUYEN, NAM PHAM, RADIX
1455                       CORPORATION)
1456                        (DEFAMATION)
1457
1458       Koster repeats and reallege all of the foregoing paragraphs as if fully set
1459   forth herein.
1460
1461       Nguyen, Pham and Steve Sherman of the Radix Corporation (VVFH) have
1462   willfully and repeatedly (both publicly and privately) severely defamed Koster
1463   through public written emails, word of mouth, through the media and the filing of a
1464   malicious lawsuit which is now publicly known through Pham's radio interview
1465   that he did and also through the many group emails of Nguyen to prominent people
1466   that states that Koster is under criminal proceedings.
1467
1468       Nguyen also states that she sent DMCA copyright take down notices to
1469   multiple distribution companies including an organization called IMDb.  IMDb is
1470   one of the most prominent film industry  organizations in the world.  This severe
1471   defamation of Koster to his industry peers is irreparable.
1472

37

1473        This defamation has caused irreparable and severe damage to Koster's
1474 current and future earnings.
1475
1476        This defamation of Koster is openly stated in written emails that Koster has
1477 received stating that he will be personally, financially and professionally destroyed.
1478 The actions of Nguyen, Pham and VVFH have severely and irreparably damaged
1479 Koster's reputation, income and financial stability, from which Koster, aged 67
1480 years old will never recover from. Their actions have also caused severe and
1481 prolonged emotional distress and health issues for Koster who is a senior citizen.
1482
1483                                    COUNT 3
1484                                (CONVERSION)
1485            (KOSTER AGAINST ALL OF THE PLAINTIFFS/DEFENDANTS)
1486
1487        Koster repeats and reallege all of the foregoing paragraphs as if fully set
1488 forth herein.
1489
1490        The Plaintiffs/Defendants are guilty of conversion in reference to Koster
1491 copyrighted property along with other solely own property that Koster owns.
1492 The Plaintiffs/Defendants have secretly negotiated a settlement with Koster's co-
1493 defendant, Brian Tooker.  Under duress codefendant Brian Tooker sent property
1494 owned by Koster which includes the film, interviews and other related Koster
1495 property to the Plaintiffs/Defendants.  The Plaintiffs/Defendants then instructed
1496 Brain Tooker not to give Koster his own property.
1497
1498        Nguyen's  and Pham's willful conduct is more severe since Koster has Talent
1499 Release Form Contracts with both Nguyen and Pham that made absolutely clear
1500 the terms of their involvement in the film and their rights.
1501
1502        Earlier Nguyen and Pham have sent illegal DMCA takedown copyright
1503 notices which deprived Koster of his constitutional right of releasing his
1504 copyrighted film.
1505
1506 The actions of the Plaintiffs/Defendants have severely and irreparably damaged
1507 Koster's reputation, income and financial stability, from which Koster, aged 67
1508 years old will never recover from. Their actions have also caused severe and
1509 prolonged emotional distress and health issues for Koster who is a senior citizen.
1510
1511
1512                                    COUNT 4

38

1513 **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**
1514 **(KOSTER AGAINST MINH NGUYEN, NAM PHAM, RADIX**
1515 **CORPORATION (VVFH))**
1516
1517 ————— Koster repeats and reallege all of the foregoing paragraphs as if fully set
1518 forth herein.
1519
1520 ————— Nguyen, Pham and Steve Sherman of VVFH with extreme and malicious
1521 willful intent have committed multiple vicious attacks designed to traumatize
1522 Koster and in their written words, to destroy Koster personally, professionally and
1523 financially.
1524
1525 ————— Nguyen's  and Pham's conduct is that more outrageous since Koster has
1526 Talent Release Form Contracts with both Nguyen and Pham that made absolutely
1527 clear the terms of their involvement in the film and their rights.
1528
1529 ————— Threats and severe defamation have not only been executed against Koster
1530 but also Koster's family.  The threats against Koster's family was especially
1531 egregious.
1532
1533 ————— Nguyen, Pham and Steve Sherman of VVFH strategy for the destruction of
1534 Koster is that of taking no prisoners.  Koster's longtime friend and subcontractor,
1535 Brian Tooker, was mercilessly threaten, then defamed and finally maliciously sued
1536 by Nguyen, Pham, Steve Sherman of VVFH and the other plaintiffs.  Brian facing
1537 a lawsuit that he didn't have the money to fight and facing the possibility of
1538 bankruptcy if he lost, was extorted in giving up Koster's property to Nguyen, Pham
1539 and Steve Sherman of VVFH and the rest of the plaintiffs.
1540
1541 ————— The openly overt and outrageous actions by Nguyen, Pham and Steve
1542 Sherman of VVFH are made all that more damaging by their wealth and prominent
1543 positions in the community.  They attacked vulnerable people who they knew have
1544 limited resources and also with Koster being 67 years old would find it difficult to
1545 defend himself from this onslaught of vicious attacks himself and his family.
1546 The actions of  Nguyen, Pham and Steve Sherman of VVFH have severely and
1547 irreparably damaged Koster's reputation, income and financial stability, from
1548 which Koster, aged 67 years old will never recover from. Their actions have also
1549 caused severe and prolonged emotional distress and health issues for Koster who is
1550 a senior citizen
1551
1552 **COUNT 5**

39

1553
1554                              ~~TORTIOUS INTERFERENCE~~
1555
1556             ~~(KOSTER AGAINST MINH NGUYEN, NAM PHAM, RADIX~~
1557                           ~~CORPORATION (VVFH))~~
1558
1559
1560         ~~Koster repeats and reallege all of the foregoing paragraphs as if fully set~~
1561   ~~forth herein.~~
1562
1563         ~~Minh Nguyen, Nam Pham and VVFH have wrongfully interfered with Koster's~~
1564   ~~contractual and business relationships.~~
1565
1566         ~~Minh Nguyen and Nam Pham have sent numerous bad faiths cease and desist~~
1567   ~~letters to Frederick Koster while cc'd copying about 18 prominent people on it.  In~~
1568   ~~addition, they sent fraudulent DMCA takedown notices to three separate large~~
1569   ~~corporations that Koster does business with, to stop the release of Koster's copyrighted~~
1570   ~~owned film.  Their false DMCA statements are perjury and greatly damaged Frederick~~
1571   ~~Koster reputations and business relationships and earnings.~~
1572
1573   ~~Frederick Koster had written Talent Release Form contracts with Minh Nguyen and Nam~~
1574   ~~Pham expressly stating that they could not engage in any legal activities against Koster~~
1575   ~~or his affiliates in reference to the copyrighted film that Koster owns.~~
1576
1577         ~~Minh Nguyen, Nam Pham and VVFH have had numerous communications~~
1578   ~~both oral and written to influential people severely interfering forever affecting~~
1579   ~~Koster current and future business relationships.~~
1580
1581         ~~Minh Nguyen, Nam Pham and VVFH conduct was highly willful, reckless,~~
1582   ~~and malicious especially considering their extensive business experience.  Minh~~
1583   ~~Nguyen is an Intellectual Property Attorney and knows full well copyright law and~~
1584   ~~the repercussions of violating it by making false claims.  Koster has suffered~~
1585   ~~tremendously because of their actions both financially and emotionally.~~
1586
1587                                  ~~COUNT 6~~
1588
1589             ~~(KOSTER AGAINST MINH NGUYEN, NAM PHAM)~~
1590
1591                                  ~~FRAUD~~
1592

40

1593 ~~Minh Nguyen states in her pleading that on behalf of Nam Pham, she sent~~
1594 ~~copyright take notices to distribution platforms Vimeo, Ebay and IMDB to stop~~
1595 ~~Defendants' US Registered Copyrighted film from being released.  Minh Nguyen~~
1596 ~~misrepresented to these companies that Defendants are not the copyright owners.~~
1597 ~~Both Minh Nguyen and Nam Pham had signed Talent Release Form Contracts~~
1598 ~~with Koster prohibiting them from taking any legal activities against Koster and~~
1599 ~~his affiliates in reference to the film. This is copyright infringement and greatly~~
1600 ~~harmed and damaged Koster financially.~~
1601
1602 ~~Minh Nguyen and Nam Pham fully understood that they were under contract~~
1603 ~~to Koster and that it prohibited them from taking these actions.  Koster had de-~~
1604 ~~pended on Nguyen and Pham to honor those contracts they signed and because~~
1605 ~~they breached their contracts Koster has greatly suffered both financially and emo-~~
1606 ~~tionally.~~
1607
1608
1609
1610                    PRAYER FOR RELIEF
1611
1612         Wherefore, Plaintiff Koster pray that this Court enter a judgement in his
1613 favor on each and every claim of relief set forth above and award him relief
1614 including but not limited to:
1615
1616    a.  Dismissal of all of Plaintiff's claims with prejudice.
1617
1618    b.  Preliminary and permanent injunctive relief requiring Plaintiffs to return all
1619        the Koster property they received from Brian Tooker in their settlement
1620        agreement of this lawsuit.  And that Plaintiffs submit to the Court and
1621        Frederick Koster, the settlement agreement with Brian Tooker to assure that
1622        all property is returned.
1623
1624    c.  Declarations from Plaintiffs stating that they did not keep copies of the said
1625        properties and they will not use or release these properties in any manner.
1626
1627    d.  Declarations from the Plaintiffs stating that their allegations about all of the
1628        Defendants are untrue, and that Plaintiffs will stop all negative publicity and
1629        activities against Defendants.
1630
1631    e.  Damages according to Proof
1632

1633      f.  Punitive damages.

1634

1635      g.  Attorney Fees

1636

1637      h.  Costs of suit incurred herein; and

1638

1639      i.  Such other relief as the Court may deem just and proper.

1640

1641

1642

1643

1644

1645

1646

1647  Dated:  September 8, 2023

1648

1649

1650

1651                            *Frederick Koster*

1652                         Frederick Koster Defendant in Pro Per

1653

1654

1655

# EXHIBIT A

From: ThucMinh Nguyen
Sent: Thursday, April 22, 2021 10:16 PM
To: 'fred@kosterfilms.com' <fred@kosterfilms.com<mailto:fred@kosterfilms.com>>
Cc: 'namphu8@gmail.com' <namphu8@gmail.com<mailto:namphu8@gmail.com>>;
'trucho@sbtn.tv' <trucho@sbtn.tv<mailto:trucho@sbtn.tv>>; 'phi@myvanfilms.com'
<phi@myvanfilms.com<mailto:phi@myvanfilms.com>>; 'thucnhi4@gmail.com'
<thucnhi4@gmail.com<mailto:thucnhi4@gmail.com>>;
'vuthanhthuy@radiosaigonhouston.com'
<vuthanhthuy@radiosaigonhouston.com<mailto:vuthanhthuy@radiosaigonhouston.com>>;
'trong.phan@gmail.com' <trong.phan@gmail.com<mailto:trong.phan@gmail.com>>;
'jane.nguyen@alpharealtors.net'
<jane.nguyen@alpharealtors.net<mailto:jane.nguyen@alpharealtors.net>>;
'tomhoang@hoangla.com' <tomhoang@hoangla.com<mailto:tomhoang@hoangla.com>>;
'ngoan98@yahoo.com' <ngoan98@yahoo.com<mailto:ngoan98@yahoo.com>>;
'duongphuc@radiosaigonhouston.com'
<duongphuc@radiosaigonhouston.com<mailto:duongphuc@radiosaigonhouston.com>>;
'lienhoahouston13@gmail.com'
<lienhoahouston13@gmail.com<mailto:lienhoahouston13@gmail.com>>;
'apham2001@yahoo.com' <apham2001@yahoo.com<mailto:apham2001@yahoo.com>>;
'dofamily@aol.com' <dofamily@aol.com<mailto:dofamily@aol.com>>;
'nptruong6025@gmail.com' <nptruong6025@gmail.com<mailto:nptruong6025@gmail.com>>;
'ttaitrinh@gmail.com' <ttaitrinh@gmail.com<mailto:ttaitrinh@gmail.com>>;
'Duong@pragmatics.com' <Duong@pragmatics.com<mailto:Duong@pragmatics.com>>;
'jimmcleroy@aol.com' <jimmcleroy@aol.com<mailto:jimmcleroy@aol.com>>
Subject: ATTN: Fred Koster - TOE CEASE AND DESIST

Fred,

I write regarding the unauthorized use of my image in the film: "Through Our Eyes – The
Vietnam War" (the "TOE" film) and respectfully request that you cease and desist all use of my
image, name, voice, photograph, and likeness in any commercial medium. This email serves as a
last effort to resolve this dispute amicably before I am forced to file suit to protect my
intellectual property rights and those of the Vietnamese Community.

To be clear, I have never authorized or consented to the use of my image, verbal or otherwise,
for public release of the TOE film. In fact, I was assured repeatedly by you that no version will
be released without my express consent. However, without my knowledge and consent, my
image and likeness are published on IMBD (available at:
https://www.imdb.com/title/tt10957908/) and a version of the TOE film is sold on eBay for
$22.94 with shipping (available at: https://www.ebay.com/itm/124683016989). Your
unauthorized unilateral misconduct flies in the face of the good-will intended by the numerous
donors who financially contributed to the TOE film for your own personal unjust gain – and
evidences your intentional and willful deceit to defraud donors, despite repeated notice of your
infringement. To date, no response has been provided and review of the respective eBay and
IMBD webpages for TOE show that your intentional and willful infringement of my copyright
and the Vietnamese Community's copyright has continued.

In fact, as a contractor-for-hire by VVFH – the representative non-profit agent for the Vietnamese Community's interest in the TOE film – neither you, Fred Koster nor Koster Films LLC, own any copyright or intellectual property to any versions, regardless of medium, of the TOE film and at least ninety-three (93) interview footages. Thereby, you, Fred Koster and Koster Films LLC, do not have the right to list the TOE film on IMBD or sell any versions of the film on eBay or any other commercial medium. Your continued fraudulent misrepresentation as the copyright holder of the TOE film, continued refusal to immediately relinquish at least the ninety-three (93) interview footages, and continued unauthorized use of my image are gross violations of the law. Unless Fred Koster or Koster Films LLC immediately cease and desist all actions relating to the TOE film and immediately send us the footages of at least ninety-three (93) interviews, I and the Vietnamese Community are prepared to pursue at least the following claims against you, Fred Koster and Koster Films LLC:

• copyright infringement;
• fraud;
• constructive fraud;
• fraudulent concealment;
• fraudulent misrepresentation;
• negligent misrepresentation;
• unjust enrichment;
• breach of fiduciary duty;
• breach of contract;
• breach of implied contract;
• breach of covenant of good faith and fair dealing;
• breach of oral agreement;
• professional negligence;
• defamation per se.

In light of the foregoing, we request that you immediately cease and desist from all unauthorized use of copyright infringement, remove the IMBD page, remove the eBay page, and send us the ninety-three (93) interview footages. If you, Fred Koster or Koster Films LLC, fail to comply, we will pursue all remedies available to us including, but not limited to, commencing an action for injunctive relief and monetary damages. We intend to hold you, Fred Koster and Koster Films LLC, fully responsible for all costs, damages and/or consequences of its actions if you fail to comply with this letter, and immediately refrain from all unauthorized activities.

To the extent that you believe that by remaining silent you can continue your infringement without negative repercussions, we refer you to 15 U.S.C. § 1116, which gives us the right to an injunction against infringement, and 15 U.S.C. § 1117, which gives us the right to, among other remedies, "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."

Nothing contained in this cease and desist request shall be construed as a waiver of our rights and/or remedies, all of which are expressly reserved. This is the final notice that you will receive before hearing from our law firm. We demand that all infringement cease or we will bring an

infringement action to protect our rights.


Sincerely,

Minh

# EXHIBIT B

From: ThucMinh Nguyen <TNguyen@kasowitz.com<mailto:TNguyen@kasowitz.com>>
Date: 5/7/21, 5:56:21 PM PDT
To: fred@kosterfilms.com<mailto:fred@kosterfilms.com>
<fred@kosterfilms.com<mailto:fred@kosterfilms.com>> BT Productions
<btproductionsaz@gmail.com<mailto:btproductionsaz@gmail.com>> BT Productions
<create@btproductionsmedia.com<mailto:create@btproductionsmedia.com>> Brian Tooker
<briantooker91@gmail.com<mailto:briantooker91@gmail.com>>
Cc: namphu8@gmail.com<mailto:namphu8@gmail.com>
<namphu8@gmail.com<mailto:namphu8@gmail.com>>
trucho@sbtn.tv<mailto:trucho@sbtn.tv> <trucho@sbtn.tv<mailto:trucho@sbtn.tv>>
phi@myvanfilms.com<mailto:phi@myvanfilms.com>
<phi@myvanfilms.com<mailto:phi@myvanfilms.com>>
thucnhi4@gmail.com<mailto:thucnhi4@gmail.com>
<thucnhi4@gmail.com<mailto:thucnhi4@gmail.com>>
vuthanhthuy@radiosaigonhouston.com<mailto:vuthanhthuy@radiosaigonhouston.com>
<vuthanhthuy@radiosaigonhouston.com<mailto:vuthanhthuy@radiosaigonhouston.com>>
trong.phan@gmail.com<mailto:trong.phan@gmail.com>
<trong.phan@gmail.com<mailto:trong.phan@gmail.com>>
jane.nguyen@alpharealtors.net<mailto:jane.nguyen@alpharealtors.net>
<jane.nguyen@alpharealtors.net<mailto:jane.nguyen@alpharealtors.net>>
tomhoang@hoangla.com<mailto:tomhoang@hoangla.com>
<tomhoang@hoangla.com<mailto:tomhoang@hoangla.com>>
ngoan98@yahoo.com<mailto:ngoan98@yahoo.com>
<ngoan98@yahoo.com<mailto:ngoan98@yahoo.com>>
duongphuc@radiosaigonhouston.com<mailto:duongphuc@radiosaigonhouston.com>
<duongphuc@radiosaigonhouston.com<mailto:duongphuc@radiosaigonhouston.com>>
lienhoahouston13@gmail.com<mailto:lienhoahouston13@gmail.com>
<lienhoahouston13@gmail.com<mailto:lienhoahouston13@gmail.com>>
apham2001@yahoo.com<mailto:apham2001@yahoo.com>
<apham2001@yahoo.com<mailto:apham2001@yahoo.com>>
dofamily@aol.com<mailto:dofamily@aol.com>
<dofamily@aol.com<mailto:dofamily@aol.com>>
nptruong6025@gmail.com<mailto:nptruong6025@gmail.com>
<nptruong6025@gmail.com<mailto:nptruong6025@gmail.com>>
ttaitrinh@gmail.com<mailto:ttaitrinh@gmail.com>
<ttaitrinh@gmail.com<mailto:ttaitrinh@gmail.com>>
Duong@pragmatics.com<mailto:Duong@pragmatics.com>
<Duong@pragmatics.com<mailto:Duong@pragmatics.com>>
jimmcleroy@aol.com<mailto:jimmcleroy@aol.com>
<jimmcleroy@aol.com<mailto:jimmcleroy@aol.com>>
richbotkin@icloud.com<mailto:richbotkin@icloud.com>
<richbotkin@icloud.com<mailto:richbotkin@icloud.com>>
sherman1@flash.net<mailto:sherman1@flash.net>
<sherman1@flash.net<mailto:sherman1@flash.net>>
Subject: RE: ATTN: Fred Koster - TOE CEASE AND DESIST

EXHIBIT C
1

Fred Koster, Koster Films LLC, and affiliates:

I write regarding your failure to comply with our cease and desist demands set forth on April 22, 2021 (ThucMinh Nguyen April 22, 2021 Email, Attachment 1) ("[W]e request that you immediately cease and desist from all unauthorized use of copyright infringement, remove the IMDb page, remove the eBay page, and send us the ninety-three (93) interview footages.").

From April 22, 2021, we have sent at least four cease and desist demand emails, which provide notice of your copyright infringement, demand that you cease and desist, and request a response. To date, you have failed to respond to any of our cease and desist demands. A review of eBay, IMDb, Vimeo, and Through Our Eyes websites shows that your willful infringement of our copyright has continued. Despite repeated requests and confirmation from you and Koster Films LLC for the return of at least ninety-three (93) interviews, we received no footage. Your fraudulent misconduct is malicious and an intentional effort to hold hostage our property by (1) refusing to return all films and related materials, and (2) disseminating false copyright ownership claim to the TOE project.

In fact, despite your admission and acknowledgement on April 23, 2021 that you will be "shutting down the film website and marketing" you maliciously relisted the TOE film on eBay with all proceeds to go directly to you, Fred Koster and Koster Films LLC. (Fred Koster April 23, 2021 Email, Attachment 5). Subsequently on April 25, 2021, eBay notified us that your eBay listing was pending removal. (eBay Listing Removal Pending April 25, 2021 Email, Attachment 2). Immediately on April 26, 2021, you removed such listing (Screenshot of eBay listing removal, Attachment 3) and relisted the TOE film for sale at $15.99 plus shipment of $6.95 on a new eBay link, with presale shipment to be sent out by May 14, 2021 (Screenshot of eBay relisting, Attachment 4). In addition, you, Fred Koster, and Koster Films LLC fraudulently claim, without our consent and without authority that you are the copyright owner of the TOE project and falsely listed on eBay, that you, Fred Koster, and Koster Films LLC are the copyright owners. (Screenshot of eBay relisting, Attachment 4).

Compounding your fraudulent misconduct, on the same day that you relisted the TOE film for sale on eBay, on April 26, 2021 – despite your representation on April 23, 2021 that you will be "shutting down the film website and marketing" – you maliciously and intentionally listed the TOE film for not only DVD pre-order, but also, for the first time, permitted streaming for $9.99 per view through Vimeo on the Through Our Eyes website. (See Screenshot of pre-order and Vimeo streaming available at throughoureyesmovie.com, Attachment 6). Your unauthorized and fraudulent conduct highlights the hypocrisy of your statement when you claimed "[you] made a great film that really tells the South Vietnamese story like it has been never told before." (Fred Koster April 23, 2021 Email, Attachment 5). Indeed, it is a South Vietnamese story of which you, Fred Koster and Koster Films LLC, Brian Tooker and BT Productions fraudulently claim sole copyright ownership. (See Screenshot of Vimeo Streaming Copyright, Attachment 7; Screenshot of Koster Films LLC Claim Copyright to TOE Website, Attachment 17).

In fact, in an attempt to ensure that we have diligently notified all relevant parties of the current status of your and Koster Films LLC fraudulent conduct, we sent a courtesy email on April 27, 2021 to Brian Tooker and BT Production, who upon information and belief possess all relevant

EXHIBIT C
2

TOE materials. (April 27, 2021 Email to Brian Tooker and BT Production, Attachment 8). To date, we received no response from either Brian Tooker or BT Productions LLC. On that same day, April 27, 2021, we also filed a copyright infringement notice to Vimeo, upon which Vimeo immediately removed the infringing material. (See Vimeo Removal Notification, Attachment 9). However, on April 28, 2021, upon your and Koster Films LLC instructions, Brian Tooker and BT Production filed a counter copyright claim to the TOE film on Vimeo. (See Vimeo Notification of Counter Copyright Claim, Attachment 10). You, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC intentionally and willfully deceive others in the belief that you are the copyright owner of the TOE project and have continued to use our Community's good-will to defraud and hold hostage our rightful property in direct violation of well-established Federal and California law. This email serves as a notice that you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC are liable for your fraudulent conducts in criminal and civil proceedings in the court of law.

To be clear, as a contractor-for-hire by VVFH and NVPF – the representative non-profit agents for the Vietnamese Community's interest in the TOE film – neither you, Fred Koster, Koster Films LLC, Brian Tooker, nor BT Productions LLC own any copyright or intellectual property to any versions, regardless of medium, of the TOE project. We have complete written documentation and correspondence between VVFH and NVPF, the rightful owners, and you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC, requesting your services as contractor-for-hire.

Furthermore, you falsely claim that you have used your "own money, working for free and now owning money to those who worked for me." (Fred Koster April 23, 2021 Email, Attachment 5). This is completely untrue. As a contractor-for-hire, you have allocated portions of the budget provided for the TOE project for yourself - Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC - in excess of $245,987.50 with a ten (10) percent contingency fee. (See Budget submitted by Fred Koster and Koster Films LLC, Attachment 11). In fact, you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC received over $268,515 from VVFH and NVPF for the TOE project. Despite repeated request for an itemized expense of the finances wired directly to you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC, to date, there has been no accounting provided. (See Accounting of Bank Wired to Koster Films LLC, Attachment 12). You now conveniently claim that you used your own money, worked for free, and now owe money for services rendered during filming the TOE project. Again, these claims are all false. To date, you have refused and still refuse to provide any itemized receipts from the TOE project.

To the extent you are not well versed in the law of copyright infringement, and it appears you are not, the absence of a written contract does not permit you to falsely claim copyright ownership of the TOE project. Indeed, California law is clear that a contract "may be written, oral or inferred from the parties' conduct (the last being called an "implied-in-fact" contract)." Westside Estate Agency, Inc. v. Randall, 6 Cal. App. 5th 317, 328 (2016); see also Retired Employees Assn. of Orange County, Inc. v. County of Orange, 52 Cal. 4th 1171, 1178 (2011) ("The existence and terms of an implied contract are manifested by conduct. (Civ. Code, § 1621.)

As you are well aware, you have been wired over $268,515 over the course of approximately

EXHIBIT C
3

three (3) years from the date of the TOE project conception by VVFH and NVPF. (See Accounting of Bank Wired to Koster Films LLC, Attachment 12). You, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC were brought onto the project by VVFH and NVPF, and you were provided detailed pitch materials such as concepts, storylines, and other materials wherein you agreed to work as a contractor-for-hire and were properly compensated. (See Bank wire statements and budget). This is more than sufficient to create an implied-in-fact contract under California law. The existence of an implied-in-fact contract here is further evidenced by your course of dealing in connection with the ninety-three (93) interviews and filming, which you were properly compensated. Your, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC conduct constitutes a clear and blatant violation of California law, including the well-established body of law regarding implied-in-fact contracts.

In addition, your April 23, 2021 email is filled with false statements. First, you do not have a "signed film contract" with me as you have falsely stated. (Fred Koster April 23, 2021 Email, Attachment 5). I volunteered my time and paid for my own expenses for the successful completion of the TOE project and therefore never had a contract for my appearance with VVFH and NVPF, the rightful copyright owner of the TOE film. I never signed, consented, or authorized the public release of my image in the TOE film. I was assured repeatedly by you that no version will be publicly released without my express consent. However, without my knowledge and consent, my image and likeness are published on IMDb, eBay, and streamed on Vimeo.

Second, you claimed that you "made a great film that really tells the South Vietnamese story like it has been never told before." (Fred Koster April 23, 2021 Email, Attachment 5). Yet the TOE documentary is filled with inaccurate historical footages that do not belong to the Vietnam War or the Vietnam War re-education camps. Despite our repeated requests to remove the inaccurate clips, you have refused. Your conduct exhibited a pattern of behavior that showcases your complete disregard for the accuracy of the documentary. Additionally, your conduct from your time on set for "Ride the Thunder", under the direction of Richard Botkin, the rightful copyright owner of Ride the Thunder, illustrated an utter and complete lack of knowledge regarding the Vietnam War subject matter. Despite this, in an April 1, 2021 interview with Steven Synder, you proclaimed yourself as an "expert in the Vietnam War" and fraudulently represented that your films are funded by "special interests groups" and "investors." (Steven Snyder Interview of Fred Koster, available at: https://anchor.fm/stevendsnyder/episodes/Episode-11--Fred-Koster-eu1v32). These were not and are not films funded by special interest groups or investors. VVFH and NVPF are your employers, and you were the contractor-for-hire who took advantage of our trust and goodwill. Your statements are false and fraudulently misrepresent your role as a contactor-for-hire in both the TOE project and Ride the Thunder films. We demand acknowledgement that you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC do not have any copyright and/or intellectual property to any versions of the TOE and Ride the Thunder productions. Be advised that Mr. Richard Botkin has agreed to join our criminal and civil actions against you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC.

This email serves to put you on notice that we are acquiring legal representation and will be pursuing both criminal and civil proceedings against you, Fred Koster and Koster Films LLC for

EXHIBIT C
4

at least the following claim of actions: copyright infringement; fraud; constructive fraud; fraudulent concealment; fraudulent misrepresentation; negligent misrepresentation; unjust enrichment; breach of fiduciary duty; breach of contract; breach of implied contract; breach of covenant of good faith and fair dealing; breach of oral agreement; professional negligence; defamation per se; and tortious interference.

We therefore demand (i) that you cease and desist further dissemination of false copyright ownership claim to TOE production; (ii) immediately return at least ninety-three (93) interview footages, all related footages, and materials related to the TOE project; (iii) cease all sales on eBay, Vimeo, and any other commercial medium; (iv) cease and desist further dissemination of false copyright ownership claim to Ride the Thunder production; (v) return all footages, related footages, and materials related to the Ride the Thunder production; and (vi) promptly publish appropriate retractions and corrections to false statements made as to your illicit copyright ownership of the abovementioned productions. To be clear, we are proceeding with all criminal and civil proceedings against you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions. We will take all and every precaution to ensure that television and radio networks who have conducted an interview of our TOE project are notified of the criminal and civil proceedings against you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions – it is our duty and responsibility to notify the thousands of donors who contributed to the TOE project.

Be advised that our claims herein are serious and should not be taken lightly. On "Through Our Eyes" website, you, Fred Koster, claims that "Koster Films is excited to announce the completion and release of the historic film, Through our Eyes - The Vietnam War. Unfortunately, Koster Films has received threats if we continue to release this film. Currently, there are investigations of these threats." (See Screenshot of Through Our Eyes website, Attachment 13).

Our counsel will send you a formal demand letter stating our claim of actions against you and prayers for relief, including but not limited to: (1) the entire sum of the contract at least in the amount of $268,515; (2) statutory damages in at least $150,000 as set forth in §504(c)(2) therein; (3) injunctive relief pursuant to 15 USC §1116, (4) attorney costs and fees pursuant to 15 USC §1117; and (5) treble punitive damages pursuant to Cal Civ §1770(a)(4) – total liable economic damages in excess of $2,000,000 against you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC. In addition, we are in discussion with the District Attorney Office and will set forth a meeting to commence a formal criminal complaint wherein an audit of you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions LLC will commence immediately.

In addition, be advised that it is upon information and belief that Heidi Koster is the key principal of Koster Films LLC and will be a party to our actions against you, Fred Koster and Koster Films LLC. (See Heidi Koster – Koster Films LLC, Attachment 14) ("Key Principal: Heidi Koster"). Upon information and belief your, Fred Koster and Koster Films LLC address for legal service is 3655 W Anthem Way, Anthem Arizona, 85086, Maricopa County. (Koster Films LLC Arizona Corporation Commission, Attachment 15). Upon information and belief, Brian Tooker and BT Productions LLC address for legal service is 1952 E Ebony Pl, Chandler, Arizona 85286. (BT Productions LLC Arizona Corporation Commission, Attachment 16).

EXHIBIT C

5

In the meantime, you, Fred Koster, Koster Films LLC, Brian Tooker, and BT Productions are directed to maintain and preserve any and all communications and documents concerning the TOE and Ride the Thunder productions in your possession, custody, and/or control, including but not limited to, emails, instant-message communications, notes, telephone records, text messages and computer files. Nothing contained in or omitted from this letter is, or should be construed as, a limitation, restriction or waiver, express or implied, of any of our rights and remedies in connection with the matters raised herein, all of which are expressly reserved.

Regards,
Minh

ThucMinh Nguyen
Kasowitz Benson Torres LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
Tel. (650) 453-5420
Fax. (650) 362-9302
TNguyen@kasowitz.com<mailto:TNguyen@kasowitz.com>

EXHIBIT C
6

# EXHIBIT C

**From:** ThucMinh Nguyen <TNguyen@kasowitz.com>
**Date:** 4/26/21, 1:49:20 PM PDT
**To:** BT Productions <btproductionsaz@gmail.com> BT Productions <create@btproductionsmedia.com> briantooker91@gmail.com <briantooker91@gmail.com>
**Cc:** thucnhi4@gmail.com <thucnhi4@gmail.com> namphu8@gmail.com <namphu8@gmail.com> trucho@sbtn.tv <trucho@sbtn.tv> phi@myvanfilms.com <phi@myvanfilms.com>
**Subject:** Through Our Eyes: The Vietnam War

Brian,

Hope you've been well. I have enjoyed our past interactions and wanted to provide you with an opportunity to be informed of the current status of the TOE project as it relates to Fred Koster. I am not sure if you are aware of the extent of Fred's actions concerning the TOE project. However, I'm writing this email for your awareness as a courtesy.

It is with a heavy heart that I write to you regarding the Vietnamese Community's pending lawsuit against Fred Koster and Koster Films LLC as it relates to the Through Our Eyes: The Vietnam War project (the "TOE" project). It is our understanding that you have in your possession at least 93 interviews in their native form and all related materials (including all film) of the TOE project. These interviews and related materials are the intellectual property of the Vietnamese Community. Fred was a contractor-for-hire for the TOE project, and has no ownership rights to any assets from or created by the TOE project. We therefore respectfully request that you immediately return all of the footage of the 93 interviews in their native format as well as all related materials of the TOE project to the following address:

**Kasowitz Benson Torres LLP**
**ATTN: Through Our Eyes: The Vietnam War**
333 Twin Dolphin Dr Suite 200
Redwood City, CA 94065

For your awareness, Fred has sold DVD copies of the TOE project as well as copies in other commercial mediums through eBay and a website he has created, with no consent or authorization from the Vietnamese Community. Despite our repeated requests, Fred has refused to return our property, including all footage filmed during the TOE project, as well as has refused to take down his listings for the illicit sale of the film. Thus, the Vietnamese Community is pursuing at least the following civil and criminal claims against Fred Koster and Koster Films LLC:

- copyright infringement;
- fraud;
- constructive fraud;
- fraudulent concealment;
- fraudulent misrepresentation;
- negligent misrepresentation;
- unjust enrichment;
- breach of fiduciary duty;

- breach of contract;
- breach of implied contract;
- breach of covenant of good faith and fair dealing;
- breach of oral agreement;
- professional negligence;
- defamation *per se*.

We would like to resolve this matter amicably with you prior to naming you as a joint defendant with Fred Koster and Koster Films LLC. We understand that you may be the party who facilitated the technical implementation of the website, filming and editing, and that you are in possession of the 93 interviews. We would like to avoid any unnecessary legal actions against you and your company, BT Productions, in the pending litigation against Fred Koster and Koster Films LLC. Therefore, we request that you immediately return our property.

Should we not receive a response from you by end of business day Tuesday, April 27th, we will unfortunately be forced to include you in the present litigation against Fred Koster and Koster Films LLC as a joint defendant with at least the above civil and criminal claims. This means that you and BT Productions will be jointly and severally liable with Fred Koster and Koster Films LLC in the pending civil and criminal lawsuit for at least the above claims. Nothing contained in this request shall be construed as a waiver of our rights and/or remedies, all of which are expressly reserved.

We are available to discuss the above via a conference call and welcome any questions you may have.

Regards,
Minh

ThucMinh Nguyen
Kasowitz Benson Torres LLP
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065
Tel. (650) 453-5420
Fax. (650) 362-9302
TNguyen@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

# EXHIBIT D

 Gmail

**Fred K <fknotebook@gmail.com>**

---

## Fwd: Your Vimeo video has been removed for copyright infringement
1 message

**Brian Tooker** <briantooker91@gmail.com>                    Tue, Apr 27, 2021 at 9:22 PM
To: "fred kosterfilms.com" <fred@kosterfilms.com>

---

---------- Forwarded message ---------
From: **Vimeo** <no-reply@vimeo.com>
Date: Tue, Apr 27, 2021 at 9:20 PM
Subject: Your Vimeo video has been removed for copyright infringement
To: <briantooker91@gmail.com>

**vimeo**

## Dear BT Productions:

Your video titled "Through Our Eyes" (https://vimeo.com/536022661)
was removed on Apr 28, 2021 in response to a takedown notice
submitted by ThucMinh Nguyen based on "throughoureyesmovie"
pursuant to the Digital Millennium Copyright Act ("DMCA").

### Why did this happen?

We removed your video because a third party claims that your video infringes its
copyright. The DMCA requires Vimeo to remove allegedly infringing content upon receipt
of a valid takedown notice.

### Who submitted this takedown?

The takedown notice was sent by:
Copyright Holder: ThucMinh Nguyen
Address: 10216 Park Cir E City, State, and Zip: Cupertino, CA 95014
Phone number: (408) 890-0354
Email address: Thucminh.n@gmail.com

### Can I challenge this removal?

If you believe that the third party claim was mistaken, you may challenge it by filing a
counter-notification form, available here: https://vimeo.com/dmca#counter_notification.
Please read our full DMCA policy for more information on the counter-notification process.

Alternately, you may contact the copyright holder (or representative) directly and ask them to withdraw their claim.

**Will anything happen to my Vimeo account status?**

This takedown will count as a copyright "strike" against your account. If you receive three unresolved copyright strikes, we will disable your account under our repeat infringer policy: https://vimeo.com/dmca#repeat_infringer.

You can review any copyright strikes your account receives here: https://vimeo.com/settings/videos/dmca.

You can also learn more about dealing with DMCA strikes in our Help Center here: https://help.vimeo.com/hc/en-us/sections/203914978-DMCA

We strongly suggest that you carefully review the remaining videos in your account to make sure there are no videos that may infringe upon the rights of others. If you are in doubt as to whether a particular video infringes upon another's rights, you should remove it. Finally, you should ensure that all future videos you upload do not infringe any other person's rights.

Sincerely,<br />Vimeo, Inc.



If you wish to unsubscribe, or change your notification settings: **click here**.

™ + © Vimeo, Inc. 555 West 18th Street, New York, NY 10011. All rights reserved.

**Terms** | **Privacy Policy**

--
-Brian Tooker- www.briantooker.com

# EXHIBIT E

## ThucMinh Nguyen

| | |
|---|---|
| **From:** | ThucMinh Nguyen <thucminh.n@gmail.com> |
| **Sent:** | Thursday, May 6, 2021 6:19 PM |
| **To:** | ThucMinh Nguyen |
| **Subject:** | Fwd: VeRO Program -- eBay Listing Removal Pending |

**\*\*EXTERNAL EMAIL\*\***

Begin forwarded message:

> **From:** vero@ebay.com
> **Date:** April 25, 2021 at 8:45:12 PM PDT
> **To:** thucminh.n@gmail.com
> **Subject: VeRO Program -- eBay Listing Removal Pending**
>
> Thank you for contacting us.
>
> We are pleased to inform you that the following listing(s) you reported are in the process of being removed from eBay in response to the Notice of Claimed Infringement you recently sent:
>
> kosterfilms-llc
> 124683016989
>
> Once removed (typically within 48 hours) we will notify the seller and all participating bidders that the listing(s) has been removed due to your request.
>
> If the Notice of Claimed Infringement contained items that are not listed above you will receive a separate email communication about those items. These notices may arrive at different times (over a period of up to several hours) as items for different sellers are processed separately.
>
> If you should have any questions or concerns regarding this matter, please do not hesitate to contact us again.
>
> VeRO Program
> eBay Trust & Safety

# EXHIBIT F

# Talent Release Form

## Through Our Eyes (working title)

I hereby agreed to participate as indicated in the above video (film) production. In consideration of my appearance in the video, and without any further consideration, I hereby grant permission to the film production of Through Our Eyes to utilize my appearance in connection with the film and to use my performance, name, and/or voice. I hereby authorize the film production to photograph and record, the performance; to edit the same at its discretion and to include it with the performance of others and with sound effects, special effects, and music. I agree that my participation in the film may be edited or excluded completely. I expressly release to KosterFilms LLC, their employees, and their licensees from and against any and all claims to the invasion of privacy, defamation, film ownership or any other cause of action arising out of production, distribution, broadcast or exhibition of the video.
By signing below I hereby agree to these terms.

ThucMinh Nguyen
10216 Park Circle East apt 1 Cupertino CA 95014

_____     1/10/20

# EXHIBIT G

 Gmail

**Fred K <fknotebook@gmail.com>**

---

## Fwd: Your Vimeo video has been removed for copyright infringement
1 message

---

**Brian Tooker <briantooker91@gmail.com>**  Tue, Apr 27, 2021 at 9:22 PM
To: "fred kosterfilms.com" <fred@kosterfilms.com>

---

---------- Forwarded message ---------
From: **Vimeo** <no-reply@vimeo.com>
Date: Tue, Apr 27, 2021 at 9:20 PM
Subject: Your Vimeo video has been removed for copyright infringement
To: <briantooker91@gmail.com>

## vimeo

### Dear BT Productions:

Your video titled "Through Our Eyes" (https://vimeo.com/536022661)
was removed on Apr 28, 2021 in response to a takedown notice
submitted by ThucMinh Nguyen based on "throughoureyesmovie"
pursuant to the Digital Millennium Copyright Act ("DMCA").

**Why did this happen?**

We removed your video because a third party claims that your video infringes its
copyright. The DMCA requires Vimeo to remove allegedly infringing content upon receipt
of a valid takedown notice.

**Who submitted this takedown?**

The takedown notice was sent by:
Copyright Holder: ThucMinh Nguyen
Address: 10216 Park Cir E City, State, and Zip: Cupertino, CA 95014
Phone number: (408) 890-0354
Email address: Thucminh.n@gmail.com

**Can I challenge this removal?**

If you believe that the third party claim was mistaken, you may challenge it by filing a
counter-notification form, available here: https://vimeo.com/dmca#counter_notification.
Please read our full DMCA policy for more information on the counter-notification process.

Case 8:22-cv-02130-JWH-DFM   Document 83   Filed 09/10/23   Page 66 of 83   Page ID #:1199

Alternately, you may contact the copyright holder (or representative) directly and ask them to withdraw their claim.

**Will anything happen to my Vimeo account status?**

This takedown will count as a copyright "strike" against your account. If you receive three unresolved copyright strikes, we will disable your account under our repeat infringer policy: https://vimeo.com/dmca#repeat_infringer.

You can review any copyright strikes your account receives here: https://vimeo.com/settings/videos/dmca.

You can also learn more about dealing with DMCA strikes in our Help Center here: https://help.vimeo.com/hc/en-us/sections/203914978-DMCA

We strongly suggest that you carefully review the remaining videos in your account to make sure there are no videos that may infringe upon the rights of others. If you are in doubt as to whether a particular video infringes upon another's rights, you should remove it. Finally, you should ensure that all future videos you upload do not infringe any other person's rights.

Sincerely,<br />Vimeo, Inc.



If you wish to unsubscribe, or change your notification settings: **click here**.

™ + © Vimeo, Inc. 555 West 18th Street, New York, NY 10011. All rights reserved.

**Terms** | **Privacy Policy**

--
-Brian Tooker- www.briantooker.com

# EXHIBIT H

# <u>Talent Release Form</u>

## Through Our Eyes (working title)

I hereby agreed to participate as indicated in the above video (film) production. In consideration of my appearance in the video, and without any further consideration, I hereby grant permission to the film production of Through Our Eyes to utilize my appearance in connection with the film and to use my performance, name, and/or voice. I hereby authorize the film production to photograph and record, the performance; to edit the same at its discretion and to include it with the performance of others and with sound effects, special effects, and music. I agree that my participation in the film may be edited or excluded completely. I expressly release to KosterFilms LLC, their employees, and their licensees from and against any and all claims to the invasion of privacy, defamation or any other cause of action arising out of production, distribution, broadcast or exhibition of the video.
By signing below I hereby agree to these terms.

Nam Pham
namphu8@gmail.com
nam.pham@post.harvard.edu
5 Bayside Road, Quincy MA 02172

# EXHIBIT I

 Gmail

**ThucMinh Nguyen <thucminh.n@gmail.com>**

## Response to your Vimeo DMCA claim

**Vimeo** <no-reply@vimeo.com>
Reply-To: Vimeo <dmca@vimeo.com>
To: Thucminh.n@gmail.com

Tue, Apr 27, 2021 at 9:20 PM

*vimeo*

## Dear THUCMINH NGUYEN:

We are writing in response to the Digital Millennium Copyright Act ("DMCA") takedown notice that you provided to us (the "Notice").

**Please note that, as of the date hereof, Vimeo, Inc. has:**

- Removed or disabled access to the material on Vimeo that you identified in the Notice;
- Where such material formerly appeared on Vimeo, posted a statement that Vimeo has removed such material as a result of a third-party notification claiming that such material is infringing; and
- Notified the persons that posted the material in question that Vimeo has removed or disabled access to such material as a result of a third-party notification claiming that such material is infringing.

This letter, and the actions taken as described herein, do not and shall not constitute or be construed as an admission of liability or wrongdoing whatsoever on our part, including any infringement (direct, contributory or vicarious) by us of any intellectual property or other rights, and do not constitute and shall not be deemed to constitute any waiver, release or impairment of any kind of any of our rights available to us at law or in equity, all of which are hereby expressly reserved.

Furthermore, this letter, and the actions taken as described herein do not constitute, and shall not be construed as, an agreement or course of dealing by us to in the future take any action or refrain from taking any action.

We trust that this concludes this matter.

Very truly yours,
Vimeo, Inc.

   

If you wish to unsubscribe, or change your notification settings: **click here**.

™ + © Vimeo, Inc. 555 West 18th Street, New York, NY 10011. All rights reserved.

**Terms** | **Privacy Policy**

# EXHIBIT J



**Fred K <fknotebook@gmail.com>**

## Your listing isn't following policy: VeRO Unauthorized Item Policy
1 message

**no.reply@ebay.com** <no.reply@ebay.com>                                      Wed, Apr 28, 2021 at 12:49 AM
To: fred@kosterfilms.com



Your listing isn't following policy: VeRO Unauthorized Item Policy

Hello kosterfilms-llc,

**Your listing didn't follow our VeRO Unauthorized Item Policy.. Unauthorized
copies or counterfeits are illegal and not allowed on eBay**

What activity didn't follow the policy

 More specific details are provided below.

---

What you need to do next

Items removed for this policy cannot be relisted. Please ensure that your
future listings are for authentic items only. For these items, they should be
described accurately and completely, so buyers know that it is an authentic
item.

---

What is the policy

- Your listing was reported by ThucMinh Nguyen for violating their copyright..
eBay's Verified Rights Owner (VeRO) program offers intellectual property
rights owner(s) a way to report listings that they believe infringe on their
rights
- Unauthorized copies of copyrighted material are illegal, and not allowed on
eBay
- If you believe a mistake has been made, you will need to contact the rights
owner directly. If the rights owner approves your appeal, please have them
contact us directly to reinstate your listing(s)
You can send an email to:
thucminh.n@gmail.com

How this affects your account

- Listings that don't follow this policy have been ended.
- We have credited all associated fees except for payments processing fees and the final value fee for your listing(s).
- Other than actions previously communicated to you in prior emails, no further actions are being placed on your account..

Why we have this policy

This policy helps to ensure that eBay users trust our marketplace, and comply with the law.

More information and help

https://www.ebay.com/help/policies/listing-policies/selling-policies/intellectual-property-vero-program?id=4349

Listings that don't follow policy

124697125524 - Through Our Eyes - The Vietnam War (Premiere DVD) Presale-shipment date May 14

We appreciate your understanding.

Thanks,
eBay

Please don't reply to this message. It was sent from an address that doesn't accept incoming email.

eBay Document ID: 99933713004

eBay is committed to your privacy. Read our user agreement and privacy notice. Learn how to recognize fake (spoof) emails.

Copyright © 2021 eBay Inc. All Rights Reserved. Designated trademarks and brands are the property of their respective owners. eBay and the eBay logo are trademarks of eBay Inc., 2025 Hamilton Avenue, San Jose, CA 95125.

# EXHIBIT K

**Confidential Settlement Agreement, Release, and Covenant Not to Sue**

      This Confidential Settlement Agreement, Release, and Covenant Not to Sue, dated as of May __, 2023 ("**Agreement**"), is made by between Brian Tooker ("**Tooker**") and BT Production LLC ("**BT**," and together with Tooker, the "**Tooker Parties**") on the one hand, and Frederick Koster ("**Koster**") and Koster Films, LLC ("**KF**," and together with Koster, the "**Koster Parties**") on the other hand. The Tooker Parties and Koster Parties are collectively known as the "**Parties**."

<h3 align="center">Recitals</h3>

      A.      The Koster Parties hired the Tooker Parties for the making of a film, "Through Our Eyes: The Vietnam War" (the "**Film**"). Pursuant to their agreement, Koster was the Producer, Director, and Writer, while Tooker was the cinematographer and film editor of the Film. In the course of making the Film, Koster and Tooker recorded interviews and other original footage (the "**Additional Footage**"), excerpts of which were later incorporated into the Film. Koster asserts, and Tooker does not dispute, that their agreement was a work-for-hire agreement.

      B.      As the cinematographer and film editor, Tooker presently has in his possession the original, editable footage of the Film and the Additional Footage, as well as copies thereof, saved on multiple hard drives.

      C.      At present, BT and KF are listed as coauthors of the Film in Copyright Registration No. PA0002316073.

      D.      Koster asserts that he solely and exclusively owns the Additional Footage, including interviews of individuals conducted during the course of the Film production. Koster further asserts that he solely and exclusively owns additional interviews that he conducted unrelated to the Film production that the Tooker Parties may presently have in their possession. The Tooker Parties assert no claims of ownership regarding the Additional Footage or such other additional interviews described in this paragraph.

      E.      On November 23, 2022, The Next Vietnam Projects Foundation, Inc., Radix Corporation a/k/a Vietnam Veterans for Factual History, Saigon Broadcasting Television Network, Inc., My Van International, Inc., Nam Pham, Carina Oanh Hoang, Diep Phan, Trong Phan, Son Nguyen, Thanh-Mai Nguyen, and Minh Nguyen sued KF, Koster, BT, and Tooker in the lawsuit captioned *The Next Vietnam Projects Foundation, Inc. v. Koster Films, LLC*, No. 8:22-cv-2130 (C.D. Cal.) (the "**NVPF Lawsuit**").

      F.      Tooker and BT have settled the claims against them in the NVPF Lawsuit.

      G.      In light of the NVPF Lawsuit, to avoid the expense and business interruption associated with the NVPF Lawsuit, and to avoid the possibility of litigation between themselves, the Parties agree, in consideration of the mutual promises set forth herein, the sufficiency of which is hereby acknowledged, to settle as follows:

1

**Terms and Conditions**

1.  **Film and Additional Footage.**  The Koster Parties agree to help the Tooker Parties so that, with no compensation owed to any party, the Tooker Parties shall be permitted to (a) provide to The Next Vietnam Projects Foundation or its designee(s) hard drives containing a copy of the original, editable footage of the Film and a copy of the original, editable Additional Footage; and (b) retain a copy of the original, editable footage of the Film and the original, editable Additional Footage pending the resolution of the NVPF Lawsuit or unless otherwise ordered by a court, provided that the Tooker Parties shall not claim any ownership rights in the Additional Footage. By agreeing to the terms of this Agreement, the Koster Parties do not relinquish any of their rights to their ownership of the Film and Additional Footage. The Agreement is not an authorization by the Koster Parties for any third-party use of the Film and Additional Footage.

2.  **Copyright Interest**.  The Koster Parties agree that, with no compensation owed to the Koster Parties, BT may relinquish, abandon, disclaim, or otherwise terminate any interest BT has in the Film's copyright, including by requesting that the United States Copyright Office record a statement of BT's intention to relinquish its rights in the copyright of the Film, which statement may be signed and may identify the title, registration number, and date of publication or registration. Neither BT nor Tooker makes any representations regarding the legal effect of recording a statement of abandonment. The Tooker Parties have not assigned, and have not agreed to assign, BT's interest in the Film's copyright to any of the plaintiffs in the NVPF Lawsuit or to any third parties related to such plaintiffs, and the Koster Parties do not consent to such an assignment.

3.  **Mutual Releases and Covenants Not to Sue.**  Upon execution of this Agreement, the Parties mutually release, remise, and forever discharge each other and each other's past, present, and future agents, employees, attorneys, representatives, administrators, principals, partners, members, owners, directors, officers, joint venturers, affiliates, sureties, subsidiaries, divisions, creditors, parents and affiliated entities, predecessors, successors, assigns, stockholders, servants, trusts, trustees, heirs, administrators, beneficiaries, holding companies, claims administrators, insurers, reinsurers, third-party administrators, underwriters, and each of them, from any and all claims, duties, demands, suits, rights, causes of action, obligations, liabilities, liens, damages, debts, injuries, losses, fines, penalties, costs, attorneys' fees and/or expenses of every kind and nature whatsoever, whether known or unknown, existing on or before the effective date of this Agreement, whether in contract, equity, statute, tort, or otherwise, that concern, relate to, or arise out of the Film, the Additional Footage, or anything subsumed therein. Each Party further covenants not to sue the other Party with respect to the matters released herein. The Koster Parties further covenant not to sue the Tooker Parties for providing or retaining copies of the Film and Additional Footage as provided in Paragraph 1, and for disposing of any copyright interest as provided in Paragraph 2. To avoid doubt or uncertainty, this Paragraph 3 does not extend to the enforcement of this Agreement.

4.  **Entire Agreement.**  This Agreement constitutes the sole, complete, and fully integrated agreement with respect to the claims released herein. It supersedes all prior written or oral agreements or communications between the Parties regarding the subject matter contained

therein. In entering into this Agreement, the Parties have not relied on any representations or understandings not reflected therein. The Parties freely enter into this Agreement and agree that this Agreement is valid and binding regardless of any information that may be unknown to them or otherwise later determined to be relevant to their decision to enter into this Agreement.

5.    **Advice of Counsel**.  The Parties have had a full and complete opportunity to obtain and rely on legal counsel of their choosing, and the drafting of the Agreement was a common endeavor of the Parties and their respective legal counsel, if any.

6.    **Severability.**  If any part of this Agreement is judicially determined to be unenforceable, then when possible, but only if consistent with the purpose of the Agreement, any such unenforceable provision may be reformed and then enforced as reformed and the remainder of the Agreement shall remain valid and enforceable unless it defeats its fundamental purpose, which is to settle the claims asserted in the Lawsuit.

7.    **Confidentiality.**  Except as necessary to carry out the purposes of this Agreement, or as necessary to obtain appropriate legal, insurance, tax, or financial advice concerning the provisions of this Agreement, the Parties agree that the terms of this Agreement shall remain confidential and shall not be disclosed to any other person or entity unless (a) both Parties agree, in writing, to do so or (b) the Parties are required by legal process to do so. The Parties further agree that if they are required by legal process to disclose information concerning this Agreement, they will provide the other Parties with at least 10 business days' notice before the required disclosure.

8.    **Recitals and Headings.**  All recitals are incorporated in this Agreement by reference. Paragraph headings may not be interpreted to limit the scope of the subject matter addressed.

9.    **Applicable Law.**  Arizona law shall apply and govern this Agreement, and any suit to enforce it shall be filed in the Maricopa County Superior Court or in the U.S. District Court for the District of Arizona. The breach of this Agreement shall give rise only to a cause of action for specific performance or to recover damages arising from the breach and shall not reinstate the claims and liabilities released, nor shall any such breach entitle either Party to rescind this Agreement and any such rescission rights are expressly waived.

10.    **Effective Date.**  The Effective Date of this Agreement is the date upon which it has been signed by all Parties.

11.    **Counterparts and Authority to Execute.** The signing of this Agreement shall be notarized and may be signed in counterparts, each of which is considered an original, but all of which shall constitute one and the same instrument. Each individual signing this Agreement warrants and represents that he or she has full authority and is duly authorized and empowered to execute this Agreement on behalf of the Party for which he or she signs and for the purposes set forth in this Agreement.

[SIGNATURES ON NEXT PAGE]

3

**KOSTER FILMS, LLC**

An Arizona Limited Liability Company

By: _____          Dated: _____
     Frederick Koster
     Its Manager


**FREDERICK KOSTER**

By: _____          Dated: _____
     Frederick Koster


**BT PRODUCTION LLC**

An Arizona Limited Liability Company

By: _____          Dated: _____
     Brian Tooker
     Its Manager


**BRIAN TOOKER**

By: _____          Dated: _____
     Brian Tooker

Frederick Koster
1846 Innovation Park Dr, #100 Oro Valley, AZ  85755
602-451-0999
fredkusa1@gmail.com
Frederick Koster in Pro Per

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA


**NEXT VIETNAM PROJECTS**       **Case No.: 8:22-cv-2130- JWHDFM**
**FOUNDATION, INC., ET AL**
**Plaintiffs**                    **FREDERICK KOSTER'S**
                                  **DECLARATION IN SUPPORT OF**
                                  **DEFENDANT'S  COUNTERCLAIMS**


        **v.**


**KOSTER FILMS LLC,**
**FREDERICK KOSTER, ET AL**
**Defendants**

                        **District:        Hon. John W Holcomb**
                        **Mag. Judge:  Hon Douglas F McCormick**

1. I, Frederick Koster. Declares as follows:

2. I have personal knowledge of the following facts, and if called as a witness, I could and would competently testify thereto.

3. I have a written Talent Release Form contract with Minh Nugyen. (Exhibit F)

4. I have a written Talent Release Form contract with Nam Pham. (Exhibit H)

5. I have a written permission agreement by way of emails with My Van International Inc.

6. I have no contract in any form with Radix Foundation Corp, Saigon Broadcasting Television Network, Next Vietnam Projects Foundation Inc.

7. The individual Plaintiffs who did appear in the film, as stated in the Plaintiffs complaint, all agreed to appear in the film.

8. Plaintiffs currently have in their unauthorized possession Koster's copyright film, interviews, and related film materials, in which they received from former codefendant Brian Tooker by way of their settlement agreement.

9. I have not given permission for Plaintiffs to have my property.

10. I have asked the Plaintiffs' attorney on three different occasions to return my property and was rejected.

11. I have emailed and asked numerous times for the return of my property from former codefendant's attorney but was rejected because he said he could not return my property because in their settlement agreement with

2       DECLARATION IN SUPPORT OF DEFENDANT'S COUNTERCLAIM

Plaintiffs, it was demanded that Koster's property can not be returned to him.

12. Koster's film property that is in the Plaintiffs' unauthorized possession is evidence for the trial and they are withholding my own property from me to use in court.

13. I tried to release my copyrighted film through my distributors but was stopped by Minh Nguyen DMCA copyright takedowns.  From the notices that I received from my distributors, Minh Nguyen claimed in her takedowns that she was the copyright holder. (Exhibits D, E, G, I, J)

14. I had to refund customers' money because of Minh Nguyen's DMCA takedown notices.

15. I received at least two Cease and Desist/ Demand emails from Minh Nguyen that were cc'd to about 22 people stating that she has no contract with me to be in the film along with other defamation towards me.

16. I had two Conference telephone calls that were designated for the Rule 26 f report with Jacob Poorman on June 26, 2023 and June 30,2023.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 8, 2023, in Phoenix, Arizona

*Frederick Koster*

Frederick Koster in Pro Per

3       DECLARATION IN SUPPORT OF DEFENDANT'S COUNTERCLAIMS

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
OR OF PARTY APPEARING IN PRO PER

Frederick Koster
   1846 Innovation Park Dr, #100 Oro Valley, AZ 85755
   602-451-0999
   fredkusa1@gmail.com
Frederick Koster in Pro Per

**F I L E D**
CLERK, U.S. DISTRICT COURT

6/9/23

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ cla _____ DEPUTY

ATTORNEY(S) FOR: Defendant in Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXT VIETNAM PROJECTS FOUNDATION, INC., ET AL<br><br>Plaintiff(s),<br>v.<br><br>KOSTER FILMS LLC, FREDERICK KOSTER, ET AL<br><br>Defendant(s) | CASE NUMBER:<br><br>Case No.: 8:22-cv-2130- JWHDFM<br><br>**CERTIFICATION AND NOTICE<br>OF INTERESTED PARTIES**<br>(Local Rule 7.1-1) |

TO:     THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for                DEFENDANT
or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
|---|---|
| Koster Films LLC | DEFENDANT |
| Frederick Koster | DEFENDANT |
| Brian Tooker | DEFENDANT |
| BT Productions LLC | DEFENDANT |
| Next Vietnam Projects Foundation, Inc | PLAINTIFF |
| Radix Corporation | PLAINTIFF |
| Saigon Broadcasting Network, Inc | PLAINTIFF |
| My Van International, Inc | PLAINTIFF |
| Nam Pham | PLAINTIFF |
| Carina Oanh Hoang | PLAINTIFF |
| Diep Phan | PLAINTIFF |
| Trong Phan | PLAINTIFF, PLAINTIFF, PLAINTIFF |
| Son Nguyen , Thanh-Mai Nguyen , Minh Nguyen | |

June 8, 2023
_____
Date

*Frederick Koster*
_____
Signature

Attorney of record for (or name of party appearing in pro per):

Frederick Koster in pro per
_____