Jack Shaw (Bar No. 309382)
Email: jack.shaw@procopio.com
PROCOPIO, CORY, HARGREAVES &
  SAVITCH LLP
300 El Camino Real, Suite 5-400
Palo Alto, CA 94306
Telephone: 650.645.9019
Facsimile: 650.687.8326

Jacob K. Poorman (Bar No. 262261)
E-mail: jacob.poorman@procopio.com
PROCOPIO, CORY, HARGREAVES &
  SAVITCH LLP
12544 High Bluff Drive, Suite 400
San Diego, CA 92130
Telephone: 619.238.1900
Facsimile: 619.235.0398

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NEXT VIETNAM PROJECTS FOUNDATION, INC.; RADIX FOUNDATION A/K/A VIETNAM VETERANS FOR FACTUAL HISTORY; SAIGON BROADCASTING TELEVISION NETWORK, INC.; MY VAN INTERNATIONAL, INC.; NAM PHAM; CARINA OANH HOANG; DIEP PHAN; TRONG PHAN; SON NGUYEN; THANH-PHUONG LE and MINH NGUYEN,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>KOSTER FILMS, LLC; FREDERICK KOSTER, BT PRODUCTIONS, LLC and BRIAN TOOKER,<br><br>　　　　Defendants.<br><br>FREDERICK KOSTER, an individual,<br><br>　　　　Counterclaimant,<br><br>v. | Case No. 8:22-cv-02130-JWH-DFM<br><br>**PLAINTIFFS AND COUNTER-DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: October 20, 2023<br>Time: 9:00 a.m.<br>Courtroom: 9D<br>District Judge: Hon. John W. Holcomb<br>Mag. Judge: Hon. Douglas F. McCormick<br><br>Complaint filed: Nov. 23, 2022 |

1
PLAINTIFFS' NOTICE OF MOT. AND MOT. FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
Case No. 8:22-cv-02130-JWH-DFM

| | |
|---|---|
| 1 | NEXT VIETNAM PROJECTS FOUNDATION, INC., et al., |
| 2 | |
| 3 | Counter-Defendants. |

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 20, 2023, at 9:00 a.m., or as soon thereafter as the matter may be heard by Honorable John W. Holcomb, in Courtroom 9D, 9th Floor, of the United States District Court for the Central District of California, located at the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, CA 92701, Plaintiffs and Counter-Defendants The Next Vietnam Projects Foundation, Inc., Radix Foundation a/k/a Vietnam Veterans for Factual History, Saigon Broadcasting Television Network, Inc., My Van International, Inc., Nam Pham, Carina Oanh Hoang, Diep Phan, Trong Phan, Son Nguyen, Thanh Phuong Le and Minh Nguyen's (collectively, "Plaintiffs") will, and hereby do, move for Leave to file the First Amended Complaint, pursuant to Fed. R. Civ. P. Rule 15.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the Declaration of Jacob Kevin Poorman, the pleadings and papers on file in the above entitled action, and upon such other points and authorities, arguments, and written and/or oral evidence as the Court may deem fit to consider at the hearing.

This amendment will have the effect of (1) correcting the names of Plaintiff Radix Foundation a/k/a Vietnam Veterans for Factual History (incorrectly identified in the Complaint as "Radix Corporation a/k/a Vietnam Veterans for Factual History) and Thanh Phuong Le (incorrectly identified as Thanh Mai Nguyen), (2) clarifying that Plaintiffs Trong Phan and Son Nguyen are not asserting claims for misappropriation of likeness because they did not appear in the final version of the film at issue in this action (Through Our Eyes – The Vietnam War), (3) clarifying

that Plaintiffs' theory of fraud includes the allegation that Plaintiffs not only paid, or caused to be paid, Defendants Fred Koster and Koster Films, LLC approximately $300,000 based on Defendant Koster's misrepresentations, but also donated time, their labor, equipment, lodging, fund raising efforts, and (for certain Plaintiffs) their likenesses, based on Defendant Koster's misrepresentations, and (4) correcting an inadvertent statement regarding percipient witness Richard Botkin (Mr. Botkin is a marine veteran and has authored a book about the Vietnam War, but he himself did not serve in Vietnam, as stated in the Complaint).

      This motion is made following the conference of counsel pursuant to Local Rule 7-3.  After initial discussions regarding amending the complaint during their Rule 26 conference, Plaintiffs sent Defendant Koster a draft amended complaint and redline comparison to the initial complaint on August 17, 2023, and the parties met and conferred about Plaintiffs' proposed First Amended Complaint on August 23, 2023. On August 27, 2023, Defendant Koster stated via email that he was unwilling to stipulate to the amended complaint. *See* Declaration of Jacob Kevin Poorman at ¶¶ 5-10.

## MEMORANDUM OF POINT AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs respectfully seek leave to file their First Amended Complaint[1] pursuant to Federal Rule of Civil Procedure Rule 15(a) to (1) correct the names of Plaintiff Radix Foundation a/k/a Vietnam Veterans for Factual History (incorrectly identified in the Complaint as "Radix Corporation a/k/a Vietnam Veterans for Factual History) and Thanh Phuong Le (incorrectly identified as Thanh Mai Nguyen), (2) clarify that Plaintiffs Trong Phan and Son Nguyen are not asserting claims for misappropriation of likeness because they did not appear in the final version of the film at issue in this action (Through Our Eyes – The Vietnam War), (3) clarify that Plaintiffs' theory of fraud includes the allegation that Plaintiffs not only paid, or caused to be paid, Defendants Fred Koster and Koster Films, LLC (collectively, "Defendants") approximately $300,000 based on Defendant Koster's misrepresentations, but also donated time, their labor, equipment, lodging, fund raising efforts, and (for certain Plaintiffs) their likenesses, based on Defendant Koster's misrepresentations, and (4) correcting an inadvertent statement regarding percipient witness Richard Botkin (Mr. Botkin is a marine veteran and has authored a book about the Vietnam War, but he himself did not serve in Vietnam, as stated in the Complaint).

The Federal Rules of Procedure provide that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. Rule 15(a). Furthermore, the Ninth Circuit Court of Appeal maintains that it is an abuse of discretion not to grant leave to amend unless such amendment is brought in bad faith, the opposing party would suffer prejudice or the amendment was utilized as a dilatory tactic in the litigation. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). As set forth in detail

---

[1] The proposed First Amended Complaint is attached as Exhibit A to the Declaration of Jacob Poorman.

4

below, Plaintiffs have diligently and timely sought leave to amend and are acting in good faith, and the amendment Plaintiffs seek will not prejudice Defendants.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs filed this action against Defendants, Koster Films, LLC, Frederick Koster, BT Productions, LLC, and Brian Tooker on November 23, 2022, alleging Copyright Infringement, Breach of Contract, Fraud, Misappropriation of Likeness, Conversion, Declaration of Copyright Invalidity, and Unjust Enrichment. (Dkt. No. 1.) Plaintiffs subsequently reached a settlement agreement with BT Productions, LLC and Brian Tooker and filed a Notice of Dismissal of their claims against those Defendants on May 3, 2023. (Dkt. No. 47.) Defendant Frederick Koster filed his Answer to Plaintiffs' Complaint on May 19, 2023, and then an Amended Answer with Counterclaims on June 10, 2023. (Dkt. Nos. 53, 60) Defendant Koster Films, LLC has never answered the Complaint and default was entered against it on May 31, 2023. (Dkt. No. 58.) Plaintiffs have filed an Anti-SLAPP Motion to Strike the Counterclaims, which was continued pending Defendant Koster's decision on whether to amend his Counterclaims, which he must do by September 8, 2023. Defendant Koster has recently filed amended counterclaims that Plaintiffs have not yet answered.

The parties have exchanged initial Rule 26 disclosures but Defendants have not otherwise served any discovery responses, nor have Defendants propounded any discovery requests. (Poorman Declaration at ¶ 4.) No depositions have been noticed or scheduled. (*Id.*)

The changes to the Complaint include[2]:

(1) correcting the names of Plaintiff Radix Foundation a/k/a Vietnam Veterans

---

[2] A list of all wording added is attached to the Poorman Declaration as Exhibit B, and a redlined comparison between the original Complaint and the proposed First Amended Complaint is attached as Exhibit C to the Poorman Declaration, showing the wording added and deleted.

5

Case No. 8:22-cv-02130-JWH-DFM

for Factual History (incorrectly identified in the Complaint as "Radix Corporation a/k/a Vietnam Veterans for Factual History) and Thanh Phuong Le (incorrectly identified as Thanh Mai Nguyen), (2) clarifying that Plaintiffs Trong Phan and Son Nguyen are not asserting claims for misappropriation of likeness because they did not appear in the final version of the film at issue in this action (Through Our Eyes – The Vietnam War), (3) clarifying that Plaintiffs' theory of fraud includes the allegation that Plaintiffs not only paid, or caused to be paid, Defendants Fred Koster and Koster Films, LLC approximately $300,000 based on Defendant Koster's misrepresentations, but also donated time, their labor, equipment, lodging, fund raising efforts, and (for certain Plaintiffs) their likenesses, based on Defendant Koster's misrepresentations, and (4) correcting an inadvertent statement regarding percipient witness Richard Botkin (Mr. Botkin is a marine veteran and has authored a book about the Vietnam War, but he himself did not serve in Vietnam, as stated in the Complaint).

## III. THE COURT SHOULD GRANT PLAINTIFFS' LEAVE TO AMEND THE COMPLAINT

### A. Leave to Amend is Routinely Granted

Federal Rule of Civil Procedure Rule15(a) provides that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amended should be liberally granted. *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001). Leave to amend should be denied *only* upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also*, *DCD Programs, Ltd. v. Lighton*, 833 F.2d 183, 187-188 (9th Cir. 1987). Moreover, case law has established, "[a]bsent [such] prejudice, or a strong showing of

any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.

Furthermore, judicial economy supports the liberal policy of allowing amendment of pleadings. Courts have "broad discretion in allowing supplemental pleadings" and Rule 15(d) "is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions…." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (internal quotation and citation omitted).

### B. Plaintiffs Proposed Amendments are Timely and Proper.

This motion is timely, and, in any event "delay alone is not sufficient to justify the denial of a motion requesting leave to amend." *DCD Programs*, 833 F.2d at 187. Moreover, the Ninth Circuit Court of Appeal established that there is no unjust delay when the motion is made "at the discovery stage with no trial date pending" or scheduled pretrial conference. *Id.* at 187-88.

This case remains in its relative infancy. Although the Complaint was filed on November 23, 2022, Defendants' efforts to duck Plaintiffs' repeated attempts at service forced Plaintiffs to serve Defendants through alternative means, and Defendant Koster did not finally answer the Complaint until May 19, 2023. The pleadings in this case are not yet set – Defendant Koster recently amended his Counterclaims, which Plaintiffs have not yet answered. Moreover, while trial has been set in this matter, it was recently-set by the Court (on August 21, 2023), and trial is not set to proceed until August 5, 2024. Under *DCD Programs*, there has been no unjust delay in the filing of this motion.

### C. Judicial Economy Supports Granting Leave to Amend.

Where judicial economy supports leave to amend, the court should grant such request for leave to amend. See *U.S. v. Dang*, 488 F.3d 1135, 1142-43 (9th Cir. 2007) ("The district court did acknowledge that the government was able to bring the claim

earlier in the proceedings and indicated its disapproval with the government for not doing so. Nevertheless, the court granted the motion based on an overall evaluation of '[t]he rights of the parties, the ends of justice, and judicial economy.' We cannot say that this was an abuse of discretion.") The early stage of this litigation favors leave to amend and is in the interest of judicial economy.  Although the parties have exchanged initial disclosures, neither party has responded to discovery requests, neither party has noticed a deposition, and Defendant has propounded no discovery requests. Accordingly, the progress of this matter will not be interrupted or impeded by the proposed amendments to the Complaint.

### D. Defendants Will Not Suffer Prejudice from Plaintiffs' Proposed Amendments.

Granting leave for Plaintiffs to file their First Amended Complaint will not cause prejudice to Defendants. See e.g., *Eminence Capital, LLC*, 316 F.3d at 1053 (". . . we believe that the district court did not appropriately exercise its discretion by denying plaintiffs leave to amend where, as here, plaintiffs' allegations were not frivolous, plaintiffs were endeavoring in good faith to meet the heightened pleading requirements and to comply with court guidance, and, most importantly, it appears that plaintiffs had a reasonable chance of successfully stating a claim if given another opportunity.")  Plaintiffs' revisions to the Complaint are not extensive, and are largely intended to (1) correct several minor, inadvertent inaccurate statements (e.g., correcting certain names), (2) clarify that Plaintiffs are not asserting claims for misappropriation of likeness on behalf of Trong Phan and Son Nguyen because Plaintiffs have learned that they did not appear in the original Film, and (3) more clearly spell out, based on facts already alleged in the Complaint, that Plaintiffs' theory of fraud includes the allegation that Plaintiffs relied to their detriment on Defendant Koster's misrepresentations not only by paying Defendant Koster, or causing Defendant Koster to be paid, approximately $300,000, but also by devoting

their time, labor, equipment, lodgings and likenesses to the Film. Finally, as discussed *supra*, this case is in its relative infancy and no substantive discovery has taken place. Accordingly, Defendants will not suffer any prejudice by the amendments sought in this Motion, which do not seek to add any additional causes of action. *See, e.g., DCD Programs*, 833 F.2d at 187–88 (no prejudice where amendment was sought during early stages of discovery).

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Leave to File a First Amended Complaint.

DATED: September 18, 2023

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ Jacob K. Poorman
Jack Shaw
Jacob K. Poorman
*Attorneys for Plaintiffs*

# **CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is PROCOPIO, CORY, HARGREAVES & SAVITCH LLP, 525 "B" Street, Suite 2200, San Diego, California 92101. On **September 18, 2023**, I served the foregoing document.

☑ *(Federal)* **BY CM/ECF NOTICE OF ELECTRONIC FILING** by causing such document(s) listed above to be served through this Court's electronic transmission facilities via the Notice of Electronic Filing (NEF) and hyperlink, to the parties and/or counsel who are determined this date to be registered CM/ECF Users set forth in the service list obtained from this Court on the Electronic Mail Notice List.

☑ *(Federal)* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 18, 2023, at **San Diego**, California.

/s/ Jacob K. Poorman