1  Jack Shaw (Bar No. 309382)
   Email:  jack.shaw@procopio.com
2  PROCOPIO, CORY, HARGREAVES &
      SAVITCH LLP
3  1117 S. California Ave., Suite 200
   Palo Alto, CA 94304
4  Telephone: 650.645.9019
   Facsimile:  650.687.8326
5
   Jacob K. Poorman (Bar No. 262261)
6  E-mail:  jacob.poorman@procopio.com
   PROCOPIO, CORY, HARGREAVES &
7      SAVITCH LLP
   525 B Street, Suite 2200
8  San Diego, CA 92101
   Telephone: 619.238.1900
9  Facsimile: 619.235.0398

10  *Attorneys for Plaintiffs*

11              **UNITED STATES DISTRICT COURT**

12          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13  THE NEXT VIETNAM PROJECTS          Case No. 8:22-cv-02130-JWH-DFM
    FOUNDATION, INC.; RADIX
14  FOUNDATION A/K/A VIETNAM           **PLAINTIFFS AND COUNTER-**
    VETERANS FOR FACTUAL HISTORY;      **DEFENDANTS' NOTICE OF**
15  SAIGON BROADCASTING                **MOTION AND MOTION TO**
    TELEVISION NETWORK, INC.; MY       **STRIKE DEFENDANT AND**
16  VAN INTERNATIONAL, INC.; NAM       **COUNTERCLAIMANT**
    PHAM; CARINA OANH HOANG; DIEP      **FREDERICK KOSTER'S**
17  PHAN; TRONG PHAN; SON NGUYEN;      **AMENDED COUNTERCLAIM**
    THANH-PHUONG LE and MINH           **FOR CONVERSION PURSUANT**
18  NGUYEN,                            **TO CCP § 425.16 OR, IN THE**
                                       **ALTERNATIVE, TO DISMISS**
19           Plaintiffs,               **PURSUANT TO FRCP 12(B)(6);**
                                       **MEMORANDUM OF POINTS**
20  v.                                 **AND AUTHORITIES IN**
                                       **SUPPORT THEREOF**
21  KOSTER FILMS, LLC; FREDERICK
    KOSTER, BT PRODUCTIONS, LLC and
22  BRIAN TOOKER,                      Date:        October 20, 2023
                                       Time:        9:00 a.m.
23           Defendants.               Courtroom:   9D
                                       District Judge: Hon. John W.
24                                                    Holcomb
                                       Mag. Judge:  Hon. Douglas F.
25                                                   McCormick

26                                     Complaint filed:  Nov. 23, 2022
27
28

FREDERICK KOSTER, an individual,

  Counterclaimant,

v.

NEXT VIETNAM PROJECTS FOUNDATION, INC., et al.,

  Counter-Defendants.

TO: ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

TO: ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 20, 2023, at 9:00 a.m., or as soon thereafter as the matter may be heard by Honorable John W. Holcomb, in Courtroom 9D, 9th Floor, of the United States District Court for the Central District of California, located at the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, CA 92701, Plaintiffs and Counter-Defendants The Next Vietnam Projects Foundation, Inc., Radix Foundation a/k/a Vietnam Veterans for Factual History, Saigon Broadcasting Television Network, Inc., My Van International, Inc., Nam Phan, Carina Oanh Hoang, Diep Phan, Trong Phan, Son Nguyen, Thanh Phuong Le and Minh Nguyen's (collectively, "Plaintiffs") will, and hereby do, move to strike the amended counterclaim for conversion asserted by Defendant and Counterclaimant Frederick Koster ("Defendant") pursuant to California Code of Civil Procedure section 425.16 (the "anti-SLAPP statute").  In the event that Plaintiffs prevail on this Motion, they respectfully request leave to file a motion for attorneys' fees for the fees to which they would be entitled as the prevailing party under the anti-SLAPP statute.

Should the Court decide that the anti-SLAPP statute does not apply to the counterclaim, Plaintiffs move, in the alternative, to dismiss the counterclaim for conversion pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) on the grounds that Defendant fails to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the Memorandum

1  of Points and Authorities in support of the Motion, the Declaration of Jacob Kevin
2  Poorman, the pleadings and papers on file in the above entitled action, and upon such
3  other points and authorities, arguments, and written and/or oral evidence as the Court
4  may deem fit to consider at the hearing.

5        This Motion is made following ongoing discussions between counsel regarding
6  Defendant's counterclaim for conversion and Plaintiffs' intent to move to strike that
7  claim under the anti-SLAPP Statute or, in the alternative, to dismiss it.  *See* Declaration
8  of Jacob Kevin Poorman in support of Plaintiffs' Motion to Strike.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' NOT. OF MOT. AND MOT. TO STRIKE DEFENDANT FREDERICK KOSTER'S COUNTER
CLAIMS; MPA IN SUPPORT THEREOF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ...................................................................................... 1

II.   BACKGROUND .......................................................................................... 2

III.  KOSTER'S COUNTERCLAIM FOR CONVERSION SHOULD BE STRICKEN UNDER THE ANTI-SLAPP STATUTE ....................................... 3

     A.   Legal Standard Governing Anti-SLAPP Motions ..................................... 3

     B.   Defendant's Counterclaim For Conversion Is Subject To California's Anti-SLAPP Statute Because It Arises Out of Acts In Furtherance Of Plaintiffs' Rights To Free Speech .................................... 4

     C.   Koster Will Not Be Able to Show A Probability of Prevailing On His Claim for Conversion . ........................................................................ 8

IV.  IN THE ALTERNATIVE, DEFENDANTS' COUNTERCLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE FACTS SUFFICIENT TO SUPPORT A CLAIM FOR RELIEF ..................................... 9

V.   KOSTER SHOULD BE DENIED LEAVE TO AMEND ................................. 9

VI.  CONCLUSION ......................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*B-K Lighting, Inc. v. Vision3 Lighting*
   2008 WL 11286080, *6 (2008) (quoting *Brown v. Kennard*, 94 Cal.App.4th 40,
   45 (2001 ...........................................................................................................5

*Beyond Blond Productions, LLC v. Heldman*
   2021 WL 4859972 (C.D. Cal. 2021) ..............................................................6, 7

*Miller v. Rykoff– Sexton, Inc.*
   845 F.2d 209 (9th Cir. 1988) ...............................................................................9

*Missouri ex rel. Koster v. Harris*
   847 F.3d 646 (9th Cir. 2017) ...............................................................................9

*Navarro v. Block*
   250 F.3d 729 (9th Cir. 2001) ...............................................................................9

*Shroyer v. New Cingular Wireless Servs., Inc.*
   622 F.3d 1035 (9th Cir. 2010) .............................................................................9

*Sparrow LLC v. Lora*
   No. CV-14-1188-MWF (JCX), 2014 WL 12573525
   (C.D. Cal. Dec. 4, 2014) .....................................................................................5

*Vess v. Ciba-Geigy Corp.*
   317 F.3d 1097 (9th Cir. 2003) .............................................................................4

**STATE CASES**

*Action Apartment Ass'n, Inc. v. City of Santa Monica*
   163 P.3d 89 (Cal. 2007).......................................................................................5

*Anderson v. Geist* (2015)
   236 Cal.App.4th 79...............................................................................................8

*Damon v. Ocean Hills Journalism Club*
   85 Cal. App. 4th 468 (2000) ...............................................................................3

ii

*Digerati Holdings, LLC v. Young Money Ent., LLC*
194 Cal. App. 4th 873 (2011) ................................................................ 5

*Industrial Waste & Debris Box Serv., Inc. v. Murphy*
4 Cal.App.5th 1135 (2016) ................................................................... 8

*Navellier v. Sletten*
29 Cal. 4th 82, 52 P.3d 703 (2002) .................................................... 6, 7

*Neville v. Chudacoff*
160 Cal.App.4th 1255 (2008) ............................................................... 5

*Overstock.com, Inc. v. Gradient Analytics, Inc.*
151 Cal.App.4th 688 (2007) ................................................................. 8

*Rusheen v. Cohen*
37 Cal.4th 1048 (2006) ......................................................................... 5

*Salma v. Capon*
161 Cal.App.4th 1275 (2008) ............................................................... 8

*Silberg v. Anderson*
50 Cal.3d 205 (1990) ......................................................................... 5, 6

*Sipple v. Found. for Nat'l Progress*
71 Cal. App. 4th 226 (1999) ................................................................. 3

**FEDERAL STATUTES, REGULATIONS, AND RULES**

Federal Rule of Civil Procedure 12(b)(6) ..................................... 1, 9, 10

U.S. Code § 512(f) .............................................................................. 1, 3

**STATE STATUTES, REGULATIONS, AND RULES**

Cal. Civil Code
§ 47(b) ............................................................................................... 1, 5

Cal. Code Civ. Proc.
§ 425.16(b)(1) .................................................................................... 1, 4
§ 425.16(c)(1) ..................................................................................... 10

Cal. Code Civ. Proc.
§ 425.16(e)(2)-(4) ................................................................................. 1

**OTHER AUTHORITIES**

CACI No. 2100 ........................................................................................................... 9

California Constitution .............................................................................................. 4

United States Constitution ......................................................................................... 4

PLAINTIFFS' NOT. OF MOT. AND MOT. TO STRIKE DEFENDANT FREDERICK KOSTER'S COUNTER CLAIMS; MPA IN SUPPORT THEREOF

Plaintiffs and Counter-Defendants The Next Vietnam Projects Foundation, Inc., Radix Foundation a/k/a Vietnam Veterans for Factual History, Saigon Broadcasting Television Network, Inc., My Van International, Inc., Nam Pham, Carina Oanh Hoang, Diep Phan, Trong Phan, Son Nguyen, Thanh Phuong Le and Minh Nguyen's (collectively, "Plaintiffs") respectfully submit the following Motion to Strike, or in the Alternative to Dismiss, Defendant and Counterclaimant Frederick Koster's ("Defendant") Amended Counterclaim for Conversion.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The Amended Counterclaims allege two causes of action – one for conversion and one under 17 U.S. Code § 512(f).  The counterclaim for conversion, which Defendant previously alleged, is based on allegedly false DMCA copyright takedown notices sent by Plaintiff Minh Nguyen and settlement communications relating to this litigation.  Both of these alleged acts are protected by California's anti-SLAPP statute because they constitute communications that were made "in connection with an issue under consideration or review by a . . . judicial body," pursuant to Cal. Code of Civ. Proc. 425.16(e)(2).  It is therefore Defendant's burden to show that he has a likelihood of prevailing on his counterclaim for conversion.  He will, however, be unable to carry this burden because the conversion counterclaim is barred by California's robust litigation privilege.  Communications – like those alleged in support of the conversion counterclaim here – that are made in connection with a judicial proceeding, by interested parties to achieve the objects of the litigation, are immune from liability in California.  *See* Cal. Civil Code § 47(b).  This Court should therefore strike the conversion counterclaim pursuant to California Code of Civil Procedure § 425.16(b)(1).  In the event the Court does not find that the conversion counterclaim is subject to the anti-SLAPP statute, Plaintiffs respectfully request, in the alternative, that the Court dismiss the counterclaim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted.

1

## II.   **BACKGROUND**

Defendant Koster represented and agreed that, in exchange for $250,000, he would help create a film (the "Film"; which was entitled "Through Our Eyes:  The Vietnam War") that was intended to tell the story of the Vietnam war from the South Vietnamese perspective.  As part of this agreement, Defendant Koster promised, among other things that:

- The Film would be distributed for free, for educational purposes;
- All rights to the Film and related materials would belong to Plaintiff and Counter-Defendant The Next Vietnam Projects Foundation, Inc., which was to be created in part for the purpose of holding the Film, related footage (including a number of interviews) and the rights thereto.

Koster eventually received approximately $300,000 for his work on the Film, most of which was raised from donors.  Instead of honoring his agreement and living up to his promises, however, Defendant Koster, after extended delay, ultimately provided a slapdash Film riddled with historical inaccuracies.  After several revisions based on Plaintiffs' input, without notice to Plaintiffs, and in breach of his agreement and contrary to his representations, Defendant Koster attempted to sell the Film to consumers by making it available for download on several websites, including IMDB.com, eBay.com and Vimeo.com.  He also registered the Film with the copyright office, claiming that his company (Defendant Koster Films LLC) and Defendant BT Productions, LLC (which has since settled) own the copyrights in the Film, and refused to give copies of the Film or the underlying footage (including the interviews) to Plaintiffs.  Plaintiffs, accordingly, brought this action.

Defendant, after being served via publication, answered the Complaint on May 19, 2023.  (Dkt. No. 53.)  On June 10, 2023 Defendant filed an amended answer and counterclaims, which included a claim for conversion based, in part, on alleged DMCA takedown notices sent by Ms. Nguyen and settlement communications with former Defendants Brian Tooker and Tooker Productions LLC (the "Tooker

2

Defendants").  (Amended Answer and Counterclaims, Counterclaims at ¶¶ 13-17.) (Dkt. No. 60.)  Plaintiffs responded with a Motion to Strike under California's anti-SLAPP Statute (Dkt. No. 63.)  The Court then granted Defendant's request for leave to amend his counterclaims, and Defendant served his Amend Counterclaims on September 8, 2023, which, by order of the Court, rendered Plaintiffs' previous Motion to Strike moot.  (Dkt. No. 87.)

The Amended Counterclaims allege claims for conversion and under 17 U.S. Code § 512(f) (which concerns knowing misrepresentations made in connection with the DMCA copyright takedown process).  In support of the conversion claim, Defendant again alleges:  (1) that Ms. Nguyen sent DMCA takedown notices regarding the Film, and (2) that Plaintiffs, as a part of a settlement with the Tooker Defendants regarding this action, instructed the Tooker Defendants not to release the Film, interviews and other related property to Defendant.  (Amended Counterclaims at ¶¶ 50, 63-65; *id.* at Causes of Action, ¶¶ 8-14.)  Defendant further alleges that these acts have caused him "economic and noneconomic" harm "resulting in loss of income, reputation and business opportunities . . . ."  (Amended Counterclaim at Causes of Action, ¶ 17.)

## III.   KOSTER'S COUNTERCLAIM FOR CONVERSION SHOULD BE STRICKEN UNDER THE ANTI-SLAPP STATUTE

### A.   Legal Standard Governing Anti-SLAPP Motions

California's anti-SLAPP statute was enacted to provide a mechanism for courts "'to dismiss at an early stage non-meritorious litigation meant to chill the valid exercise of the constitutional rights of freedom of speech and petition in connection with a public issue.'" *Damon v. Ocean Hills Journalism Club*, 85 Cal. App. 4th 468, 473 (2000) (quoting *Sipple v. Found. for Nat'l Progress*, 71 Cal. App. 4th 226, 235 (1999)). The anti-SLAPP statute provides that:

A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the

1
2
3

United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

4
5

Cal. Civ. Proc. Code § 425.16(b)(1).

6
7
8
9
10
11
12
13
14
15
16
17
18

Evaluation of an anti-SLAPP motion proceeds in two steps. First, the court decides whether the respondent has made a *prima facie* showing that the claimant's suit arises from an act in furtherance of respondent's right of petition or free speech. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1110 (9th Cir. 2003). The respondent can make such a showing by establishing that claimant's suit "aris[es] from" an act "in furtherance" of respondent's right to free speech "in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1). The anti-SLAPP statute defines such protected activities to include any statements "made in connection with an issue under consideration . . . by a . . . judicial body." *Id.* at §§ 425.16(e)(2). The anti-SLAPP statute expressly provides that it should be construed broadly to ensure the full protection of free speech. *Id.* at § 425.16(a) ("[C]ontinued participation in the matters of public significance . . . should not be chilled through the abuse of the judicial process. To this end, this section shall be construed broadly.").

19
20
21
22

Once the respondent makes a showing that the claimant's suit arises from an act in furtherance of respondent's right of petition or free speech, the burden shifts to the claimant to demonstrate a probability of prevailing on the challenged claim. *Id.* at § 425.16(b).

23
24

**B.    Defendant's Counterclaim For Conversion Is Subject To California's Anti-SLAPP Statute Because It Arises Out of Acts In Furtherance Of Plaintiffs' Rights To Free Speech**

25
26
27

In determining whether a statement was made "in connection with an issue under consideration or review by a . . . judicial body" under section 425.16(e)(2) and therefore protected by the anti-SLAPP Statute, "courts look to the litigation privilege

28

as an aid" because "'the two statutes serve similar policy interests.'" *Neville v. Chudacoff*, 160 Cal.App.4th 1255, 1263 (2008); CCP § 425.16(e)(2). California's litigation privilege, codified in Civil Code § 47(b), shields any "communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [has] some connection or logical relation to the action." *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 163 P.3d 89, 95 (Cal. 2007) (quoting *Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990)). The privilege "applies without regard to malice or evil motives [and is thus] characterized as 'absolute.'" *B-K Lighting, Inc. v. Vision3 Lighting*, 2008 WL 11286080, *6 (2008) (quoting *Brown v. Kennard*, 94 Cal.App.4th 40, 45 (2001)). The privilege "is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto, or afterwards." *Rusheen v. Cohen*, 37 Cal.4th 1048, 1057 (2006); *Digerati Holdings, LLC v. Young Money Ent., LLC*, 194 Cal. App. 4th 873, 889 (2011) (a prelitigation communication is protected by the litigation privilege if it "relates to litigation that is contemplated in good faith and under serious consideration") (citation and internal quotation marks omitted).

Here, the conversion counterclaim is based on alleged DMCA takedown notices and Plaintiffs' alleged communication, in a settlement agreement, to the Tooker Defendants to the effect that the Tooker Defendants were not to release the Film, interviews and other property to Defendant. (Amended Counterclaims, Counterclaim at ¶¶ 11 and 13 - 15.) This alleged conduct is all protected by the anti-SLAPP Statute.

It is well-settled that communications, such as DMCA takedown notices, "with companies doing business or contemplating business with Defendants and relating to the alleged infringement of Plaintiff's intellectual property that form the basis of the present litigation," are "protected activities covered by the Anti-SLAPP statute." *Sparrow LLC v. Lora*, No. CV-14-1188-MWF (JCX), 2014 WL 12573525, at *4 (C.D. Cal. Dec. 4, 2014); *id.* at **3-4 (C.D. Cal. 2014) (finding that "cease and desist letters and other statements to third parties" are protected under the anti-SLAPP statute

5

because they "relate to the substantive issues in the litigation" and "are directed to persons having an interest in the litigation, as they could well serve as witnesses to Defendant's wrongdoing"); *Beyond Blond Productions, LLC v. Heldman*, 2021 WL 4859972, at **5-7 (C.D. Cal. 2021) (takedown notice and letter concerning issues "connected with this litigation" protected by anti-SLAPP statute); *TP Link USA*, 2020 WL 3063956, *7 (communications to Amazon identifying listings that offered counterfeit products protected by anti-SLAPP statute); *Moonbug Entertainment*, 2022 WL 580788 at **12-13 (DMCA notices to YouTube protected by anti-SLAPP statue). The alleged DMCA takedown notices sent by Ms. Nguyen are therefore protected activity under the anti-SLAPP Statute.

The alleged settlement communication to the Tooker Defendants is also protected by the anti-SLAPP Statute. The litigation privilege, and, accordingly, the anti-SLAPP statute, is "applicable to any communication . . . permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990), as modified (Mar. 12, 1990). The alleged settlement communication was made between parties to the litigation, as part of a settlement of claims made in this litigation, for the purpose of achieving some of the express objects of this litigation – vindicating Plaintiffs' rights to the Film and the interviews. The anti-SLAPP statute therefore applies. *Id.*; *see Navellier v. Sletten*, 29 Cal. 4th 82, 90, 52 P.3d 703 (2002). *Navellier* is instructive. In that case, the plaintiffs "complain[ed] about [the defendant's] alleged negotiation, execution, and repudiation of the Release," that allegedly limited the types of claims the defendant could bring, and relied on that release in their motion to dismiss the defendant's counterclaims." The "negotiation and execution of the Release, therefore" involved statements made in connection with an issue under consideration by a judicial body under Section 425.16(e)(2), and claims based on that conduct were subject to the anti-SLAPP Statute. *Navellier*, 29 Cal. 4th at 90. Similarly, Defendant here seeks to

impose liability on Plaintiffs by virtue of their communications in a settlement agreement with former defendants concerning this suit. Indeed, by asserting a claim based on Plaintiffs' settlement communications with the Tooker Defendants, Defendant has made those communications an issue under consideration by a judicial body, just as the *Navellier* plaintiffs made their release such an issue by raising it in their motion to dismiss. The alleged settlement communication is therefore also protected by the anti-SLAPP Statute.

Moreover, even if the alleged settlement communication were not protected by the anti-SLAPP Statute (and it is), the conversion claim would still be subject to the Statute because the gravamen of the claim is the alleged DMCA takedown notices. Defendant alleges that he suffered economic damages, including economic harm, loss of income, and lost business opportunities. (Amended Counterclaim at Causes of Action, ¶ 17.) Defendant, however, only alleges that he has ever tried to commercialize the Film itself, does not identify any economic harm other than his inability to release and distribute the Film, and does not allege that he has ever attempted to commercialize the interviews or any other property that Plaintiffs allegedly converted. Further, Defendant has already conceded during meet and confer that he has a copy of the Film. (Declaration of Jacob Poorman at ¶ 3.) Thus, the only misconduct alleged in support of the conversion claim that could have caused Defendant the economic harms he alleges are the DMCA takedown notices that purportedly interfered with his ability to distribute the Film. The gravamen of the conversion claim, therefore, is the DMCA takedown notices, which are protected by the anti-SLAPP statute. *See Beyond Blond Productions, LLC v. Heldman*, 2021 WL 4859972, at *4 (C.D. Cal. 2021) ("The Court finds the gravamen of Beyond Blond's claims is that Defendants allegedly falsely represented to others that Beyond Blond infringed their copyright and trademark, leading to the suspension of Beyond Blond's Amazon account. This occurred through communications to two main parties: takedown notices issued to Amazon, FAC ¶ 18, and emails sent to Warner Brothers,

who then contacted Amazon, Opp'n at 15. There are other actions that occurred, such as Defendants' filing of a trademark application, but the Court focuses on these two sets of communications for the state law claims as the apparent 'direct and proximate cause of damage to Beyond Blond because Amazon relied on those bad faith notices and disabled Beyond Blond's seven videos and, on information and belief, issued strikes against Beyond Blond's account.'").

**C.    Koster Will Not Be Able to Show A Probability of Prevailing On His Claim for Conversion .**

Once a respondent carries its burden under Section 425.16 of showing that the claimant's claims are based on acts in furtherance of respondent's free speech rights, "the burden shifts to the opposing party to demonstrate the probability that it will prevail on the merits of the claim." *Salma v. Capon* 161 Cal.App.4th 1275, 1283 (2008). To meet this requirement, a claimant cannot rely on allegations in the complaint, but must set forth evidence that would be admissible at trial. *Overstock.com, Inc. v. Gradient Analytics, Inc.* 151 Cal.App.4th 688, 699 (2007); *Industrial Waste & Debris Box Serv., Inc. v. Murphy* 4 Cal.App.5th 1135, 1155 (2016) (plaintiff must present "competent and admissible evidence" that "substantiate[s] the legal sufficiency of their claim") (citations omitted). That evidence must be sufficient to support a judgment in claimant's favor if proved at trial. *Anderson v. Geist* (2015) 236 Cal.App.4th 79, 85; *see Murphy*, 4 Cal.App.5th at 1155 ("[I]t is not sufficient that plaintiff's complaint survive a demurrer."). Defendant will be unable to meet that burden.

Defendant has failed to allege and cannot allege his claim for conversion adequately.  As set forth above, Defendant's conversion counterclaim arises from communications protected by, and absolutely immune under, California's ligation privilege.  Moreover, to the extent Defendant's conversion claim is based on the DMCA notices, the claim is not cognizable.  The DMCA notices allegedly interfered with Defendant's ability to *distribute* the Film, but Defendant does not allege that they

8

prevented him from accessing his alleged property, allowed Plaintiffs to take possession of the property, destroyed the property, or constituted a refusal to return the property, as required to state a claim for conversion. *See* CACI No. 2100.

Defendant therefore has no likelihood of prevailing on his claim for conversion, both because it is barred by the litigation privilege and because it is inadequately alleged. This Court should therefore strike the counterclaim for conversion.

## IV.   IN THE ALTERNATIVE, DEFENDANTS' COUNTERCLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE FACTS SUFFICIENT TO SUPPORT A CLAIM FOR RELIEF

If the Court concludes that the anti-SLAPP statute does not apply to Defendant's counterclaim for conversion, Plaintiffs respectfully submit that it should, in the alternative, dismiss those claims under Federal Rule of Civil Procedure 12(b)(6).

### A.  Legal Standard Governing FRPC Rule 12(b)(6) Motions to Dismiss

A court may dismiss a claim or complaint where "'there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.'" *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); see also Fed. R. Civ. P. 12(b)(6). Defendant's counterclaim for conversion is not a cognizable claim and should therefore be dismissed pursuant to Rule 12(b)(6), for the reasons set forth above.

## V.   KOSTER SHOULD BE DENIED LEAVE TO AMEND

"An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff– Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Here, no amount of detail that Defendant might add to his counterclaim for conversion can change its fundamentally defective nature because it is based on conduct that is absolutely immune under the litigation privilege. Moreover, Defendant has already

9

been given an opportunity to resolve the defects in his conversion claim and has demonstrated he is unable to do so.  Leave to amend, therefore, would be futile and should be denied.

## VI.    **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion to Strike and strike the counterclaim for conversion against them, with prejudice.  Should the Court grant Plaintiffs' Motion, Plaintiffs' respectfully request leave to file a motion for the attorneys' fees to which they would be entitled as the prevailing party under California Code of Civil Procedure 425.16(c)(1).  In the alternative, Plaintiffs respectfully request that the Court dismiss the counterclaim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief could be granted.

DATED: September 22, 2023            PROCOPIO, CORY, HARGREAVES &
                                    SAVITCH LLP


                                    By:  /s/ Jacob K. Poorman
                                        Jack Shaw
                                        Jacob K. Poorman
                                        *Attorneys for Plaintiffs*

PLAINTIFFS' NOT. OF MOT. AND MOT. TO STRIKE DEFENDANT FREDERICK KOSTER'S COUNTER
CLAIMS; MPA IN SUPPORT THEREOF