1   Frederick Koster
2   1846 Innovation Park Dr, #100
    Oro Valley, AZ 85755
3   602-451-0999
    usajk14@gamil.com
    Frederick Koster in Pro Per
4



FILED
CLERK, U.S. DISTRICT COURT

OCT 3 2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____EEE_____ DEPUTY

5   **UNITED STATES DISTRICT COURT**
    **CENTRAL DISTRICT OF CALIFORNIA**
6

7   **NEXT VIETNAM PROJECTS**          **Case No. 8:22-cv-02130 JWH DFM**
    **FOUNDATION, INC., et al,**
8   **Plaintiffs,**                    **DEFENDANT AND**
                                        **COUNTERCLAIMANT'S**
9              **v.**                   **MEMORANDUM OF POINTS**
                                        **AND AUTHORITIES IN**
10                                      **OPPOSITION TO PLAINTIFFS AND**
                                        **COUNTERDEFENDANTS'**
11  **KOSTER FILMS LLC, and**           **NOTICE OF MOTION AND MOTION**
    **FREDERICK KOSTER, et al,**        **FOR LEAVE TO FILE FIRST**
12  **Defendants.**                     **AMENDED COMPLAINT;**
                                        **MEMORANDUM OF POINTS**
13                                      **AND AUTHORITIES IN**
                                        **SUPPORT THEREOF**
14
15                                      Date: October 20, 2023
                                        Time: 9:00 a.m.
16                                      Courtroom: 9D
                                        District Judge: Hon. John W.
17                                      Holcomb
                                        Mag. Judge: Hon. Douglas F.
18                                      McCormick
19
20

# I.   **INTRODUCTION**

Defendant and Counterclaimant Frederick Koster with good cause, filed on September 28, 2023 a "Request for Extension of Time to File Documents in Opposition to Plaintiffs' Motion for Leave to File First Amended Complaint.

Due to the extraordinary circumstances as explained in Koster's Request for Extension along with Plaintiffs setting a court date that did not allow Koster his 14 days to file his opposition, Koster is filing this abbreviated Opposition in case the Court does not approve his Request to extend.

Koster respectfully asks if the Court does approve his Extension that Koster would be allowed to amend or supplement this herein Opposition.

The Plaintiffs have filed an "Amended Complaint" not a "Supplemental Amended Complaint" thus what can only be amended in their complaint are facts that happened before the filing of the lawsuit not facts that arose after the filing of their lawsuit on November 23, 2022.  A number of substantial changes brought forth by the Plaintiffs in their Amended Complaint occurred after the filing of their lawsuit (November 23, 2022) as noted herein.

The Federal Rules of Procedure 15 state that leave to amend should be given "when justice so requires" and when the amending complaint put forth is "not" in bad faith.

Plaintiffs' Motion to Amend is in "bad faith" as it contains "major" changes to their original complaint that radically alters critical facts and claims of the lawsuit in an overt attempt to change their false statements that were made by the Plaintiffs in their original complaint.

The Plaintiffs' Amended complaint is also substantially deficient in reference to Local Rule 15-2. Although Plaintiffs amended complaint references the same exhibits as their original complaint which had over 100 pages of exhibits, there are "no" exhibits attached to their new amended complaint.

## II.   ARGUMENT

### 1. BAD FAITH

A. Plaintiffs in their original complaint stated that SBTN and VVFH paid Koster $300,000.  Plaintiffs' new Amended complaint adds the words to that sentence with "or caused to be paid". (Exhibit B, pg. 2, line 16) This new

1   wording completely changes the meaning of this sentence to effectively

2   say that SBTN and VVFH did not pay Koster $300,000 thus with this

3   new amended complaint the plaintiffs no longer have to prove that they

4   paid Koster the $300,000.  The Plaintiffs further, also deleted the

5   following wording while adding another word; "Koster, by his wrongful

6   conduct, acquired approximately $300,000 from the Producers and has used

7   those funds for its own benefit." (Exhibit B, pg. 25 lines 6-7) This is

8   Plaintiffs' overt attempt in bad faith to change a false statement they made in

9   their original complaint.

10

11   B. Although Plaintiffs reference the same exhibits (A through M) as their

12   original complaint in their new amended complaint, these referenced

13   exhibits are "not" attached to their new amended complaint.  Plaintiffs

14   eliminated over 100 pages of their original Exhibits.  This loss is critical,

15   substantial and done in bad faith to Koster, as he had used these Plaintiffs'

16   exhibits and declarations extensively in his Affirmative Defenses.  As further

17   bad faith from the Plaintiffs, the Plaintiffs attorney in his declaration did not

18   "note, explain or detail" the elimination of these 100 pages of exhibits in

19   their red line copies or declaration.

20

21

C. Plaintiffs changed the name of a Plaintiff from "Thanh-Mai Nguyen changed to Than Phoung Le" (Exhibit B, pg. 1, line 17) without explaining a reason for it.  Is this the same person?  If so, why did they not use their real name?  Or is it a different person? Then why did the first person leave the lawsuit?

D. Plaintiffs Dr. Trong Phan ("Dr. T. Phan") and Mr. Son Nguyen ("Mr. S. Nguyen") stated in their original complaint that they appeared in the Film and were suing Koster for "Misappropriation of Likeness" but they now state that they were "not" in the Film and the Plaintiffs new amended complaint have now removed Dr T. Phan and  Mr. S. Nguyen names from their Fourth Cause of Action.  (Exhibit B, pg. 3, lines 6 and 7)

Dr T Phan and Mr. S Nguyen were never even filmed by Koster so these Plaintiffs knowingly made false statements in their original complaint and now in bad faith are trying to back out of it.  What makes this bad faith much worse is that in their Cause of Action Four they claimed that Koster actions resulted in horrible consequences for them that included:

"97. The Individual Plaintiffs have been harmed by Defendants' misappropriation (including, without limitation, harm to their reputations,

personal feelings, and because their work on the Film was uncompensated), which misappropriation was a substantial factor in causing their harm.

98. In addition, as a result of Defendants' misappropriation, the Likeness Plaintiffs have suffered and will continue to suffer irreparable harm through, without limitation, the loss of goodwill, and they have no adequate remedy at law with respect to this injury. Unless Defendants' misappropriation is enjoined by this Court, the Likeness Plaintiffs will continue to suffer irreparable harm."

E. Plaintiffs in their original complaint stated that Richard Botkin was a Vietnam War Veteran, now in Plaintiffs' new Amended Complaint, the Plaintiffs now state that Richard Botkin is "not" a Vietnam War veteran. "who served during the Vietnam War" (Exhibit B, pg. 18, line 16) This was obvious attempt to influence the court.  To present this statement as the truth in a court proceeding and then stating it was wrong, is not a minor change and is in bad faith.  Their false statement is considered Stolen Valor.

F. The Plaintiffs have added 9 extra plaintiffs into the Third Cause of Action without explaining a reason for it.  "Producers changed to Plaintiffs" (Exhibit B, pg. 20, line 22) This is not a minor change and has a major implication in the plaintiffs complaint. Adding these many plaintiffs to one Cause of Action was done in bad faith.

G. The Plaintiffs added the following wording which is hugely contradictory to their previous statements and legal position. Plaintiffs in bad faith are taking a completely different legal position based on Koster Affirmative Defenses and Discovery. "That Plaintiffs are joint authors of the Film in light of their substantial contributions thereto and that Plaintiffs are entitled to an equitable license to the Film and all related material, including the Interviews." (Exhibit B, pg. 25, lines 23-26)

## 2. VIOLATION OF LOCAL RULE 15-2

*"L.R. 15-2 Complete Document.* Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading."

The Plaintiffs' Amended complaint is substantially deficient and in violation in reference to Local Rule 15-2. Plaintiffs' new amended complaint references the same exhibits as their original complaint which had over 100 pages of exhibits, but there are "no" exhibits attached to their new amended complaint.

Plaintiffs' attorney Jacob Poorman states in his Declaration that all new changes in the Plaintiffs' amended complaint are noted and detailed but there is no mention of the deleted exhibits of the Plaintiffs' original complaint.

> 6. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiffs' First Amended Complaint.
> 7. Attached hereto as **Exhibit B** is a list of all wording added to Plaintiffs' First Amended Complaint.
> 8. Attached hereto to as **Exhibit C** is a redlined comparison between the original Complaint and the proposed First Amended Complaint.

Poorman does not note, detail or explain why the Plaintiffs' original complaint's exhibits of over 100 pages no longer part of the new amended counterclaim.

Poorman also does not provide answers to the following required questions.

- When the facts giving rise to the amended allegations were discovered;
- The reasons why the request for amendment was not made earlier.

### 3. <u>"AMENDED COMPLAINT" not a "SUPPLEMENTAL AMENDED COMPLAINT"</u>

The Plaintiffs have filed an "Amended Complaint" not a "Supplemental Amended Complaint" thus what can only be amended in their complaint are facts that happened before the filing of the lawsuit not facts that arose after the filing of their lawsuit on November 23, 2022.

Plaintiffs removed this sentence in their new amended complaint;

~~"To date, the Defendants have not provided the Next Vietnam Foundation or the Producers with footage of the ninety three Interviews or the Film."~~ Page 17 line 21-22

At the time of the filing of the plaintiffs' original Complaint (November 23, 2022) the Plaintiffs did not have possession of Koster's Film and Interviews. Their possession of Koster property came afterwards when they took Koster property from Koster's subcontractor and codefendant Tooker in May of 2023.

### 4. **UNDUE DELAY**

Plaintiffs originally filed their complaint on November 23, 2023 and have had ample time and opportunity to previously file an amended complaint but waited 11 months to do so.

Although Plaintiffs are naming their current Motion as a "First Amended Complaint", Plaintiffs have previously filed and were approved for an Amended Complaint and Correction on May 4, 2023 (Docket 48). At this time, the Plaintiffs could have made their needed changes instead of waiting until the midst of Discovery.

Also, on May 23, 2023 (Docket 56), the Judge gave both parties a window of

opportunity to amend their previous filings with the Court.

Before the plaintiffs filed their amended complaint Discovery had already started

between the parties has included the 26 f report, interrogatories that Plaintiffs sent to

Koster and he answered back, and Koster sent his interrogatories to Plaitiffs.  before

the plaintiffs' filed their amended complaint.

## .  CONCLUSION

For the foregoing reasons, Defendant Koster respectfully requests that the

Plaintiffs' motion to amend be denied or partially denied.

Defendant Koster respectfully asks if the Court does approve Koster request for an

Extension to file documents that Koster would be allowed to amend or supplement this

herein Opposition.

Respectfully submitted October 3, 2023


*Frederick Koster*

**Frederick Koster Pro Per**

10    DEFENDANT AND COUNTERCLAIMANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO PLAINTIFFS AND COUNTERDEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO
FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREO