Robert W. Bosslet (State Bar No. 278027)
rbosslet@kasowitz.com
KASOWITZ BENSON TORRES LLP
101 California Street, Suite 3950
San Francisco, CA 94111
Tel. (424) 288-7900
Fax. (424) 288-7901

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NEXT VIETNAM PROJECTS FOUNDATION, INC.; RADIX FOUNDATION A/K/A VIETNAM VETERANS FOR FACTUAL HISTORY; SAIGON BROADCASTING TELEVISION NETWORK, INC.; MY VAN INTERNATIONAL, INC.; NAM PHAM; CARINA OANH HOANG; DIEP PHAN, TRONG PHAN; SON NGUYEN, THANH PHUONG LE AND MINH NGUYEN<br><br>*Plaintiffs*,<br><br>v.<br><br>KOSTER FILMS, LLC, FREDERICK KOSTER, BT PRODUCTIONS LLC, AND BRIAN TOOKER,<br><br>*Defendants*. | C.A. No. 8:22-cv-02130-JWH-DFM<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF ITS OPPOSED MOTION TO EXTEND DISCOVERY**<br><br>District Judge:  Hon. John W. Holcomb<br>Mag. Judge:  Hon. Douglas F. McCormick |

# NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 16, 2023, at 9:00 a.m., or as soon thereafter as the matter may be heard by Honorable John W. Holcomb, in Courtroom 9D, 9th Floor, of the United States District Court for the Central District of California, located at the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, CA 92701, Plaintiffs and Counter-Defendants The Next Vietnam Projects Foundation, Inc., Radix Corporation a/k/a Vietnam Veterans for Factual History, Saigon Broadcasting Television Network, Inc., My Van International, Inc., Nam Pham, Carina Oanh Hoang, Diep Phan, Trong Phan, Son Nguyen, Thanh Phuong Le, and Minh Nguyen (collectively, "Plaintiffs") will, and hereby do, move for Leave to file the Motion to Extend Discovery, pursuant to Fed. R. Civ. P. Rule 16.

This Motion is based on this Notice of Motion and Memorandum in support of Plaintiff's Opposed Motion to Extend Discovery as set forth below, the Declaration of Jacob K. Poorman, the pleadings and papers on file in the above entitled action, and upon such other points and authorities, arguments, and written and/or oral evidence as the Court may deem fit to consider at the hearing.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3. On March 1, 2024, Plaintiffs' previous counsel and Defendant Koster met and conferred about an extension of discovery. Defendant Koster opposed an extension of discovery. *See* Declaration of Jacob K. Poorman in support of Plaintiffs' Opposed Motion to Extend Discovery.

- 2 -

PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF
PLAINTIFFS' OPPOSED MOTION TO EXTEND DISCOVERY

## MEMORANDUM IN SUPPORT OF
## PLAINTIFFS' OPPOSED MOTION TO EXTEND DISCOVERY

Plaintiffs Next Vietnam Projects Foundation, Inc. ("Vietnam Foundation"), Radix Corporation a/k/a Vietnam Veterans for Factual History, Saigon Broadcasting Television Network, Inc., My Van International, Inc., Nam Pham, Carina Oanh Hoang, Diep Phan, Trong Phan, Son Nguyen, Thanh Phuong Le, and Minh Nguyen (collectively with the Vietnam Foundation, "Plaintiffs"), respectfully move the Court for an order extending discovery by sixty (60) days from the Court's issuance of an order or orders resolving Plaintiffs' pending Motion to Amend the Complaint (Dkt. 86) and Motion to Strike Defendant's Counterclaim for Conversion (Dkt. 88) (together, the "Motions"). Fact discovery is currently scheduled to conclude on March 30, 2024. Defendant[1] Frederick Koster ("Koster") opposes this Motion to Extend Discovery.

### I.   INTRODUCTION

Pursuant to Fed. R. Civ. P. 16(b), there is good cause to extend the discovery deadlines to sixty (60) days from the Court's issuance of an order or orders resolving Plaintiffs' Motions. First, a brief extension will allow undersigned counsel, which substituted in as counsel of record for Plaintiffs on March 15, 2024 (Dkt. 108), to be brought up to speed on the case. Second, an extension of discovery is necessary given that Plaintiffs' pending Motions remain *sub judice* and will impact the scope of discovery.  Allowing discovery to continue after the Motions are decided can streamline the discovery at issue.  Third, an extension is necessary because Koster has been non-responsive and failed to meaningfully participate in discovery despite plaintiffs' repeated attempts to secure voluntary compliance, including but not limited to, refusing to produce any documents and failing to work with Plaintiffs to schedule depositions. Finally, although Koster has opposed Plaintiffs' requests to extend discovery, he will not be prejudiced.  An extension can streamline discovery, and Plaintiffs have consented to numerous requests for extension by Koster.

---

[1] Defendant Koster Films, LLC ("Koster Films") has failed to appear in this case and an entry of default was entered by the Clerk of the Court.  (Dkt. 58)

- 3 -

## II. BACKGROUND AND PROCEDURAL HISTORY

The Vietnam Foundation is a non-profit corporation created to share the compelling story of the South Vietnamese people through film and teaching aids provided free of charge to the public and educational institutions. Together with other non-profits and organizations, including the Vietnam Foundation, Plaintiffs developed a feature documentary film called "Through Our Eyes – The Vietnam War" (the "Film"), focusing on the Vietnam War from the South Vietnamese perspective. Plaintiffs hired Defendants to work on the Film and paid Defendants approximately $300,000 that they raised, primarily, from small, individual donations from thousands of members of the Vietnamese refugee community in the United States and worldwide. In return, the Defendants promised and agreed with Plaintiffs that: (1) the Film would be distributed for free for educational purposes, (2) all rights to the Film and related materials would belong to Next Vietnam Foundation, and (3) Plaintiffs would have final approval over the content of the Film. In violation of this agreement, Defendants have kept all the money, refused to turn over the Film or the related materials, and sought to sell the film, which belongs solely to the Plaintiffs, for profit for their own benefit.

On November 23, 2022, Plaintiffs filed a complaint against the Defendants for copyright infringement, breach of contract, fraud, misappropriation of likeness, conversion, declaration of copyright invalidity, and unjust enrichment. (Dkt. 1.)

On May 19, 2023, Defendant Koster filed his answer and affirmative defenses. (Dkt. 53.)

On May 30, 2023, Plaintiffs requested entry of default against Defendant Koster Films (Dkt. 57,) which was granted and entered on May 31, 2023. (Dkt. 58.)

On September 10, 2023, Defendant Koster filed amended answers and counterclaims. (Dt. 83.)

On September 18, 2023, Plaintiffs filed its Motion to Amend the Complaint, which is now fully submitted. (Dkts. 86, 95, and 102.)

On September 22, 2023, Plaintiffs filed its Motion to Strike Defendant's Counterclaim for Conversion, which is now fully submitted. (Dkts. 88, 99, and 103.)

- 4 -

PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF
PLAINTIFFS' OPPOSED MOTION TO EXTEND DISCOVERY

On November 15, 2023, the Court found that the Motion to Amend Complaint (Dkt. 86) and Motion to Strike Amended Counterclaim for Conversion (Dkt. 88) are appropriate for resolution without a hearing. (Dkt. 105.) Both Motions are currently *sub judice*.

On March 14, 2024, new counsel for Plaintiffs filed a notice of appearance. (Dkt. 106.)

On March 15, 2024, a substitution of counsel for Plaintiffs was filed. (Dkt. 108.)

### III. LEGAL STANDARD

"The trial court possesses the inherent power to control its own docket and calendar." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). Pretrial scheduling orders entered prior to a final pretrial conference can be modified on a showing of "good cause." *See* FED. R. CIV. PROC. 16(b).

### IV. ARGUMENT

Good cause exists to extend discovery by sixty (60) days from the issuance of a Court's order or orders resolving Plaintiffs' Motions.

First, Plaintiffs' new counsels have recently made an entry of appearance on March 14, 2024 (Dkt. 106) and only substituted in as counsel of record for Plaintiffs on March 15, 2024, (Dkt. 108) and must receive, review, and analyze documents, correspondence, and pleadings in this case to adequately prepare their case. Allowing Plaintiffs' new counsel adequate time to prepare for upcoming discovery, depositions, dispositive motions and trials is in the interest of justice.

Second, the Motions remain *sub judice*. The scope of permissible discovery will not be clear until the Motions are decided and allowing discovery to continue after the Motions are decided can streamline discovery, conserving judicial and party resources.

Third, while Plaintiffs have diligently pursued discovery and provided Koster with every chance to voluntarily comply with his discovery obligations, he has been non-responsive and repeatedly failed to meaningfully participate, such that Plaintiffs will likely need to file motions to

- 5 -

PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF
PLAINTIFFS' OPPOSED MOTION TO EXTEND DISCOVERY

compel. Among other things, Koster failed to produce any documents in response to Plaintiffs' document requests and provided only non-substantive answers in response to Plaintiffs' interrogatories.

Koster has also failed to engage with Plaintiffs to schedule depositions. Specifically, on March 1, 2024, Plaintiffs' previous counsel reached out to Koster to discuss deposition scheduling and an extension of discovery, which Koster opposed. (Declaration of Poorman at ¶ 7). On March 5, 2024, Plaintiffs' previous counsel again reached out to Koster to schedule depositions of witnesses. To date, Koster has not responded. (Declaration of Poorman at ¶ 5).

Fourth, Koster's non-responsiveness has caused delays. In an effort to preserve judicial economy and the Parties' resources, Plaintiffs offered settlement discussions with Koster on January 26, 2024, after the in-person mediation before Magistrate Judge Douglas F. McCormick on October 25, 2023 was unsuccessful. *Id.* Koster said he would talk to his attorney and provide a response to Plaintiffs. *Id*. Koster never responded. *Id*.

Finally, an extension of fact discovery by at least sixty (60) days will not prejudice Defendant Koster. To the contrary, as explained above, an extension of the discovery deadline will allow discovery to be streamlined, to the benefit of the parties, by focusing on the claims and counterclaims at issue. Indeed, Koster has previously requested and obtained several extensions in this case to which Plaintiffs have consented. (Dkts. 67, 89, 90.)  Moreover, any delays in the case are a result of Koster's failure to engage with counsel or meaningfully participate in discovery.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant an order to extend discovery by sixty (60) days from the Court's issuance of an order or orders resolving Plaintiffs' Motions.

DATED:  March 19, 2023

                                        Respectfully submitted,

                                        By: */s/ Robert W. Bosslet*
                                             Robert W. Bosslet
                                             rbosslet@kasowitz.com
                                             KASOWITZ BENSON TORRES LLP
                                             101 California Street, Suite 3950
                                             San Francisco, CA 94111
                                             Tel. (424) 288-7900
                                             Fax. (424) 288-7901

                                        Attorney for Plaintiffs

PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF
PLAINTIFFS' OPPOSED MOTION TO EXTEND DISCOVERY

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on March 19, 2024, via the Court's CM/ECF system.

/s/ *Robert W. Bosslet*
Robert W. Bosslet