1  Frederick Koster
   1846 Innovation Park Dr, #100
2  Oro Valley, AZ 85755
   602-451-0999
3  usajk14@gamil.com
   Frederick Koster in Pro Per
4

FILED
CLERK, U.S. DISTRICT COURT
03-25-2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___ts___ DEPUTY

5           UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF CALIFORNIA
6

7  | | |
   |---|---|
   | **NEXT VIETNAM PROJECTS FOUNDATION, INC., et al,** Plaintiffs, <br><br> v. <br><br> **KOSTER FILMS LLC, and FREDERICK KOSTER, et al,** Defendants. | Case No. 8:22-cv-02130 JWH DFM <br><br> **DEFENDANT AND COUNTERCLAIMANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS AND COUNTERDEFENDANTS' NOTICE OF MOTION AND IN SUPPORT OF MOTION TO SUBSTITUTE COUNSEL FOR THE PLAINTIFFS** <br><br> Date: April 19, 2024 <br> Time: 9:00 a.m. <br> Courtroom: 9D <br> District Judge: Hon. John W. Holcomb <br> Mag. Judge: Hon. Douglas F. McCormick |

---

1  DEFENDANT AND COUNTERCLAIMANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS AND COUNTERDEFENDANTS' NOTICE OF MOTION AND IN SUPPORT OF MOTION TO SUBSTITUTE COUNSEL FOR THE PLAINTIFFS

## I. INTRODUCTION

Defendant Objects to Plaintiffs' motion to withdraw and substitute Counsel from Procopio, Cory, Hargreabes & Sabitch LLP (Procopio) to Kasowitz, Benson, Torres LLP (Kasowitz).

Defendant Frederick Koster (Koster) objects to Kasowitz as the Substitute of Counsel for the Plaintiffs for the reasons listed in this Objection.

Among the reasons stated in this Objection is that Plaintiff Minh Nguyen is a member and an attorney of Kasowitz which would be highly prejudicial to not only Defendant Koster but also creates a serious Conflict of Interest for the other 10 Plaintiffs in this case. With Plaintiff Minh Nguyen being a member and attorney with Kasowitz, would Kasowitz give preferential treatment to Minh Nguyen over the rest of the plaintiffs?

Also, clarification is needed as to whether Procopio contacted each one of the 11 individual Plaintiffs concerning this substitution of counsel or just contacted one Plaintiff about it.

This clarification is needed due to this quote by Procopio attorney Jacob Poorman in the Plaintiffs' Settlement Conference Statement "Mr. Pham will have full and complete authority to settle this matter on behalf of all Plaintiffs" (Exhibit A)

Also, Nam Pham and Minh Nguyen were the only plaintiffs that showed up in court at the mandatory Settlement Conference. (Exhibit A) None of the other plaintiffs were in attendance and not available by telephone. (Exhibit A).

The question arises, is Procopio continuing to rely on Nam Pham and Minh Nguyen as the sole decision makers for the legal decisions for all the plaintiffs?

The Defendant was hoping at least to see the signatures of the other plaintiffs during Discovery, but Procopio objected to every one of the 129 Interrogatories and 126 Requests for Production that the Defendant sent to Plaintiffs and all the responses were all signed by Procopio.  Also, Procopio on behalf of the plaintiffs refused to do remote depositions and neglected to set deposition dates, also Procopio stated in an email that 9 of the 11 Plaintiffs would need translators (Exhibits B and C). The Defendant never had an opportunity to communicate with any other plaintiffs in questioning.

3   DEFENDANT AND COUNTERCLAIMANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS AND COUNTERDEFENDANTS' NOTICE OF MOTION AND IN SUPPORT OF MOTION TO SUBSTITUTE COUNSEL FOR THE PLAINTIFFS

**Omissions from the NOTICE OF MOTION (document 108)**

1. Plaintiffs' Counsel of Record Procopio, did not disclose to the Court that Plaintiff Minh Nguyen is a member and an attorney with the proposed substitute counsel Kasowitz.

2. Procopio did not disclose to the Court whether they informed each of the other 10 plaintiffs of the possible Conflict of Interest due to Plaintiff Minh Nguyen being a member and attorney of the proposed new counsel Kasowitz.

3. Kasowitz did not file a Notice of Interested Parties required by L.R. 7.1-1

4. Procopio did not provide Proof of Service to the defendant when Procopio emailed their motion to him as required by L.R. 5-3.1.2 Proof of Service.

**Inaccuracies from the NOTICE OF MOTION (document 108)**

5. Pg. 2, lines 13,14 - "This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on March 1, 2024."

    - The conference of counsel took place on March 8, 2024, not March 1. (See Exhibits D and E)

6. Pg. 2, lines 14,15 - "Defendants have not indicated that they oppose this motion."

- At the conference of counsel on March 8th, defendant stated that he first needed to talk with his advising attorney before deciding on whether he would object to the motion.

**Inaccuracies from the MEMORANDUM OF POINTS AND AUTHORITIES (document 108-1)**

7. <u>Pg. 2, lines 6-8</u> - "Plaintiffs have selected Kasowitz to represent them in this matter going forward and Kasowitz has already appeared in this matter."

    - To Defendant's knowledge, Kasowitz has not previously "appeared" in this matter.

8. <u>Pg. 2, lines 8-10</u> - "Procopio also provided written notice to Plaintiffs of the substitution and Procopio's withdrawal, and none of Plaintiffs opposes substitution of counsel or Procopio's withdrawal."

    - California State Bar Rules of Professional Conduct 1.7 (a,b,c,d,e) states that the appearing attorney must have "informed written consent from each client" (plaintiff). Procopio's statement that "none of Plaintiffs opposes" is not sufficient to fulfill the obligations of Rule 1.7. Rule 1.7 is especially crucial because Procopio stated that 9 of

the Plaintiffs needed translators for depositions thus representing that they are not proficient in the English language.

9. <u>Pg. 2, lines 14,15</u> - "Plaintiffs have informed Procopio that they wish for Kasowitz to represent them in this matter going forward, which Procopio has confirmed in writing."

- California State Bar Rules of Professional Conduct 1.7 (a,b,c,d,e) states that the appearing attorney must have "informed written consent from each client" (plaintiff).

- It is not stated which of the 11 Plaintiffs informed Procopio or how they informed Procopio. This is important because in the Settlement Conference Statement, Procopio stated that "Mr. Pham will have full and complete authority to settle this matter on behalf of all Plaintiffs," (Exhibit A)

- It's further important to note that according to Procopio, 9 of the 11 Plaintiffs require translators for their depositions indicating that their English language skills are not proficient enough to communicate during depositions. (Exhibit A) Procopio in their motion, did not address how they communicated the complexities and repercussions

of substituting legal representations to all plaintiffs with limited English language skills. (see Exhibit C)

10. <u>Pg. 2, lines 17-20</u> - "Procopio met and conferred with Frederick Koster on behalf of Defendants regarding this Motion, pursuant to Local Civil Rule 7-3, and Mr. Koster has not indicated that he opposes the Motion."

   - The conference of counsel took place on March 8, 2024 not March 1. (See Exhibits D and E). At this meeting the Defendant stated that he first needed to talk with his advising attorney before deciding on whether he would object to the motion.

   -

**<u>Inaccuracies from the DECLARATION OF JACOB K. POORMAN</u>**

**<u>(document 108-2)</u>**

1. <u>Pg. 2, lines 11-16</u> - "On that same day, my co-counsel, Mr. Jack Shaw, to confirm the substitution of counsel, emailed the plaintiffs to ask if they had any questions or objections regarding the substitution and to give a notice to those plaintiffs that are organizations about the consequences of their inability to appear pro se. None of the plaintiffs has responded with any questions or objections to the substitution."

- California State Bar Rules of Professional Conduct 1.7 (a,b,c,d,e) states that the appearing attorney must have "informed written consent from each client" (plaintiff). Procopio's statement that "none of Plaintiffs opposes" is not sufficient to fulfill the obligations of Rule 1.7.

2. <u>Pg. 2, lines 16-18</u> - "The plaintiffs subsequently confirmed via email that Kasowitz would represent them in this matter going forward, and Kasowitz has already appeared in this matter on the plaintiffs' behalf."

    - To defendant's knowledge, Kasowitz has not appeared in this matter, thus Procopio misinformed the plaintiffs.
    - It is not stated which of the 11 Plaintiffs informed Procopio or how they informed Procopio. This is important because in the Settlement Conference Statement, Procopio stated that "Mr. Pham will have full and complete authority to settle this matter on behalf of all Plaintiffs," (Exhibit A)

3. <u>Pg. 2, lines 19-21</u> - "Pursuant to Local Civil Rule 7-3, I met and conferred with Frederick Koster on behalf of the defendants telephonically on March 1, 2024 regarding the Motion. Mr. Koster has not indicated that he opposes the Motion."

8   DEFENDANT AND COUNTERCLAIMANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS AND COUNTERDEFENDANTS' NOTICE OF MOTION AND IN SUPPORT OF MOTION TO SUBSTITUTE COUNSEL FOR THE PLAINTIFFS

- This conference of counsel took place on March 8, 2024 not March 1. (See Exhibits A and B) at this conference the defendant stated that he first needed to talk with his advising attorney before deciding on whether he would object to the motion.

## ARGUMENT

**A. The proposed substitution of Kasowitz as counsel would be highly prejudicial against the Defendant.**

1. Plaintiff Minh Nguyen is a member and an attorney of Kasowitz.
2. It is reasonable to believe the possibility that Minh Nguyen's colleagues at Kasowitz would perform their legal services either free or at highly discounted rates or possibly Minh Nguyen would do the legal work behind the scenes.
3. The reasonable question arises, how is Kasowitz benefiting if they perform free or discounted legal services for a member of their own firm who is a plaintiff?
4. It reasonable to believe that Kasowitz motive is either doing a favor for one of their attorneys or protecting the name of their firm thus crossing the lines of an attorney/client relationship and violating the California

      Bar Rules of Professional Conduct along with prejudicing the other 10 plaintiffs.

5. The use of Kasowitz with their vast resources, as counsel for Plaintiff Minh Nguyen would in effect allow Minh Nguyen operating as a plaintiff aligned with her own law firm, Kasowitz, to weaponize the court system against a pro se defendant.

6. As shown in the exhibits of the Plaintiffs Complaint, Plaintiff Minh Nguyen has a track record of using the name of Kasowitz in submitting DMCA takedowns of Defendant's Copyrighted film along with defamatory and threatening emails that she sent to the Defendant and his subcontractor. She then emailed copies of these emails to about 18 members of the public.

7. As stated in the declarations by both Minh Nguyen and Nam Pham in the Plaintiffs Complaint, plaintiff and attorney Minh Nguyen under the name of Kasowitz represented fellow Plaintiff "The Next Vietnam Projects Foundation LLC" in taking the actions described above in number 6 (lines 7-12) and now she is a fellow plaintiff with her former client and in parallel conduct with the former client.

10    **DEFENDANT AND COUNTERCLAIMANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS AND COUNTERDEFENDANTS' NOTICE OF MOTION AND IN SUPPORT OF MOTION TO SUBSTITUTE COUNSEL FOR THE PLAINTIFFS**

8. **L.R. 83-2.3.5 Delays by Substitution of Attorneys**. "Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion."

- Based on Plaintiffs' Motion to request for extension of the Discovery Deadline (docket 109), it appears that one of the motives for the change of counsel is the delay in the prosecution of the case.
- The Defendant is against any extension of the Discovery Deadline or postponement of the trial date.

B. **L.R. 83-2.3.2 Motion for Withdrawal.** "The motion for leave to withdraw must be supported by good cause."

Procopio did not list a reason for withdrawing from counsel other than the Plaintiffs requested it. It is reasonable to believe that Procopio is withdrawing due to the uncooperating behavior of the Plaintiffs that include:

1. Plaintiffs objected to every one of the 129 Interrogatories that the Defendant served them, even objecting when asked what name their name is.
2. Plaintiffs objected to every one of the 120 Requests for Production that Defendant served them.

3. During Discovery for 120 Requests for Production, Plaintiffs provided zero documents or any materials to the Defendant.

4. Plaintiffs did not sign any of the sets of Interrogatories that were served upon them. The only signature was that of their attorney thus none of the plaintiffs may have even seen their own Interrogatories.

5. At the Settlement Conference, 8 of the Plaintiffs were not in attendance and not available by telephone. (Exhibit A) thus not making a good faith effort.

6. When Defendant tried to schedule dates for depositions with Plaintiffs, the Plaintiffs initially did not respond with available dates.

7. After three email attempts by Defendant to schedule dates with no response from the Plaintiffs, Defendant on his own accord sent deposition dates to the Plaintiffs' attorney. Plaintiffs' attorney then refused those dates.

8. When Defendant met with Plaintiffs attorney, Defendant was informed that the Plaintiffs refused to do remote depositions and that 9 of the Plaintiffs would need translators at the depositions. (Exhibit B and C)

**C. ABA Rule 1.7: Conflict of Interest: Current Clients**

"(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."

Due to the relationship between proposed Substitute Counsel Kasowitz and Plaintiff Minh Nguyen who is an attorney and member of Kasowitz, it is reasonable to believe that there is a severe Conflict of Interest that would be prejudicial against the other 10 plaintiffs. This Conflict of Interest is magnified by the complexities of the case, the number of Plaintiffs involved (11), the multiple claims and the claim by Procopio of 9 the Plaintiffs that their English language skills is not proficient enough to use in a legal proceeding.

## CONCLUSION

1. For the foregoing reasons, Defendant Koster respectfully requests that the Plaintiffs' motion to withdraw be denied along with denying Kasowitz to be the Substitute Counsel.

2. The Defendant is against any attempt by Plaintiffs to extend the Discovery Deadline or postponement of the trial date.

3. Defendant is agreeable to the April 19, 2024 hearing set by the Court on this matter.

Respectfully submitted March 25, 2024

*Frederick Koster*

Frederick Koster Pro Per

prejudice.

A copy of the October 11, 2023 settlement offer is enclosed with this Settlement Conference Statement.

### Attendance of Parties at Settlement Conference

Plaintiffs Nam Pham and Minh Nguyen, and witness Richard Botkin, will attend the settlement conference on behalf of Plaintiffs. Mr. Pham will have full and complete authority to settle this matter on behalf of all Plaintiffs, as called for by the August 30, 2023 Order Setting Settlement Conference. (Dkt. No. 82.) Certain Plaintiffs reside in disparate locations such as Dallas, Texas and Australia. Plaintiffs therefore respectfully request that, given that Mr. Pham is authorized to settle this matter on behalf of all Plaintiffs, all other Plaintiffs aside from Mr. Pham and Ms. Nguyen be excused from attending the settlement conference.

### Conclusion

Plaintiffs welcome the opportunity to engage in settlement discussions with Your Honor and are prepared to engage in good faith negotiations in an attempt to reach an amicable resolution of this matter.

Sincerely,

*Jacob K. Poorman*

Jacob K. Poorman
Senior Associate

JKP

Enclosure: Settlement Offers Exchanged Pursuant to Paragraph 2

132231-00000001/7384026.1

10

procopio.com

**Poorman, Jacob K.**
to me, Jack, Tautalafua

Mar 5, 2024, 12:31 PM

Fred,

Regarding our call – I do not recall saying that I would get you dates early next week. I do recall saying that I would get them to you as soon as possible, and that you pressed me to identify a particular date by which I would get back to you, which I declined to do. As you know, you have noticed nine depositions and it will take some time to schedule them. To that end, Nam is available for an in person deposition on 3/22 and from 3/25 - 3/27 in Orange County. We are working on determining availability for the other witnesses whose depositions you have noticed, and whether they will want to proceed in person, and will get this info to you as soon as possible. Once I provide dates, I will need written confirmation from you that you have made the necessary arrangements for court reporters, conference rooms and translators.

As you know, and as I explained in the attached email, you attempted to notice the March 5 depositions with less than 14 days notice and with only 14 days notice for the March 7 dates. Less than 14 days is not sufficient notice, which you acknowledged. I also explained that those dates don't work for us in any event due to availability and our need to prepare. You did ask for deposition dates for unspecified plaintiffs and Richard Bodkin in early January, but as we discussed and as I already explained in the attached, the conversation moved on to settlement and I didn't hear back from you for nearly a month and a half, at which point you unilaterally attempted to notice nine depositions to take place remotely over the course of two days. As you acknowledged during our phone call, a deposition cannot proceed remotely without agreement of the parties or a court order. You also acknowledged that if you intend to use any documents at the depositions, you will need to produce them sufficiently in advance to give us time to review them.

Regarding translators – with the exception of Ms. Minh Nguyen and whoever will appear on behalf of Vietnam Veterans for Factual History, all of the witnesses whose depositions you have noticed would feel more comfortable testifying with a Vietnamese translator.

We did discuss potentially extending the fact discovery cut-off by two months which would allow you time to take these depositions that you have noticed, and you indicated that you were opposed. We also discussed potentially extending the trial date by two months, which you also opposed. Your refusal to accommodate these reasonable extensions is surprising given that you have repeatedly requested extensions of time from Plaintiffs, which Plaintiffs have nearly always accommodated.

Regards,
-Jake

**JACOB K. POORMAN**
SENIOR COUNSEL
PROCOPIO

P: 619.525.3811 | F: 619.788.5511 | jacob.poorman@procopio.com
12544 HIGH BLUFF DRIVE, SUITE 400, SAN DIEGO, CA 92130
procopio.com

**From:** FRED KOSTER <usajk14@gmail.com>
**Sent:** Monday, March 4, 2024 2:50 PM
**To:** Poorman, Jacob K. <Jacob.Poorman@procopio.com>; Shaw, Jack <Jack.Shaw@procopio.com>; Akeli, Tautalafua M. <fua.akeli@procopio.com>



# RECAP - FRIDAY (MARCH 1) PHONE CONVERSATION - 8:22-cv-02130 JWH DFM   Inbox ×

**FRED KOSTER** <usajk14@gmail.com>   Mon, Mar 4, 3:49 PM
to Jacob, Jack, Tautalafua

Jake, here is a recap of our Friday (March 1 2024) phone conversation. If any of this recap is not correct, please contact me as soon as possible.

1. Concerning my Notice of Remote Depositions that were scheduled for the plaintiffs on March 5 and March 7 2024;

- you objected to doing remote depositions for all of the plaintiffs
- you objected to the scheduled dates of those depositions
- you stated that you believed that some of the plaintiffs are willing to do remote depositions while others may want to do their depositions in person
- you stated that some of the plaintiffs will need translators
- you stated that you will get back to me "very soon" on the dates that your plaintiffs can do depositions.  I told you that I consider "very soon" to be Monday or Tuesday (March 5) of this week.  I reminded you that in early January I sent you emails asking you for available deposition dates for the plaintiffs.
- you also stated that you will tell me which of your plaintiffs want to remote or in-person depositions
- you stated that you will confirm with me which plaintiffs need translators

2. You stated that you would like to extend the deadline for Discovery.  I told you that I do "not" want to extend the Discovery deadline and for it to remain the same date.
3. You stated that you wanted to postpone the Trial date to a later date.  I told you that I do "not" want to change the Trial date and for it to remain the same date.
4. You brought up the subject of settlement which I told you that I was not prepared to discuss during our current conversation but I would get back to you on that matter.

I look forward to getting the available deposition dates and which plaintiffs need translators.

Thank you,
Fred Koster
602-451-0999

**Poorman, Jacob K.**   Tue, Mar 5, 12:31 PM
to me, Jack, Tautalafua

Fred,

Regarding our call – I do not recall saying that I would get you dates early next week.  I do recall saying that I would get them to you as soon as possible, and that you pressed me to identify a particular date by which I would get back to you, which I declined to do.  As you know, you have noticed nine depositions and it will take some time to schedule them.   To that end, Nam is available for an in person deposition on 3/22 and from 3/25 - 3/27 in Orange County.  We are working on determining availability for the other witnesses whose depositions you have noticed, and whether they will want to proceed in person, and will get this info to you as soon as possible.  Once I provide dates, I will need written confirmation from you that you have made the necessary arrangements for court reporters, conference rooms, and translators



= **M** Gmail  Q Search mail

# Next Vietnam Foundation, et al. v. Koster, et al. -- Motion to Withdraw  Inbox ×

**Poorman, Jacob K.**  Wed, Mar 6, 3:04 PM
Fred, Pursuant to Local Rule 7-3, please be advised that Procopio will be filing a motion to withdraw from its representation of Plaintiffs in the above-referen

**Poorman, Jacob K.**  Thu, Mar 7, 6:57 PM
Fred — how about 9:30? Thanks, Jake Sent from my iPhone On Mar 7, 2024, at 4:01 PM, Fred K <fknotebook@gmail.com> wrote:  P: 619.525.3811 | F: 619.788.5511 | j

**FRED KOSTER** <usajk14@gmail.com>  Thu, Mar 7, 9:15 PM
to Jacob, Fred, Fred, Jack, Tautalafua

Sounds good Jake.

Thank you.
Fred Koster
602-451-0999

[ Reply ] [ Reply all ] [ Forward ]

10 of 88