| | |
|---|---|
| Frederick Koster<br>1846 Innovation Park Dr, #100<br>Oro Valley, AZ 85755<br>602-451-0999<br>usajk14@gamil.com<br>Frederick Koster in Pro Per | **FILED**<br>CLERK, U.S. DISTRICT COURT<br><br>3/29/24<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____eee_____ DEPUTY |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXT VIETNAM PROJECTS FOUNDATION, INC., et al, Plaintiffs,<br><br>v.<br><br>KOSTER FILMS LLC, and FREDERICK KOSTER, et al, Defendants. | Case No. 8:22-cv-02130 JWH DFM<br><br>**DEFENDANT AND COUNTERCLAIMANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS AND COUNTERDEFENDANTS' NOTICE OF MOTION AND MOTION TO EXTEND DISCOVERY**<br><br>Date: April 19, 2024<br>Time: 9:00 a.m.<br>Courtroom: 9D<br>District Judge: Hon. John W. Holcomb<br>Mag. Judge: Hon. Douglas F. McCormick |

1   DEFENDANT AND COUNTERCLAIMANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS AND COUNTERDEFENDANTS' NOTICE OF MOTION AND MOTION TO EXTEND DISCOVERY

## I. INTRODUCTION

1. Defendant Opposes Plaintiffs Motion to Extend Discovery.

2. On March 19, 2024, attorney Robert Bosslet of Kasowitz, Benson Torres LLP (Kasowitz) submitted to the Court (docket 109) a Plaintiffs' Motion to Extend Discovery. To Defendant's knowledge, Plaintiffs' sole attorney of record is Procopio, Cory, Hargreabes & Sabitch LLP (Procopio) not Kasowitz.

3. To Defendant's knowledge Kasowitz has "not appeared" in Court due to the Court deeming as "Deficient" (docket 107), Kasowitz "Notice of Appearance" filed on March 14, 2024 (docket 106). To the defendant's understanding, the Court at this point, does not recognize Kasowitz as counsel for Plaintiffs.

4. In the abundance of caution, Defendant is filing this Opposition to Plaintiffs' Motion to Extend Discovery and serving it to the Plaintiffs' counsel of record, Procopio, with it.

5. Kasowitz did not file a Notice of Interested Parties required by *L.R. 7.1-1 Notice of Interested Parties*.  Plaintiff Minh Nguyen is a member and attorney of Kasowitz.

6. Procopio on March 15, 2024, filed a Motion for Substitution of Attorney (docket 108), and the court ordered that a Hearing for this motion will be held on April 19, 2024, so the Defendant's understanding is that Procopio is still the Counsel of Record for the Plaintiffs.

7. Robert Bosslet of Kasowitz who submitted this motion did "not" include his mandatory Declaration in his motion.  What is included is a statement from a Procopio attorney which is being used as a declaration.

8. Kasowitz did not legally Serve the pro se Defendant (Koster) with their motion (docket 109).  Kasowitz used the ECF filing receipt which the Defendant, who is a pro se litigant, does not have access to ECF.  A legal assistant with Kasowitz emailed the defendant a copy of this motion, but the Defendant does not have an agreement with Kasowitz to be Served by email.

9. Kasowitz incorrectly states that Discovery concludes on March 30, 2024.

10. The correct date is March 29, 2024, for "All Discovery Cut-Off (including hearing of discovery motions)".

11. Kasowitz incorrectly states that the Conference of Counsel for their motion to extend discovery was March 1, 2024, between Procopio and Defendant. Kasowitz references Jacob Poorman's Declaration.

12. There was no Conference of Counsel for Plaintiffs' motion (docket 109). Jacob Poorman does not state in his Declaration that the March 1, 2024 meeting was the Conference of Counsel.  The March 1st meeting was only scheduled for discussion of Depositions issues with Procopio.  At the end of this meeting, Procopio asked the defendant if he would extend discovery and the trial date which the Defendant said No. (see Exhibit A and B) According to L.R. 7-3 Conference of Counsel Prior to Filing of Motions and L. R. 37-1 specifically for Discovery Motions, there must be a specific meeting for the Conference of Counsel and the defendant never received any Conference of Counsel letter.  March 1, 2024 was not a Conference of Counsel for this motion.

13. Defendant has never met or had any conversations or email exchanges with Robert Bosslet of Kasowitz. The only emails the defendant received was from a legal assistant of Kasowitz on March 19,2024 containing this Motion and on March 27, 2024 containing a Notice of Appearance.

## II. Argument

A. <u>Kasowitz's first argument</u> is that they are a new substitute of legal counsel for the Plaintiffs, and they need more time to "receive, review and analyze" the history of the case.

1. To Defendant's knowledge, Kasowitz has not appeared in this case. Their Notice of Appearance (docket 106) was deemed Deficient by the Court (docket 107).

2. Procopio's Motion for Substitution of Legal Counsel to Kasowitz (docket 108) is scheduled for a Hearing on April 19, 2024.

3. To Defendant's knowledge, Procopio not Kasowitz, should have been the Counsel to file this Motion to Extend Discovery but only after having a Conference of Counsel with Defendant which did not happen.

4. Kasowitz did not legally Serve the pro se Defendant (Koster) with their motion (docket 109). Kasowitz used the ECF filing receipt which the Defendant, who is pro se litigant does not have access to. A legal assistant at Kasowitz emailed the defendant a copy of their motion, but the Defendant does not have an agreement with Kasowitz to be served by email.

5. Kasowitz's reason for their Motion to Extend Discovery is their desire to be substitute counsel and they need more time to "receive, review and analyze" the history of the case.

   a. This extension is prohibited by ***L.R. 83-2.3.5 Delays by Substitution of Attorneys***. *"Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion."*

6. Kasowitz's Motion to Extend Discovery is in effect, asking the Court for the Defendant to go through a second and separate Discovery with a new

law firm. This would be a great injustice to a pro se litigant especially considering he is 67 years old.

B. <u>Kasowitz's second argument</u> for their Motion is "Plaintiffs' pending Motions remain *sub judice* and will impact the scope of discovery."

- Defendant disagrees because the subject matter and scope of the Motions does not affect Discovery.

- Kasowitz argument is based on their subjective conjecture of what may happen and is not based on law, evidence, or facts.

- If motions in *sub judice are* an important issue to the Plaintiffs, it should have been addressed earlier and in a timely manner during Discovery, not about one week before the end of Discovery.

- Kasowitz is trying to make a back door attempt at unilaterally forcing the Court to make a ruling on a Motion.

C. <u>Kasowitz's third argument</u> for their Motion to Extend is their allegation that Defendant "has been non-responsive and repeatedly failed to meaningfully participate" in Discovery.

- This is not a true statement. Defendant fully cooperated with and was very responsive during Discovery. Defendant can prove his cooperation by providing to the court the email exchanges that occurred between the parties. Due to the many documents involved, Defendant can supply these documents to the court upon request.

- The question arises, if Procopio truly had these allegations during Discovery against the Defendant, why isn't there any email evidence of it?

- Why didn't Procopio use the Discovery rules and procedures of F. R. Civ. P. 37 - L.R. 37-1 to 37-4 to bring a hearing in front of the Magistrate Judge?

- Why now is there a different law firm, Kasowitz, bringing this allegation up days before the Cut-Off Date of Discovery and with the District Judge rather than previously with the Magistrate Judge?

8   DEFENDANT AND COUNTERCLAIMANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS AND COUNTERDEFENDANTS' NOTICE OF MOTION AND MOTION TO EXTEND DISCOVERY

- Procopio bringing up these late untrue allegations against the Defendant shows bad faith and a disregard for the Rules of Discovery and Judge's Civil Trial Scheduling Order of August 21, 2023. The All Discovery Cut-Off Date of March 29,2024 includes hearings of Discovery motions.
- If Procopio truly had these allegations during Discovery, they would have had ample time to address it during Discovery.
- The Plaintiffs are accusing the Defendant of what they are doing.
  - Plaintiffs objected to every one of the 129 Interrogatories that the Defendant served them, even objecting when asked what name their name is.
  - Plaintiffs objected to every one of the 120 Requests for Production that Defendant served them and provided zero documents or materials.
  - At the Settlement Conference, 8 of the Plaintiffs were not in attendance and were not available by telephone.
  - Plaintiffs refused to do remote depositions and Procopio stated that 9 of the Plaintiffs would need translators at the depositions.

- o  Plaintiffs refused Defendant's request for production and return of Defendant's copyrighted Film and Interviews, thus violated RPC 3.4(B)(C).

- Defendant notes to the Court that there are so many other false, contradictory, and misleading statements made throughout the Plaintiffs' Motion that if Defendant properly addressed each one it would cloud the vital objections of the Defendant and make it overly burdensome for both the Defendant and the Court at this time.

## CONCLUSION

1. For the foregoing reasons in the Objection, Defendant Koster respectfully requests that the Court deny this Motion to Extend Discovery.

Respectfully submitted March 29, 2024



Frederick Koster Pro Per

# EXHIBIT A



# RECAP - FRIDAY (MARCH 1) PHONE CONVERSATION - 8:22-cv-02130 JWH DFM   Inbox

**FRED KOSTER** <usajk14@gmail.com>
to Jacob, Jack, Tautalafua

Mon, Mar 4, 3:49 PM

Jake, here is a recap of our Friday (March 1 2024) phone conversation. If any of this recap is not correct, please contact me as soon as possible.

1. Concerning my Notice of Remote Depositions that were scheduled for the plaintiffs on March 5 and March 7 2024;

- you objected to doing remote depositions for all of the plaintiffs
- you objected to the scheduled dates of those depositions
- you stated that you believed that some of the plaintiffs are willing to do remote depositions while others may want to do their depositions in person
- you stated that some of the plaintiffs will need translators
- you stated that you will get back to me "very soon" on the dates that your plaintiffs can do depositions. I told you that I consider "very soon" to be Monday or Tuesday (March 5) of this week. I reminded you that in early January I sent you emails asking you for available deposition dates for the plaintiffs.
- you also stated that you will tell me which of your plaintiffs want to remote or in-person depositions
- you stated that you will confirm with me which plaintiffs need translators

2. You stated that you would like to extend the deadline for Discovery. I told you that I do "not" want to extend the Discovery deadline and for it to remain the same date.
3. You stated that you wanted to postpone the Trial date to a later date. I told you that I do "not" want to change the Trial date and for it to remain the same date.
4. You brought up the subject of settlement which I told you that I was not prepared to discuss during our current conversation but I would get back to you on that matter.

I look forward to getting the available deposition dates and which plaintiffs need translators.

Thank you.
Fred Koster
602-451-0999

# EXHIBIT B

