1  Jacob K. Poorman (Bar No. 262261)
   E-mail: jacob.poorman@procopio.com
2  PROCOPIO, CORY, HARGREAVES &
       SAVITCH LLP
3  12544 High Bluff Drive, Suite 400
   San Diego, CA 92130
4  Telephone: 619.238.1900
   Facsimile: 619.235.0398
5
   Jack Shaw (Bar No. 309382)
6  E-mail: jack.shaw@procopio.com
   PROCOPIO, CORY, HARGREAVES &
7       SAVITCH LLP
   3000 El Camino Real, Suite 5-400
8  Palo Alto, CA 94306
   Telephone: 650.645.9019
9  Facsimile: 650.687.8326

10
   *Attorneys for Plaintiffs*
11

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NEXT VIETNAM PROJECTS FOUNDATION, INC.; RADIX FOUNDATION A/K/A VIETNAM VETERANS FOR FACTUAL HISTORY; SAIGON BROADCASTING TELEVISION NETWORK, INC.; MY VAN INTERNATIONAL, INC.; NAM PHAM; CARINA OANH HOANG; DIEP PHAN; TRONG PHAN; SON NGUYEN; THANH PHUONG LE and MINH NGUYEN,<br><br>Plaintiffs,<br><br>v.<br><br>KOSTER FILMS, LLC; FREDERICK KOSTER; BT PRODUCTIONS, LLC and BRIAN TOOKER,<br><br>Defendants.<br>FREDERICK KOSTER, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>NEXT VIETNAM PROJECTS FOUNDATION, INC., ET AL.,<br><br>Counter-Defendants. | Case No. 8:22-cv-02130-JWH-DFM<br><br>**PROCOPIO, CORY, HARGREAVES & SAVITCH LLP'S REPLY IN SUPPORT OF ITS MOTION TO SUBSTITUTE**<br><br>Date: April 19, 2024<br>Time: 9:00 AM<br>Room: 9D<br><br>District Judge:  Hon. John W. Holcomb<br>Mag. Judge:  Hon. Douglas F. McCormick |

Procopio, Cory, Hargreaves & Savitch LLP ("Procopio") respectfully submits the following Reply to Defendant Frederick Koster's ("Defendant") Opposition to Procopio's Motion to Substitute:

The Opposition to Procopio's Motion to Substitute is explicit that Defendant's objection is to Plaintiffs' *choice* of new counsel, and not with the substitution itself. *See, e.g.,* Opposition at 2 ("Defendant . . . objects to [Kasowitz Benson Torres LLP ("Kasowitz")] as the Substitute Counsel for the Plaintiffs . . . ."). But Plaintiffs have a right to their counsel of choice, and it is not for Defendant to question or object to Plaintiffs' choice of counsel. *See Cole v. U.S. Dist. Ct. For Dist. of Idaho*, 366 F.3d 813, 817 (9th Cir. 2004) ("Parties normally have the right to counsel of their choice, so long as the counsel satisfy required bar admissions . . . ."). Thus, while Defendant speculates (without authority) that Kasowitz's representation of Plaintiffs creates an alleged conflict of interest because Plaintiff Ms. Minh Nguyen is an attorney at Kasowitz, even if there is such a conflict, it is up to Plaintiffs to raise it, not Defendant.[1]

Defendant also argues that he will be prejudiced by the substitution of Kasowitz if Kasowitz is representing Plaintiffs on a reduced-fee or *pro bono* basis. While Defendant seems to think there is something nefarious about *pro bono* representation, he provides no authority for his argument. It is of course routine for parties, particularly not-for-profit entities like Plaintiff The Next Vietnam Projects Foundation, to be represented on a *pro bono* basis. Kasowitz's *pro bono* representation of Plaintiffs may thwart Defendant's strategy of draining Plaintiffs' coffers by imposing unnecessary litigation costs upon them. But that is not prejudice.

Defendant's Opposition further contends that he will be prejudiced because

---

[1] Defendant also baselessly speculates that not all Plaintiffs may have been informed of the substitution of counsel. This is directly contradicted by the record. *See* Declaration of Jacob Poorman in Support of Motion to Substitute at ¶ 2 (Dkt. No. 108).

substitution may cause delay in the prosecution of this case. It is Defendant, however, who has delayed this litigation at every turn, by, among other things:

- evading service and forcing Plaintiffs to serve him via publication;
- repeatedly seeking extensions (most of which Plaintiffs agreed to as a matter of courtesy);
- refusing to drop frivolous counterclaims, forcing Plaintiffs to file an unnecessary, extensive motion to strike, and then amending his counterclaims to drop most of the frivolous ones; and
- serving blanket, stale objections to Plaintiffs' requests for production, approximately two months after they were due.

Defendant, having repeatedly delayed the progress of this litigation, should not now be heard to complain that substitution will cause delay.[2]

For the foregoing reasons, and those articulated in the Motion to Substitute (Dkt. 108), Procopio respectfully requests that this Court allow Kasowitz to substitute in as counsel for Plaintiffs in this matter, and allow Procopio to withdraw from its representation of Plaintiffs in this matter.

DATED: April 5, 2024

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By:  */s/* Jack Shaw
Jacob K. Poorman
Jack Shaw

*Attorneys for Plaintiffs*

---

[2] Although not directly pertinent to the Motion to Substitute, Procopio notes that Defendant's statement that Procopio objected to "every one" of the interrogatories Defendant served on Plaintiffs is false. *See* Opp. at 3. Plaintiffs provided written responses to over sixty (60) of Defendant's interrogatories. *See* Supplemental Poorman Declaration, Exs. 1-10. Similarly, Defendant's statement that Procopio "neglected to set deposition dates" (Opposition at 3) is contradicted by his own filing. An exhibit attached to the Opposition shows that Plaintiffs did offer dates for the deposition of Plaintiff Mr. Pham, to which Defendant never responded.