Robert W. Bosslet (State Bar No. 278027)
rbosslet@kasowitz.com
KASOWITZ BENSON TORRES LLP
101 California Street, Suite 3950
San Francisco, CA 94111
Tel. (424) 288-7900
Fax. (424) 288-7901

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NEXT VIETNAM PROJECTS FOUNDATION, INC.; RADIX FOUNDATION A/K/A VIETNAM VETERANS FOR FACTUAL HISTORY; SAIGON BROADCASTING TELEVISION NETWORK, INC.; MY VAN INTERNATIONAL, INC.; NAM PHAM; CARINA OANH HOANG; DIEP PHAN, TRONG PHAN; SON NGUYEN, THANH PHUONG LE and MINH NGUYEN,<br><br>*Plaintiffs*,<br><br>v.<br><br>KOSTER FILMS, LLC, FREDERICK KOSTER, BT PRODUCTIONS LLC, and BRIAN TOOKER,<br><br>*Defendants*. | C.A. No. 8:22-cv-02130-JWH-DFM<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS OPPOSED MOTION TO EXTEND DISCOVERY**<br><br>District Judge:  Hon. John W. Holcomb<br>Mag. Judge:  Hon. Douglas F. McCormick |

# REPLY MEMORANDUM IN FURTHER SUPPORT OF PLAINTIFFS' OPPOSED MOTION TO EXTEND DISCOVERY

Vietnam Foundation submits this Reply Memorandum in Further Support of its Opposed Motion to Extend Discovery.

## I. INTRODUCTION

Koster's refusal to agree to a discovery extension has no good reason other than obstructionism and preventing newly substituted counsel from being brought up to speed. An extension would not prejudice Koster—he has sought (and Plaintiffs have consented to) many extensions himself. To the contrary, an extension would benefit all parties as it would likely streamline proceedings by allowing the Court to issue an order or orders resolving Plaintiffs' pending Motion to Amend the Complaint (Dkt. 86) and Motion to Strike Defendant's Counterclaim for Conversion (Dkt. 88) (together, the "Motions"), which will likely alter the scope of discovery.

Rather than attempting to show prejudice or that good cause does not exist to extend the discovery deadline, Koster's Opposition ("Koster Opp.") (Dkt. 117) points to misguided, irrelevant arguments. For example, Koster focuses on whether there was a proper Conference of Counsel in advance of the Motion to Extend (there was—in which Koster was "categorically opposed" to extending the discovery schedule) (Dkt. 109-1 ("Poorman Decl.") at ¶7), whether undersigned counsel properly appeared in this case (it has), and whether Koster was properly served a copy of Plaintiffs' Opposed Motion to Extend Discovery (he was). Koster's failure to substantively address Plaintiffs' arguments for good cause, along with the fact that the Vietnam Foundation has not obtained pertinent discovery, underscores the need for a brief extension of the discovery deadline.

## II. ARGUMENT

The "good cause" standard requires that this motion be granted. It is established in the Ninth Circuit that discovery is based on the "general principle that

- 2 -

litigants have a right to every man's evidence and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (internal citation omitted); *see also ICG Commc'ns, Inc. v. Allegiance Telecom*, 211 F.R.D. 610, 614 (N.D. Cal. 2002) (quoting *Vinson v. Superior Court*, 43 Cal.3d 833, 842, 239 Cal.Rptr. 292, 740 P.2d 404 (1987)) ("Discovery is a fundamental aspect of civil litigation and is often 'essential to [the] fair resolution' of lawsuits."). When a party, for reasons beyond its control, is unable to complete discovery prior to a discovery deadline "[t]he district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Aardwolf Indus., LLC v. Abaco Machines USA, Inc.*, No. CV 16-1968-GW(JEMX), 2017 WL 6888242, at *3 (C.D. Cal. Sept. 7, 2017) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). Plaintiffs have demonstrated good cause to request a brief extension of discovery deadlines.

First, as Plaintiffs established, there is good cause to grant a brief extension of the discovery deadline as Koster failed to meaningfully participate in discovery—despite Plaintiffs' repeated attempts. Koster's contention that he has "fully cooperated with and was very responsive" to discovery requests is inconsistent with the facts. (Koster Opp. at 8.) Despite repeated promises to produce documents, and representations that he was undertaking substantial efforts to collect documents, Koster produced only a single, one-page document and attached a disparate collection of documents to his filings. (Poorman Decl. ¶4.) When Plaintiffs propounded interrogatories, Koster responded with non-substantive responses that provided virtually no information. (*Id.*) Finally, when Plaintiffs attempted to schedule a deposition of Koster, he failed to engage constructively. Indeed, Koster has not even followed through on depositions for himself. In short, Koster has failed

to adequately respond to Plaintiffs' discovery requests, and instead has implied that he aims to make this litigation as costly as possible for the Plaintiffs. (*Id.* at ¶6.)

Koster's Opposition also makes the spurious claim that Plaintiffs failed to adequately respond to Koster's discovery requests—specifically pointing to purported deficiencies in Plaintiffs' interrogatory responses, document production, deposition availability, and settlement attendance. Plaintiffs were responsive to each request:

- In response to the two sets of interrogatories propounded on Plaintiffs, Plaintiffs responded to the first set, answered certain interrogatories within the second set, and specified proper objections to the remaining interrogatories.
- Koster's document requests were patently improper and objectionable, particularly where he himself has produced virtually no responsive documents. Nevertheless, Plaintiffs remain willing to meet and confer on the scope of such requests. Doing so after the Motions are decided will streamline the process of discovery.
- Koster made one attempt at scheduling depositions. On February 22, 2024, Koster noticed nine depositions to proceed remotely over the course of *two* days. (Poorman Decl. at ¶5.) In response, Plaintiffs informed Koster that even though he failed to provide adequate notice, some—not all—depositions could proceed, and that it would be necessary to find alternative dates to take the depositions that were noticed. Plaintiffs then sent proposed dates, and Koster never responded. (*Id.*)
- With respect to settlement discussions, Koster purports that "8 of the Plaintiffs were not in attendance and were not available by telephone" during the Settlement Conference. (Koster Opp. at 9.) In fact,

- 4 -

representatives with full authority to engage in settlement discussions were present at the Settlement Conference for all Plaintiffs.

Second, Plaintiffs have demonstrated good cause exists to request a brief extension of the discovery deadline as new counsel only recently made an entry of appearance on March 14, 2024 (Dkt. 106), and only substituted in as counsel of record for Plaintiffs on March 15, 2024 (Dkt. 108). In order to adequately prepare for upcoming discovery, depositions, dispositive motions, and trial, an extension of discovery deadlines serves the interests of justice. Koster does not dispute this fact. Instead, Koster makes a number of unrelated arguments concerning, for example, issues with Plaintiffs' counsel's appearance, service of the Opposed Motion to Extend Discovery, and a Notice of Interested Parties:

- With respect to Koster's argument that Plaintiffs' new counsel did not properly appear in the case, on March 14, 2024, Plaintiffs' new counsel substituted in as counsel of record by filing a Notice of Appearance.[1] (Dkt. 106.) On March 15, 2024, Plaintiffs' prior counsel, Procopio, Cory, Hargreaves & Savitch LLP, filed a Notice of Motion to Substitute in new counsel. (Dkt. 108.)
- As to whether Koster was served properly, Koster acknowledged that on March 19, 2024, a legal assistant from the undersigned's firm served the Opposed Motion to Extend Discovery (Dkt. 109) on Koster by email and that he was served with the Notice of Appearance (Dkt. 106) on March 27, 2024, also by email. *See* Koster Opp. at 5. That Koster agreed to accept service via email with Plaintiffs' prior counsel, and not its current counsel, is irrelevant, particularly given that he has refused to provide an address for mailing service.

---

[1] New counsel received notice from the Court that an "incorrect event [was] selected" in the Notice of Appearance, but that new counsel "need not take any action in response to th[e] notice unless the Court directs [new counsel] to do so." (Dkt. 107.) As of the filing of this reply, the Court has not directed Plaintiffs to take any action regarding the Notice of Appearance.

- 5 -

- Regarding the filing of a notice of interested parties, Plaintiffs' previously filed a Certification and Notice of Interested Parties pursuant to Local Rule 7.1-1 on November 23, 2022. (Dkt. 7.)

Third, as the Motions remain *sub judice* (Dkts. 86 and 88), a brief extension may help further define the scope of discovery in this case as the scope of permissible discovery will not be clear until the Motions are decided. A decision on either motion will clearly determine which issues remain in the case and will affect the scope of discovery. Koster's argument that a decision on the Motions will not affect discovery is simply misguided, as the motions deal with amending the Complaint to clarify Plaintiffs' theory of fraud and striking Koster's counterclaim for conversion—both of which will affect the scope of discovery moving forward. *See Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998) ("Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute.")

Finally, Koster failed to point to any undue prejudice that an extension would cause, because there would be no such prejudice. Even if Koster had set forth an explanation as to how the extension would be prejudicial, the determination of whether to grant a motion to extend a discovery deadline is primarily directed towards the moving party's rationale. *See Aardwolf Indus.,* 2017 WL 6888242, at *3 ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). Here, Plaintiffs have demonstrated good cause to extend discovery.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant an order to extend discovery by sixty (60) days from the Court's issuance of an order or orders resolving Plaintiffs' Motions.

- 6 -

DATED: April 5, 2024

Respectfully submitted,

By: */s/ Robert W. Bosslet*
    Robert W. Bosslet
    rbosslet@kasowitz.com
    KASOWITZ BENSON TORRES LLP
    101 California Street, Suite 3950
    San Francisco, CA 94111
    Tel. (424) 288-7900
    Fax. (424) 288-7901

    Attorney for Plaintiffs

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served via email to Frederick Koster at fredkusa1@gmail.com and usajk14@gmail.com per agreement between the parties.

/s/ *Robert W. Bosslet*
Robert W. Bosslet

- 8 -

PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF
ITS OPPOSED MOTION TO EXTEND DISCOVERY