1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  THE NEXT VIETNAM PROJECTS FOUNDATION, INC., RADIX FOUNDATION A/K/A VIETNAM VETERANS FOR FACTUAL HISTORY, SAIGON BROADCASTING TELEVISION NETWORK, INC., MY VAN INTERNATIONAL, INC., NAM PHAM, CARINA OANH HOANG, DIEP PHAN, TRONG PHAN, SON NGUYEN, THANH-MAI NGUYEN, and MINH NGUYEN,  Plaintiffs,  v.  KOSTER FILMS, LLC, FREDERICK KOSTER, BT PRODUCTIONS LLC, and BRIAN TOOKER,  Defendants. | Case No. 8:22-cv-02130-JWH-DFM  **ORDER REGARDING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [ECF No. 86] AND COUNTERDEFENDANTS' MOTION TO DISMISS COUNTERCLAIM [ECF No. 88]** |

FREDERICK KOSTER,

              Counterclaimant,

       v.

THE NEXT VIETNAM PROJECTS
    FOUNDATION, INC.,

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RADIX CORPORATION,
SAIGON BROADCASTING
     NETWORK, INC.,
MY VAN INTERNATIONAL, INC.,
NAM PHAM,
CARINA OANH HOANG,
DIEP PHAN,
TRONG PHAN,
SON NGUYEN,
THANH-MAI NGUYEN, and
MINH NGUYEN,

         Counterdefendants.

Before the Court are two motions:

- the motion of Plaintiffs and Counterdefendants The Next Vietnam Projects Foundation, Inc.; Radix Foundation a/k/a Vietnam Veterans for Factual History; Saigon Broadcasting Television Network, Inc.; My Van International, Inc.; Nam Phan; Carina Oanh Hoang; Diep Phan; Trong Phan; Son Nguyen; Thanh Phuong Le; and Minh Nguyen (collectively "Plaintiffs") for leave to file an Amended Complaint;[1] and

- the motion of Plaintiffs to strike the Amended Counterclaim of Defendant and Counterclaimant Frederick Koster for conversion pursuant to Cal. Civ. Proc. Code § 425.16 or, in the alternative, to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]

The Court concludes that these matters are appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[3] the Court **GRANTS** Plaintiffs' Motion for Leave for file an Amended Complaint and **GRANTS** Plaintiffs' Motion to Dismiss

---

[1]     Pls.' Mot. for Leave to File an Amended Compl. (the "Motion for Leave") [ECF No. 86].

[2]     Pls.' Mot. to Strike Koster's Amended Counterclaim for Conversion Pursuant to CCP § 425.16 or, in the Alternative, to Dismiss Pursuant to FRCP 12(b)(6) (the "Motion to Dismiss") [ECF No. 88].

[3]     The Court considered the documents of record in this action, including the following papers: (1) Compl. (the "Complaint") [ECF No. 1] (including its attachments); (2) Motion for Leave (including its attachments); (3) Def.'s Opp'n to the Motion for Leave (the "Motion for Leave Opposition") [ECF No. 95]; (4) Def.'s Decl. in Supp. of the Motion for Leave Opposition [ECF No. 96]; (5) Pls.' Reply in Supp. of the Motion for Leave (the "Motion for Leave Reply") [ECF No. 102]; (6) Motion to Dismiss (including its attachments); (7) Def.'s Opp'n to the Motion to Dismiss (the "Motion to Dismiss Opposition") [ECF No. 99]; (8) Def.'s Decl. in Supp. of the Motion to Dismiss Opposition [ECF No. 100]; and (9) Pls.' Reply in Supp. of the Motion to Dismiss (the "Motion to Dismiss Reply") [ECF No. 103].

Koster's the Amended Counterclaim for conversion under Rule 12(b)(6) **without leave to amend**, for the reasons set forth herein.

## I.  BACKGROUND

Plaintiffs commenced this action in November 2022 by filing a Complaint against Defendants Koster Films, LLC; Frederick Koster; BT Productions, LLC; and Brian Tooker.[4]  In May 2023, Plaintiffs dismissed BT Productions and Brian Tooker.[5]  In their Complaint, Plaintiffs allege that Frederick Koster and Koster Films were hired to work on a feature documentary film, but Koster breached the agreement by refusing to turn over the film and attempting to sell the film and interviews for profit.[6]

Koster Films never answered the Complaint.  At Plaintiffs' request, the Clerk entered default against Koster Films in May 2023.[7]

Koster, proceeding *pro se*, answered the Complaint in May 2023.[8]  A month later, Koster filed an amended answer with counterclaims.[9]  In July 2023, Plaintiffs moved to strike Koster's counterclaims under Cal. Civ. Proc. Code § 425.16(b)(1), or, in the alternative, to dismiss the counterclaims under Rule 12(b)(6).[10]  Koster responded in September 2023 by amending his answer,

---

[4]      *See generally* Complaint.

[5]      Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c) [ECF No. 47].

[6]      Complaint ¶¶ 1 & 2.

[7]      Default by Clerk [ECF No. 58].

[8]      Def.'s Answers, Affirmative Defenses [ECF No. 53].

[9]      Rule 15(a) Amended Def.'s Answers, Affirmative Defenses Counterclaim [ECF No. 60].

[10]      Pls. & Counterdefs.' Mot. to Strike Def. & Counterclaimant Frederick Koster's Counterclaims Pursuant to CCP 425.16 [ECF No. 63].

1   affirmative defenses, and counterclaim.[11]  In view of Koster's amendment of his

2   pleading, the Court denied Plaintiffs' motion to strike as moot.[12]  In his

3   currently operative Amended Counterclaim, Koster asserts two claims for relief

4   against Plaintiffs:  (1) conversion; and (2) misrepresentations under 17 U.S.C.

5   § 512(f).[13]

6       Plaintiffs filed their instant Motion for Leave and Motion to Dismiss in

7   September 2023.  Both motions are fully briefed.

8                               **II.  LEGAL STANDARD**

9   **A.    Rule 12(b)(6)—Failure to State a Claim**

10      A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the

11  claims asserted in a complaint.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

12  2001).  In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are

13  taken as true and construed in the light most favorable to the nonmoving party."

14  *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir.

15  2002).  Although a complaint attacked by a Rule 12(b)(6) motion "does not need

16  detailed factual allegations," a plaintiff must provide "more than labels and

17  conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

18      To state a plausible claim for relief, the complaint "must contain

19  sufficient allegations of underlying facts" to support its legal conclusions.  *Starr*

20  *v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  "Factual allegations must be

21  enough to raise a right to relief above the speculative level on the assumption

22  that all the allegations in the complaint are true (even if doubtful in fact) . . . ."

23  *Twombly*, 550 U.S. at 555 (citations and footnote omitted).  Accordingly, to

24

25  _____

    [11]     Amended Def.'s Answers, Affirmative Defenses Counterclaim (the

26  "Amended Counterclaim") [ECF No. 83].

27  [12]     (In Chambers) Order [ECF No. 87].

28  [13]     *See generally* Amended Counterclaim.

survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct." *Id.* at 679.  Although a *pro se* plaintiff "may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).  "A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.    Rule 15(a)—Leave to Amend**

Pursuant to the Federal Rules of Civil Procedure, a district court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a).  The purpose underlying Rule 15(a) is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).  However, leave to amend is "not automatic." *Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist.*, 2020 WL 5775174, at *1 (C.D. Cal. July 8, 2020).  The Ninth Circuit instructs courts to consider five factors when deciding a motion for leave to amend under Rule 15(a): (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of amendment; and (5) whether the plaintiff has previously amended his or her complaint.  *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir.

1    1995).  Of those factors, prejudice to the opposing party is the consideration

2    "that carries the greatest weight."  *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316

3    F.3d 1048, 1052 (9th Cir. 2003).

4                              **III.  ANALYSIS**

5    **A.      Plaintiffs' Motion to Dismiss the Amended Counterclaim for**

6            **Conversion**

7           Plaintiffs argue that Koster's claim for relief for conversion should be

8    dismissed because it is based upon alleged Digital Millennium Copyright Act

9    ("DMCA") takedown notices and Plaintiffs' alleged communication in a

10   settlement agreement, which are protected under California's litigation

11   privilege.[14]

12          The Court analyzes and grants Plaintiff's Motion under Rule 12(b)(6).

13   Accordingly, it need not address Plaintiffs' arguments under

14   Cal. Civ. Proc. Code § 425.16.

15          **1.      Applicable Law**

16          California's litigation privilege applies to any communication "(1) made

17   in judicial or quasi-judicial proceedings; (2) by litigants or other participants

18   authorized by law; (3) to achieve the objects of the litigation; and (4) that ha[s]

19   some connection or logical relation to the action."  *Graham-Sult v. Clainos*, 756

20   F.3d 724, 741 (9th Cir. 2014) (citing *Mansell v. Otto*, 108 Cal. App. 4th 265, 280

21   (2003)).  The privilege "immunizes defendants from virtually any tort liability

22   (including claims for fraud), with the sole exception of causes of action for

23   malicious prosecution."  *Olsen v. Harbison*, 191 Cal. App. 4th 325, 333 (2010).

24          The litigation privilege "applies to prelitigation communications . . . ."

25   *Fotohaus, LLC v. Proforma, Inc.*, 2019 WL 1493355, at *2 (N.D. Cal. Apr. 4,

26   2019) (quotation omitted).  A prelitigation communication is protected,

27

28   [14]      Motion to Dismiss 5:17-6:20.

however, only when it "relates to litigation that is contemplated in good faith and under serious communication." *Monex Deposit Co. v. Gilliam*, 680 F. Supp. 2d 1148, 1161 (C.D. Cal. 2010) (quoting *Action Apartment Assoc., Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1251 (2007)).  The good faith, serious consideration of litigation test "seeks to prevent application of the privilege when the statements are made at a time when the possibility of litigation is not sincerely considered," and, therefore, it requires the statements to "have some connection or logical relation to the action." *See Aronson v. Kinsella*, 58 Cal. App. 4th 254, 266 (1997) (citation omitted).  "Any doubt about whether the privilege applies is resolved in favor of applying it." *Kashian v. Harriman*, 98 Cal. App. 4th 892, 913 (2002).

Generally, "statements made during settlement negotiations are absolutely protected by the litigation privilege." *Sengchanthalangsy v. Accelerated Recovery Specialists, Inc.*, 473 F. Supp. 2d 1083, 1088 (S.D. Cal. 2007); *see also Home Ins. Co. v. Zurich Ins. Co.*, 96 Cal. App. 4th 17, 24 (2002) (the litigation privilege "applies to statements made by counsel during settlement negotiations").

### 2.   Application

Koster alleges that Nguyen "made false copyright ownership statements in DMCA takedown notices of Koster's film" which "fundamentally interfered with Koster's ability to use the Koster's film property."[15]  Koster attaches takedown notices to his Amended Counterclaim.[16]  Koster also alleges that "Plaintiffs wrongfully, unlawfully and without permission from Koster" took "Koster's property from Koster's subcontractor, Brian Tooker" who "sent

---

[15]    Amended Counterclaim ¶¶ 13 & 14.

[16]    Amended Counterclaim, Exs. D & G.

Koster's property to the Plaintiffs."[17]  Tooker "cannot return Koster's property to him" because of the agreement with Plaintiffs.[18]

After considering the facts and relevant law, the Court concludes that the alleged DMCA takedown notices and alleged settlement communications are protected under California's litigation privilege.  The Amended Counterclaim for conversion recites alleged settlement communications that Plaintiffs made to the Tooker Defendants, which merit protection under California's litigation privilege.  *See Sengchanthalangsy*, 473 F. Supp. 2d at 1088.

Plaintiffs argue that the DMCA takedown notices address the subject matter of this lawsuit.[19]  The DMCA takedown notices were issued shortly after Nguyen sent a cease-and-desist email to Koster,[20] which explicitly refers to the filing of this lawsuit.  Therefore, the Court concludes that the DMCA takedown notices relate "to litigation that is contemplated in good faith and under serious communication."  *Monex Deposit Co.*, 680 F. Supp. 2d at 1161 (citation omitted); *see, e.g.*, *Beyond Blond Prods., LLC v. Heldman*, 2021 WL 4859972, at *6 (C.D. Cal. Feb. 8, 2021) (reconsideration denied) (concluding that the submission of takedown notices was prelitigation activity protected by California's litigation privilege).

Koster argues that the DMCA takedown notices are "fraudulent" because Nguyen "falsely stat[ed] that she is the copyright owner."[21]  But the "litigation privilege presents a bar to actions, even when based on fraudulent representations," and "the presence or absence of malice or good or bad faith is

---

[17]    *Id.* at ¶ 9.

[18]    *Id.* at ¶ 11.

[19]    *See* Motion to Dismiss Reply 4:9-10.

[20]    Amended Counterclaim, Ex. A.

[21]    Motion to Dismiss Opposition 8:4-7.

irrelevant to the inquiry whether the litigation privilege is applicable." *Mansell v. Otto*, 108 Cal. App. 4th 265, 278 n.47 (2003), *as modified on denial of reh'g* (May 29, 2003). "It is the *contemplation* of litigation that must be in good faith, not the merits of the actual litigation itself that animates the litigation privilege." *Visto Corp. v. Sproqit Techs., Inc.*, 360 F. Supp. 2d 1064, 1069 (N.D. Cal. 2005) (emphasis in original). Accordingly, the Court concludes that the alleged DMCA takedown notices are protected under California's litigation privilege.

The Court agrees with Plaintiffs' contention that Koster "cannot allege his claim for conversion adequately" because it "arises from communications protected by, and absolutely immune under, California's litigation privilege."[22] Therefore, Koster's conversion claim for relief is subject to dismissal.

Koster had two opportunities to plead a counterclaim for conversion. Based upon the above analysis, it is clear that the defects in Koster's conversion counterclaim are not the result of insufficient pleading, but, rather, they constitute substantive defects that cannot be cured by further amendment. *See Grant & Eisenhofer, P.A. v. Brown*, 2017 WL 6343506, at *9 (C.D. Cal. Dec. 6, 2017) (declining to grant leave to amend when the claims "have not been dismissed due to inadequate pleading[,] which might be cured through amendment," but instead were dismissed substantively, in part because the underlying conduct was "subject to California's litigation privilege"); *Fid. Fin. Corp. v. Fed. Home Loan Bank of S.F.*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint."). Therefore, further leave to amend is not warranted with respect to Koster's Amended Counterclaim for conversion.

---

[22]   Motion to Dismiss 8:23-26.

**B.     Plaintiffs' Motion for Leave to file an Amended Complaint**

Plaintiffs seek leave to amend in order (1) to correct the names of Plaintiff Radix Foundation a/k/a Vietnam Veterans for Factual History; (2) to clarify that Plaintiffs Trong Phan and Son Nguyen do not assert claims for misappropriation of likeness because they did not appear in the final version of the film; (3) to clarify that Plaintiffs' fraud theory includes the allegation that Plaintiffs not only paid Koster and Koster Films, LLC approximately $300,000 based upon Koster's misrepresentations, but that Plaintiffs also donated time, labor, equipment, lodging, fund raising efforts, and (for certain Plaintiffs) their likenesses, based upon Koster's misrepresentations; and (4) to correct an inadvertent statement regarding percipient witness Richard Botkin.[23]

Koster responds that Plaintiffs make their Motion for Leave in "bad faith" because it contains "major changes" to the original Complaint.[24]  The Court disagrees.  Plaintiffs' proposed amendments clarify the allegations made in the Complaint; they do not constitute major changes.  The Court concludes that Plaintiffs did not unduly delay in making this Motion.  The Court also concludes that Koster will not suffer prejudice by these amendments.  These amendments, which seek to clarify the allegations in the original Complaint, do not appear futile.  Finally, Plaintiffs have not previously amended their Complaint.

Therefore, all of the *Nunes* factors suggest that Plaintiffs' request for leave to amend should be granted.  Accordingly, the Court **GRANTS** Plaintiffs' Motion for Leave.

## IV.  DISPOSITION

Therefore, for the foregoing reasons, the Court **ORDERS** as follows:

---

[23]     Motion for Leave 2:21-3:8.

[24]     Motion for Leave Opposition 3:4-7.

1      1.      Plaintiffs' Motion to Dismiss [ECF No. 88] is **GRANTED**.
Koster's Amended Counterclaim for conversion is **DISMISSED without leave
to amend**.

2      2.      Plaintiffs' Motion for Leave [ECF No. 86] is **GRANTED**.
Plaintiffs are **DIRECTED** to file an amended pleading no later than April 19,
2024.  As with any amended pleading in this Court, Plaintiffs must also
concurrently file a redlined copy of the amended complaint as a Notice of
Revisions, which compares—in redline form—the amended pleading with the
previous pleading.

3      3.      Koster is **DIRECTED** to file his response to the amended pleading
no later than April 26, 2024.

**IT IS SO ORDERED.**

Dated:_____April 9, 2024_____          _____
                                          John W. Holcomb
                                          UNITED STATES DISTRICT JUDGE

-12-