UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NEXT VIETNAM PROJECTS FOUNDATION, INC.; RADIX FOUNDATION aka VIETNAM VETERANS FOR FACTUAL HISTORY; SAIGON BROADCASTING TELEVISION NETWORK, INC.; MY VAN INTERNATIONAL, INC.; NAM PHAM; CARINA OANH HOANG; DIEP PHAN; TRONG PHAN; SON NGUYEN; THANH PHUONG LE; and MINH NGUYEN,<br><br>      Plaintiffs,<br><br>  v.<br><br>KOSTER FILMS, LLC; FREDERICK KOSTER; BT PRODUCTION, LLC; and BRIAN TOOKER,<br><br>      Defendants. | Case No. 8:22-cv-02130-JWH-DFM<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO SUBSTITUTE ATTORNEY AND PLAINTIFFS' MOTION TO EXTEND DISCOVERY [ECF Nos. 108 and 109]** |
| FREDERICK KOSTER,<br><br>      Counterclaimant,<br><br>  v.<br><br>THE NEXT VIETNAM PROJECTS FOUNDATION, INC., | |

| | |
|---|---|
| 1 | RADIX FOUNDATION aka |
| 2 |    VIETNAM VETERANS FOR<br>   FACTUAL HISTORY, |
|  | SAIGON BROADCASTING |
| 3 |    NETWORK, INC., |
|  | MY VAN INTERNATIONAL, INC., |
| 4 | NAM PHAM, |
|  | CARINA OANH HOANG, |
| 5 | DIEP PHAN, |
|  | TRONG PHAN, |
| 6 | SON NGUYEN, |
|  | THANH PHUONG LE, and |
| 7 | MINH NGUYEN, |
| 8 |         Counterdefendants. |

Before the Court are the following two motions filed by Plaintiffs and Counterdefendants The Next Vietnam Projects Foundation, Inc.; Radix Foundation aka Vietnam Veterans for Factual History; Saigon Broadcasting Television Network, Inc.; My Van International, Inc.; Nam Pham; Carina Oanh Hoang; Diep Phan; Trong Phan; Son Nguyen; Thanh Phuong Le; and Minh Nguyen (collectively, "Plaintiffs"):

- Motion to Substitute Counsel;[1] and
- Motion to Extend Discovery.[2]

The Court concludes that these matters are appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[3] the Court orders that both Motions are **GRANTED**, for the reasons set forth herein.

## I. BACKGROUND

In November 2022, Plaintiffs commenced this action against Defendants Koster Films, LLC; Frederick Koster; BT Productions, LLC; and Brian

---

[1] Mot. to Substitute Counsel for the Pls. (the "Motion to Substitute Counsel") [ECF No. 108].

[2] Pls.' Mot. in Supp. of its Opposed Mot. to Extend Discovery (the "Motion to Extend Discovery") [ECF No. 109].

[3] The Court considered the documents of record in this action, including the following papers: (1) Compl. (the "Complaint") (including its attachments) [ECF No. 1]; (2) Motion to Substitute Counsel (including its attachment); (3) Def.'s Mot. in Opp'n to Motion to Substitute Counsel (the "Substitute Counsel Opposition") [ECF No. 111]; (4) Def.'s Decl. for Opp'n to Motion to Substitute Counsel [ECF No. 112]; (5) Pls.' Reply in Supp. of the Motion (the "Substitute Counsel Reply") [ECF No. 118] (including its attachment); (6) Motion to Extend Discovery (including its attachment); (7) Def.'s Opp'n to the Motion to Extend Discovery [ECF No. 117]; (8) Def.'s Decls. in Supp. of the Opposition [ECF Nos. 115 & 116]; and (9) Pls.' Reply in Supp. of the Motion to Extend Discovery [ECF No. 119].

Tooker.[4]  In their Complaint, Plaintiffs allege that Frederick Koster and Koster Films were hired to work on a feature documentary film, but Koster breached the agreement by refusing to turn over the film and attempting to sell the film and interviews for profit.[5]

Plaintiffs dismissed BT Productions and Brian Tooker from this action in May 2023.[6]  Koster, proceeding *pro se*, answered the Complaint two weeks later,[7] but Koster Films never filed a response.  At Plaintiffs' request, the Clerk entered default against Koster Films in late May 2023.[8]

A month later, Koster filed an amended answer with counterclaims.[9]  In September 2023, Koster again amended his pleading.[10]  Plaintiffs moved to strike Koster's Amended Counterclaim for conversion pursuant to Cal. Civ. Proc. Code § 425.16, or, in the alternative, to dismiss it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[11]  Plaintiffs also moved for

---

[4]   *See generally* Complaint.

[5]   *Id.* at ¶¶ 1 & 2.

[6]   Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c) [ECF No. 47].

[7]   Def.'s Answers, Affirmative Defenses [ECF No. 53].

[8]   Default by Clerk [ECF No. 58].

[9]   Rule 15(a) Amended Def.'s Answers, Affirmative Defenses Counterclaim [ECF No. 60].

[10]  Amended Def.'s Answers, Affirmative Defenses Counterclaim (the "Amended Counterclaim") [ECF No. 83].

[11]  Pls.' Mot. to Strike Koster's Amended Countercl. for Conversion Pursuant to CCP § 425.16 or, in the Alternative, to Dismiss Pursuant to FRCP 12(b)(6) (the "Motion to Dismiss") [ECF No. 88].

leave to file an Amended Complaint.[12]  In April 2024, the Court granted both of those Motions.[13]

In August 2023, the Court set the following case schedule:

| EVENT | DATE/DEADLINE |
| --- | --- |
| Deadline for Initial Designation of Expert Witnesses | March 1, 2024 |
| Deadline for Designation of Rebuttal Expert Witnesses | March 15, 2024 |
| All Discovery Cut-Off (including hearing of discovery motions) | March 29, 2024 |
| Last Day to Conduct Settlement Conference | October 27, 2023 |
| Dispositive Motion Hearing Cut-Off | June 7, 2024 |
| Deadline for Hearing on Motions *in Limine* | July 12, 2024 |
| Final Pretrial Conference | July 19, 2024 |
| Jury Trial | August 5, 2024[14] |

In March 2024, Plaintiffs filed their instant Motion to Substitute Counsel and Motion to Extend Discovery.  Both Motions are fully briefed.

## II.  LEGAL STANDARD

**A.    Motion to Withdraw**

Under this Court's Local Rules, an attorney may not withdraw as counsel from a case pending in this Court except upon leave of court, which must be

---

[12]   Pls.' Mot. for Leave to File an Amended Compl. (the "Motion for Leave") [ECF No. 86].

[13]   Order Regarding the Motion to Dismiss and the Motion for Leave [ECF No. 120].

[14]   Civil Trial Scheduling Order [ECF No. 81].

supported by good cause. *See* L.R. 83-2.3.2. A motion to withdraw as counsel may be made only upon "written notice given reasonably in advance to the client and to all other parties who have appeared in the action." *Id.*

A district court has broad discretion to determine what constitutes "good cause" to withdraw as counsel. *See Thompson v. Special Enforcement, Inc.*, 2008 WL 4811404, at *2 (C.D. Cal. Oct. 27, 2008). Absent undue prejudice to the client's interests or the case's proceedings, "[t]he decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Id.* (citation omitted). In ruling on a motion to withdraw as counsel, a court generally considers: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may result to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Tu Thien The, Inc. v. Tu Thien Telecom, Inc.*, 2014 WL 12580249, at *5 (C.D. Cal. July 11, 2014) (citation omitted).

### B. Motion to Extend Discovery

A district court must issue a Scheduling Order limiting the time to join other parties, complete discovery, and file motions. *See* Fed. R. Civ. P. 16(b)(3). The scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard in Rule 16(b) "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Good cause may be found where the moving party shows it assisted the Court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in

seeking a modification once it became apparent it could not comply with the scheduling order." *Id.*

## III.  ANALYSIS

**A.  Motion to Substitute Counsel**

Counsel of record at the law firm Procopio, Cory, Hargreaves & Savitch LLP ("Procopio") move to withdraw from their representation of Plaintiffs, and they ask the Court to substitute the law firm Kasowitz Benson Torres LLP ("Kasowitz") as counsel for Plaintiffs.[15]  On February 26, 2024, Plaintiffs informed Procopio by email that Plaintiffs would retain new counsel to represent them in this case and that they were having discussions with Kasowitz regarding substituting in.[16]  Counsel at Procopio emailed Plaintiffs to confirm the substitution of counsel, to ask if Plaintiffs had any questions or objections regarding the substitution, and to give notice to those Plaintiffs that are organizations regarding their inability to appear *pro se*.[17]  No Plaintiff responded with any question or objection to the substitution.[18]  Later, Plaintiffs confirmed by email that Kasowitz would represent them in this case going forward.[19]  On March 14, 2024, Kasowitz filed a notice of appearance on behalf of Plaintiffs.[20]

Koster objects to Plaintiffs' proposed substitution of counsel.  Koster asserts that a serious conflict of interest exists, because Plaintiff Minh Nguyen is an attorney associated with the Kasowitz firm.[21]  Koster insists that the

---

[15]   *See generally* Motion to Substitute Counsel.

[16]   Decl. of Jacob K. Poorman in Supp. of the Motion to Substitute Counsel [ECF No. 108-2] ¶ 2.

[17]   *Id.*

[18]   *Id.*

[19]   *Id.*

[20]   Notice of Appearance or Withdrawal of Counsel [ECF No. 106].

[21]   Substitute Counsel Opposition 2:9-14.

substitution of Kasowitz for Plaintiffs would be highly prejudicial to Koster.[22] Koster also raises concerns regarding whether Procopio contacted each Plaintiff concerning the anticipated substitution of counsel.[23]

After considering the facts and the applicable law, the Court concludes that the Motion to Substitute Counsel must be granted. Procopio has shown good cause to withdraw as counsel of record for Plaintiffs. Although Koster speculates regarding whether a conflict of interest may exist, the Court agrees with Procopio's assertion that "Plaintiffs have a right to their counsel of choice[.]"[24] *See Cole v. U.S. Dist. Ct. for Dist. of Idaho*, 366 F.3d 813, 817 (9th Cir. 2004) ("Parties normally have the right to counsel of their choice, so long as the counsel satisfy required bar admissions[.]"). Procopio has also demonstrated its compliance with the procedural requirements set forth in this Court's Local Rules. Procopio is permitted to withdraw from its representation of Plaintiffs in this action. Accordingly, the Motion to Substitute Counsel is **GRANTED**.

### B.  Motion to Extend Discovery

Plaintiffs move to extend discovery for the following reasons: (1) substituted counsel needs time to prepare this case; (2) the Motion to Dismiss and Motion for Leave remained under submission throughout the discovery period; and (3) Koster has allegedly been non-responsive, and he has failed to participate meaningfully in discovery, despite Plaintiffs' repeated attempts to secure compliance.[25] The Court concludes that Plaintiffs have

---

[22]   *Id.* at 9:9-10:18.
[23]   *Id.* at 2:16-17.
[24]   Substitute Counsel Reply 2:7-8.
[25]   *See generally* Motion to Extend Discovery.

shown sufficient good cause to extend the discovery period. Accordingly, the Court **MODIFIES** the Civil Trial Scheduling Order, as set forth below.

## IV. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Plaintiffs' Motion to Substitute Counsel [ECF No. 108] is **GRANTED**. The Court permits Procopio, Cory, Hargreaves & Savitch LLP to withdraw as counsel of record for Plaintiffs. Kasowitz Benson Torres LLP is substituted as counsel of record for Plaintiffs.

2. Plaintiffs' Motion to Extend Discovery [ECF No. 109] is **GRANTED**. The Court **EXTENDS** the case schedule, as follows:

| EVENT | NEW DATE/DEADLINE |
|---|---|
| Deadline for Initial Designation of Expert Witnesses | May 31, 2024 |
| Deadline for Designation of Rebuttal Expert Witnesses | June 14, 2024 |
| All Discovery Cut-Off (including hearing of discovery motions) | June 28, 2024 |
| Dispositive Motion Hearing Cut-Off | September 6, 2024 |
| Deadline for Hearing on Motions *in Limine* | October 11, 2024, at 1:00 p.m. |
| Final Pretrial Conference | October 11, 2024, at 1:00 p.m. |
| Jury Trial | November 4, 2024 |

**IT IS SO ORDERED.**

Dated: April 15, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE